1
2 IBRAHIM NASSER
PO BOX 5626
3 Chula Vista, CA 91912
619-253-9624
4 ibrahimnasser86@Gmail.com

FILED

APR 2 8 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MPL                        DEPUTY

5
6
7
8          IN THE U.S. FEDERAL DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10
11
12 IBRAHIM NASSER,                │ Case No.: 17CV0863 CAB MDD
13              &                 │
   SERIOUS SCENTS.                │ 1.VIOLATION OF TRADEMARK
14                                │ INFRINGEMENT
15           Plaintiff,           │ 2.VIOLATION OF FEDERAL
                                  │ UNFAIR COMPETITION
16            vs.                 │ 3.VIOLATION OF RACKETEERING
17                                │ & CORRUPT PRACTICES
   JULIUS SAMANN LTD. DBA- LITTLE │ 4. VIOLATION OF 1976 COPYRIGHT
18 TREE DBA-CAR-FRESHNER          │ ACT
19 CORPORATION.) and              │ 5. UNAUTHORIZED USE, THEFT
   NATURE'S APPEAL                │ TRADEMARK
20 MANUFACTURING CORPORATION.     │ 6. VIOLATION OF UNAUTHORIZED
21 DBA-STINK GRENADE.) and        │ USE, THEFT COPYRIGHT
   ENERGIZER BRANDS II, LLC. DBA- │ 7. UNAUTHORIZED USE, THEFT
22 AMERICAN   COVERS   INC.   DBA-│ INTELLECTUAL PROPERTY
23 DRIVEN BY REFRESH YOUR CAR.)   │ 8. VIOLATION OF LANHAM ACT
                                  │ PRODUCT CONFUSION
24                                │ 9.VIOLATION OF 17 U.S.C. §§ 106-
25        Defendant               │ 122, 602
26
27 1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR
   COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
28 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
   USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
   OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -



1

I.   RELATED CASES:
The Plaintiff Declares he has no other Civil Cases in this or other federal courts?

II.   STATEMENT OF THE CLAIM
Ibrahim Nasser, & Serious Scents States ( Collectively ) in the Following in Complaint against the Defendant who are clearly defined the caption of this pleading

NOW COMES THE PLAINTIFF SERIOUS SCENTS A SOLELY HELD, OWNED AND OPERATED PRAETORSHIP OF PLAINTIFF IBRAHIM NASSER BRINGS THE FOLLOWING CAUSE OF ACTION AGAINST THE DEFENDANTS

The Plaintiff as the rightful and legal sole owner of disputed and infringed ,

pirated trademark, trade dress and copyright assert as proper causes of actions

against the defendants all of the following with leave to Amend the Complaint:

(1) The Plaintiff brings an action, as the Defendants are guilty of trademark

infringement and federal unfair competition under the Lanham Act;

(2) Plaintiff brings an action Defendants who are guilty of racketeering and corrupt

practices under the RICO Act in interstate comerce

(3) The Plaintiff brings an action, as the Defendants are guilty copyright

infringement under 1976 Copyright Act

(4) The Plaintiff brings an action as the Defendants are guilty the California and

Federal Unfair Business Practice Act and Activities

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9. VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

2.

(5) The Plaintiff brings an action as the Defendants are guilty and are subject to the impact of motions for sanctions under Rule 11 and 28 U.S.C.S. § 1927;

(6.) The Plaintiff brings an action as the Defendants are guilty copyright infringement and are denied any relief from judgment as the non-discharge ability of judgments for willful copyright infringement in bankruptcy;

(7.) THE PLAINTIFF BRINGS AN ACTION AS THE DEFENDANTS ARE GUILTY VIOLATIONS OF THE COPYRIGHT ACT, , AND LANHAM ACT PROVIDE LEGAL PROTECTION FOR INTELLECTUAL PROPERTY AGAINST UNAUTHORIZED USE, THEFT, AND PIRATING and other violations of the rights granted by those statutes to the owner of all commercial rights to the use of the images, look and feel of products  sold in the same distribution chanels . The Copyright Act provides copyright owners with the exclusive right to control reproduction, distribution, public performance, and display of their copyrighted works. This right has been denied, diluted , and stolen along with the profits from that taking went into the pockets of the defendants.

