IBRAHIM NASSER
PO Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

**FILED**

Jun 20 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ RhondaU _____ DEPUTY

NUNC PRO TUNC
6/19/2017

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER & SERIOUS SCENTS<br><br>Plaintiff,<br><br>Vs.<br>JULIUS SAMANN LTD DBA CAR FRESHNER<br>NATURES APPEAL MFG.<br>ENERGIZER BRANDS II LLC<br><br><br><br>Defendants,<br><br>Does 1-100 | Case No.: 3-17-CV-0863 BMT (MDD)<br>Response to Defendant Amended Motion To Dismiss by<br>Defendant Energizer Brands II LLC<br>Hearing Date: June 23, 2017<br>Hearing Time 11:00 AM<br>Courtroom 15B<br>Judge: Honorable Chief Judge<br>Barry Ted Moskowitz<br><br>Pre Chamber Rules,<br>No oral Argument<br>Unless Separately Ordered by The Court |

**NOW COMES THE PLAINTIFF**: With a very sincere apology to the court, the trier of fact and the opposition attorney for the tardiness of this verified response. This is a verified response to the opposition attorney's law and motion action requesting a dismissal of this case and cause of action. The unavoidable delay was out of the plaintiff's control. The plaintiff was out of the United States on personal business and family matters.

**IT IS HOPED THAT THIS GOOD FAITH EFFORT AND RESPONSE OF THE PLAINTIFF**: found herein will not been seen as purposeful or willful neglect on the part of the plaintiff. The plaintiff declares this late response was never designed purposefully to impact negatively upon the legal rights of the opposition.

The late response was never intended to cause needlessly delay or to cause the opposition attorneys billion-dollar client Energizer loss of any of their legal rights under and in the law. The plaintiff takes the rightful position that it was a physical and legal impossibility for a simple In-Pro-Per Litigant with no legal training to cause any type or kind would be hard put to satisfy or justify any such claimed injury catastrophic legal injury to the defendant Energizer. The defendant attorney exhibits vast legal experience and legal superiority as attorney and civil litigator with great legal skills and legal expertise. .

**THE PLAINTIFF WELCOMES US OPPORTUNITY TO RESPOND TO DEFENDANT ENERGIZER BRANDS II LLC.** There're some legal I housekeeping is being noticed that must be undressed before moving forward with that response. The defendant in the above entitled matter energizer brands II LLC. Has been repeatedly noticed prior to any actions in any court that SERIOUS SCENTS INCORPORATED has terminated all business back in February 02, 2017 as a LLC.  All trademark and copyrights of that prior business is now a sole proprietorship as it was originally. **SEE EXHIBIT #1**

**THE DEFENDANT ATTORNEY WITH GREAT SKILL AND LEGAL CUNNING ARTFULLY ATTEMPTS TO CAST THIS SOLE PROPRIETORSHIP AS AN LLC WHEN HE KNOWS AND HAS BEEN INFORMED THAT IT IS NOT**. The plaintiff will not speak to the motive of the defendant attorney actions as that is beyond his abilities as a simple in-pro-per litigant. Nor will the In-Pro-Per litigant speculate to as to what motive might be, or take the legal bait and get off into the legal underbrush in a frivolous legal battle with the opposition that the attorney knows LLC must have an attorney to represent that type and kind of business entity against any claims against an LLC / INC. Does this create an unfair legal advantage against the interest of the plaintiff?   The plaintiff will resist and such claims and listen to the better angles of his nature by simply noticing the court that the responsive unverified pleading of the defendant is in error.  The opposition attorneys response is legally defective in the fact that it references Serious Scents which is a sole proprietorship as being incorporated or LLC. Serious Scents Incorporated or LLC. . Serious Scents Inc. is a nonexistent entity, which the opposition attorney will be given the benefit of the doubt was mistakenly improperly listed  in the rush and crush of litigation and has mistakenly been listed incorrectly in the pleading.

