1   IBRAHIM NASSER
    PO Box 5626
2   CHULA VISTA, CA 91912

3
    Plaintiff In Pro- Per
4

5



FILED

Jun 23 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ RhondaU        DEPUTY

NUNC PRO TUNC
6/22/2017

6

7

8              UNITED STATES DISTRICT COURT
9
10      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12   IBRAHIM NASSER & SERIOUS SCENTS          Case No.: 3-17-CV-0863 BMT (MDD)
                                              Response to Defendant Amended Motion To
13                  Plaintiff,                Dismiss by
                                              Defendant CAR-FRESHNER CORPORATION
14            Vs.                             Hearing Date: June 30, 2017
     JULIUS SAMANN LTD DBA CAR FRESHNER       Hearing Time 11:00 AM
15   NATURES APPEAL MFG.                      Courtroom 15B
     ENERGIZER BRANDS II LLC                  Judge: Honorable Chief Judge
16                                            Barry Ted Moskowitz
17

18                                            Pre Chamber Rules,
                 Defendants,                  No oral Argument
19                                            Unless Separately Ordered by The Court
20

21   Does 1-100

22

23   **NOW COMES THE PLAINTIFF**: With a very sincere apology to the court, the trier of fact and the

24   opposition attorney for the tardiness of this verified response. This is a verified response to the opposition

25   attorney's law and motion action requesting a dismissal of this case and cause of action. The unavoidable

26   delay was out of the plaintiff's control. The plaintiff was out of the United States on personal business and

27   family matters.

28   //

29   //

30

1

**IT IS HOPED THAT THIS GOOD FAITH EFFORT AND RESPONSE OF THE PLAINTIFF:** found herein will not been seen as purposeful or willful neglect on the part of the plaintiff. The plaintiff declares this late response was never designed purposefully to impact negatively upon the legal rights of the opposition. The late response was never intended to cause needlessly delay or to cause the opposition attorneys billion-dollar client *Little Tree Car-Freshner* Co. loss of any of their legal rights under and in the law. The plaintiff takes the rightful position that it was a physical and legal impossibility for a simple In-Pro-Per Litigant with no legal training to cause any type or kind would be hard put to satisfy or justify any such claimed injury catastrophic legal injury to the defendant *Little Tree Car-Freshner* Co. The defendant attorney exhibits vast legal experience and legal superiority as attorney and civil litigator with great legal skills and legal expertise. .

PLAINTIFF RESPONDS TO THE UNVERFIRED RESPONE OF CAR-FRESHNER CORP. LITTLE TREE ATTORNIES.

The plaintiff read the unverified response to his verified complaint from the opposition attorneys:

The plaintiff was absolutely struck by the expert powerful use of the attorney's words. These words mounted a legal frontal assault upon the plaintiff and his creditability. Every word in the expert powerful unverified legal response brief was designed with the utmost legal care and cunning. The legal brief had at its heart and soul the legal intent to hit its legal mark with no room for error. This expert legal brief was designed to cause maximum legal impact and damaged to the plaintiff's case and cause of action. The responding attorneys to their credit obviously worked long and hard to accomplish this goal. They describe with exact legal specificity while delivering a noteworthy scholarly unverified legal response. That response is of great scholarly legal value to the plaintiff. As it expertly legally defined for this court the true legal nature of: what causes and creates a frivolous un-meritorious claim by any litigant in any court or venue.

**EACH WORD OF THE EXPERT UNVERIFIED RESPONSE WAS WEIGHED MEASURED AND WAS DESIGNED PURPOSEFUL INTENT:** to completely convince the trier of fact of the following. The plaintiff in this cause of action according to the opposition pleadings declares only some kind of nut job would ever bring such a frivolous un-meritorious claim and action before any court. The claims of the plaintiff are so carefully defended against by the learned opposition attorneys they paint a false legal picture by using the flawed reasonable person standard. Under this flawed standard no litigant could ever be expect in any type or kind of litigation to get any consideration or relief from the court. To sustain this typing kind of action

there can be no legal flaws. The expert attorneys legal brief suffers from a number of fatal legal flaws. The facts are absent. In the absence of the necessary facts the opposition legal theory and claims fail. The opposition attempts to win by and through purposeful misrepresentation by withholding vital information and facts form the court and the trier of fact. That is exactly what they did with legal precision and intent.

