KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (Bar No. 157034)
nstagg@kilpatricktownsend.com
Suite 400, 12730 High Bluff Drive
San Diego, CA 92130
Telephone:  858 350 6156
Facsimile:   858 350 6111

KILPATRICK TOWNSEND & STOCKTON LLP
William M. Bryner (*pro hac vice* application forthcoming)
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  336 607 7482
Facsimile:   336 734 2656

Attorneys for Plaintiff
ENERGIZER BRANDS II LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER, and SERIOUS SCENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JULIUS SAMANN LTD DBA LITTLE TREE d/b/a CAR FRESHNER CORPORATION, NATURE'S APPEAL MANUFACTURING CORPORATION DBA STINK GRENADE, and ENERGIZER BRANDS II, LLC DBA AMERICAN COVERS INC. DBA DRIVEN BY REFRESH YOUR CAR,, <br><br> Defendant. | Case No. 17-CV-0863-BTM MDD <br><br> **DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Hearing Date: July 7, 2017 <br> Courtroom:    15B <br> Judge: Hon. Barry Ted Moskowitz <br><br> Complaint Filed:   April 28, 2017 <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |



# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................ 1

II.  ARGUMENT .............................................................................................. 1

    A.  The First-to-File Rule Should Be Applied to this Case ........................ 1

    B.  The Remaining Issues Raised by Plaintiffs Should Be Decided
        in the Missouri Action and Are Unsupported by Fact or Law ............. 3

III. CONCLUSION ........................................................................................... 5



# TABLE OF AUTHORITIES

Page

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.G. Design & Assocs., LLC v. Trainman Lantern Co.*,
  No. C07-5158RBL, 2009 WL 279053 (W.D. Wash. Feb. 3, 2009) ........................ 1

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ................................................................................. 4

*Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*,
  No. 11CV1217 JLS WMC, 2011 WL 5359335 (S.D. Cal. Nov. 7, 2011) ............ 3

*Blue Cove Corp. v. Odyssey Med., Inc.*,
  No. 10CV2606-IEG BGS, 2011 WL 1157866 (S.D. Cal. Mar. 28, 2011) ............ 4

*Diversified Metal Prods., Inc. v. Odom Indus., Inc.*,
  1:12-CV-00162-BLW, 2012 WL 2872772 (D. Idaho July 12, 2012) .................... 4

*Energizer Brands II LLC v. Serious Scents, Inc. et al.*,
  No. 4:17-cv-00876-JMB (E.D. Mo.) ...................................................................... 1

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ..................................................................................... 1

*Gunnar Optiks, LLC v. Mad Panda, LLC*,
  No. 3:14-CV-1938 BTM KSC, 2015 WL 1013775 (S.D. Cal. Mar. 9, 2015) ........ 4

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................... 3, 5

*Koehler v. Pepperidge Farm, Inc.*,
  No. 13-CV-02644-YGR, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ............... 2



# TABLE OF AUTHORITIES
(continued)

Page

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
 678 F.2d 93 (9th Cir. 1982) ................................................................................ 2, 5

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
 16-CV-06371-BLF, 2017 WL 1065334 (N.D. Cal. Mar. 21, 2017) ........................ 4

*Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*,
 42 F. Supp. 3d 1377 (S.D. Cal. 2014) .................................................................... 4

**Statutes**

15 U.S.C. § 1121 ........................................................................................................ 3

28 U.S.C. § 1331 ........................................................................................................ 3

28 U.S.C. § 1367 ........................................................................................................ 3

28 U.S.C. § 1338(a)-(b) ............................................................................................. 3

Cal. Corp. Code § 2011 ............................................................................................. 2



## I. INTRODUCTION

Not only was Plaintiffs' response to Energizer Brands II LLC's ("Energizer") Motion to Dismiss ("Motion") untimely because it was filed eleven days past the due date, but Plaintiffs also do not dispute the main points at issue before the Court. Indeed, Plaintiffs concede that the Missouri Action[1] was filed before the present action, involves substantially the same parties and issues, and was not an anticipatory action.

Plaintiffs' response is full of arguments and allegations that are irrelevant to the issue before the Court. But even if potentially relevant arguments can be extrapolated from Plaintiffs' filing, those arguments still fail because (1) they should be addressed, if at all, by the court in the Missouri Action rather than this Court; and (2) they are not supported by either fact or law. Thus, the Court should grant Energizer's Motion, and under the first-to-file rule, dismiss Plaintiffs' claims against Energizer, or alternatively, stay them pending resolution of the Missouri Action.

