# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER; SERIOUS SCENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JULIUS SAMMANN LTD. DBA LITTLE TREE DBA CAR-FRESHNER CORPORATION, et al.,<br><br>Defendants. | Case No.: 17-cv-0863-BTM-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; DENYING MOTION FOR MORE DEFINITE STATEMENT; DENYING MOTION TO DISMISS PURSUANT TO FIRST-TO-FILE RULE**<br><br>**[ECF NOS. 6, 9, 11]** |

    Defendant Car-Freshner Corporation, erroneously sued as Julius Samann Ltd. dba Little Tree dba Car-Freshner Corporation ("Car-Freshner"), moves to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (ECF No. 11.) Defendant Energizer Brands II LLC ("Energizer") moves to dismiss the complaint pursuant to the first-to-file rule. (ECF Nos. 6, 9.) For the reasons discussed below, the Court will grant Car-Freshner's motion to dismiss, deny its alternative motion for more definite statement as moot, and deny Energizer's motion to dismiss without prejudice.

1

**I.  BACKGROUND**

On April 28, 2017, Plaintiffs Ibrahim Nasser ("Nasser") and Serious Scents, proceeding pro se, filed a complaint against defendants Car-Freshner, Energizer, and Nature's Appeal Manufacturing Corporation dba Stink Grenade ("Nature's Appeal") (collective, "Defendants").  The action arises from Defendants' alleged use of a "stolen image design and concept" for hand-grenade-shaped air fresheners that come "in [an] array of fanciful colors and pleasant scents," see Compl. at 12, 14, and purports to assert claims for trademark infringement, copyright infringement, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq., and other violations of federal law, see Compl. at 1, 2-3.

On May 19, 2017, Energizer filed a motion to dismiss Plaintiffs' complaint pursuant to the first-to-file rule, a rule of federal comity that "permits a court to decline jurisdiction when a complaint involving the same issues has already been filed in another district."  See Energizer II's Mot. (ECF No. 6-1) at 6 (quoting Pacesetter Sys., Inc., v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)). Energizer contends it should be dismissed from this action because on March 10, 2017, it filed an action against Plaintiffs in federal court in the Eastern District of Missouri in which it asserts claims that it maintains are substantially similar to the ones Plaintiffs are pursuing here.

On May 23, 2017, Car-Freshner filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) for failure to state a claim, or alternatively, for more definite statement pursuant to Rule 12(e).[1]

Nasser has filed oppositions to both motions.  (ECF Nos. 16, 22).

---

[1] Plaintiffs have not filed proofs of service of the summons and complaint, and Nature's Appeal has not made an appearance, so it is unclear whether Nature's Appeal has been served.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Car-Freshner contends that Plaintiffs' complaint is too poorly pled to state a claim. The Court agrees and will dismiss the complaint with leave to amend.

The pleading defects Car-Freshner identifies fall within the scope of Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleadings of pro se plaintiffs are liberally construed, the basic pleading requirements of Rule 8 apply to self-represented and represented plaintiffs alike. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); Wynder v. McMahon, 360 F.3d 73, 79 n. 11 (2d Cir. 2004). Complaints that are too confusing and prolix to "perform the essential functions of a compliant" are subject to dismissal under Rule 8(a). See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory).

Plaintiffs' complaint fails to adhere to the Rule 8(a) pleading requirements in several ways. In general, it is confusing, unfocused, argumentative, and scattered with irrelevant material, including unnecessary aspersions on Defendants' attorneys. See Compl. at 9, 10 ("The opposition attorney's [sic] will demand that each and every legal nuance must be played out in exacting detail[;]" "This Court will hear the opposition attorneys seeming like legal mashed cats."). Also, although the cover page lists a number of claims that Plaintiffs intend to assert, the body of the complaint does not state each claim individually, and it lacks simple, concise and direct statements setting forth the alleged wrongdoing of each defendant in support of any of the intended claims. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir. 1981) (approving district court's dismissal

under Rule 8(a) of a complaint for failure to assert "a short, simple, concise and direct statement respecting the alleged wrongdoing of each appellee"). The complaint also impermissibly groups all of the defendants together. See Adobe Sys. Inc. v. Blue Source Grp., Inc., No. 14-CV-02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015) ("As a general rule, when a pleading fails 'to allege what role each Defendant played in the harm,' this 'makes it exceedingly difficult … for individual Defendants to respond to Plaintiffs' allegations."). To the limited extent Plaintiffs refer to a particular defendant, the references are ambiguous and confusing. See Compl. at 12 (referring to "defendant king of air fresheners" and "Defendant Tree Company"). The allegations addressing Plaintiffs are similarly deficient. The body of the complaint refers almost exclusively to Nasser, making it unclear which claims are being asserted on behalf of Serious Scents, or what type of entity Serious Scents is. For all these reasons, Plaintiffs' complaint falls short of the requirements of Rule 8(a). See McHenry, 84 F.3d at 1180 ("Something labeled a complaint but … without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")

Dismissal is also warranted under Rule 12(b)(6) because the complaint fails to state a plausible claim for relief. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Allegations that amount to no more than legal conclusions or bare assertions are not entitled to the assumption of truth. Id. at 679, 680-81. Here, Plaintiffs' complaint fails to show, through well-pleaded factual allegations, how the elements of the laws underlying their claims were violated by defendants. The most frequently-discussed claim in the complaint is the claim for trademark violation, but the allegations in support of this claim are no more than bare

assertions and legal conclusions. See Compl. at 14 ("The defendants at that moment in time made a conscious decision to mass market a stolen image and concept belonging to Mr. Nasser…"), 15 ("The defendants with purposeful intent actually cause the theft of the protections of a trademark and copyright by causing confusion in the marketplace.").

