IBRAHIM NASSER
P.O.Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

FILED

17 NOV 29 PM 4:08

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY LC                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE").

Plaintiff,

Vs.

JULIUS SÄMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"), alleges as follows:

Defendants,

Does 1-100

Case No.: 3-17-CV-0863 BMT (MDD)

Amended Complaint Damages and Declaratory and Injunctive Relief

1. Federal Trademark Infringement as Defined by Latham Act.
2. Defendants Used Substantially Similar Design of Plaintiff Stylized Design Trade Mark.
3. Asserts Claim for Origin and Unfair Competition
4. Direct and Contributory Federal Trademark Infringement.
5. Federal and State Trademark Dilution.
6. False Representation Under the Lanham Act
7. Tort Claim of Abuse of Process Wrongful Prosecution of the Law
8. Unjust Enrichment
9. Declaratory and for Injunctive Relief

Demand For Jury Trial

## **COMPLAINT**

PRELIMINARY STATEMENT

1. Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright Trademarked Plaintiffs' air freshener composition creations entitled "Serious Scents and Little Grenade".

1

2.   Defendants' conduct is causing harm to the Plaintiff Nasser and his product, income. Unless immediately enjoined the defendants will continue to cause, enormous and irreparable harm to Plaintiffs and his products. Defendants may not continue to exploit Plaintiffs' Trademarked Plaintiffs' Air freshener composition creations entitled "Little Grenade" without plaintiff's authorization. Plaintiffs must be compensated for Defendants' willful acts of infringement and frivolous litigation, which is ongoing and unabated.

3.   Plaintiff Ibrahim Nasser doing business as Serious Scents a sole proprietorship selling Grenade shape air freshener and automobile accessories since 1993 states the following for its Complaint is brought against Defendants Julius Sämann, Ltd; Car-Freshner Co.; and Energizer Brands II LLC; American Covers Inc. (collectively, "Defendants")

4.   For over twenty-four years since at least as early as October 31, 1993 long before the filing of the Defendants American Covers Inc. Filed for the trademark rights to use Grenade Shaped Air Freshener, Plaintiff Nasser, and his license, predates any and all use for Grenade Shaped Air Freshener by rights of first use in commerce under common law claim and continuous commercial activity. Energizer Brands II LLC. Purchased subseries companies Handstand, American Covers Inc.

5.   Plaintiff Nasser was the 1st manufacture of grenade designs air fresheners. Plaintiff Nasser did trademarks and copyright his air fresheners design shape, which he sold continuously in open commerce under the LITTLE GRENADE brand. As a result of their long and extensive sale across the United States, Plaintiffs' products are well known and well received. As a result of the long, extensive and widespread use of the distinctive Grenade designs, the general consuming public in the United States recognizes these designs as exclusively associated with Plaintiff Nasser.

6.   The general air freshener consuming public associates Plaintiff Nasser and the distinctive Grenade designs generally with the concepts of freshness, cleanliness and pleasing scents.  Plaintiff Nasser distinctive Grenade designs are famous throughout the United States.

7.   Plaintiff Nasser has Common Law Trademark rights to its grenade designs, which are used in commerce in connection with air fragrancing preparations and a variety of other goods and services. Plaintiff Nasser registered and common law trademark rights in the Grenade designs are collectively referred to as the "Serious Scents and Little Grenade Design Marks."

//

8.   The grenade design marks are used by Plaintiff Nasser extensively on a wide variety of air fresheners and related products offered in a variety of different fragrances and colors. Plaintiff Nasser has spent, and continues to spend, significant amounts of time and money developing, testing and promoting air fresheners sold under the Serious Scents and Little Grenade Design Marks.

9.   The Plaintiffs Nasser's Grenade Design Marks are famous under 15 U.S.C. § 1125(C)(1), and acquired such fame well prior to the filing date and alleged first use date of the Defendants Handstands, American Covers, Inc. The Grenade Design Marks are inherently distinctive and/or have acquired distinctiveness, represent valuable goodwill, have gained a reputation for quality belonging exclusively to Plaintiff Nasser, and are widely recognized by the general consuming public of the United States as designations of the source for Plaintiff's Nasser products.

10.   Defendant American Covers, Inc. has now acquired and totally owned by energizer brands II LLC. who was granted in error registration of the Grenade mark; Defendants Business Handstands, American Covers, Inc. *prima facie* exclusive right to use the Grenade mark is now at issue. Such registration is a significant source of damage and injury to Plaintiff Nasser, for the reasons set forth below.

11.   Defendant Energizer Brands II LLC. the new owner of American Covers, Inc. and handstands air fresheners: knew or should have known before they purchased Grenade Air Freshener Trademark from American Covers, Inc. and Handstands Air Fresheners who had copied Plaintiffs Trademarked and Copyrighted Grenade Air Freshener. The existence of the confusion in the air fresher market place and marketing channels was clear and foreseeable to even the casual observer based on similarity in appearance to Plaintiff's Grenade Design Marks which was the direct result of copying the Grenade Air Freshener Trademark of Plaintiff Nasser. Which, Plaintiff Nasser sent a (cease and Desist letter) to Defendant American Covers, Inc. on September 03, 2013. Alleging the infringement of the Plaintiff Nasser Grenade shape air freshener products. is attached as **Exhibit 1.**

12.   American Covers, Inc. Handstands air fresheners adopted the Grenade Mark with full knowledge of Plaintiff's on going exclusive rights to the Grenade Design Marks which had been secured by a trademark, they did with purposeful intent attempt to illegally take and use the hard-earned efforts and far-reaching goodwill that Plaintiff Nasser has and had cultivated in the 24 years of manufacturing, selling Grenade Design Air fresheners 'which carried the Plaintiffs Distinct Trademark and copyrighted designs in plain view on each product produced by Plaintiff  Nasser.