THE PLAINTIFF BRINGS AN ACTION AS THE DEFENDANTS ARE GUILTY VIOLATIONS Of THE PATENT ACT GRANTS PATENT HOLDERS THE RIGHT TO EXCLUDE OTHERS FROM: making, using, offering for sale, or selling their patented invention throughout the United States, or importing the invention into the United States.5 The Lanham Act allows sellers and producers of goods and services to prevent a competitor from:

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

(1)  ( The Defendant have violated all of the following with purposeful intent )

Using any counterfeit, copy, or imitation of their trademarks (that have been

registered with the U.S. Patent and Trademark Office), in connection with the sale

of any goods or services in a way that is likely to cause confusion, mistake, or

deception,6 or

(2) Using in commercial advertising any word, term, name, symbol, or device, or

any false or misleading designation of origin or false or misleading description or

representation of fact, which: (a) is likely to cause confusion, mistake, or deception

as to affiliation, connection, or association, or as to origin, sponsorship, or

approval, of his or her goods, services, or commercial activities by another person,

or (b) misrepresents the nature, characteristics, qualities, or geographic origin of

his or her or another person's goods, services, or commercial activities.


      THE DEFENDANTS IN THIS CAUSE OF ACTION ARE BEING
BROUGHT TO THE BAR OF JUSTICE BASED UPON THESE VALID
CLAIMS OF ACTION AS DEFINED HEARING AND IN LOGICAL
SEQUENCING ORDER BY THE PLAINTIFF.


The Plaintiff brings an action as the Defendants are guilty Copyright Infringement,

17 U.S.C. § 501 Violation of any of the exclusive rights of the copyright owner as

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

provided by 17 U.S.C. §§ 106-122, 602, including the right to control

reproduction, distribution, public performance, and display of copyrighted works.

(1) The Plaintiff brings an action as the Defendants are guilty Upon Amendment

The Plaintiff will bring an action for  Injunctions, 17 U.S.C. § 502.

(2) The Plaintiff brings an action for Impounding, destruction, or other reasonable

disposition of: all copies made in violation of the copyright owner's rights; all

plates, molds, matrices, NASSER'S, tapes, film negatives, or other articles by

means of which such copies may be reproduced; and any records documenting the

manufacture, sale, or receipt of things involved in the violation—the court shall

take such records into custody and shall enter an appropriate protective order (with

respect to discovery and use of the records) that assures that confidential

information contained in such records is not improperly disclosed or used, 17

U.S.C. § 503.

(3) The Plaintiff brings an action for Actual damages suffered by the copyright ,

trade dress and trademarkowner due to the infringement, and any profits of the

infringer attributable to the infringement, 17 U.S.C. § 504(b).

(4) The Plaintiff brings an action for Statutory damages (at the copyright owner's

election to recover in lieu of actual damages and profits), in the amount of not less

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

than $750 or more than $30,000 as the court deems just, 17 U.S.C. § 504(c)(1). For

willful infringement, a court may, in its discretion, increase the statutory damages

award to a sum of not more than $150,000, 17 U.S.C. § 504(c)(2).b

(5) The Plaintiff brings an action for Costs and attorney's fees, 17 U.S.C. § 505.


PLAINTIFF NASSER AS AN IN-PRO-PER LITIGANT DOES NOT HAVE A

STAFF OF RESEARCH ATTORNEYS. Nor does he have the benefit or the

services of an attorney. He has no law degree. Plaintiff Nasser now presents this

bare bones pleading and complaint to the court, which has been properly noticed

and served on the registered agents of the Defendant Corporation and LLC.