**THE OPPOSITION ATTORNEY ON PAGE 2 LINES 3 THROUGH 19 WITH GREAT LEGAL GRACE DECLARES**: the fact and claim that a federal action was filed in the Eastern District of Missouri Federal Court against the plaintiff in Case Number 417 CP 00876 – JBM.  Once again the opposition attorney with

great legal skill and cunning does not wiling produce a proof of service for this case and cause of action. A proof of service in that Eastern District of Missouri Federal Court would be necessary to establish subject matter jurisdiction in and with   California Federal Court located in San Diego Count California. It is well settled in fact and law that no subject matter jurisdiction can attach or affix to any litigation unless there has been proper service of process. Federal Rules of Civil Procedure › Title II. Commencing An Action; Service Of Process, Pleadings, Motions, And Orders › Rule 4. Summons

**FILING OF A FEDERAL LAWSUIT AND SERVICE OF SAME CAN BE COMPARED TO A HORSE RACE.** If plaintiff A files a suit in another jurisdiction and never complete service od process upon the defendant then no subject matter jurisdiction can de established in that jurisdiction until service of process is complete. The suit complained of by the opposition attorney in California Federal Court under diversity of citizenship has multiple defendants, in different states. The plaintiffs California complaint is blessed with proof of proper service upon al of the defendant named in that complain.

**PROPER SERVICE OF PROCESS IN THE US. DISTRICT COURT OF CALIFORNIA CREATES SUBJECT MATTER JURISDICTION OVER ALL DEFENDANTS NAMED IN THAT VERIFIED COMPLAINT.** Therefore in the absence of verified proof of service of process that predates the service of process claimed by the opposition attorney subject matter jurisdiction remains with US. District Court of California as subject matter jurisdiction can't be in two different courts addressing the same legal subject matter.  The plaintiff in his legal research has found service of process to be view as a legal horse race. The horse that wins that race has subject matter jurisdiction.

**THEREFORE THIS CASE SHOULD BE ALLOWED TO PROCEED AND MOVE THROUGH THE LITIGATION PROCESSES US. DISTRICT COURT OF CALIFORNIA.** This case and cause of action should not suffer dismissal because of the lack of subject matter jurisdiction with the Federal Court in Missouri.  The claim of subject matter jurisdiction by the very skilled opposing council in the absence of any verified proof of service of process which has not been supplied to this court because the plaintiff was not avoiding service he was unavailable t to foreign travel and out of state travel. When the total lack of service of process in the Federal Court in Missouri case, and the case at bar which has verified proof of services of process then the opposition attorneys claims of other Federal Court Jurisdiction must naturally fail by operation of law.  Service of process in the Missouri was a physical impossibility because of the fact that

there was no corporation of LLC to serve in California. All entity had already ceased all operations before any lawsuits were filed. The plaintiff did notify the state long before the defendant in this case had any opportunity fie an action in Missouri. The plaintiff is not in violation of not maintaining agents of record are being difficult to serve. The plaintiff was unavailable because he was not in San Diego nor was he attempting to avoid any service of process.

**THE NEED OF THE PLAINTIFF TO EMPLOY DIVERSITY OF CITIZENSHIP CLAIMS AGAINST MULTI-DEFENDANTS, IN MULTIPLE STATES ON THE SAME LEGAL SUBJECT MATTER VIOLATIONS MUST CARRY THE LEGAL DAY** because to deny the plaintiff the right of bringing an action under diversity of citizenship in the absence of any proof of service of process in the Federal Court in Missouri case would be an abuse of discursion. Plaintiff's opposition is this is not the time or place to discuss the merits of the case or cause of action. It is time to address the challenges made by a very skillful opposing council who the plaintiff admits admiration for the legal skills of this legal practitioner. Even with this admiration the opposing attorney cannot and should prevail in a dismissal of this cause of action because of a failure in services of process which causes and creates a condition of no subject matter jurisdiction in Federal Court in Missouri.

**THIS BRINGS US FULL CIRCLE BACK TO THE LEARNED OPPOSITION ATTORNEYS WHO NATURALLY HAS A CONTINUING WISH AND DESIRE TO CLAIM THE EXISTENCE OF SERIOUS CENTS LLC.** If the learned opposing attorney   can somehow perform some legal magic to create subject matter jurisdiction for a nonexistent business entity then he has won the legal day.  The learned opposing attorney was at all times completely aware of and informed of the fact that Serious Cents LLC. Serious Cents LLC was no longer an active business it was now a sole proprietorship. **PLEASE SEE EXHIBIT #1.** The correspondence to the opposition attorney that confirms this claim prior to any and all litigation. **THIS CORRESPONDENCE S SPEAK VOLUMES TO THE FACT THAT LEARNED OPPOSING ATTORNEY** was informed be continuously ignored all communications and request for clarification of that fact which told him in no uncertain terms that there was no LLC and that the business was now a sole proprietorship as it had been before it was mistakenly created as an LLC upon the poor advice of a former attorney of the plaintiff. The plaintiff is not a legal expert but is and remains aware that in the beginning of 98% of civil actions the motion for demurrer, motion to dismiss: and other legal defensive moves are all a part of the legal dance.  This is a part of the legal drama that must be played out by every well-versed