**THE OPPOSITION ATTORNEYS PRESENTED AN UNVERIFIED RESPONSE**:

While they were no doubt legally armed with the knowledge of what had taken place in present Federal Action and previous legal action in the TRADEMARK BOARD claims by their clients. Their clients brought the very same type and kind of frivolous unmeritorious legal claim and action against Mr. Nasser and his Grenade Air Freshener that they go on into the legal night about with great legal skill against Mr. Nasser present claims before this court. **See Exhibit #1**

**THE OPPOSITION ATTORNEYS HAVE IN THEIR SCHOLARLY LEGAL BRIEF WRITTEN THE PERFECT COMPLAINT FOR THE PLAINTIFF NASSER:** which supports this legal action for recovery of attorney's fees and costs and other injuries. The injuries for which legal redress and relief is requested was the result of 4 + years of costly frivolous litigation in Trademark Litigation. The opposition attorney's clients did not prevail which they must have ben aware of.  Please **See Exhibit #2** Judgment against the opposition attorney's clients from the TTBA.

**THE OPPOSITION ATTORNEYS IN THEIR SCHOLARLY LEGAL BRIEF** did with purposeful intent did ensure in their very legally educational brief. Which was with purposeful intent completely devoid of any reference of the legal fact that their clients did not prevail in the frivolous TTBA case against Mr. Nasser. This is a legally troubling fact for the court and the opposition attorneys because it is an intentional willful failure to disclose. The legal fact that their clients lost in the TTBA dispute against Mr. Nasser does not fit their current legal theory or legal objective. That legal objective is to cause complete out right dismissal of the plaintiff case and cause of action. This is being attempted at expense of making full and complete disclosure to the court of the past litigation before the TTBA with the plaintiff Nasser. The fact that the opposition attorneys clients did not prevail in the TTBA dispute *is the act and action that establishes the legal right of the plaintiff to move this court for a summary judgment for attorney fees and cost* .As well as

other damages. Which are proven up by the fact that Mr. Nasser did prevail against the opposition
attorneys clients.

**THE OPPOSITION ATTORNEY'S CLIENTS WHOS frivolous** TTBA Litigation **SO NEATLY FITS LIKE A
LOCK AND KEY INTO THE SCHOLARLY UNVERIFIED LEGAL BR**IEF of the defendants attorney's
describes with legal specificity; how their clients acts and action in the TTBA expose exactly what their
clients did in that case and cause of action against the plaintiff Nasser. The opposition attorneys and their
clients can't have it both ways.  There are no special laws, or civil procedures just for them.  They cannot to
pick and choose where, where and how or type and kind of frivolous unmeritorious legal claim that only
they can bring or they will allow. The opposition attorney's claims are made after the fact of their loss in the
TTBA action. It the opposition attorney's who made legally clear their clients committed civil wrongs in the
in the TTBA action. The opposition attorney's can't just claim the plaintiff has no right to use their defense
to prove up wrongs in the frivolous TTBA action. The opposition attorney's can't just say oops! Never mind!
What we said only applies to the In-Pro-Per Litigant not to our client and their frivolous actions in TTBA suit!

**THE LEARNED OPPOSITION ATTORNEYS DID WITH PURPOSEFUL INTENT AVOID EXPOSING THE
COURT TO TRUE FACTS OF OR THE EXISTANCEOF THE PAST TTBA CASE.** They were not forth
coming and purposefully avoided addressing its past history and failure of this ongoing trademark dispute.
It is clear to even the casual observer that the 4+years of litigation in the *TTBA case was and is the legal
genesis of the present cause of action before this court.*