## II. ARGUMENT

### A. The First-to-File Rule Should Be Applied to this Case

Although the Court need not consider Plaintiffs' response brief at all given that it was filed almost two weeks late,[2] even if it does, Plaintiffs still did not show that the first-to-file rule is inapplicable here. There are three relevant factors: "(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the

---

[1] *Energizer Brands II LLC v. Serious Scents, Inc. et al.*, No. 4:17-cv-00876-JMB (E.D. Mo.).

[2] Plaintiffs are not exempt from the rules of this Court simply because they have made the decision to act *pro se*. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal by district court because though he had ample time to respond, the *pro se* plaintiff failed to oppose the motion; noting that "[a]lthough we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *see also A.G. Design & Assocs., LLC v. Trainman Lantern Co.*, No. C07-5158RBL, 2009 WL 279053, at *2 (W.D. Wash. Feb. 3, 2009) (declining to consider merits of *pro se* defendant's response brief filed three weeks late).

1  issues." *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013). Plaintiffs do not address two of the three relevant factors (similarity of the parties and issues) in any manner, and therefore, Plaintiffs concede that those factors weigh in favor of applying the first-to-file rule. Plaintiffs also do not seriously dispute the final factor (chronology), as they do not contend that this action was filed before the Missouri Action—nor could they. Instead, Plaintiffs misguidedly argue that they have not been served in the Missouri Action. However, Plaintiffs' argument is not based in fact or law.

Plaintiff Serious Scents, Inc.[3] was in fact served with the complaint in the Missouri Action via service on its registered agent pursuant to Cal. Corp. Code § 2011 on May 17, 2017 (well before Plaintiffs filed their response before this Court). Missouri Action, ECF 13. And on June 19, 2017, Energizer's pending motion for leave to serve Plaintiffs, including Mr. Nasser, in the Missouri Action through alternative means was granted. *Id.* at ECF 14. Thus, Plaintiffs have either already been served in the Missouri Action or service will be completed in due course pursuant to the court's order in the Missouri Action.

More importantly, the Ninth Circuit has made clear that service of process is not the triggering action for the purposes of determining whether application of the first-to-file rule is appropriate—instead, it is the filing of the respective complaints. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982) ("A federal action is commenced by the filing of the complaint, not by service of process. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity.") (citation omitted).

It is, therefore, undisputed that all of the pertinent factors weigh in favor of

---

[3] Plaintiffs repeatedly contend that Serious Scents, Inc. is not a viable corporation—yet, Serious Scents, Inc. brought this action. Thus, Plaintiffs' own actions belie their contention. At any rate, the validity of Serious Scents, Inc.'s corporate status is not relevant to Energizer's motion and not presently before the Court.



- 2 -

DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

granting Energizer's motion to dismiss this action against Energizer, or in the alternative, to stay this action in favor of the Missouri Action. *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008).

### B. The Remaining Issues Raised by Plaintiffs Should Be Decided in the Missouri Action and Are Unsupported by Fact or Law

Plaintiffs only raise two additional issues that are arguably relevant to the motion at hand: whether the court in the Missouri Action has personal jurisdiction over Plaintiffs[4] and whether Energizer engaged in forum shopping. But both of those issues should be addressed by the court in the Missouri Action, not this Court, and in any event, neither the law nor the facts support Plaintiffs' arguments on these issues.

The question of whether the court *in the Missouri Action* has personal jurisdiction over Plaintiffs *in the Missouri Action* is one for *that* court, and not this Court, to decide. *Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No. 11CV1217 JLS WMC, 2011 WL 5359335, at *2 n.3 (S.D. Cal. Nov. 7, 2011) ("Considering the nature of this dispute and the superior experience the [Middle District of Florida] has in ruling on issues concerning its own jurisdiction, it would be presumptuous for this court to decline to apply the first-to-file rule when the court whose jurisdiction is being challenged has not had an opportunity to fully consider the issue.") (citing *British Telecomms. PLC v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993)); *see also*

---

[4] According to the express language of their response brief, Plaintiffs actually base their argument on a purported lack of subject matter jurisdiction in the Missouri Action, but given the substance of Plaintiffs' argument, Energizer believes they meant personal jurisdiction. *See generally* Dkt. #16. Further, it is indisputable that the court in the Missouri Action has subject matter jurisdiction over Energizer's federal Lanham Act claims and supplemental jurisdiction over Energizer's related state law claims. 28 U.S.C. §§ 1331, 1367, 1338(a)-(b); 15 U.S.C. § 1121.