Therefore, the Court will grant Car-Freshner's motion to dismiss the complaint for failure to state a claim. Because the defects in the complaint apply equally to all Defendants, the complaint will be dismissed in its entirety. Car-Freshner's alternative request for a more definite statement under Rule 12(e) will be denied as moot.[2]

Dismissal will be with leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend "shall be freely given when justice so requires" and granted "with extreme liberality"). If Plaintiffs file an amended complaint, they should take note that they must also comply with Federal Rule of Civil Procedure 10(b), which requires that a party "state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## III. MOTION TO DISMISS PURSUANT TO FIRST-TO-FILE RULE

A district court has discretion to dismiss, stay, or transfer a case pursuant to the first-to-file rule. Pacesetter, 678 F.2d at 94-95. Determining whether the first-to-file rule applies requires the court to analyze three factors: (1) chronology of the actions, (2) similarity of the parties, and (3) similarity of the issues. Gunnar Optiks, LLC v. Mad Panda, LLC, No. 3:14-cv-1938 BTM(KSC), 2015 WL 1013775, at *1 (S.D. Cal. Mar. 9, 2015). Evaluation of the second and third factors requires the court to consider whether the claims and parties in each case are "substantially

---

[2] In ruling on this motion, the Court did not rely on Car-Freshner's request for judicial notice ("RJN") submitted with its reply brief, and therefore denies the RJN as irrelevant.

similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

Here, Plaintiffs have not yet stated a viable claim for relief. It would be premature for the Court to try to determine whether this action involves "substantially similar" claims and parties as the ones involved in the Missouri case, since it is not certain which, if any, of Plaintiffs' claims will survive, or against which Defendants they will be asserted. Accordingly, the Court will deny Energizer's motion without prejudice.

## IV. PLAINTIFFS' NONCOMPLIANCE WITH LOCAL RULES

The Court notes that in the short time this action has been pending, Plaintiffs have developed a pattern of violating the Local Rules.

Nasser filed both of his opposition briefs late, in violation of this District's Local Civil Rule 7.1.e.2, which provides that opposition briefs must be filed "not later than fourteen (14) *calendar* days prior to the noticed hearing." CivLR 7.1.e.2. The Court accepted the noncompliant briefs, but had to move the hearing dates on both motions to give Energizer and Car-Freshner sufficient time to reply. See ECF Nos. 17, 23.

Plaintiff thereafter submitted several more pleadings, including a motion for leave to amend, which was submitted on June 30, 2017, without first requesting a hearing date from chambers, in violation of Local Civil Rule 7.1.b; a "Response" brief submitted on July 5, 2017, which is essentially a surreply brief, in violation of this Court's Civil Chambers Rules providing that surreplies may not be filed without leave of court, see Hon. Barry Ted Moskowitz, Civ. Chambers R. at 2, "Sur-replies" (Feb. 24, 2015); a proof of service of the surreply brief submitted on July 6, 2017; a documented titled "Judicial Notice" indicating Plaintiffs had completed drafting a First Amended Complaint, which was submitted on July 27, 2017; and a First Amended Complaint, which was submitted prematurely on August 7, 2017, before the Court granted leave to amend.

Since the motion to amend, surreply (including the proof of service of the

surreply), and request for judicial notice were unnecessary to the Court's decision, there is no prejudice to Defendants in accepting them, so they will be accepted under separate order.

Because Plaintiffs submitted the First Amended Complaint prematurely and without the benefit of this Court's order, it will be rejected so that Plaintiffs can determine whether it needs to be modified based on the discussion above. Plaintiffs may re-submit a First Amended Complaint by the deadline set forth below.

Although Plaintiffs are proceeding pro se, they must nevertheless comply with the applicable rules of civil procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). If Plaintiffs file a First Amended Complaint and proceed with this action, they will need to familiarize themselves with and make a concerted effort to comply with the Local Rules of this District as well as this Court's Civil Chambers Rules, both of which are available online. See CivLR, available at: https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/92/Local%20Rules%202016%20v1.pdf; Hon. Barry Ted Moskowitz, Civ. Chambers R., available at: https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/12/Moskowitz%20Civil%20Chambers%20Rules.pdf. Failure to follow the rules of procedure in the future may lead to further rejection of noncompliant filings.

## V. **CONCLUSION AND ORDER**

For the reasons discussed above, the Court GRANTS Car-Freshner's motion to dismiss for failure to state a claim, DENIES Car-Freshner's alternative motion for more definite statement as moot, and DENIES Energizer's motion to dismiss without prejudice.

//
//
//

7

17-cv-0863-BTM-MDD

1    Plaintiffs' complaint is DISMISSED without prejudice.  Plaintiffs may file and
2 serve a First Amended Complaint on or before September 8, 2017.  If Plaintiffs fail
3 to do so, the Court will close this case.
4    IT IS SO ORDERED.
5 Dated:  August 14, 2017

*signature*
Barry Ted Moskowitz, Chief Judge
United States District Court