//

13.   Defendants American Covers, Inc. and Handstands air fresheners Mark Registration with the purposeful intent by copying the design and product of Plaintiff Nasser to ensure they would and could profit from the likelihood of causing confusion with Plaintiff's protected Grenade Design Marks among the Air Freshener trade and the relevant purchasing public who cannot discern the difference between the two products. Any use of the Grenade mark by Defendants American Covers, Inc. Handstands Air Fresheners will, can and does deceive consumers and the Air Freshener trade into believing that Defendants American Covers, Inc. Handstands Air Fresheners products are affiliated with, sponsored by, or licensed by, are owned by someone other than Plaintiff Nasser. Such confusion is deception by intent, which inevitably result in loss, damage, and injury to Plaintiff Nasser his protected products.

14.   Defendants American Covers, Inc. and Handstands air fresheners continuous unauthorized use of the Grenade Mark in conjunction with the applied-for goods diluted the distinctive quality of Plaintiff's Grenade Design Marks, thereby causing on going unknown damage to Plaintiff Nasser, which are established by the sale of American Covers, Inc.  and Handstands Air Fresheners which was in the millions of dollars. Energizer Brands II LLC did buy American Covers Inc. and Handstands air fresheners based upon the fair market value. It remains a legal issue to be defined exactly what part of that sale involved the goodwill generated by Grenade Design Air Freshener that in fact and truth were pirated from the Plaintiff Nasser and the goodwill of that product. Plaintiff Nasser has spent, and continues to spend, significant amounts of time and money developing, testing and promoting air fresheners sold under the Serious Scents and Little Grenade Design Marks. The Plaintiffs Nasser's Grenade Design Marks are famous under 15 U.S.C. § 1125(c)(1).

15.   Defendant Julius Sämann Ltd. Aka Car-Freshner Co. Defendants attorney's spends much time and effort attempting to distance themselves from the indisputable fact that their defendant client Julius Sämann LTD. AKA Car-Freshner Co. is legally infamous for bringing false and frivolous claims. Julius Sämann LTD. AKA Car-Freshner Co. brings action for infringement against any company or person who dares to trespass or challenge on their dominance and control of the air fresher business. This is a fact not legal false unfounded claim, which is proven up by the voluminous number of legal actions, which have been brought by Julius Sämann LTD. AKA Car-Freshner Co., over the life of this company against others. In the case at bar litigation was brought by Julius Sämann LTD. AKA Car-Freshner Co. against Plaintiff Nasser in the Trademark Court. The litigation was totally frivolous as were many others brought against other person Julius Sämann LTD. AKA Car-Freshner Co. and companies who were in the air freshener business.

//

4

16.  The Plaintiff Nasser claim is that Julius Sämann Ltd. Aka Car-Freshner Co. uses frivolous lawsuit and their cost as a tool for restraint of trade, using the misapplication of the law for purposes for which it was not intended which it is not intended is malicious prosecution. This is a common law intentional tort on the part of Julius Sämann LTD. Aka Car-Freshner Co. it is the tort of abuse of process, its elements include

(1) intentionally (and maliciously) instituting and pursuing (or causing to be instituted or pursued) a legal action (civil or criminal) that is

(2) brought without probable cause and

(3) dismissed in wrongful prosecution of the law  (Which is proven up by the fact that Plaintiff Nasser prevailed against Julius Sämann LTD. AKA Car-Freshner Co. in Trademark Court which makes this a valid cause of action.

## NATURE OF THE ACTION

17.  This is a civil action seeking declaratory, damages, injunctive and monetary relief, including expenses against defendants for Trademark and copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 1051, et seq and Trademark 28 U.S.C. § 1338(a).

18.  This court has subject matter jurisdiction over this trademark and copyright infringement action pursuant to 28 U.S.C. § 1331 and 1338(a) and 28 U.S.C. § 2201.

19.  This Court has personal jurisdiction over each of the Defendants (Energizer Brands II LLC. and Julius Sämann Ltd). Because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this district under 28 U.S.C. § 1391(b) and 1391(c).

20.  Venue and Jurisdiction is proper in this district because this litigation pursuant under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act). Proper service of process in the U.S. District Court of California creates subject matter jurisdiction over all Defendants named in that verified complaint.

//

5

21.  California law also speaks to this issue as follows which are the direct result of the defendants acts and actions Section 14400, Business and Professions Code, provides: 'Any person who has first adopted and used a trade name (Plaintiff Nasser), whether within or beyond the limits of this State, is its original owner.' *H. Moffat Co. v. Koftinow, 104 Cal.App.2d 560, 564, 232 P.2d 15(1951)*. This section of the California business speaks directly to the case at bar. This case law gives the Plaintiff case and causes of action Legal Legs and authority.

22.  The rules of unfair competition in the case at bar are based, not alone upon the protection of a property right existing in the complainants, but also upon the right of the public to protection from fraud and deceit. *American Philatelic Society v. Claibourne*, 3 Cal.2d 689, 698, 46 P.2d 135(1935). It is Unfair Competition when any party with purposeful intent cause its product to be passed off as an original and confusing the buying public with a similar product in the same marking channels.

23.  Another analogy exists in the law, which appears to be applicable to the situation here involved. In actions for damages for infringement of a patent and an accounting of the profits, where the profit attributable to the use of the trademark cannot be segregated from the profit due to the merit of the goods, the law is well settled that the plaintiff is entitled to the entire profit, As was said in the case of *Dickinson v. O. & W. Thum Co.*, 8 F.2d 570, at page 573(1925) *"The infringer must account for the entire profits derived from the sale of the infringing goods.* The recovery will not be limited to such amount as can be shown by direct and positive evidence to have resulted from the use of the infringing mark." *In William Wrigley, Jr., Co. v. L. P. Larson, Jr., Co.*, 5 F.2d 731, at page 739(1925), the court quoted with approval the following language from *Graham v. Plate, 40 Cal. 593, 598 [6 Am.*

24.  Court is asked to recognize and address the unspoken legal fact that it standard operation procedure for big box, big buck's corporation attorneys like the defendants come to court against In-Pro-Per Litigants and beat them on the legal nuances of legal processes and procedures of the law. This is exactly what is happening in the case at bar with motions to dismiss and claims of no cause of action.

25.  The Plaintiff is the first to admit he is not a lawyer. He also openly admits that he cannot afford a lawyer because he has been legally pummeled with costly frivolous litigation by Defendant Julius Sämann LTD., and defendants Energizer Brands II LLC.  new acquired air freshener companies by paying millions of dollars for those companies.

//

//

26.   This false claim from Defendant Energizer Brands II LLC. will no doubt disavow as actions that took place before their ownership and injury to Plaintiff Nasser. Leaving open the search for the proper defendant to recover damages from for the injuries suffered who profited by millions of dollars at the expense of Plaintiff Nasser.

27.   Defendant Julius Sämann Ltd. with great legal expertise stated to this court though its attorneys that the In-Pro-Per Plaintiff has no cause of action because he named the wrong plaintiff and disavow the right claim of Little Tree being a defendant or copying the plaintiffs' header cards displays colors, feel and design to cause confusion in the market place. To substantiate that Little Tree is a correct and rightful defendant the court needs only look back at the judicial record to prove false claims of Little Tree to be patently untrue as not being the correct defendant. United States District Court Southern District Of New York Car-Freshner Corporation and Julius Sämann LTD. Plaintiffs, -Against- D & J Distributing and Manufacturing, Inc. D/B/A Exotica Freshners Co., Defendant. Case # 14-Cv-391 (Pkc). In this case Julius Sämann LTD. Little Tree moves for summary judgment dismissing the counterclaims of defendant D&J Distributing and Manufacturing, Inc. ("D&J").

28.   Car-Freshner Co. and D&J both manufacture and sell tree-shaped disposable air fresheners that are commonly used in automobiles. The parties' respective claims and counterclaims assert trademark infringement and dilution under the Lanham Act and New York law. All of the causes of action are identical like the case before this court being brought by an in-pro-per litigant Plaintiff Nasser. Only the names of the plaintiffs and defendants change. Defendant Energizer out right-copied Mr. Nasser Little-Grenade Air-Freshner sold it in unknown numbers. The plaintiff is entitled to that value.

29.   Defendant Little Tree creates fresheners, which are shaped like, pine trees; the pine tree logo serves as the brand's trademark. Defendant Julius Sämann LTD. is the owner of the trademark, and Car-Freshner Co. is the exclusive licensee of the trademark for air fresheners in the United States. Since at least the mid-1970s, Car Freshner has associated the Little Trees brand. Defendant Julius Sämann LTD aka Car Freshner Co. sells over a 100 + million a year.

30.   Plaintiff Nasser now brings the same identical Cause of Action against Car-Freshner Co., Little Tree and Little Trees and other defendant Energizer Brands II LLC., Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents as Little Tree brought against D&J Distributing in which it succeeds. It should be a legally impossibility for the Plaintiff Nasser to have his cause of action suffer dismissed when his claims against the defendants is identical to Car-Freshner Co.,

winning action in Federal Court against defendant D&J Distributing. Air Fresheners and Defendants Energizer Brands II LLC. newly purchased air freshener companies who copied the Logos and products of Plaintiff Nasser in massive unknown numbers.

31.   Little Tree Trade Dress Consisting Of:

1. "a bright yellow background

2. with a rendition of the [pine tree logo]

3.  in green against that yellow background."

This Defendant Julius Sämann LTD. as well as Energizer Brands II LLC. have committed the same identical copying and infringements causing confusion in the market place that is actionable and the plain and simple explanation of Plaintiff Nasser valid causes of actions.

32.   This entire matter can be reduced to its lowest legal common legal dominator by asking and answering the following very simple questions.

1. Did and does the Plaintiff have and hold first rights and commercial use in commerce of Little Grenade Air Fresheners from 1993?  Yes

2. Did Plaintiff from 1993 to the present day create unique header cards and displays for the commercial sales of his air freshener products? Yes

33.   More than two years ago a case that affects the current case at bar is Bell Atlantic Corp. v. Twombly, [1] 550 US. 544(2007) the U.S. Supreme Court considered what a complaint *must contain to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)*. In doing so, Twombly construed the standard set more than 50 years earlier in *Conley v. Gibson* 355 U.S. 41 (1957) that such a motion to dismiss should be denied unless it appears "*beyond doubt*" that the plaintiff could "*prove no set of facts in support of*" the claim that would entitle the plaintiff to relief. Twombly appeared to adopt a more movant-friendly standard, requiring a complaint to allege facts that, if proven, would support the relief requested and to show that the alleged facts were "*enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true* (even if doubtful in fact)." [3] The impact of Twombly was unclear. As noted by Justice Stevens's dissent in Twombly, the ultimate impact of the decision—including the breadth of its application— "is a question that [only] the future will answer."

34.   Earlier this year, in Ashcroft V. Iqbal, [5] 556 U.S. 662 (2009) The U.S. Supreme Court appears to have answered many of the unresolved issues raised by Twombly.  Moreover, the Supreme Court's per

8

1    curiam decision just two weeks later in Erickson v. Pardus—which reversed the granting of a motion to

2    dismiss for failure to state a claim in a pro se plaintiff case using a standard similar to the Conley

3    standard—raised further uncertainty about the scope of Twombly. Going further, Twombly was not

4    limited to antitrust disputes. A narrow reading, the Court reasoned, would go against the Federal Rules of

5    Civil Procedure. Twombly analysis applies "in all civil actions and proceedings in the United States

6    district courts." In doing so, Iqbal makes it clear that Twombly applies to all cases governed by the

7    Federal Rules of Civil Procedure. As such adds greatly needed clarity for addressing both pleading

8    standards and the standards for a motion to dismiss for failure to state a claim in all civil cases in federal

9    court.

10    35.   In Connection with its air freshener products, it is a true fact that the Plaintiffs Nasser currently owns

11    the following Federal Trademark Registrations for distinctive Grenade designs and Logos the registered

12    owner of the trademarks listed with the United States is Mr. Ibrahim Nasser. Certificate of Registration:

13    VA691-296 Patent and Trademark Office "("USPTO"): Grenade Reg. No. 3,508,401, "Serious Scents,"

14    Reg. No.3,128,554 "Grenade" Reg. No. 5,163,717 "Serious Scents Logo" Reg. No. 3,755,314 and

15    "Serious Scents Logo" Reg. No. 4789,267 is attached as **Exhibit 2.**

16            **In addressing the legal issue regarding Energizer Brands II and LLC.**

17    36.   Plaintiff products and packaging sufficient to show confusion including a likelihood and

18    infringement of each party's Grenade marks American Covers Inc. Trademark Registration No.4890647.

19    is attached as **Exhibit 1.** Plaintiff Nasser send on December 2, 2013 a letter direct to the trademark

20    examiner Jennifer Button states ownership of prior Grenades mark (2008 Double Grenade) Trademarks

21    and copyright Registrations and for a prior (2012 single Grenade) Trademarks application previous to the

22    American Covers Inc. Trademark application for grenade mark (2013 single Grenade). Plaintiff again sent

23    a letter of protest through his former Attorney Mrs. Debra Scheufler to the Trademark examiner Jennifer

24    Button on May 30, 2014 and the Letter of Protest was accepted when American Covers Inc. filed a

25    trademark application for grenade air freshener. Mr. Nasser in protection of his existing trademark and

26    first use rights protested the application of American Covers, Inc. to the Trademark Examiner. The

27    Trademark examiner for 2 years and 1 mouth ignored Plaintiff Nasser all knowledge of prior ownership

28    and the Letter of protest. is attached as **Exhibit 3.** Plaintiff again sends on July 10, 2015 another letter for

29    the same issue to the Trademark examiner Jennifer Button. Mr. Nasser also notified the Trademark

30    Examiner of the dismissal of a cause of action in the state court of Utah brought by American Covers Inc.

claiming that Mr. Nasser did not own any legal rights to first use, trademark, and copyright of a Grenade Air Freshener. The State Court disagreed and found that American Covers Inc. claim had no merit.

37.   Plaintiff Nasser did file a cancellation action with the Trademark Trial and Appeal Board (the "Board") against Defendants one of American Covers Inc. Trademark registrations on January 5, 2017, against the US. Registration No. 4890647 for the Driven Grenade Design. is attached as **Exhibit 4.** Plaintiff's Nasser Have Sent Multiple Letters (cease and desist) concerning various trademarks owned by Defendants Energizer Brands II and LLC. Indicated a belief that Defendant Energizer Brands II LLC.,( Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents). Are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights.

38.   After Plaintiff Nasser submitting Cease-and-Desist letter to the Trademark and Patent Office and to of each Defendants counsel and their companies. Counsel for Defendant Energizer Brands II LLC. and on February 13, 2017 submitted a written letter to Plaintiffs Nasser that Energizer Brands II LLC. Willing to arrange a cancellation for the Driven Registration No., 4890647 for settlement purpose if Plaintiffs will not proceed with filing a lawsuit in federal Court against Energizer Brands II LLC. (Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents) brand. Counsel admit knowingly of plaintiff prior ownership of the Grenade shape air freshener and that defendant holding Plaintiff Nasser other Grenade Trademarks pending applications from registering stating (This step would permit your pending applications against which Registration No. 4890647 has been cited to proceed to registration). is attached as **Exhibit 5.**

39.   Defendant Energizer Brands II, LLC. now owns Driven by refresh your car, which they purchased the U.S. Registration No. 4,147,088 and California Scents U.S. Registration No. 1,940,353 and California Scents Professional U.S. Registration No. 3,599,885 and Mini-Scents U.S. Registration No.3714847. Defendant Energizer Brands II, LLC paid $340 Million Dollars more or less for all of the foregoing. The court is asked to note: the exact amount of the Defendant Energizer Brands II, LLC paid can only be defined by the process of discovery and review of the sales agreement between Defendant Energizer Brands II, LLC and the companies it purchased.

40.   Although United States Patent And Trademark Office records did not allow the change of ownership Of the Grenade Trademark from American Covers Inc. Original Owner to Energizer Brands II LLC. new owner. Defendant Energizer Brands II, LLC. as the new owner of Handstands Air Freshener continues to

infringe on Plaintiff Trademarked air freshener and automobile accessories products. With purposeful intent altered its original Registration mark, which were copied and matched Plaintiff Trademark products. Plaintiff Nasser continues to suffer evidentiary and expectation market place prejudice and confusion if Energizer Brands II, LLC. keeps selling the protected products after the Plaintiff send to the defendant a formal legal notice to cease and desist its use of his products and designs.

41.   Defendant Energizer Brands II, LLC. now owns and operates business that were previously owned and operated by Handstands, American Covers Inc. Driven By Refresh Your Car And California Scents, American Covers LLC., California Scents Professional, Mini-Scents. It sells and offers air freshener and automobile accessories products Defendant continued unabated to violate Plaintiffs' Nasser exclusive rights and use of his copyrighted and trademark air freshener designs. Prior to the purchases with Defendants Energizer Brands II LLC., prior owner Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents brand. Abandoned the use of their original Trademark mark it used and made new Trademark logo prior to the selling of that product to Energizer Brands II LLC. After Energizer Brands II LLC. took over and bought the significant altered long time Trademarks held by Handstands. is attached as **Exhibit 6.**

42.   Plaintiff's Nasser have sent multiple letters (Cease-and-Desist) to Counsel for Energizer Brands II LLC. demanding cessation of all use of the **CALIFORNIA SCENTS Co. On January 18, 2017** and on **February 13, 2017 DRIVEN BY REFRESH YOUR CAR**, on **February 13, 2017 CALIFORNIA SCENTS PROFESSIONAL**, on **November 14, 2017 MINI-SCENTS**. concerning various trademarks owned by Energizer Brands II LLC. Indicated a belief that Energizer Brands II LLC. DBA (Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents) are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights Mark. is attached as **Exhibit 6.**

43.   Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Aka California Scents Aka California Scents Professional Aka Mini-Scents continued unabated to violate Plaintiffs' Nasser rights to exclusive use of is copyrighted and trademark mark designs.

44.   Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Aka California Scents Aka California Scents Professional Aka Mini-Scents who infringed and still infringing on plaintiff products and designs by with purposeful intent altered its original Registrations mark, causing confusion

11

in the market place by copy the same type style, using product and labeling.) Changing their Logo style font and design in all their products. is attached as **Exhibit 6.**

45.   Defendant Handstands abandoned its Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents U.S. Registration since 2014 by stopping the use of the original Trademark Registrations for Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents Logos and replace it by the new Logos altered, knew or should know of the plaintiff Serious Scents and Little Grenade Design Mark.

### IN ADDRESSING THE LEGAL ISSUE REGARDING JULIUS SÄMANN, LTD.

46.   Julius Sämann Ltd. aka Car Freshener Co. aka Little Tree filed an Opposition No. 91210658, on May 15, 2013 and a Cancellation No.  92057371 on June 10, 2013 to the Trademark Board. Defendant Julius Sämann LTD. who had refused in 2004 and again in 2010 to buy Mr. Nasser's Hand Grenade Air Freshener on two different times now after years of knowledge and refusal of the Hand Grenade Air Freshener. is attached as **Exhibit 7.** brought an action in the Trademark Court making a frivolous claim. Defendant Nasser successfully repudiated the false and frivolous claims of Julius Sämann LTD. Aka Car Freshener Co. Aka Little Tree. The Plaintiffs false claim which falsely stated when Mr. Nasser Grenade Products was turned upside down, it looked like a little tree. The trademark board ruled after 4 + years of litigation ruled in favor of the Plaintiff Nasser. The positive ruling in the favor of Mr. Nasser by the Trademark Board serves as valid legal proof that the 4 + years of costly litigation was in fact and truth frivolous in nature, form and content which was carried out for years at great expense by Julius Sämann Ltd aka Car-Freshener Co. aka Little Tree Air Freshener Defendant. According to **Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014).** Defendant Julius Sämann Ltd aka Car Freshener Co. aka Little Tree sued plaintiff in the Trademark Board Court TTBA. **Opposition No., 91210658** and final Ruling were in a favor of Plaintiff Nasser did prevail and did bring an action for recovery against Defendant Julius Sämann Ltd. Car-Freshener Co. AKA Little. is attached as **Exhibit 8.**

47.   Plaintiff's Nasser have sent multiple (Cease-and-Desist) Letters on January 31, 2017 concerning various trademarks owned by Defendants Julius Sämann Ltd. Indicated a belief that Defendant Julius Sämann Ltd. (Car Freshener Co. and Little tree and Little Trees) are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights Mark. is attached as **Exhibit 9.**

12

48.   Defendant Julius Sämann Ltd. abandoned its Car-Freshener Co. U.S. Registration No.,1752136 since 2012 by stopping the use of the Car-Freshener Logo and the air freshner- desoderisant- aromatizante and replace them by the Little Tree Logo and copying Plaintiff display products. is attached as **Exhibit 10.** Defendant Julius Sämann Ltd. knew or should know of the plaintiff Serious Scents and Little Grenade Design Mark Since Plaintiffs contacted the Julius Sämann Ltd in 2004 and again in 2010 Defendant Julius Sämann Ltd. who had refused in 2004 and again in 2010 to buy Plaintiff Nasser hand Grenade air freshener on two different times stating though the product is very innovative, we feel it does not fall in line with our current product development goals signed by Mark Foster Product Manager at Car-Freshner Co. is attached as **Exhibit 7.**

49.   Defendant Julius Sämann Ltd. Aka Car-Freshener Co. Aka Little Tree Aka Little Trees continued unabated to violate Plaintiffs' Nasser rights to exclusive use of is copyrighted and trademark mark designs header card and displays of products for sale. Defendant who infringed and still infringing on plaintiff products and designs by with purposeful intent altered its original Registrations mark, causing confusion in the market place by copy the same type style, using product and labeling.) Changing their Car Freshener Co. name in all their products by using the name Little Tree in all their packages by copying the exact Header cards and packaging and Exact Displays feel and looks of Plaintiff Nasser.

50.   The Court Should Note That The Defendant Julius Sämann Ltd. as soon as Plaintiff Nasser started using his 'Little Grenade Name "they immediately put little tree on the header of their product line to purposefully confuse the public by the use and application of the" Word Little "prominently shown on the header card. The Defendant Little Tree header card before Mr. Nasser's innovation of the use and application of the 'Little Grenade "only stated by CAR FRESHNER in non-prominent small type. Plaintiff Nasser was the first originally supply a complete laundry list with icons showing the use of this product including Made in the USA, which employed the image of the American flag. The Defendant Julius Sämann LTD. (Little Tree) copied Plaintiff Nasser the use of his American flag And icons on their new header card and the exact shape and style Displays of the Plaintiff Nasser. Plaintiff Nasser is well aware the American flag is "public domain" and does not belong to the Defendant Julius Sämann Ltd. is attached as **Exhibit 11.**

51.   Defendant Julius Sämann Ltd. owns Little Tree U.S. Registration No., 1017832 and Little Trees U.S. Registration No., 1990039 and Car-Freshner Co. U.S. Registration No., 1752136 purposeful intent altered its original Registrations mark, causing confusion in the market place. is attached as **Exhibit 9.**

## THE PARTIES

### PLAINTIFF

52.   Plaintiff Ibrahim Nasser is the rightful legal owner of Serious Scents a California Company since 1993 as the legal and/or owner of the trademarks and copyrights in which he is the proper claimant in and to the Air Freshener composition. with a principal place of business in Chula Vista, California.

### DEFENDANTS

53.   Defendant Energizer Brands II LLC. AKA Handstands AKA Driven by refresh your car AKA California Scents AKA California Scents Professional AKA Mini-Scents is a multi-national corporation with a principal place of business in St. Louis, Missouri and is incorporated in Delaware. It does business in all 50 states including California with sales in the millions of dollars in this state.

54.   Defendant Julius Sämann Ltd. IS A CORPORATION: with a principal place of business in Little Trees air fresheners are manufactured in the United States by the Car-Freshner Corporation at factories (such as Royal Pine) in Watertown, New York and DeWitt, Iowa. Several companies in Europe produce Little Trees under license from Julius Sämann Ltd. using the names Wunder-Baum (in Denmark, Finland, Germany, the Netherlands, Norway, Poland, Romania, Slovenia and Sweden) and Arbre Magique. (in France, Italy, Portugal, and Spain) All of the Defendants are in the air freshener and fragrancing business and operate in that capacity in the same marketing channel. All of the Defendants marking reach and sales of their products within the district of this court and beyond, which have caused and contributed to, and continue to cause and contribute to, the damages suffered by Plaintiff.

### JURISDICTION AND VENUE

55.   This action for declaratory relief arises under the declaratory judgment act (28 U.S.C. § 2201 and 2202), United States Trademark laws (15 U.S.C. § § 1051 et seq.), and related state law.
The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b) and 15 U.S.C. § 1121.

56.   This Court has personal jurisdiction over Defendants because, Defendants transact business in this State of California, while they derive Substantial revenue in the State of California, and have established ongoing business contacts and sales within this State of California giving the California Federal Court the right exercise of personal jurisdiction proper of the defendants. Venue is proper in this judicial district

pursuant to 28 U.S.C. § 1391 (b)(2), in that on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

57.   This Court is the proper Court and Venue it has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.The new case law and ruling provides recovery for loss and damages against plaintiff Little Tree who brought a frivolous civil action in the Trademark Litigation. See Case Octane Fitness, LLC v. ICON Health & Fitness.

58.   This case removed the impossible legal burden that once made it a physical and legal impossibility to recover cost and damages for being forced to suffer the unmeritorious, frivolous litigation brought by Defendants Julius Sämann, Ltd., Aka Little Tree, Aka Car Freshner Co. Aka Little Trees. The frivolous claim in the TTBA of cancellation and opposition against the Plaintiff Trademark Registration.

## FACTS COMMON TO ALL CLAIMS

59.   Plaintiff has enjoyed success and substantial sales with the Serious Scents Grenade and Little Grenade air freshener products since 1993. Plaintiff Nasser consistently use the SERIOUS SCENTS trademarks in connection with its grenade–shaped air fresheners which carry the designs and are illustrated and known by the image and shape of a grenade. There is continuing consumer confusion resulting from the DRIVEN Grenade Design and Plaintiff's use of the Little Grenade Designs on their respective goods in the same marketing channels.

60.   Defendant Energizer Brands II, LLC. was and is and should have been clearly aware of the Copyright and Trademark infringement on Plaintiff trademarks. Because of the widespread use of the Plaintiff Serious Scents and Little Grenade air freshener and air fragrancing products sold to distributors and retailers since 1993, Defendant Energizer Brands II, LLC. knew or should know of the plaintiff Serious Scents and Little Grenade Design mark prior to their buying DRIVEN Grenade Design. Plaintiff did not delay in bringing a cancellation action against DRIVEN Grenade Design or noticing them of their infringement which was and has been unreasonable as their Utah lawsuit failed that was brought against the Plaintiff Nasser.

61.   Plaintiff has suffered and will continue to suffer evidentiary and expectation prejudice if Defendant Energizer Brands II, LLC.  are allowed to continue the use of the DRIVEN Grenade shape. An action for injunctive relief will follow this pleading.

//

//

62.   Defendant Handstands, American Covers, Inc. owned by defendant energizer brands II, LLC.  are actively infringing on the plaintiff's trademarked, copyrighted, and first use rights to grenade air freshener products in September 2013, Plaintiffs Nasser noticed American Covers, Inc., with a Cease-and-Desist notice, that the DRIVEN Grenade Design infringed Plaintiffs' copyrights and Trademark rights of Plaintiff Nasser.  In reaction to the Cease-And-Desist notice American Covers, Inc. filed a lawsuit action claims in the United States District Court for the District of Utah styled *American Covers, Inc. v. Serious Scents, Inc.,* No. 2: 13-cv-01032. Against Plaintiff. That action was dismissed on the favor of the Plaintiff Nasser. is attached as **Exhibit 12**. This establishes the pervious rights and ownership of the grenade design air freshener to and with Plaintiff Nasser.

63.   American Covers Inc. still own The U.S. Trademark Registration No., 85823376. This is because the case is the subject of a cancellation proceeding with the TTBA, the ownership information could not be changed to the new owner name Defendant Energizer Brands II, LLC. As such, the Trademark Registration should stay in the original and prior owner American Covers Inc. The legal bottom line being Defendant Energizer Brands II, LLC bought American Covers Inc. and the Trademark Board won't release or give Defendant Energizer Brands II, LLC exclusive rights use or list them as the registered owner of Grenade Air Freshener.

64.   On November 8, 2016. Plaintiffs Nasser sent a letter to The United States Patent and Trademark Office to the Director of the commissioner of the Trademark. This complaint is based upon the following: TMEP 807.14: MATERIAL ALTERATION OF MARK.
I.   Trademark Rule 2.72,37 C.F.R. § 2.72, prohibits any amendment of the mark in an application under §1 or §44 of the Trademark Act that materially alters the mark on the drawing filed with the original application. Demanding cessation of all use of the **CALIFORNIA SCENTS Co. On November 8, 2016** and on **February 13, 2017 DRIVEN BY REFRESH YOUR CAR**, on **February 13, 2017 CALIFORNIA SCENTS PROFESSIONAL**, on **November 14, 2016 MINI-SCENTS.**
II.   Again on January 18, 2017. Plaintiffs sent a letter to Counsel for Energizer Brands II LLC. Demanding cessation of all use of the **CALIFORNIA SCENTS Co. On January 18, 2017** and on **February 13, 2017 DRIVEN BY REFRESH YOUR CAR**, on **February 13, 2017 CALIFORNIA SCENTS PROFESSIONAL**, on **November 14, 2017 MINI-SCENTS.** Trademark because of the violation and the Unauthorized Use and because the abandoned to their Original logo at all time since the issue of their Trademark from the U.S. Trademark and copyright Office each of these defendants completely ignored the cease-and-desist request. Each and every continues to profit at the expense of the plaintiffs'.

65.  Defendants Julius Sämann Ltd. who owns Car-Freshner Co. and little tree and little trees are actively infringing on the plaintiff's trademarked, copyrighted, and first use air freshener products: In this infringement and dilution action, Plaintiff alleges that Defendants are using a word and service mark, which is substantially similar, if not identical to Plaintiff's word marks and stylized design service mark.

66.  Plaintiffs Nasser sent a Cease-and-Desist Letter on January 25, 2017 regarding Defendants Julius Sämann LTD. Little Trees Logo Design. Again, On January 31, 2017 Plaintiffs sent a letter regarding Defendants Julius Sämann Lltd., Little Tree Logo Design to The United States Patent and Trademark Office to the Director of the commissioner of the Trademark and to the counsel of Julius Sämann Ltd., alleging that Little Tree and Little Trees Design infringed Plaintiffs' copyrights and Trademark rights.

67.  This Complaint is based upon the following: TMEP 807.14: MATERIAL ALTERATION OF MARK. Trademark rule 2.72,37 c.f.r. § 2.72, prohibits any amendment of the mark: in an application under §1 or §44 of the Trademark Act that materially alters the mark on the drawing filed with the original application demanding cessation of all use of the **Little Trees Logo U.S REGISTRATION No., 5055892** and **Little Tree Logo U.S REGISTRATION No., 1017832** Trademarks because of the violation and the Unauthorized Use and because the abandoned to their Original logo at all time since the issue of their Trademark mark from the U.S. Trademark and copyright Office each of these defendants completely ignored the cease-and-desist request. Each and every continues to profit at the expense of the plaintiffs'.

**FIRST CAUSE OF ACTION**
**(Declaration of Trademark Infringement, Unfair Competition, and Trademark Dilution By Defendant Energizer Brands II LLC. (Handstands aka Driven by refresh your car aka California Scents aka California Scents Professional Aka Mini-Scents) and Julius Sämann Ltd. Aka Car Freshner Co. Aka Little Tree Relating to Plaintiffs' SERIOUS SCENTS and LITTLE GRENADE Trademark)**

68.  Plaintiffs Nasser Repeats and Incorporates by Reference the Allegations in The Preceding Paragraphs of This Complaint. In this infringement and dilution action, Plaintiff alleges that Defendants are using a word and service mark, which is substantially similar, if not identical to Plaintiff's word marks and stylized design service mark.

//

69.   Plaintiffs' Nasser own protectable Trademark and/or Trade Dress rights found in the direct ownership and use of the Serious Scents and Little Grenade Designs and such designs are famous since 1993. Defendant Energizer Brands II LLC. And Julius Sämann Ltd. are infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights in the Serious Scents and Little Grenades Designs by alteration and changing its displays and marketing header card to mirror changes made by Plaintiff Nasser in their display and design logo.

There is a Likelihood of confusion, which exists with respect to Defendants Energizer Brands II LLC. and Julius Sämann Ltd. Designs which copying of Plaintiff designs look and feel of the displays and marketing header card products display in the same marketing channels.

70.   Defendant Energizer Brands II LLC. and Julius Sämann Ltd. are aware, knew or should have known based on their collective and individual action of infringement caused and continues actual confusion in the market place which has resulted in the dilution of the fair market value by willful infringing products on Plaintiffs.

71.   An actual priority of rights, Plaintiff has priority of rights with his Serious Scents and Little Grenade Design and the Defendant Energizer Brands II LLC. Designs as is infringing, diluting, competing unfairly, and violating Plaintiffs' rights. Plaintiff Nasser has been and will continue to be damaged by persistent uncertainties created by Defendants with respect Plaintiffs legitimate use of its Serious Scents and Little Grenade Design and the infringement of the defendants individually and collectively.

72.   Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *ET SEQ.*, Plaintiffs Nasser request that this Court declare that Defendants Energizer Brands II LLC. and Julius Sämann Ltd. have colluded with the sale of infringed, diluted products of Plaintiff Nasser by the proceeds which is unjust enrichment at the Plaintiff Nasser's ongoing expense.  The defendants competed unfairly while interfering with the legal rights and privileges owned by Plaintiffs Nasser under Federal or State Law.

73.   Defendant Julius Samman Ltd. was involved in the act and action of bringing a false claim in Trademark Board for unjust economic advantage. This caused the legal resources of the Plaintiff to be limited this reduced plaintiff's ability to bring legal action for injunctive relief in other court action to stop the infringement and legal abuses because all legal resources were tied up in legal battle with Julius Sämann LTD. It was commonly known by the defendants who used the collective knowledge of the total lack legal resources of the Plaintiff to be limited to the point where it was a physical and legal

impossibility to fight multiple law suits in protection of his trademark rights efforts of all defendants to deny Mr. Nasser his rights to the sales proceeds and the fair market value of the final sale of the defendant companies to Defendants Energizer Brands II LLC.

74.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. Driven have infringed, and are infringing, the federally registered Serious Scents and Little Grenade mark in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). As a direct and proximate result of Defendants Energizer Brands II LLC. and Julius Sämann Ltd. unlawful conduct, Plaintiffs Nasser has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

75.   Defendants Energizer Brands II LLC. and Julius Samman Ltd. outrageous conduct is causing, and is likely to continue to cause continuing injury to the public and to Plaintiffs Nasser, who is entitled to injunctive relief and the legal right to recover Plaintiffs Nasser actual damages and/or an award of Defendants profits, costs for past and future attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

76.   Defendants Energizer Brands II LLC. and Julius Sämann Ltd. unauthorized use in commerce of their abandoned Trademarks: The court should note the Abandoned Trademarks is in reference to unauthorized establishment of new products and designs under the false pretense that they are the same as the Trademark issued to them when in fact they are not. These are new products and designs that left the approved trademark behind as abandoned. This happened in United States and otherworld markets without a doubt causing and likely to continue to cause confusion, mistake, while deceive the public as to the true origin, source, sponsorship, approval or affiliation of Defendants products. Such conduct therefore constitutes unfair competition, false representation, and a false designation of origin, all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### SECOND CAUSE OF ACTION
**(Declaration of Copyright Infringement By Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Relating to Plaintiffs' Serious Scents and Little Grenade Mark)**

77.   Defendant Energizer Brands II LLC. Handstands AKA Driven by refresh your car and Grenade shape products are infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights in the LITTLE GRENADES Designs.

78.  There is Likelihood of Confusion exists with respect to Defendants Energizer Brands II LLC. Designs.

79.  Defendant Energizer Brands II LLC. are aware, knew or should have known based on information and belief, that their collective and individual action of infringement caused and continues actual confusion in the market place which has resulted in the dilution of the fair market value by willful infringing products on Plaintiffs.

80.  Plaintiffs' has all priority of rights as between the Serious Scents and Little Grenade Designs and the Defendant Energizer Brands II LLC. Designs is infringing, diluting, competing unfairly, and violating Plaintiffs' rights.

81.  Plaintiff Nasser has been and will continue to be damaged by persistent uncertainties created by Defendants with respect Plaintiffs legitimate use of its Serious Scents and Little Grenade Designs and the infringement of the defendants individually and collectively.

**THIRD CAUSE OF ACTION**
**(Declaration of Federal Trademark Infringement Under 15 U.S.C. § 1114 Based on Defendants Energizer Brands II LLC. Dba California Scents Co. aka California Scents Professional aka Mini-Scents and Julius Sämann LTD. AKA Car Freshner Co. aka Little Tree aka Little Trees)**

82.  Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

83.  Plaintiffs' Nasser own protectable trademark and/or trade dress rights in the Serious Scents and Little Grenade Designs.

84.  Defendant Energizer Brands II LLC. And Julius Sämann Ltd. have abandoned their original trademark registration mark what cause and likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants products, and that the trade and consuming public believe and are likely to believe that products bearing the respective marks originate from the same source of origin.

85.  Defendant Energizer Brands II LLC. And Julius Sämann Ltd. have infringed, and are infringing, the federally registered SERIOUS SCENTS mark in violation of section 32(1) of Lanham Act, 15 U.S.C. § 1114(1).

86.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. conduct is causing, and is likely to cause, injury to the public and to Plaintiffs Nasser and Serious Scents mark, Plaintiffs Nasser is entitled to injunctive relief and to recover Plaintiffs Nasser actual damages and /or an award of Defendants profits, costs, and reasonable for past and future attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a)

## THE PLAINTIFF PRAYS FOR ALL OF THE FOREGOING RELIEF

Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:
1.   For a preliminary and permanent injunction prohibiting Defendants, restraining Defendants, and their agents, distributors, employees, and all persons in active concert or participation with defendants from interfering in any manner with Plaintiff Nasser products and trademark marks.
2.   A permanent injunction enjoining and restraining Defendants, and their respective agents, servants, distributors, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, including the recall and destruction of all packaging, advertising, and promotional materials bearing the defendants mark of the plaintiffs Nasser mark. Any and all further unauthorized use in the United States of Defendants mark, from continuing to infringe Plaintiffs' Copyright and Trademark, Trade names, mark in the infringed Composition.
3.   For of all damages caused by the acts forming the basis of this complaint.
4.   For plaintiffs Nasser of all the amounts, including profits, received by Defendants as direct and proximate result of Defendants unlawful conduct, including the trebling of such damages or profits pursuant to 15 U.S.C. § 1117.
5.   For Plaintiffs Nasser is entitled to injunctive relief and protects from further harm by the defendants and has the right to recover actual damages suffered.
6.   For Plaintiffs Nasser of exemplary and punitive damages, based on defendants' willfulness and/or reckless indifference to Plaintiffs Nasser's Trademark rights.
7.   For Plaintiffs' attorneys' fees, costs, and disbursements in this action.
8.   For such other and further relief as the Court may deem just and proper.

## VERIFICATION OF PLEADING:

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.

Dated, November 28, 2017 swear and affirm that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

IBRAHIM NASSER
P.O.Box 5626
   Chula Vista, CA 91912