THIS IS THE PROPER VENUE FOR THIS CAUSE OF ACTION: as this is the

home base and operation area of The Plaintiff Serious Scents for the last 24 years

here in San Diego, CALIFORNIA and other states and foreign countries with the

exclusion of only a few states and territories of the USA which business operations

are either in the works or a work in progress. The Defendant in this cause of action

is from different geographical lactations across the country. The only consolidating

factor is the fact that the plaintiff who has continues to have problems with the

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

named defendants has remained stationary for 24 years more or less. The defendants are busily changing ownership and assigning rights and assigning liability hold harmless clauses in an attempt to avoid being held responsible for their wrongful acts and actions. The California Federal Court is the only single place where all of the defendants can come once and for all to address and finalize all outstanding issues. This is judicially prudent as it will address long over-due issues which could only be addressed in the here and now. Because of the recent completion of a trademark litigation. Until the trade market case with the Defendant CAR-FRESHNER CO. was settled. The other defendants were aware of this inability of the Plaintiff to fight a legal war on many fronts and did take advantage of this situation. The plaintiff had to wait before he could act but did not sit on his rights and did send notices of trademark and copyright violations to preserve his rights to future relief.

THIS COMPLAINT IS FILED WITH NOTICE TO THE COURT AND THE OPPOSITION ATTORNEYS THAT:
this complaint is presented in a legal bare bones form. The Court is also noticed this complaint and filing is tendered with leave to amend. The leave to amend is made a legal necessity because of the rapidly closing legal window of the statute of limitation. The Plaintiff requests courts and the opposition understanding and

1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

indulgence. It is request and required that the amendable complaint is necessity at this moment in time as it is a physical and legal impossibly for the plaintiff to do anything more in this filing.

THE AMENDED COMPLAINT IS EXPECTED TO BE COMPLETED AND FILED WITH 25-30 -DAYS OF THE FILING OF THIS BAREBONES COMPLAINT.
The court and the opposition attorneys are noticed by the Plaintiff that he will be make every effort possible to be in incompliance with the Federal Litigation Requirements. All amendment to the complaint are projected to be complete, filed and served within that 25-30-days amendment window of time baring some unforeseen unplanned for event that would be beyond the Plaintiffs control.

ALLOWING THE PLAINTIFF THIS 25-30-DAYS LEGAL WINDOW OF OPPORTUNITY TO AMEND THE COMPLAINT: DOES NOT AND SHOULD NOT WORK A LEGAL HARDSHIP UPON THE DEFENDANTS IN THIS MATTER.
Or the cause of justice.  Nor will it cause unwarranted and undue delay by design or purpose. No legal hardship can or will be made upon the defendants because: the Plaintiff is legally aware of the following and notices same to the court.

NO MATTER HOW PERFECT THE REVISED AND AMEND COMPLAINT IS, THE OPPOSITION ATTORNEYS WILL FILE AN ACTION CLAIMING THE FOLLOWING:

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

The position attorneys will claim. The Plaintiff has failed to state a sustainable valid cause action. The opposition will move for court dismissal. The Plaintiff will respond and the legal game begins. The Plaintiff understands this is all a part of the legal dance and legal drama.  The opposition attorney's will demand that each and every legal nuance must be played out in exacting legal detail. This is because the opposition attorneys cannot and will not ever admit that has in legal form and effect has stolen the artwork, artistic work product, marketing concepts of Plaintiff Nasser The heart of this complaint is now the defendants are daily gathering the fruit of the plaintiffs' labors.

THE PLAINTIFF WITH PURPOSEFUL INTENT CHANGED
PERCEPTION OF THE NEGATIVE PUBLIC OF THE HAND GRENADE.
While the defendants benefit from this out right thief of the product and the plaintiff position in the Air Freshener Market has been ruined and diluted and will be lost without court intervention. .

WHEN FACED WITH THE OUTRIGHT THIEF OF THE PLAINTIFFS
ARTWORK, PRODUCT, IMAGE DESIGN CREATES A CONDITION WHERE
THE OPPOSITION ATTORNEY HAVE ONLY ONE LEGAL ROAD TO
TRAVEL.
That legal path is to beat the unrepresented plaintiff litigant up on legal procedure. This will accomplish to legal goals of the position.  This offer the

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

best legal chance will avoid the necessity of even broaching the real issue of the

outright theft of the plaintiffs' art, product concept design and public perception.


THIS COURT WILL HEAR THE OPPOSITION ATTORNEYS

SEEMING LIKE LEGAL MASHED CATS. The position will claim the plaintiff

action is vague, ambiguous, un-intelligible.  This are the same claims that will be

tendered to the court by the defendants about discovery responses made by the

Plaintiff to the defendants. As well as a host of wrong venue, inadequate service

and no subject matter jurisdiction.   This all has nothing to do with what is right or

wrong or what is really at issue. The bare truth of the matter is all of these legal

attacks on the Plaintiff will not be designed to get the facts as applied to the law.

They will be a blatant legal frontal assault to keep the lifeblood of opposition

attorneys' legal billing process pumping.

THE PLAINTIFF CLEARLY UNDERSTANDS HE MUST BE
COMPLETELY SPECIFIC WHEN DRAFTING A COMPLAINT FOR
TRADEMARK INFRINGEMENTS, COPYRIGHT VIOLATIONS, CIVIL
RECO, RESTRAINT OF TRADE ISSUES:
 As well as the outright thief of the protected, copyrighted property, product and art

work systems and designs plaintive Nasser. All of which are the exclusive designs,

creations and application   of Mr. Nasser.  All of which Word the product of Mr.

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

10.

Nasser's fertile creative mind.  Mr. Nasser used his native intelligence and artistic abilities to create new innovative, workable, marketable art work design and new air freshener concept which he could have controlled and dominated large portions of the market if not for the legal interference and out right theft of the defendants defined herein. What happened to Mr. Nasser were nothing more and the same thing that happens to others who are innovative and creative. Example expensive designer handbags are knocked off and sold in very large numbers as the real thing. The people selling these handbags have a little no regard for the law or trademarks are copyrights.  The only difference between please knock off artist and defendants in the case at bar is: They use the legal system inappropriately to deny the rightful owners of the intellectual property like Mr. Nasser of the benefits, industry and the profits of that industry. Just like Andy Warhol's artwork of the famous soup can. Mr. Nasser like Warhol's artwork applied his talent to hand grenade instead of soup can. Mr. Nasser focused on a particular specific horrific element of war hand grenade. That hateful element was made into an innovative air freshener design, which was and is a hand grenade. Here Mr. Nasser took the symbol of an object of war which was viewed as a hateful and hurtful object and gave it new meaning.

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

MR. NASSER LIKE WARHOL'S ART WORK ARTFULLY
PLAYED WITH THAT ARTFUL NEGATIVE PUBLIC PERCEPTION OF THE
HAND GRENADE.
Just like many before his including Andy Warhol artwork.  Mr. Nasser used the

disdain and negative imaged of the hand grenade displayed in array of fanciful

colors and pleasant scents. Mr. Nasser created a new design, new public

impression of the hand grenade and introduced a new hand grenade product into

marketing channels of air fresheners.


TO PROVE THIS POINT BY THE CLEAR AND CONVINCING EVIDENCE

STANDARD

Mr. Nasser went to the dominant king of all air freshener's who makes millions

upon millions from their sale of the Car-Freshener Co. known as little tree air

fresheners every year. Mr. Nasser offered to sell this defendant king of air

fresheners has designed and products. On two different occasions defendant king

of air fresheners rejected his offer to buy his artwork and products. Then on May

05, 2013 date filed an action to have Mr. Nasser's Trademark terminated. Mr.

Nasser was tied up in litigation for 4 years more or less and spent all he had

defending his rights to his creation and trademark. Mr. Nasser won his 4-year legal

battle with the Defendant Tree Company. He now finds himself in this federal

1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

court seek damages and attorney's fees and costs against defendant king of air

fresheners


        MR. NASSER UNDERSTANDS HIS PLEADINGS MUST MEET
THE LEGAL STANDARDS FOR THE PLAINTIFFS' CLAIMS OF:
Infringement of a trademark, copyright and other cause of action under the Federal

Rules. He must meet the Supreme Court's "plausibility" pleading standard. This is

can and will be accomplished by creating the orderly systaltic way, with the proper

legal means, method to present the required "plausible" claim for trademark

infringement and copyright, possible restraint of trade and possible violations of

the Federal RECO Act with legal specificity.  It should be noted that Mr. Nasser

win in the trademark court against the Tree Defendant should give this complaint

legal legs even in its legal bare bones format.  It cannot be sustained by any

defendants that Mr. Nasser did not prevail in the Trade Mark Court. This creates a

legal condition where Mr. Nasser is entitled to recovery making this a valid legal

cause of action for the courts consideration an awarding damages.

**THE OTHER DEFENDANTS IN THIS CASE AND CAUSE OF ACTION
DID FOR LACK OF A BETTER DESCRIPTION**
 knowingly and willingly involved in the outright purposeful thief of Mr. Nasser

Art Work, concept, design. Hey Canon will be proven beyond the preponderance

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

13.

1  of evidence standard that the defendants did with willful intent illegally enrich

2  themselves at Mr. Nasser's expense.  The defendants took this action and actions

3

4  while knowingly and willingly having knowledge that search would cause the

5  dilution of Mr. Nasser hand grenade air fresher designs.  They also had prior

6

7  knowledge and foreseeability that's through the air mass marketing efforts market

8  they could cause mass saturation of the air freshener market.  The defendants at

9

10  that moment in time made a conscious decision to mass market a stolen image

11  design and concept belonging to Mr. Nasser too numerous national auto chains,

12  Wal-Mart and others, which remain undefined. It can and will be proven up by the

13

14  clear and convincing evidence standard that these claims of outright theft of Mr.

15  Nassers design products and concepts was done with willful intent and a

16

17  preplanned agenda to cause its destruction and to remove him from the air

18  freshener market as a competitor. Is this restraint of trade? That is an issue that can

19  only be addressed. ***THE COURT'S IS NOTICED***: as soon as the plaintiff brings

20  any action for discovery we will see the entire legal process enter into a phase of

21

22  long drawn out discovery disputes by the opposition attorneys, which will be of

23  biblical proportions. The opposition attorneys will bring this Great cry for relief as

24  a means to continue to be true to the attorney legal mantra.  The attorney's legal

25

26

27  1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED

28  USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

14,

mantra is: is never admit any thing and whenever possible avoid the facts being

applied to the law and resist all discovery and delay it as long as possible.

THIS CASE AND CAUSE OF ACTION IS BASED UPON THE APPLICATION
OF LEGAL GRAVITY BY THE PLAINTIFF. LEGAL GRAVITY
can best be described as the proven and probable facts of trademark and copyright

infringement, thief, conversion, dilution of the trademark and copyright designs,

with each defendant acting individually and collectively.  The defendants defined

herein did act joint purposeful intent to extinguish the legal rights, domination and

control of Mr. Nasser's original marketing concept and design and to control the

air freshener market and the prices in that market.

EACH DEFENDANT WILL BE PROVEN BY THE PROCESS OF
DISCOVERY TO EACH BE INDUVIAL AND COLLECTIVELY INVOLVED
IN THE PROCESS IN DENYING MR. NASSER IS CONSTITUTIONALLY
PROTECTED RIGHTS.
 The defendants with purposeful intent actually cause the theft of the protections of

a trademark and copyright by causing confusion in the marketplace.  This was

designed to deny Mr. Nasser access to distribution channels.  Mr. Nester was

placed in the untenable situation of not only having to compete against other

products in the marketplace.  Mr. Nasser was forced to compete with his own

product and design which been stolen by the defendants and being sold in the

1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR
COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

marketplace in plain sight even after notices of cease-and-desist we're sent to each of these defendants.

EACH DEFENDANT KNEW OR SHOULD HAVE KNOWN AFTER PROPER LEGAL NOTICE TO CEASE-AND-DESIST THAT THEY WERE DAMAGING THE PLAINTIFF.

Mr. Nasser's products naturally and normally suffered a financial and market dilution by and through creation of confusion in the marketplace, which was done with purposeful intent. Mr. NASSER'S resulting injury to his product individuality, his income and destruction of his ability mass-market his product through the distributor channels were clear and foreseeable by the defendants. There was a complaint disregard for Mr. Nasser's rights and privileges wandering in the law and all action was taken and continued with purposeful intent to cause his companies extinction across state lines and buying through the mails into electronic media.

AS THE COURT IS ASKED TO UNDERSTAND ALL OF THE FOREGOING ARE VALID CAUSES OF ACTION. To advance these legal claims in the proper form and format requires time for legal research and writing with support case law, which has not been overruled. Mr. Nasser finds himself in very much the same position famously used in 1964 by United States Supreme

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

16.

Court Justice Potter Stewart to describe his threshold test for obscenity in Jacobellis v. Ohio when he stated that he knows what fits the "shorthand description" of "hard-core pornography" when he sees it. In the case at bar the Plaintiff also knows what the systematic thief of his artistic copyright trademarked art, work, product, marketing concept and designs and the denial of his legal rights under and in the law over state lines. He also when he sees and experiences profits for his labors going into the pockets of the thieving defendants. These same thieving defendants when called to task with the cease-and-desist order uses their first means of defense a frivolous nature. This is an overt full frontal assault to make good on the threat to Mr. Nasser so legally entangled in the defense of his protected rights under the law. Mr. Nasser will be caused to Not only to be denied a fair market share for his creative efforts and industry. Buying through the misapplication of the law and its intent the defendants will cause him to go broke with repeated frivolous legal actions. The defendants themselves abuse of the legal processes in the same moment in time they deny him the rights to actively engage unfair competition in the marketplace by stealing his concepts and designs and putting the proceeds in their pockets. As each defendant use the legal process for purpose for which it was not intended. This is an issue that will be flushed out in

1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

detail in the amended complaint. All of the defendants named herein knowingly

and willingly in some form or fashion did cause infringement upon the protected

rights of the Plaintiff SERIOUS SCENTS and Ibrahim NASSER directly or

indirectly by versus means and methods. The mission of these defendants - did and

continues to cause confusion in the air fresher market place and distribution chain I

didn't out right theft of Mr. NASSER'S artwork designs and concepts. By the

employment of the theft of the protected legal rights of the plaintiff's Nasser's

copyright and trademark and trade dress with interstate collusion to wrongfully

cause a retrain of trade and to retain all profits and to tonight Mr. Nasser access to

that marketplace appears to be violations of the civil RICO Act.  Is it really any

difference if a man comes in with a gun and steals the image for Mr. Nasser and

tells him this is my image I'm getting use it anywhere I want to and I'm a take the

money and you better keep your mouth shut. The defendants in this case and cause

of action a lot using those exact words buying an through their deeds and acts have

stolen,.

### THE DEFENDANTS THREATENED MR. NASSER WITH LAWSUITS AND MADE GOOD ON THOSE THREATS,

which in essence amounts to a form of legal extortion, which Mr. Nasser, had to do

for over four years in the trademark litigation. This is the same type and kind

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

18.

Interstate racketeering we're millions of dollars you're involved in the sale of air fresheners nationally. The defendants don't have an army of thugs who physically come to your door and threaten you better not sell a product here kid. They instead employ an army of lawyers. They take what they want at their will. While knowing full Well that the legal system itself it Is so unwieldy and costly that few if any could ever prevail against this on slot of legal expertise where money rules the days injustice and people like Mr. Nasser's legal rights I lost through no fault of his own and only become pretty words on page with no hope of enforcement, Relief are being made whole again.

## THE CASE AT WILL BAR APPLY THE FACTS TO THE CONTROLLING GOOD LAW.

The Plaintiff SERIOUS SCENTS and Ibrahim NASSER by combing the law and the facts to the case at bar causes and creates legal gravity. Which is no respecter or persons, or their individual income, wealth or social, or business status and creates a just result which is a ruling by the court to make the Plaintiff SERIOUS SCENTS and Ibrahim NASSER whole or as near to whole as possible had he not suffered and become a victim of RECO, un-law restraint of trade, the outright thief of the Plaintiff copy right, trademark and 1st use rights which he was and is

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

entitled to compensation and financial reimbursement for a tortious conduct which was not only illegal the damages were clear and foreseeable.   This civil complaint is Civil RICO complaint.  This complaint in this bare-bones form it tells a clear and compelling story of abuse, thief, interstate commerce to control and dilute and extinguish Mr. Nasser's hope of ever enjoying his rightful fair market value and share of that market share. Fed. R. Civ. P. 8 requires the complaint to contain "a short and plain statement of the claim (which has been provided)," but as with all RICO claims that are based on mail or wire fraud also must satisfy Fed. R. Civ. P. 118 U.S.C.A. §§ 1961 to 1968.  The defendant did use electronic means and the mails to aid in the thief of his artwork and designs and his changing of public concepts, which were a part of his marketing plan just like Artist Andy Whorl. Mr. Nasser has by stating the circumstances constituting fraud with particularity by identifying the time, place, and content of the fraudulent communications, as well as the parties to the communications. This can be established by discovery

PLAUSIBILITY STANDARD CONTEXT OF A TRADEMARK AND COPYRIGHT INFRINGEMENT CLAIM HAS AND WILL BE CONTINUOUSLY PROVIDED.

The court is requested to  note because of the expected monumental overly aggressive resistance to any and all    discovery by the plaintiff. The court is

1.VIOLATION OF TRADEMARK INFRINGEMENT2. VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

noticed in advance that it will be made difficult by the opposition attorneys to identify the "material" claim limitations that require some factual explanation within the complaint.

BECAUSE OF THE EXPECTED MONUMENTAL OVERLY AGGRESSIVE RESISTANCE FROM THE OPPOSITION ATTORNEYS: to any and all discovery by the plaintiff: some justification with respect to the non-routine limitations of at least one independent claim would seem to satisfy the need to "include … allegations respecting all the material elements necessary to sustain a recovery" in a patent/ trademark case.

WHERE THE NATURE OF THE CLAIM OR THE ACCUSED PRODUCT THIEF OF THE TRADE DRESS, DESIGN, COLOR, AND WOULD OBVIATE THE NEED FOR DETAILED FACTUAL ALLEGATIONS FOR SOME LIMITATIONS,
Sufficient notice and factual plausibility which is being be established by the Plaintiff by the foregoing providing a plain explanation of the infringement, the legal theory with respect to the remaining, material claim limitations. This approach is presented in the hope of striking the appropriate balance between the need to allege facts plausibly suggesting infringement and the need to honor Rule 8's requirement for "a short and plain statement of the claim showing that the

1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976 COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

21.

1   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This will be addressed with

2   specificity in the amended complaint in 25-30 -30 days after the date of service

3

4   upon the Defendants.

5   Verification of Pleading

6

7   I Ibrahim Nasser for Serious Scents swear and affirm that the foregoing is true and
    correct under the penalty of perjury of the laws of the United States of America.

8

9           DATED: April 27, 2017

10          Respectfully submitted,

11

12          Ibrahim Nasser for Serious Scents

13          Plaintiff *in Propria Persona*
            P.O.BOX 5626

14          Chula Vista, CA 91912

15          619- 253-9624

16          ibrahimnasser86@gmail.com

17

18

19

20

21

22

23

24

25

26

27  1.VIOLATION OF TRADEMARK INFRINGEMENT2.VIOLATION OF FEDERAL UNFAIR
    COMPETITION3.VIOLATION OF RACKETEERING & CORRUPT PRACTICES4. VIOLATION OF 1976
    COPYRIGHT ACT5. UNAUTHORIZED USE, THEFT TRADEMARK6. VIOLATION OF UNAUTHORIZED
28  USE, THEFT COPYRIGHT7. UNAUTHORIZED USE, THEFT INTELLECTUAL PROPERTY8. VIOLATION
    OF LANHAM ACT PRODUCT CONFUSION 9.VIOLATION OF 17 U.S.C. §§ 106-122, 602 -

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS090649
Cashier ID: nsiefken
Transaction Date: 04/28/2017
Payer Name: IBRAHIM MASSEL NASSER
------------------------------------
CIVIL FILING FEE
 For: IBRAHIM MASSEL
  Case/Party: D-CAS-3-17-CV-000863-001
  Amount:      $400.00
------------------------------------
CASH
  Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.