attorney. The claims and counter clams from both sides are a part of that legal play and process which are unavoidable. Many civil cases do suffer defeat because they cannot sustain a valid case of action. This case is different in the fact it is grounded in a positive ruling in favor of the trade-dress and trademark rights from the TRADEMARK BOARD in favor of the plaintiff. This positive ruling in favor of the plaintiff is the result of 4+years of very costly long and drawn out litigation. This favorable decision has not been appeal or over turned by any court or any jurisdiction. It is from this positive ruling of TRADEMARK BOARD in favor of the plaintiff that is the legal bedrock which support the claims of the plaintiff against the defendants in the case at bar.

**THE PLAINTIFF AT THE VERY LEAST SINCE SUBJECT MATTER JURISDICTION HAS BEEN ESTABLISHED IN THE CALIFORNIA FEDERAL COURT:** the case should be allowed to proceed and if necessary be given adequate time to amend the complaint to the satisfaction of all defendants. There is one other legal factor why this case must remain in this in the California Federal Jurisdiction. The plaintiff is suing multiple defendants who are all in one form or another in direct violation, indirect other trademark rights of the plaintiff.

**EACH OF THESE DEFENDANTS**: The defendant's actions give the false impression that they did act independently. The fact and truth of the matter is the defendants have collectively joined together with complete knowledge of their part in the collective effort to restrain trade and extinguish the plaintiff present and future ability to carry on trade in the plaintiffs business. THE COURT IS ASKED TO NOTE: the plaintiff in this matter is not some kind of nut job who is all wrapped in conspiracy theories. The plaintiff can an will prove by the clear and convincing evidence standard that the defendants actions individually form a collective effort to extinguish his legal rights to own and operate an air fresher business. The defendants no matter how well endowed with legal expertise, unlimited funds and access to some of the brightest and best legal minds in the country can't defeat the fact that the plaintiff comes to this court with clean hands. The plaintiff not only followed the law of copyright and trademark. The plaintiff has been blessed with a trademark board ruling that establishes his rights and privileges to gain recovery form those that infringed on his copyright and trademark and have caused thousands of dollars to be wasted on frivolous litigation to defend a right which is guaranteed under and in the law.

**THIS CAUSE OF ACTION IS A CLASSIC CASE OF TRADEMARK & LITIGATION BULLYING.** These very large companies who are defendants in this cause of action have assets in the millions and billions, which is no exaggeration and is a provable fact.  This typing kind of action is used by very large corporations like defendants against the little competitors to cause them to be crushed out of existence by the demands of frivolous litigation by the big corporate business. Car Freshner Co. attorneys declare that the plaintiff case must be dismissed because the complaint lacks specificity and other we well thought and executed out legal theories. What is missing in that motion to dismiss is no regard that the plaintiff did prevail against Car Freshner Co.  and Little Tree Air Freshener and I entitled to recover attorney's fees and costs under attorney's fees in exceptional trademark cases resulting from the Supreme Court's decision in a patent case, Octane Fitness, LLC v. Icon Health & Fitness, Inc.1 Octane Fitness. The following legal points make the claims of no cause of action by Car Freshner Co.  and Little Tree Air Freshener to have no validity. The plaintiff is entitled to collect attorney's fees and costs he run up before he was forced to go In-Pro-Per. That is what the plaintiff is going after from Car Freshner Co.  and Little Tree Air Freshener.

**CONSIDERABLE ATTENTION HAS BEEN GIVEN TO THE SHIFT IN LEGAL STANDARDS FOR AWARDING ATTORNEY'S FEES IN EXCEPTIONAL TRADEMARK CASES** resulting from the Supreme Court's decision in a patent case, Octane Fitness, LLC v. Icon Health & Fitness, Inc.1 Octane Fitness

PLEASE SE THE FOLLOWING CASE LAW

1. 134 S. Ct. 1749 (2014).

2. 35 U.S.C. §285.

3. Octane Fitness, 134 S. Ct. at 1751.

4. 15 U.S.C. §1117(a).

5. Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303 (3d Cir. 2014).

6. Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 719 (4th Cir. 2015).

7. Baker v. DeShong, 821 F.3d 620 (5th Cir. 2016).

8. SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179 (9th Cir. 2016).

9. Am. Nat'l Ins. Co. v. Am. Nat'l Inv. Advisors, LLC, No. 11-CV-4016, 2014 WL 6613342 (N.D. Ill. Nov. 21, 2014).

10. Orbit Irrigation Prod., Inc. v. Sunhills Int'l, LLC, No. 1:10-CV-113 TS, 2015

WL 7740405 (D. Utah Nov. 30, 2015).11.

BMW of N. Am., LLC v. Cuhadar, No. 6:14-CV-40-ORL-37DAB, 2014 WL 5420133 (M.D. Fla. July 10, 2014).

12. Penshurst Trading Inc. v. Zodax, 652 F. App'x 10, 12 (2d Cir. 2016). 13.

 Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc., 782 F.3d 313, 318 (6th Cir. 2015).

This is one of those cases that fit neatly into although octane fitness dealt exclusively with patent cases, many lower courts

• Have already applied its new exceptional case standard to trademark cases under the Lanham Act,

• As the statutory language is the same in both cases.

• Under Section 35 of the Lanham Act, "

• The court in exceptional cases may award reasonable attorney's fees to the prevailing party."

The plaintiff in the case at bar is the prevailing party Under Section 35 of the Lanham Act, " and is entitled to collect fees and cost and pursue trademark infringement that is obvious in the case at by the defendants in the case at bar.

THE THIRD CIRCUIT WAS THE FIRST COURT OF APPEALS TO APPLY THE NEW STANDARD TO A LANHAM ACT CASE.5 Since then, the Fourth 6, Fifth 7, and Ninth Circuit 8 have followed. District courts in The Seventh 9, Tenth10, and Eleventh Circuits11 have also applied Octane Fitness to Lanham Act Attorney's fee awards. **SEE EXHIBIT #4**


**EXAMPLE IN THE CASE AT BAR**: Defendant Energizer is a billion dollar company.  This defendant has unlimited funds to pursue an action against anyone who dares to compete with them.  This billionaire status breads a frivolous legal actions out of a need to avoid any possibility of being held accountable for known violations of the trade dress of the plaintiff. Defendant Energizer was aware of the violation and sought a release of liability for those trademark violations. **SEE EXHIBIT #2**


**DEFENDANT ENERGIZER IS FORUM SHOPPING WITH ITS CLAIMS OF A SUIT WITH NO SERVICE OF PROCESS TO SUPPORT THAT CLAIM..** Defendant Energizer benefit and creates an unfair legal advantage using application of an inconvenient forum for the plaintiff in the California federal case. Defendant Energizer also have a need and desire to separate themselves from the collective activities or claims of being a part of the group activities which have caused the plaintiff to suffer injury over an

1   extended period of time with little or no relief available to the plaintiff without litigation against companies
2   with unlimited resources.

3
4   **MISSOURI FEDERAL COURT THE OPPOSITION ATTORNEY AND THIS CAUSE OF ACTION DID NOT**
5   **SUPPLY ANY PROOF OF SERVICE TO THE COURT UPON FILING.** The opposition attorney has
6   attempted to couch matter of lack of personal service upon the plaintiff in the California Federal suit. If The
7   opposition attorney had completed service as required under federal law no power earth would have
8   stopped him from supplying a verify proof of service creating subject matter jurisdiction of Missouri. In the
9   complete and total absence of any valid proof of service Energizer claims of other jurisdiction and request
10  for dismissal should be denied.  Even to the casual observer it appears that the opposition attorney in the
11  case at bar is attempting to play the court and the plaintiff in the California federal cases fools. Who can
12  don't and won't understand I need a necessity due process of law which means proper service being made
13  upon the defendants in any case her cause of action.

14  **THE COURT SHOULD ALSO BE NOTICED:**  the opposition attorney for Energizer made no attempts to
15  get a waiver a service of summons from the defendant in the Missouri Federal Case.  This is normally the
16  standard operating procedure used by plaintiffs when suing and corporation or LLC. The absence of this
17  type or kind of procedure, which is known to a very prominent attorney like the opposition attorney. Serves
18  to reinforce the fact that the opposition attorney and his client were clearly informed that there was no LLC
19  and no Corporation that it was a sole proprietorship.  They could not use this simple method because there
20  was and is no active LLC /Inc. This but another was legally artfully attempt to control justice which is carried
21  out by the learned opposition attorney. This is a simple attempt to use the inconvenient form and divide and
22  conquer method of litigation which shifts the burden to the under funded In-Pro-Per.
23
24  **AS THE PLAINTIFF IN THIS MATTER MUST APPLAUD THE OPPOSITION ATTORNEY FOR HIS**
25  **WELL-CRAFTED AND WELL DEFINED ATTEMPTS TO PUSH THE LIMITS OF THE LAW TO THEIR**
26  **VERY EDGE.** Without ever giving the appearance or need of providing an excuse that the proof of service
27  it is necessary to establish subject matter jurisdiction when and if the opposition attorney can get a general
28  appearance from the opposing party by pleading which makes service of process a moot issue. Come to
29  think of it appears that the learned opposing council has made a general appearance in the case bar
30  though his response in the pleading.  In reviewing the response of the opposition attorney the plaintiff does

the financial transaction and any waivers of liability or except of liability that may have been included in that contract the learned opposition attorney once again artfully attempts to avoid and respond to these inquiries. At the risk of being redundant the plaintiff declares that this is not the time replaced to try this case.

**IN THE UNHAPPY EVENT THAT THE COURT IN ITS INFINITE WISDOM FINDS THAT THE PLAINTIFFS COMPLAINT IS OF A BARE-BONES NATURE AND MUST BE FLUSHED OUT.** The plaintiff requests an opportunity an adequate time to amend his complaint to the satisfaction of the court.

**1. THIS IS TRULY ONE OF THOSE CASES A BIBLICAL PROPORTIONS WHERE THERE IS A DAVID AND GOLIATH LEGAL SITUATION.** In this case all the major Air freshener giants and Air freshener Goliaths are being taken on by a single in-pro- per litigant who is locking horns legally with $1 billion company Energizer. And the grand old founding Air freshener giant Little Tree Car Freshener. Each of who has tried or is continuingly trying to extinguish the trademark rights and the copyright privileges of the plaintiff has and holds. This trade-dress and copyright is the product the defendant's native intelligence hard work industry and sweat equity. The position has money but the plaintiff has the law and legal gravity on his side. The law and legal gravity is no respecter of the defendants overwhelming wealth, legal power. This case come t the legal arena where the legal playing field is even. The law rules here not money or political or financial clot.

**2. WHILE IT IS PAINFUL TRUE THE PLAINTIFF DIDN'T BRING A BARE BONES COMPLAINT AGAINST THE DEFENDANTS IN THIS CAUSE OF ACTION.** The complaint can be amended. In fact the complaint was filed with leave to mend. If the court finds the complaint to be not complete enough to move forward then the plaintiff request the court grant time to amend the complaint. The plaintiff does not have benefit of a staff of research attorneys, unlimited time or money to hire an attorney. The plaintiff is not asking for any special treatment from the court. The plaintiff has proven after 4 + years of litigation that if given time the plaintiff can cure any legal inequities complained of by the leaned excellent defendant attorneys. The plaintiff did note there were no demurrers from the defendant attorneys. This is because the very highly killed opposition attorneys have no desire or need to educate the plaintiff as the flaws or inequities of the complaint.  Having unearthed that legal situation the plaintiff is ready willing and able to amend his complaint and by and through the process of discovery prove up his claims based on the

Trademark Board ruling in his favor which give the plaintiff the legal right to recover damages fro the defendants.

**THE PLAINTIFF PRAYS FOR RELIEF FROM THE COURT AND REQUEST THAT THE OPPOSITION'S DEMANDS OF THIS CASE BE DISMISSED BE NULLIFIED**: that the court refusal to grant the learned attorneys in opposition to this case and cause of action.

The plaintiff in this cause of action has US. District Court of California subject matter jurisdiction to be heard under the legal theory a diversity of citizenship, which was required to file suit against multiple defendants with different geographical locations throughout the United States and allowing expeditious adjudication of these issues and the California federal court.

**VERIFICATION OF PLEADING**
The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.

Monday, June 19, 2017
I swear and affirm that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

June 19, 2017

_____
IBRAHIM NASSER
Plaintiff *in Propria Persona*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.  17CV0863-CAB-MDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Energizer Brands II LLC  DBA American Covers Inc.

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*  BTJD Corp.Ser. LLC _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*  Enegizer Brands II LLC DBA

AMERICAN COVERS INC. _____ on *(date)*   05/10/2017 ____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* Please see attached _____

_____ .

My fees are $  50.00 for travel and $  0.00 for services, for a total of $  50.00 .

I declare under penalty of perjury that this information is true.

Date: ____05/10/2017____

*Server's signature*

Sandra Peterman
*Printed name and title*

2480 Homesite Dr San Diego CA 92119
*Server's address*

Additional information regarding attempted service, etc:
See Certificate of Mailing dared May 10, 2017 atached hereto

**UNITED STATES POSTAL SERVICE.**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From: IBRAHIM NASSER
SERIOUS SCENTS
P.O. Box 5626
chula vista, CA 91912

CO TO: ENERGIZER Brands II, LLC.
533 Marville university Drive
St. Louis, MO 63141

Postmark Here

ANDREW JACKSON POST OFFICE
MAY 10 2017
SAN DIEGO, CA 92116

PS Form 3817

**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From: IBRAHIM NASSER
SERIOUS SCENTS
P.O. Box 5626
chula vista, CA 91912

RA BT;D Corporate Services, LLC
3165 East MillRock Drive STE 500
Salt lake city, UT 84121

Postmark Here

ANDREW JACKSON POST OFFICE
MAY 10 2017
SAN DIEGO, CA 92115

PS Form **3817**, April 2007 PSN 7530-02-000-9065

# Exhibit #1
## Sole Proprietorship Notice



Ibrahim M. Nasser
Post Office Box 5626
Chula Vista, CA 91912
T: 619 253 9624
balweh@hotmail.com

February 16, 2017

**VIA EMAIL TO bbryner@kilpatricktownsend.com**
**And via u.s. mail**

Attorney William A. Bryner
1001 West Fourth Street
Winston-Salem NC 27101-2400

Reference correspondence of February 13, 2017

Dear Mr. Bryner:

Please forgive my tardiness in responding to you I have been tied up with other business matters which made physical and legal impossibility for me to respond to you as promptly as I would like.

You stated in your correspondence that you were willing to cancel the trademark that was in dispute. You alluded to some type of conditions for canceling the trademark. These remained undefined through the application of the skillful use of the art of words.

My position is one that is simple straightforward and very clear. I was issued a trademark in compliance with the law. It does not matter if it was senior or junior. I have and hold a valid trademark. As I can clearly prove beyond any doubt your client actually did infringe upon my trademark. While infringing upon the trademark it can only be assumed that a large amount of money was made at my expense for that infringement. It did cause confusion in the marketplace and it caused me injuries.

The question now becomes exactly how much money in sales did your client make while infringing upon my trademark. This would be the benchmark for deciding compensation for that infringement. Also be informed that Serious Scents is no longer an incorporated company. It is a sole proprietorship, which gives me the right and privilege of defending myself in any litigation as an in-pro-per litigant. This in of itself makes it viable for me to pursue and defend any claims that would be brought without me suffering the necessity of going broke in the process.

Unless you're until you can give me some positive reason or value for giving you a waiver of 30 days then I am not inclined to do so.

In closing I would like to thank you for your correspondence and your kind and generous offer. After a careful examination of that offer I do not see any benefit in it for me. Should you have another offer I would happily entertain it.

Best regards,

Ibrahim M. Nasser

# Exhibit #2
## Energizer Offering to Surrender & Cancel

## Grenade Trademark


**KILPATRICK
TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

February 13, 2017

**VIA EMAIL TO balweh@hotmail.com
AND VIA U.S. MAIL**

Ibrahim Nasser
Post Office Box 5626
Chula Vista, CA  91912

　　　　Re:　*California Scents Co.*

Dear Mr. Nasser:

　　　　In addition to owning and operating the business of California Scents Co., my client Energizer Brands LLC also owns and operates the business of American Covers Inc. (collectively, "Energizer"). Consequently, Energizer has engaged our firm to represent it in connection with the Petition for Cancellation you filed concerning U.S. Trademark Reg. No. 4890647 (the "Cancellation Proceeding"), in addition to the matter raised in your letter to my partner, Alicia Grahn Jones, dated January 18, 2017 (the "CALIFORNIA SCENTS Matter").

　　　　With regard to the Cancellation Proceeding, without admission of any of the allegations contained in the papers you have submitted to the USPTO in the Cancellation Proceeding, and for settlement purposes only, Energizer is willing to contemplate an arrangement by which it surrenders for cancellation Reg. No. 4890647, which is on the Supplemental Register. This step would permit your pending applications against which Reg. No. 4890647 has been cited to proceed to registration. However, as consideration for doing so, Energizer requests that you and Serious Scents Inc. agree not to challenge Energizer's use of the design shown in Reg. No. 4890647 <u>provided</u> that use of that design is always accompanied by Energizer's DRIVEN trademark. Please advise if this arrangement is one you are willing to consider. In the meantime, we request a 30-day extension of Energizer's February 18, 2017 deadline to respond to your papers in the Cancellation Proceeding. Please let us know if you consent.

　　　　With regard to the CALIFORNIA SCENTS Matter, Energizer owns U.S. Trademark Reg. No. 1940353 for the mark CALIFORNIA SCENTS. That registration was filed March 30, 1993, giving Energizer nationwide constructive use of the CALIFORNIA SCENTS mark as of that date. That registration is in "Typed Drawing" format and, thus, does not cover any particular design. Therefore, Energizer and its predecessors were not required to continue using the design shown in the specimens originally or subsequently submitted in support of that registration, or any other particular design format, in order to maintain and renew that word-mark

ATLANTA  AUGUSTA  CHARLOTTE  DALLAS  DENVER  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO  SAN FRANCISCO
SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

Ibrahim Nasser
February 13, 2017
Page 2

registration.  Energizer and its predecessors have not abandoned rights in the CALIFORNIA SCENTS word mark shown in Reg. No. 1940353.  Therefore, Energizer's rights in the CALIFORNIA SCENTS mark are senior to your and/or Serious Scents Inc.s' rights in any SERIOUS SCENTS mark.  Thus, to the degree your January 18th letter is alleging a likelihood of confusion arising from the parties' concurrent use the phrases CALIFORNIA SCENTS and SERIOUS SCENTS, it would be your junior use of SERIOUS SCENTS that would need to yield to Energizer's senior rights.  However, Energizer may be willing to allow the marks to coexist in the marketplace.

Moreover, to our knowledge, you and/or Serious Scents Inc. have not used the SERIOUS SCENTS logo in the manner shown on page 2 of your January 18th letter.  We believe that depiction is a mock-up, rather than a display actually used in the marketplace.  Consequently, Energizer will not accede to the demands contained on page 7 of your January 18th letter.

We look forward to hearing from you about the Cancellation Proceeding, and trust that this response addresses your concerns about the CALIFORNIA SCENTS Matter.  This response is without prejudice to any of Energizer's rights, remedies, or defenses, all of which are expressly reserved.

Sincerely,

William M. Bryner

# Exhibit #2
**Energizer Offering to Surrender & Cancel**

**Grenade Trademark**



**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

February 13, 2017

**VIA EMAIL TO balweh@hotmail.com**
**AND VIA U.S. MAIL**

Ibrahim Nasser
Post Office Box 5626
Chula Vista, CA  91912

   Re:  *California Scents Co.*

Dear Mr. Nasser:

   In addition to owning and operating the business of California Scents Co., my client Energizer Brands LLC also owns and operates the business of American Covers Inc. (collectively, "Energizer"). Consequently, Energizer has engaged our firm to represent it in connection with the Petition for Cancellation you filed concerning U.S. Trademark Reg. No. 4890647 (the "Cancellation Proceeding"), in addition to the matter raised in your letter to my partner, Alicia Grahn Jones, dated January 18, 2017 (the "CALIFORNIA SCENTS Matter").

   With regard to the Cancellation Proceeding, without admission of any of the allegations contained in the papers you have submitted to the USPTO in the Cancellation Proceeding, and for settlement purposes only, Energizer is willing to contemplate an arrangement by which it surrenders for cancellation Reg. No. 4890647, which is on the Supplemental Register. This step would permit your pending applications against which Reg. No. 4890647 has been cited to proceed to registration. However, as consideration for doing so, Energizer requests that you and Serious Scents Inc. agree not to challenge Energizer's use of the design shown in Reg. No. 4890647 provided that use of that design is always accompanied by Energizer's DRIVEN trademark. Please advise if this arrangement is one you are willing to consider. In the meantime, we request a 30-day extension of Energizer's February 18, 2017 deadline to respond to your papers in the Cancellation Proceeding. Please let us know if you consent.

   With regard to the CALIFORNIA SCENTS Matter, Energizer owns U.S. Trademark Reg. No. 1940353 for the mark CALIFORNIA SCENTS. That registration was filed March 30, 1993, giving Energizer nationwide constructive use of the CALIFORNIA SCENTS mark as of that date. That registration is in "Typed Drawing" format and, thus, does not cover any particular design. Therefore, Energizer and its predecessors were not required to continue using the design shown in the specimens originally or subsequently submitted in support of that registration, or any other particular design format, in order to maintain and renew that word-mark

Ibrahim Nasser
February 13, 2017
Page 2

registration. Energizer and its predecessors have not abandoned rights in the CALIFORNIA SCENTS word mark shown in Reg. No. 1940353. Therefore, Energizer's rights in the CALIFORNIA SCENTS mark are senior to your and/or Serious Scents Inc.s' rights in any SERIOUS SCENTS mark. Thus, to the degree your January 18th letter is alleging a likelihood of confusion arising from the parties' concurrent use the phrases CALIFORNIA SCENTS and SERIOUS SCENTS, it would be your junior use of SERIOUS SCENTS that would need to yield to Energizer's senior rights. However, Energizer may be willing to allow the marks to coexist in the marketplace.

Moreover, to our knowledge, you and/or Serious Scents Inc. have not used the SERIOUS SCENTS logo in the manner shown on page 2 of your January 18th letter. We believe that depiction is a mock-up, rather than a display actually used in the marketplace. Consequently, Energizer will not accede to the demands contained on page 7 of your January 18th letter.

We look forward to hearing from you about the Cancellation Proceeding, and trust that this response addresses your concerns about the CALIFORNIA SCENTS Matter. This response is without prejudice to any of Energizer's rights, remedies, or defenses, all of which are expressly reserved.

Sincerely,

William M. Bryner

# Exhibit #3
## Legal Fees & Costs
## With More to Come

Receipt for payment in cash

I, Debra C. Scheufler, received $2000 from Ibrahim Nasser for legal work on May 21, 2014.

I, Debra C. Scheufler, attorney at law am in receipt of $2500 from Ibrahim Nasser for legal services.

April 4, 2014

Debra C. Scheufler

Received $2000 cash from Ibrahim Nasser on February 11, 2014.



January 16, 2014

I am in receipt of $800 in cash from Ibrahim Nasser.

Debra C. Scheufler

January 14, 2014

I am in receipt of $650.00 in cash from Abrahim Nasser for legal services.

Debra C. Scheufler



January 3, 2014

I received $4650.00 from Serious Scents, Inc., $1650 of which was referenced in an engagement letter; all funds on retainer for the purpose of prosecuting and defending certain trademark actions.

Debra C. Scheufler

Receipt for payment in cash

I, Debra C. Scheufler, received $1500 from Ibrahim Nasser for legal work on August 5, 2014.

Receipt for payment in cash

I, Debra C. Scheufler, received $2500 from Ibrahim Nasser for legal work on August 4, 2014.

I, Debra C. Scheufler, received $2000 from Ibrahim Nasser for legal fees on July 21, 2014.



I, Debra C. Scheufler, received $2000 from  Ibrahim Nasser for legal fees on July 25, 2014.

Receipt for payment in cash

I, Debra C. Scheufler, received $1600 from Ibrahim Nasser for legal work on August 29, 2014.

I, Debra C. Scheufler, received $2000 from  Ibrahim Nasser for legal fees on
August 22, 2014.



Receipt for payment in cash

I, Debra C. Scheufler, received $3000 from Ibrahim Nasser for legal work on September 10, 2014.

# Exhibit #4
## Plaintiff prevailed in Utah civil court

# American Covers v. Serious Scents, No. 2:2013cv01032 - Document 42 (D. Utah 2014)

**Court Description:** ORDER AND MEMORANDUM DECISION granting 36 Motion to Dismiss for Lack of Jurisdiction; denying as moot 36 Motion to Change Venue; denying 20 Motion for Discovery; denying 26 Motion to Amend Complaint. Signed by Judge Tena Campbell on 10/1/14 (alt)

# Exhibit #4
## Plaintiff prevailed in Utah civil court

# American Covers v. Serious Scents, No. 2:2013cv01032 - Document 42 (D. Utah 2014)

**Court Description:** ORDER AND MEMORANDUM DECISION granting 36 Motion to Dismiss for Lack of Jurisdiction; denying as moot 36 Motion to Change Venue; denying 20 Motion for Discovery; denying 26 Motion to Amend Complaint. Signed by Judge Tena Campbell on 10/1/14 (alt)