**IT WOULD BE A LEGAL ABSURDITY FOR ANY ATTORNEY WHO HOLDS THEMSELVES OUT AS A
TRADEMARK LITIGATOR** to prove up their great legal skills of what defines frivolous litigation.  Not only
did the opposition attorney define what a failed pleading was. They supplied the whom what where when of
frivolous unfound causes of action in trademark disputes. Then the lawyers not only prove up by their own
scholarly legal expertise in a filed brief with the court. They give Mr. Nasser's case and cause of action in
this court its legal legs.  The opposition attorney's even provided the expert legal points and authorities to
complete the prove-up of Mr. Nasser's case and cause of action before this court. All of which come from
comes from the TTBA action. By doing this the opposition attorney's exposed exactly what their client did to
the plaintiff for 4+ years of frivolous litigation in TTBA action in which their client did not prevail opens the
legal door for Mr. Nasser to prevail in the present action pending before this court.

**KNOWLEDGEABLE LEGAL EXPERTS IN THE AREA OF TRADEMARKS WOULD UNDERSTAND AT FIRST LEGAL BLUSH**: that the 4+ years of costly past litigation between the present plaintiff would and could create a valid legal ground and legal nexus for Mr. Nasser to present Federal Action that is now pending before this court.

**USING THE REASONABLE ATTORNEY STANDARD**: every expert attorney without fail who is worth his or her salt; would not ever write a legal brief of any type or kind unless they were completely knowledgeable of the past history of the case. This would become especially important if their was a legal nexus between the present case at bar and any past litigation. When and if the legal combatants were found to be present the current cause of action; which they are. When that past legal nexus as it does in the present case  defines the legal wrongs of opposition attorney's own client. The opposition attorney's fear of failure to address or disclose and expose, or address such legally vital sensitive information to the tier of fact would call into question and possibly explain the reason and need for the use of an *unverified response* to a *verified complaint*. Attorney's oral representation in court while not under oath is argument not evidence. The same applies to unverified response to a verified complaint.

**THE UNVERIFIED RESPONSE OF AN ATTORNEY:** Which is not made under the penalty of perjury is argument, not evidence, no matter how legally scholarly it may be. While it is a legally no, no to bring or beg and legal question of the court.  The plaintiff dares to ask the court why the failure of the opposition attorneys to disclose the past history in the past TTBA action his clients had. The why behind the what is vital a necessary question that begs for an answer. What made legally it necessary for these very high caliber attorneys to risk presenting an *unverified response to a verified complaint?* Why did the opposition attorneys not disclose the past TTBA litigation that brought the plaintiff to this court for redress in the first place? These same attorneys had to understand that a verified complaint requires a verified response. The why behind the what, on these two unanswered issues is of great important in the case at bar.

IN THE ABSENCE OF A VERIFIED RESPONSE THE PLAINTIFF HAS EVERY RIGHT TO MOVE THE COURT TO HAVE THE UNVERIFIED RESPONSE STRUCK FROM THE RECORD.  The plaintiff will not take that opportunity at this moment in time.

IN FACT AND TRUTH THE DEFENDANT *LITTLE TREE CAR-FRESHNER* Co. AND ALL ITS AFFILIATED COMPANIES: have a reputation throughout the legal community of being legally pursuing anybody who attempts to compete with them in the billion dollar Air Fresheners Market Place.

*Little Tree Car-Freshner* Co. ferociously defends against any and all real or imagined violations of *Little Tree Car-Freshner* Co. trademark or trade dress.

The *Little Tree Car-Freshner Co.* IS AN Apex Legal Predator. As discovery will prove up. This Apex legal predator has caused large numbers of businesses to completely fail because relentless frivolous litigation. The competition is quickly drowned out in storm litigation of frivolous claims and litigation. Many victims of this apex legal Predator have been forced to give up their design and their trademarks.  The defendant scoops them up, and uses them for their own unjust enrichment. This will be proven up by the process of discovery.

The *Little Tree Car-Freshner* Co. was admittedly the first one that ever reached any national or international success in late 1950. It uses sales for air fresheners, which are in the <u>hundreds of millions of dollars</u> while refusing to let go that #1 position. No matter how frivolous those litigation claims were.  They brought against their competitors. *Little Tree Air-Freshner* jealously guards that number one position against anyone and everyone including the plaintiff who dares to challenge them.

*LITTLE TREE CAR-FRESHNER* Co. BROUGHT AN ACTION AGAINST THE PLAINTIFF AND THE TRADEMARK BOARD They falsely clamed when the plaintiff's hand grenade air freshener was turned upside down looks like a little tree product and causes confusion in the market place.  This was one of the many absolutely ridiculous claims *Little Tree Car-Freshner* Co. brought against the plaintiff in the TTBA action. The responses made by the opposition attorneys against the plaintiff in this cause of action even today fit like a glove as a proper response to that past frivolous action. The plaintiff was p<u>ushed by the frivolous litigation to the very edge of financial ruin</u> because defense cost against the frivolous claims.

THE LITIGATION BETWEEN MR. NASSER AND THE *LITTLE TREE CAR-FRESHNER Co.* WENT ON FOR ALMOST 4 + YEARS. It caused the plaintiff to spend all the money he had on the attorney's fees and costs. Mr. Nasser was then forced to act in pro per to defend his interest. The trademark board agreed with Mr. Nasser and stated that there was no trademark infringement.

//

THE PLAINTIFF COMES TO THIS COURT REQUESTING TO BE COMPENSATED FOR THE FRIVOLOUS ACTION BROUGHT BY *LITTLE TREE CAR-FRESHNER Co*

The litigation in essence financially crippled Mr. Nasser and stunted his businesses growth and ruined him. Fortunately now there is case, which allows Mr. Nasser to recovery for cost of the 4+ years of frivolous litigation:

Please see the following legal points and authorities:

*Considerable attention is now been given* to the shift in legal standards *for awarding attorney's fees in exceptional trademark cases ( like the case at bar ) resulting from the Supreme Court's decision in a patent case, Octane Fitness, LLC v. Icon Health & Fitness, Inc.1*

ALTHOUGH OCTANE FITNESS DEALT EXCLUSIVELY WITH PATENT CASES, the lower courts
- Have already applied its *new exceptional case standard to trademark cases* under the Lanham Act,
- As the statutory language is the same in both cases.
- Under Section 35 of the Lanham Act, "
- The court in exceptional cases may award reasonable attorney's fees to the prevailing party."

Exceptional Cases Under The New Standard Like the Case at Bar

Use The New, More Objective Standard of Review Under Octane Fitness

Exceptional case standard under Octane Fitness replaces the almost impossible prove up of bad faith litigation or the misbehavior test, which was a very high bar to clear legally

New law increases the size of attorney's fee awards in Lanham Act cases because

Courts are no longer required to make it more difficult to reach a finding that party ( like the Car-Freshner Co. ) Acted in subjective bad faith. This gives the plaintiffs case legal legs and a sustainable cause of action.

THE THIRD CIRCUIT WAS THE FIRST COURT OF APPEALS TO APPLY THE NEW STANDARD TO A LANHAM ACT CASE:

Since the Fourth 6, Fifth 7, and Ninth Circuit 8 have followed. District courts in The **Seventh 9th, Tenth10,** and Eleventh Circuits11 have also applied Octane Fitness to Lanham Act Attorney's fee awards.
*Attorney's Fee Awards in Trademark Cases after Octane Fitness*

*1. 134 S. Ct. 1749 (2014).*

*2. 35 U.S.C. §285.*

*3. Octane Fitness, 134 S. Ct. at 1751.*

*4. 15 U.S.C. §1117(a).*

5. *Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303 (3d Cir. 2014).*

6. *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 719 (4th Cir. 2015).*

7. *Baker v. DeShong, 821 F.3d 620 (5th Cir. 2016).*

8. *Sun Earth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179 (9th Cir. 2016).*

9. *Am. Nat'l Ins. Co. v. Am. Nat'l Inv. Advisors, LLC, No. 11-CV-4016, 2014 WL 6613342 (N.D. Ill. Nov. 21, 2014).*

10. *Orbit Irrigation Prod., Inc. v. Sunhills Int'l, LLC, No. 1:10-CV-113 TS, 2015 WL 7740405 (D. Utah Nov. 30, 2015).* 11. *BMW of N. Am., LLC v. Cuhadar, No. 6:14-CV-40-ORL-37DAB, 2014 WL 5420133 (M.D. Fla. July 10, 2014).*

12. *Penshurst Trading Inc. v. Zodax, 652 F. App'x 10, 12 (2d Cir. 2016).* 13 . *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc., 782 F.3d 313, 318 (6th Cir. 2015).*

*LITTLE TREE CAR-FRESHNER CO.* FALSELY CLAIMED: Mr. Nasser's air freshener when turned upside down allegedly looked like a little tree product. This claim failed in the Trademark Board action, which ruled in Mr. Nasser's favor.

*LITTLE TREE CAR-FRESHNER* CO. A COMPLAINT THAT IS NOT JUSTIFIABLE is indefinite and unintelligible. Mr. Nasser has every legal right to be made whole after his victory in the Trademark Board Case TTBA Opposition No. 91/210,658 Registration No. 5,163,717 and TTBA Cancellation No. 92/057,371 Registration No. 3,508,401 of TTBA ruling **See Exhibit # 2**

MR. NASSER FILED HIS COMPLAINT WITH LEAVE TO AMEND.

Mr. Nasser will happily amend his verified complaint. Mr. Nasser will move this court to declare that the *Little Tree Car-Freshner Co.* trademark is public domain. This will be fleshed out in very clear detail in the amended complaint. Mr. Nasser brought to the attention of the trademark board that *Little Tree Car-Freshner Co.* art work and design should be declared public domain because that where it came from public domain and that is where it belongs. The amended complaint will address this issue as this court is legally empowered to declare the *Little Tree Car-Freshner Co.* trademark was an is and always has been public domain rip off.

THE COURT IS ASKED TO NOTE:

Mr. Nasser has durable proof he offered to sell his trademark and designs to *Little Tree Car-Freshner Co. Little Tree Car-Freshner Co.* declined all of Mr. Nasser offer to sell his air fresheners designs to *Little Tree Car-Freshner Co.* **See Exhibit # 3** See *Little Tree Car-Freshner Co.* Letter Head March 09, 2004 and April 29, 2010 declaring that Mr. Nasser's Air Freshener product as of no interest to *Little Tree Car-Freshner Co.* This documentation refusal to buy or license Mr. Nasser's air freshener products by their own actions makes claims of infringement frivolous *Little Tree Car-Freshner Co.* magically decided that if Mr. Nasser's hand grenade air freshener when turned upside down it looks like a little tree air freshener to their shock and surprise years and years later! Mr. Nasser's sales got *Little Tree Car-Freshner Co.* attention and a lawsuit was used to stop interstate trade of Mr. Nasser's products, which opens the door to a possible RICO action.

THE FOREGOING LAW SUPPORTS MR. NASSER'S LEGAL RIGHT TO BRING AN ACTION AGAINST THE DEFENDANT *LITTLE TREE CAR-FRESHNER CO.* Mr. Nasser has a legal right to prevail the summary judgment for attorneys fees and costs and other damages. Mr. Nasser is aware that a summary judgment cannot be had until discovery has been completed which will involve interrogatories, admissions and subpoenaing of documents has been completed. As this is a part of the process required to move for summary judgment. There will be supporting witnesses who have been victims of the frivolous apex legal predatory legal actions that have caused competitors to fail because they could not withstand the frivolous litigation of *Little Tree Car-Freshner Co.* attorneys.

NOW THE LAW HAS CHANGED. It is no longer a physical and legal impossibility to collect fees and costs and other damages for frivolous lawsuits which *Little Tree Car-Freshner Co.* attorneys are famous for. This can and will be proven up by and through the process of discovery. Which opens the legal door for recovery by the plaintiff for legal cost in TTBA action and other damages.

NOW THAT THE PLAINTIFF HAS BROUGHT THESE NEW ISSUES TO LIGHT AND EXPOSED THE FACTS that *Little Tree Car-Freshner Co.* is an Apex Legal predator who misuses and abuse the legal process to squash all *air freshener competitors* like little bugs is one of their main legal tactics. The opposition attorneys will miss no opportunity to beat the plaintiff up on the every fine point of civil procedure and law because that is all they have. The opposition attorneys and their clients have lost their Ethos in this

case. The facts and the law are against them and they can't win on the facts and the law. Then there is only one avenue of attack is to legally nitpick this case to death on the fine legal nuances of civil procedure and the law. Understanding this the plaintiff Nasser informs the court that he has no money to spend on a lawyer. It will do no good to tell the plaintiff to get a lawyer when he can't afford one. Legal fees and costs is money the plaintiff is attempting to recover from the TTBA litigation action.  The court has the plaintiffs pledge that he will do his best to follow the rules of court and civil procedure and law. The plaintiff does not expect any special privileges from the court.

### THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF FROM THE COURT.

1. IT IS REQUESTED THAT THIS COURT ON ITS OWN MOTION TO ORDER THE DEFENDANTS TO submit verified answers under the penalty of perjury in response to the verified and soon to be amended complaint and brief of the plaintiff.

2. THE PLAINTIFF REQUEST ADDITIONAL TIME TO AMEND HIS COMPLAINT. This is because the plaintiff does not have a law degree, or a staff of research attorneys at his beck and call. Nor does he have the many years of experience to call upon to create the better wining brief that comes from being a seasoned litigator like the opposition.

3. THE PLAINTIFF KNOWS AS SURE AS THE SUN RISES IN THE EAST AND SETS IN THE WEST there will be a full court legal press against the plaintiff by the opposition attorneys. They will attempt to drown the plaintiff in legal pleading, discovery and deposition and more. Once again plaintiff does not have a law degree, or a staff of research attorneys and can't afford West Law electronic research. The plaintiff will require additional time to comply with all of the demands that this litigation surly will bring.  This means the plaintiff will need permission to file an *oversized legal brief*. This is necessary because there are multiple defendants and cause of action. These multiple defendants and cause of action will not fit neatly into the standard legal brief size. This makes an oversized legal brief a legal necessity because it will be attacked every way under the sun as not being procedurally correct by the opposition attorneys if not granted by the court.  An oversized legal brief will give the defendants attorneys more to complain about and create more billable hours, which is all that matters to them anyway.

//

NOTICE OF THE PLAINTIFFS POSITION AND INTENTENTONS

The plaintiff clearly understands the overwhelming size and nature of the legal opposition and their powerful clients. The defendants have millions and billions of dollars at their disposal, which is no exaggeration. The defendants have the money and can buy the most expensive and brightest legal minds in the country to fight me. As a litigant I am not a Legal Pollyanna. Nor am I some crazy person who is bringing this case and cause of action to prove a moral, social, religious or political point of view. I have no ego in this matter. I always leave my ego parked and out of the way. My needs to feed my ego pride, or prestige are not on the line in this case and cause of action.

ALL I WANT AS A PLAINTIFF IS TO RECOVERY MY LEGAL FEES AND COSTS PLUS DAMAGES. I want to collect the money from those defendants who infringed on my trademark and trade dress and brought frivolous actions and denied me interstate marketing access. The defendants received unjust enrichment at my expense by using and selling my trademarked and copyrighted designs.

I want to be made whole or as near to whole as possible by the defendant's great and small for their civil wrongs. I want and have to prove nothing up except my case and cause of action! I just want to be made whole and go back to my business. I want to be left alone. I want to be free pursue that business without being legally bullied and caused to suffer losses that are the result of big money abusing the law to cut off competition.

THE LAW DOES NOT BELONG TO BIG OR LITTLE BUSINESS OR MONEY INTEREST. It belong to everyone including the little In-Pro-Per with no money, no lawyer just like me. Litigants like me don't know the legal rules, or civil procedure, or the law.  But we are smart enough to tell and know the deference between right and wrong.  I firmly believe the trier of fact knows the difference between right and wrong also. The law is my shield. The truth is my sword. When I come to this legal battle I am not afraid of the big law firm or their clients big bank role. This is because I stand on the shoulders of legal giants that come before me. I come here because of all of those that made the ultimate sacrifice in the many wars of this country and gave the ultimate sacrifice of their lives to guarantee my right to bring a civil action without fear because I have been civilly wronged. It is a legal right that has already been paid for and it is the right thing to do. I am sure that the opposition attorneys will have some objections to this declaration to the court, which explains the why behind my position in this litigation and why I am bringing it.  The Court can't give me anything but money. I clearly understand life is not fair. That no one gets what they deserve. They only

get what they can negotiate or win on the litigation battlefield. The door to settlement remains open as all as all litigation is based upon a cost benefit relationship. I thank the court for its time and attention.

4. The plaintiff prays for all of the foregoing in the name of equity and justice and for any other relief that the court may find legally fit and proper.

**VERIFICATION OF PLEADING** 6/21/2017 IBRAHIM NASSER swears and affirms that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

IBRAHIM NASSER
Plaintiff *in Propria Persona*

# Exhibit # 1

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA538131** |
| Filing date: | **05/15/2013** |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| | |
|---|---|
| Name | Julius Sämann Ltd. |
| Granted to Date of previous extension | 05/15/2013 |
| Address | Victoria Place, 31 Victoria Street<br>Hamilton, HM10<br>BERMUDA |

| | |
|---|---|
| Correspondence information | James E. Rosini, Esq.<br>Kenyon & Kenyon LLP<br>1 Broadway<br>New York, NY 10004<br>UNITED STATES<br>tmdocketny@kenyon.com, jrosini@kenyon.com, mmarsh@kenyon.com, nsardesai@kenyon.com Phone:2124257200 |

## Applicant Information

| | | | |
|---|---|---|---|
| Application No | 85641084 | Publication date | 01/15/2013 |
| Opposition Filing Date | 05/15/2013 | Opposition Period Ends | 05/15/2013 |
| Applicant | Ibrahim Nasser<br>356 Roosevelt Street, #7<br>Chula Vista, CA 91910<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

| |
|---|
| Class 003. First Use: 1993/10/31 First Use In Commerce: 1993/10/31<br>All goods and services in the class are opposed, namely: air fragrancing preparations |
| Class 005. First Use: 1993/10/31 First Use In Commerce: 1993/10/31<br>All goods and services in the class are opposed, namely: air deodorizing preparations |

## Grounds for Opposition

| | |
|---|---|
| Priority and likelihood of confusion | Trademark Act section 2(d) |
| Dilution | Trademark Act section 43(c) |

## Marks Cited by Opposer as Basis for Opposition

| | | | |
|---|---|---|---|
| U.S. Registration No. | 719498 | Application Date | 10/20/1960 |
| Registration Date | 08/08/1961 | Foreign Priority Date | NONE |

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number:  **ESTTA542548**

Filing date:  **06/10/2013**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Julius Sämann Ltd. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | Bermuda |
| Address | Victoria Place, 31 Victoria Street<br>Hamilton, HM10<br>BERMUDA | | |

| Attorney information | James E. Rosini<br>Kenyon & Kenyon LLP<br>1 Broadway<br>New York, NY 10004<br>UNITED STATES<br>tmdocketny@kenyon.com, jrosini@kenyon.com, mmarsh@kenyon.com,<br>nsardesai@kenyon.com Phone:2124257200 |
|---|---|

## Registration Subject to Cancellation

| Registration No | 3508401 | Registration date | 09/30/2008 |
|---|---|---|---|
| Registrant | Ibrahim Nasser<br>732 Madison Avenue, #B<br>Chula Vista, CA 91910<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class 005. First Use: 1993/10/31 First Use In Commerce: 1993/10/31<br>All goods and services in the class are cancelled, namely: air fresheners |
|---|

## Grounds for Cancellation

| Priority and likelihood of confusion | Trademark Act section 2(d) |
|---|---|
| Dilution | Trademark Act section 43(c) |

## Marks Cited by Petitioner as Basis for Cancellation

| U.S. Registration No. | 719498 | Application Date | 10/20/1960 |
|---|---|---|---|
| Registration Date | 08/08/1961 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | NONE | | |

# Exhibit # 2

time of filing the application; and, thus, the burden of proof did not shift to Applicants to prove use of the mark at that time. Noticeably absent from the record are responses to admission requests, document requests or interrogatories showing that Applicants are not able to produce documentary evidence to support use of the mark at that time. *Cf., e.g., ShutEmDown Sports*, 102 USPQ2d at 1040-41) (*prima facie* showing made based on admissions by defendant and "other interrogatory responses coupled with [defendant's] acknowledgment of the lack of documents such as sales records, bank records, tax returns, sales receipts, invoices, bills of service, advertising and promotional materials"). Indeed, with respect to the list of retailers purportedly selling Applicants' goods bearing the grenade design mark, Opposer has not presented evidence contradicting or casting doubt on the veracity of this information. As a consequence, the fact that Applicants did not introduce any evidence at trial is immaterial as there was no burden of proof placed on them.

## IV.   Conclusion

We find that Opposer has not carried its burden of proof to prevail on its claim of nonuse. That is, Opposer has not proven by a preponderance of the evidence that Mr. Nasser was not using the mark in commerce as of June 1, 2012, the filing date of the application.

**Decision:** The opposition is dismissed.

# Exhibit # 3



# *Car-Freshner*® Corporation

Watertown NY 13601-0719 • USA

Manufacturers of the world-famous "Little Trees" since 1952

1-800-545-5454
(315) 788-6250

Fax:   (315) 788-7467

March 9, 2004

Mr. Ibrahim Nasser
Serious Scents Inc.
375 Gavin Street
San Diego CA 92102

Dear Mr. Nasser:

Thank you for submitting your "Little Grenade" air freshener idea for our consideration. We appreciate your interest in CAR-FRESHNER Corporation.

It is with regret that we must reject your proposal. Though the product is very innovative, we feel it does not fall in line with our current product development goals.

Thank you again for thinking of us. If you have any other product ideas you wish to submit to us in the future, please do so. Please find enclosed a complimentary Sweet Pear "Little Tree" for your continued enjoyment of CAR-FRESHNER products.

Sincerely,
CAR-FRESHNER Corporation

Mark Foster
Product Manager

enc:    1 Sweet Pear "Little Tree"





# *Car-Freshner* Corporation

11908 Little Tree Drive • PO Box 719 • Watertown NY 13601-0719 • USA

Manufacturers of the world famous "Little Trees" since 1952

☎ 1-800-545-1095
+315-285-6230
Fax +315-286-1165
www.littletrees.com

## CONFIDENTIALITY AGREEMENT

1.   I received a telephone call from:
     Mr. Ibrahim Nasser (**Submitter**)
     (619) 253-9624

2.   This called was received on April 29, 2010.

3.   The content of this call:  Interest on the Submitter's part for us to manufacture a product idea.

4.   In response to this call we hereby agree to the following:

5.   That Submitter sends information about the idea to us within 10 days of the date below, and that such information will be looked at, on our part, only by parties directly working for CAR-FRESHNER Corporation, unless we subsequently notify Submitter otherwise and receive its permission for others to look at the information.

6.   That, if we determine the idea submitted is one we have already considered or nearly identical to one we have already considered, we will so inform Submitter immediately and provide pertinent details regarding our prior familiarity with the idea.

7.   That, if we determine the idea submitted is not one we have already considered, we will assess our degree of interest in the idea and so inform Submitter within 60 days of our receipt of the information about the idea.

8.   That, if we determine we do not have an interest in the idea, we will upon written request from Submitter, return to Submitter all materials supplied to us by Submitter to enable us to consider the idea, except such samples or other materials which may have necessarily been used in our evaluation process.

Signed for CAR-FRESHNER Corporation

by: _Lynette Fowler_                    _April 29, 2010_
     Lynette Fowler, Director of Product Development          Date