- 3 -

DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

1  *Blue Cove Corp. v. Odyssey Med., Inc.*, No. 10CV2606-IEG BGS, 2011 WL
2  1157866, at *3 (S.D. Cal. Mar. 28, 2011).  Moreover, even if it wanted to decide the
3  issue, this Court is handcuffed by Plaintiffs' failure to offer any evidence in support
4  of their argument.  Plaintiffs cannot defeat Energizer's motion by simply resting on
5  broad unsupported contentions that they are not subject to personal jurisdiction in
6  the Missouri Action.

7  Like the issue of personal jurisdiction, whether Energizer engaged in forum
8  shopping is also an issue for the court in the Missouri Action.  *See Alltrade, Inc. v.*
9  *Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see also Diversified Metal*
10 *Prods., Inc. v. Odom Indus., Inc.*, 1:12-CV-00162-BLW, 2012 WL 2872772, at *5
11 (D. Idaho July 12, 2012) (A "majority of courts … have held that it is the *first-filed*
12 *court* which should decide whether an exception to the first-to-file rule applies,"
13 including the forum-shopping exception) (emphasis added); *see also Power*
14 *Integrations, Inc. v. ON Semiconductor Corp.*, 16-CV-06371-BLF, 2017 WL
15 1065334, at *3 (N.D. Cal. Mar. 21, 2017) ("However, it is the court with the first-
16 filed action that should normally weigh the balance of convenience and any other
17 factors that might create an exception to the first-to-file rule.").

18 And there is similarly no evidence here that Energizer engaged in forum
19 shopping.  Instead, the record shows that Energizer acted in good faith by filing its
20 affirmative infringement claims against Plaintiffs in the district in which Energizer
21 resides.  *Gunnar Optiks, LLC v. Mad Panda, LLC*, No. 3:14-CV-1938 BTM KSC,
22 2015 WL 1013775, at *3 (S.D. Cal. Mar. 9, 2015) ("The Court finds that under the
23 circumstances, Mad Panda's action in filing the North Carolina action, where it
24 resides, before responding to Gunnar's settlement proposal, was reasonable and does
25 not amount to bad faith forum shopping.  The record suggests that Mad Panda
26 brought its declaratory action in good faith for the purpose of securing the relief
27 prayed for, namely to remove the threat of uncertainty about violating Gunnar's
28 intellectual property rights."); *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42



1  F. Supp. 3d 1377, 1384 (S.D. Cal. 2014) (finding the first-filed suit not
2  anticipatory).

3  Ultimately, this Court need not consider Plaintiffs' arguments about personal
4  jurisdiction or forum shopping. Even if it does, however, Plaintiffs fail to show that
5  the first-to-file rule should not be applied here, particularly given the Ninth Circuit's
6  view that the first-to-file rule "should not be disregarded lightly." *Pacesetter Sys.,*
7  *Inc.*, 678 F.2d at 95; *see also Intersearch Worldwide, Ltd.*, 544 F. Supp. 2d at 957
8  ("[T]here is a strong presumption across the federal circuits that favors the forum of
9  the first-filed suit under the first-filed rule.") (quoting *Manuel v. Convergys Corp.*,
10 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *Church of Scientology of Cal. v. U.S.*
11 *Dept. of Army*, 611 F.2d 738, 749 (9th Cir. 1979)).

## III. CONCLUSION

For the foregoing reasons and for those set forth in Energizer's opening papers, this Court should grant Energizer's Motion to Dismiss this case, or in the alternative, this Court should grant Energizer's Motion to Stay.

DATED: June 30, 2017        Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:*/s/ Nancy L. Stagg*
         NANCY L. STAGG

Attorneys for Defendant
ENERGIZER BRANDS II LLC



- 5 -

DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

# PROOF OF SERVICE

I hereby certify and declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause. My business address is 12730 High Bluff Drive, Suite 400, San Diego, California 92130.

2. I am familiar with my company's mail collection and processing practices, know that said mail is collected and deposited with the appropriate overnight delivery service or with the United States Postal Service on the same day it is deposited in interoffice mail, and know that postage thereon is fully prepaid.

3. Following said practice, on June 30 2017, I served by United States mail, a true copy of the attached document titled exactly **DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** by mailing first class via U. S. Mail in an addressed, postage prepaid, sealed envelope to the undersigned parties:

| | |
|---|---|
| Ibrahim Nasser<br>P.O. Box 5626<br>Chula Vista, CA 91912 | Plaintiff Ibrahim Nasser<br>Pro Se |
| Serious Scents, Inc.<br>P. O. Box 5626<br>Chula Vista, CA 91912 | Plaintiff Serious Scents, Inc.<br>Pro Se |

EXECUTED this 30th day of June, 2017, at San Diego, California.

*/s/ Margaret R. Chapman*
Margaret R. Chapman

US2008 13041159 1



- 6 -

DEFENDANT ENERGIZER BRANDS II LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD