1  SCOTT R. COMMERSON (State Bar No. 227460)
     scottcommerson@dwt.com
2  HOWARD LORING ROSE (State Bar No. 251727)
     loringrose@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorneys for Defendant
   CAR-FRESHNER CORPORATION
7  (erroneously sued as "CAR FRESHNER CO.")

8

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11  IBRAHIM NASSER d/b/a SERIOUS          Case No. 3:17-CV-00863 BTM (MDD)
12  SCENTS (collectively and professionally
    known as "LITTLE GRENADE").           [Hon. Barry Ted Moskowitz]
13
                   Plaintiff,             DEFENDANT CAR FRESHNER
14                                        CORPORATION'S MEMORANDUM
           vs.                            OF POINTS AND AUTHORITIES IN
15                                        SUPPORT OF MOTION TO
    JULIUS SAMANN, LTD; CAR               DISMISS THIRD AMENDED
16  FRESHNER CO.; and ENERGIZER           COMPLAINT
    BRANDS II LLC; AMERICAN
17  COVERS INC. (collectively,            Hearing Date:    February 9, 2018
    "Defendants"),                        Hearing Time:    11:00 a.m.
18  alleges as follows:                   Courtroom:       15B

19                 Defendants,            PER CHAMBERS, NO ORAL
                                          ARGUMENT UNLESS REQUESTED
20                                        BY THE COURT
    Does 1-100
21                                        [Notice of Motion and Motion to Dismiss
                                          filed concurrently]
22
                                          Action Filed: April 28, 2017
23                                        Trial Date: None Set

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................... 1

II. PLAINTIFFS' SERIES OF AMENDED PLEADINGS. ........................... 2

    A.   Plaintiffs' First Three Complaints. ...................................... 2

    B.   Plaintiffs' Third Amended Complaint. .................................. 4

III. THE TAC FAILS TO STATE A CLAIM AGAINST CFC. ...................... 6

    A.   Legal Standard. ........................................................... 6

    B.   Plaintiffs Cannot State a Claim for Trademark Infringement. ........... 7

    C.   Plaintiffs' Claim Arising from the TTAB Proceeding Fails as a Matter of Law. .......................................................... 10

        1.   CFC Did Not Bring the TTAB Proceeding. ........................... 11

        2.   Petitioning Activity to the TTAB Is Protected. ....................... 11

        3.   The TTAB Proceeding Was Not an "Exceptional" Case. ............................................................. 13

IV. PLAINTIFFS CONTINUE TO FLOUT THE RULES. .......................... 15

V. THE CLAIMS AGAINST CFC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. ...................................................... 16

VI. CONCLUSION ............................................................... 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Agnew v. Lawson,*
  2015 U.S. Dist. LEXIS 169576 (S.D. Cal. Dec. 16, 2015)....................16

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..........................................................................6

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988)..............................................................6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..........................................................................7

*Bigelow v. Brady,*
  179 F.3d 1164 (9th Cir. 1999).............................................................2

*California Motor Transp. Co. v. Trucking Unlimited,*
  404 U.S. 508 (1972) ........................................................................12

*Chanel, Inc. v. Pishon Trading, Inc.,*
  2013 WL 12123991 (C.D. Cal. Mar. 12, 2013) .....................................2

*Coach, Inc. v. Celco Customs Servs. Co.,*
  2013 WL 12122691 (C.D. Cal. Jan. 28, 2013) .......................7, 8, 9, 10

*Credit Counseling Centers of Am. v. Nat'l Found. for Consumer
  Credit, Inc.,*
  1997 WL 160180 (N.D. Tex. Apr. 1, 1997) ..........................................12

*Empress LLC v. City & Cty. of San Francisco,*
  419 F.3d 1052 (9th Cir. 2005)...........................................................11

*EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.,*
  746 F.2d 375 (7th Cir. 1984).............................................................12

*Foman v. Davis,*
  371 U.S. 178 (1962) ........................................................................16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ghazali v. Moran,*
    46 F.3d 52 (9th Cir. 1995)................................................................15

*Grupo Gigante S.A. de C.V. v. Dallo & Co.,*
    391 F.3d 1088 (9th Cir. 2004).............................................................8

*Hana Financial v. Hana Bank,*
    __ U.S. __, 135 S. Ct. 907 (2015).......................................................8

*Hatch v. Reliance Ins. Co.,*
    758 F.2d 409 (9th Cir. 1985)..............................................................15

*Hebbe v. Pliler,*
    627 F.3d 338 (9th Cir. 2010)................................................................7

*Hollins v. Munks,*
    2014 U.S. Dist. LEXIS 29994 (N.D. Cal. Mar. 7, 2014)..................16

*Ileto v. Glock,*
    349 F.3d 1191 (9th Cir. 2003)..............................................................7

*In re Syntex Corp. Sec. Litig.,*
    95 F.3d 922 (9th Cir. 1996)..................................................................7

*King v. Atiyeh,*
    814 F.2d 565 [9th Cir. 1987]...............................................................15

*Leadsinger, Inc. v. BMG Music Pub.,*
    512 F.3d 522 (9th Cir. 2008)..............................................................16

*Lopez v. Smith,*
    203 F.3d 1122 (9th Cir. 2000)............................................................16

*Lukashin v. Suttell & Hammer PS,*
    617 Fed. Appx. 811 (9th Cir. 2015)......................................................7

*Manistee Town Ctr. v. City of Glendale,*
    227 F.3d 1090 (9th Cir. 2000)............................................................11

*Matrix Essentials v. Emporium Drug Mart,*
    988 F.2d 587 (5th Cir. 1993)..............................................................12

*McCall's Country Canning, Inc. v. Paula Deen Enterprises, LLC,*
    2010 WL 11508996 (S.D. Cal. Feb. 8, 2010)..............................8, 9, 10

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996)............................................................15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    __ U.S. __, 134 S. Ct. 1749 (2014)..............................10, 13, 14

*PODS Enterprises, Inc. v. ABF Freight Sys., Inc.,*
    2011 WL 4948397 (M.D. Fla. Oct. 17, 2011) ............................12

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,*
    508 U.S. 49 (1993)......................................................................12

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990)......................................................16

*Schmier v. U.S. Court of Appeals,*
    279 F.3d 817 (9th Cir. 2002)......................................................16

*Sliding Door Co. v. KLS Doors, LLC,*
    2013 WL 2090298 (C.D. Cal. May 1, 2013) ..............................12

*Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.,*
    2016 WL 3211800 (S.D. Cal. Mar. 21, 2016) ............................14

*Sosa v. DIRECTV, Inc.,*
    437 F.3d 923 (9th Cir. 2006)......................................................12

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001)........................................................7

*SunEarth, Inc. v. Sun Earth Solar Power Co.,*
    839 F.3d 1179 (9th Cir. 2016)....................................................14

*USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades*
    *Council, AFL-CIO,*
    31 F.3d 800 (9th Cir. 1994)........................................................12

*Vasquez v. L.A. County,*
    487 F.3d 1246 (9th Cir. 2007)..........................................7, 8, 13

*Virtual Works, Inc. v. Network Sols., Inc.,*
    1999 WL 1074122 (E.D. Va. Nov. 23, 1999)............................12

*Wynder v. McMahon,*
    360 F.3d 73 (2d Cir. 2004)..........................................................15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Statutes

15 U.S.C.
    § 1114 ...................................................................................................... 4
    § 1117 .................................................................................................... 14
    § 1117(a) ............................................................................................... 13
    § 1125(a)(1)(A) ....................................................................................... 8

## Rules

Federal Rule of Civil Procedure
    8 ........................................................................................................... 15
    8(a) .................................................................................................... 2, 15
    8(a)(2) ................................................................................................... 15
    12(b)(6) ............................................................................................... 2, 6

Local Civil Rule
    15.1 ................................................................................................... 3, 4
    15.1(a) ................................................................................................... 3
    15.1(c) ............................................................................................ 3, 4, 16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs IBRAHIM NASSER and SERIOUS SCENTS ("Plaintiffs") are on their *fourth* bite at the apple. Yet their Third Amended Complaint ("TAC") repeats the same deficiencies identified in each of the Court's prior orders (Dkt. 28, 40, 51): it is replete with conclusory labels and irrelevant digressions; lacks supporting facts; and continues to flout the Court's rules. This Court warned that "[f]ailure to file a complaint in compliance with the Local Civil Rules will result in dismissal of this action." (Dkt. 51 at 2.) Because Plaintiffs still have not complied with the Rules, dismissal is warranted on this basis alone.

Even if the substance of the TAC is considered, however, it is clear that Plaintiffs cannot state a claim against defendant CAR-FRESHNER CORPORATION ("CFC") as a matter of law. *First*, Plaintiffs allege in a conclusory way that CFC is "infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights" by "copying of Plaintiff designs look and feel" and this "caused and continues actual confusion in the market place [*sic*]." Yet the TAC immediately contradicts this assertion, admitting that the allegedly infringing mark (which is actually owned by defendant Julius Sämann Ltd. ("JSL"), *not* CFC) *preceded* Plaintiffs' alleged mark by several decades, negating the priority of use fundamental to stating a trademark infringement claim. Further, Plaintiffs' own exhibits contradict their conclusory assertions that their packaging was copied, and the TAC lacks any facts to support a likelihood of confusion.

*Second,* Plaintiffs ostensibly seek "cost and damages" arising from a prior proceeding that was filed by JSL with the U.S.P.T.O.'s Trademark Trial and Appeal Board ("TTAB") in opposition to Plaintiffs' trademark application. CFC was not a party to that proceeding, and cannot be liable for the actions of JSL—a separate

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

entity that has not been served in this action.[1]  But even assuming *arguendo* CFC could be liable for JSL's conduct, the *Noerr-Pennington* doctrine bars any claim based on the TTAB proceeding.  Finally, the TTAB's order flatly refutes Plaintiffs' conclusory allegations that the proceeding was "frivolous," much less that it was an "exceptional case" to warrant an attorneys' fees award under the Lanham Act.  For these reasons, Plaintiffs cannot assert a claim based on the TTAB proceeding.

It is time for the Court to put Plaintiffs' wasteful litigation to rest.  Because amendment would be futile, the claims against CFC should be dismissed without leave to amend.

## II. PLAINTIFFS' SERIES OF AMENDED PLEADINGS.

### A.  Plaintiffs' First Three Complaints.

Plaintiffs[2] filed their initial Complaint on April 28, 2017.  (Dkt. 1.)  CFC moved to dismiss (Dkt. 11), and the Court granted its motion on August 15, 2017.  (Dkt. 28.)  Among other things, the Court ruled that Plaintiffs failed to adhere to Rule 8(a) pleading standards because the Complaint was "confusing, unfocused, argumentative, and scattered with irrelevant material, including unnecessary aspersions on Defendants' attorneys," and "impermissibly group[ed] all of the defendants together."  (*Id.* at 3, 4.)  The Court also ruled that the Complaint "fail[ed] to state a plausible claim for relief" under Rule 12(b)(6).  (*Id.* at 4.)  The Court granted leave to amend, but cautioned Plaintiffs to comply with the Federal and Local Rules in future filings.  (*Id.* at 6-7.)

---

[1] JSL is concurrently filing a Motion to Quash for defective service.

[2] None of Plaintiffs' four complaints specify the corporate form of Plaintiff Serious Scents.  "Serious Scents, Inc." is a California corporation (with "Hachem Ibrahim Nasser" listed with the Secretary of State as its Agent for Service of Process), and was dissolved on April 19, 2017.  As a general rule, a corporation may not appear *pro se* in any action.  *See, e.g., Bigelow v. Brady*, 179 F.3d 1164, 1165 (9th Cir. 1999).  Moreover, "pro se representation of a dissolved corporation is impermissible." *Chanel, Inc. v. Pishon Trading, Inc.*, 2013 WL 12123991, at *2 (C.D. Cal. Mar. 12, 2013) (citation omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

On September 7, 2017, Plaintiffs served their erroneously named "Second Amended Complaint" ("SAC"). The caption of the SAC listed *six* claims for relief, while the SAC's opening paragraph listed only *four* claims. (SAC at 1-2.) The bulk of the SAC was devoted to recitations of legal authority rather than factual support. (*See generally id.* at 5-13.) The SAC was stricken by the Court *sua sponte* for failure to comply with the local rules. (Dkt. 40.) The Court gave Plaintiffs leave to file a "conforming" complaint. (*Id.* at 2.)

Plaintiffs served a so-called "Amended Complaint," by mail, on October 5, 2017 (the "AC"). Despite discrepancies, the AC was accepted by the Court on October 19, 2017. (Dkt. 42.) Among the multiple defendants listed in the caption is "Julius Samann Ltd dba Car-Freshner dba Little Tree." The AC's caption listed six claims for relief, while the opening paragraph listed only four claims. (Dkt. 42 at 1-2.) Like the prior complaints, the AC was filled with irrelevant digressions and legal citations. The bare facts alleged with respect to CFC appeared to be the basis for two claims: a claim for "damages" Plaintiffs allegedly suffered from a prior TTAB proceeding in which their trademark applications were challenged; and a claim for trademark infringement because CFC allegedly "cop[ied] the exact packaging of Mr. Nasser." (*See* Dkt. 42 at 40.)

CFC filed a motion to dismiss the AC on October 23, 2017. (Dkt. 44.) On October 31, 2017, the Court issued an order striking the AC for failure to comply with L. Civ. R. 15.1. (*See* Dkt. 51.) In particular, the Court ruled that the AC was not "complete in itself without reference to the superseded pleading," in violation of L. Civ. R. 15.1(a). (*Id.* at 2.) The AC also was not "accompanied by a version of that pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how that pleading differs from the previously dismissed pleading" in violation of L. Civ. R. 15.1(c). (*Id.*) The Court granted Plaintiffs leave to file a "conforming" complaint, but warned that "[f]ailure

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to file a complaint in compliance with the Local Civil Rules will result in dismissal of this action." (*Id.*)

### B. Plaintiffs' Third Amended Complaint.

On November 29, 2017, Plaintiffs filed a third amended complaint, titled "Amended Complaint Damages and Declaratory and Injunctive Relief" (the "TAC"). (Dkt. 52.) The TAC lists *nine* claims for relief in its caption (TAC at 1), but the body of the complaint only sets out *three* enumerated "causes of action" (*see* TAC at 17, 19, 20), of which only the first and third are specifically asserted against CFC. The first "cause of action," in its title, seeks a "declaration of trademark infringement, unfair competition, and trademark dilution." (*Id.* at 17.) The third "cause of action" seeks a "declaration of federal trademark infringement under 15 U.S.C. § 1114." (*Id.* at 20.) As with Plaintiffs' prior two amended complaints, this version again fails to fully comply with L. Civ. R. 15.1.

The caption of the TAC lists *both* JSL and CFC as separate defendants, but in the body describes them as "Defendant Julius Sämann Ltd. Aka Car-Freshner Co." (*E.g.*, TAC at 4, ¶ 15.) Plaintiffs also assert that JSL "owns" CFC. (*Id.* at 17, ¶ 65.) (As set forth in each of CFC's motions to dismiss, JSL is a separate entity incorporated in Bermuda.) The TAC, however, does recognize the proper relationship: that CFC is JSL's licensee in the United States. (*Id.* at 7, ¶ 29.)

Plaintiffs' first "cause of action" makes the largely conclusory (and confusing) allegation that:

> … Julius Sämann Ltd. [is] infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights in the Serious Scents and Little Grenades Designs by alteration and changing its displays and marketing header card to mirror changes made by Plaintiff Nasser in their display and design logo.

> There is a Likelihood of confusion, which exists with respect to … Julius Sämann Ltd. Designs which copying of Plaintiff designs look and feel of the displays and marketing header card products display in the same marketing channels.

(TAC at 18, ¶ 69.)

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This allegation is apparently based on the earlier assertion that "Plaintiffs Nasser" sent cease-and-desist letters to JSL. (*Id.* at 17, ¶ 66.) Attached as Exhibit 9 to the TAC are four 2017 letters titled "Demand Cease and Desist Letter" that were allegedly sent by Plaintiffs to JSL. (The fact that each letter was addressed to JSL, not CFC, reflects Plaintiffs' tacit recognition that JSL, *not* CFC, is the proper defendant on any infringement claim.) The letters include copies of the packaging allegedly used in Plaintiffs' "Little Grenade" air freshener and JSL's "Little Tree" air freshener, in a side-by-side comparison, and assert that JSL's "Little Tree" logo is "substantially similar to the … LITTLE GRENADE® design dated January 5, 2010" used by Mr. Nasser. (*E.g.,* TAC Ex. 9 at 4.) In the same Exhibit, Plaintiffs also include a copy of the register from the U.S.P.T.O., showing that JSL registered the "Little Tree" word mark on August 12, 1975. (TAC Ex. 9 at 48.) The letters assert that JSL made a "material alteration" to the "Little Tree" logo, by adding an "s" to the logo (so that it reads, "Little Trees"),[3] adding a registered trademark symbol ("®"), changing the font style, and adding two colored rectangles.

Plaintiffs go on to request, "pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *ET SEQ.,* … that this Court declare that Defendants Energizer Brands II LLC. and Julius Sämann Ltd. have *colluded* with the sale of infringed, diluted products of Plaintiff Nasser by the proceeds which is unjust enrichment at the Plaintiff Nasser's ongoing expense." (TAC at p. 18, ¶ 72 [emphasis supplied].) The TAC, however, has no factual support for this alleged "collusion."

Plaintiffs next allege in this "cause of action" that JSL:

> … was involved in the act and action of bringing a false claim in Trademark Board for unjust economic advantage. This caused the legal resources of the Plaintiff to be limited this reduced plaintiff's ability to bring legal action for injunctive relief in other court action to stop the

---

[3] Plaintiffs also helpfully include a copy of the register from the U.S.P.T.O., reflecting that JSL registered the "Little Trees" word mark on July 30, 1995, with the first use in commerce occurring in 1957. (*See, e.g.,* TAC Ex. 9 at 29.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

infringement and legal abuses because all legal resources were tied up in legal battle with Julius Sämann LTD. It was commonly known by the defendants who used the collective knowledge of the total lack legal resources of the Plaintiff to be limited to the point where it was a physical and legal impossibility to fight multiple law suits in protection of his trademark rights efforts of all defendants to deny Mr. Nasser his rights to the sales proceeds and the fair market value of the final sale of the defendant companies to Defendants Energizer Brands II LLC.

(TAC at 18-19, ¶ 73.)

Plaintiffs next allege that JSL has infringed (and is infringing) certain of Plaintiffs' trademarks in violation of the Lanham Act, and that JSL has "abandoned" its trademarks and established "new products and designs under the false pretense that they are the same as the Trademark issued to them when in fact they are not," also purportedly in violation of the Lanham Act.  (TAC at 19, ¶¶ 74, 76.)

Plaintiffs third "cause of action" contains the bare conclusion that Defendants "have abandoned their original trademark registration mark what cause and likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants products, and that the trade and consuming public believe and are likely to believe that products bearing the respective marks originate from the same source of origin."  (TAC at 20, ¶ 84.)

## III.  THE TAC FAILS TO STATE A CLAIM AGAINST CFC.

### A.  Legal Standard.

A motion to dismiss under Rule 12(b)(6) should be granted where, as here, there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court must accept as true a complaint's well-

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

pleaded facts, conclusory allegations and unwarranted inferences do not suffice and cannot defeat a motion to dismiss. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions … [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (court is not required to construe "conclusory allegations of law and unwarranted inferences" in favor of the nonmoving party); *Ileto v. Glock*, 349 F.3d 1191, 1200 (9th Cir. 2003) (a court should "not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations"). Put another way, a motion to dismiss should be granted unless the factual allegations push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A *pro se* plaintiff must comply with the *Twombly* standards, and must allege facts sufficient to state a plausible claim. *See, e.g., Lukashin v. Suttell & Hammer PS*, 617 Fed. Appx. 811, 811-12 (9th Cir. 2015), citing *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

**B.    Plaintiffs Cannot State a Claim for Trademark Infringement.**

The focus of the TAC's claims against CFC is the purported infringement by CFC of Plaintiffs' trademarks. Plaintiffs, however, have not and cannot satisfy the elements to allege a trademark infringement claim.

A trademark infringement plaintiff "must allege (1) that it has a protected interest in a registered mark; (2) that defendant used in commerce a copy, reproduction, or counterfeit of its mark in connection with the sale or advertising of goods and services; and (3) that defendant's use of the mark is likely to cause consumer confusion, mistake, or deception." *Coach, Inc. v. Celco Customs Servs. Co.*, 2013 WL 12122691, at *5 (C.D. Cal. Jan. 28, 2013) (citations omitted). To

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plead a false designation of origin claim under 15 U.S.C. § 1125(a)(1)(A), a
plaintiff must allege that the defendant "used in commerce a term, name, symbol, or
device, or any combination thereof, ... which is likely to cause confusion, or to
cause mistake, or to deceive as to the affiliation, connection, or association of
Defendant with Plaintiff, or as to the origin, sponsorship, or approval of his goods
by Plaintiff." *Id.*, at *9. A plaintiff may not allege these elements in a conclusory
fashion, but must allege sufficient supporting facts. *See, e.g., id.* at *6; *see also
McCall's Country Canning, Inc. v. Paula Deen Enterprises, LLC*, 2010 WL
11508996, at *2 (S.D. Cal. Feb. 8, 2010) ("The mere allegation, unaccompanied by
factual support, that consumers are likely to mistake a defendant's goods for
plaintiff's goods is insufficient to survive a motion to dismiss.") (citations omitted);
*cf. Vasquez*, 487 F.3d at 1249. The TAC, however, does not satisfy these elements.

   *First*, Plaintiffs' assert a conclusory claim that the "Little Trees" logo is
somehow too similar to the "Little Grenade" logo. (See TAC at 18, ¶ 69 & Ex. 9.)
Although Plaintiffs attach various documents to the TAC regarding their
trademarks, there is no registration for any design mark incorporating the words
"Little Grenade." Plaintiffs have failed to show that they have a "protected interest
in a registered mark" at issue. *Coach, Inc.*, 2013 WL 12122691, at *5.

   *Second*, priority of use is the *sine qua non* for a plaintiff to establish
trademark infringement. *Hana Financial v. Hana Bank*, __ U.S. __, 135 S. Ct. 907,
909 (2015) ("Rights in a trademark are determined by the date of the mark's first
use in commerce. The party who first uses a mark in commerce is said to have
priority over other users."); *see Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391
F.3d 1088, 1093 (9th Cir. 2004) (in trademark law, the general rule is that "first in
time equals first in right"). Here, Plaintiffs claim rights in the "LITTLE
GRENADE® design dated January 5, 2010." (TAC Ex. 9 at 4.) In fact, a review of
the U.S.P.T.O. database shows that the "Little Grenade" *word* mark was registered
on January 5, 2010, with a claimed first use in commerce in 1993. (CFC's Request

for Judicial Notice filed on October 23, 2017 [Dkt. 44-3] ["RJN"], Ex. C.) No design mark was found incorporating "Little Grenade." Meanwhile, the U.S.P.T.O.'s records reflect that JSL registered the "Little Tree" word mark on *August 12, 1975,* with a claimed first use in commerce of 1974. (RJN, Ex. A.) Thus, JSL's use of "Little Tree" predated Plaintiffs' use of "Little Grenade" by *decades*, and JSL's use of "Little Trees" (plural) dates back even further. [4]

*Third,* Plaintiffs have not alleged that JSL used "a copy, reproduction, or counterfeit of [Plaintiffs'] mark[.]" *Coach, Inc.*, 2013 WL 12122691, at *5. As noted above, Plaintiffs have not provided evidence of a word or design mark incorporating "Little Grenade." Although Plaintiffs offer a "side-by-side" comparison of their logo with the allegedly infringing logo, they do not fully explain the infringing elements, but allege that JSL "cop[ied] … Plaintiff designs look and feel of the displays[.]" (TAC at 18, ¶ 69.) Yet the exhibit itself contradicts this assertion: the respective packaging has different words, shapes, font, and styling. (TAC, Ex. 9 at 3-4.) And even if there were a confusing similarity, it would be *Plaintiffs* who would be infringing, since JSL's use of "Little Tree" long precedes Plaintiffs' use of "Little Grenade."

*Fourth,* Plaintiffs offer the bald conclusion that the alleged "infringement caused and continues actual confusion in the market place which has resulted in the dilution of the fair market value [.]" (TAC at 18, ¶ 70.) There is no allegation that consumers were confused (or that such confusion was likely) and no *facts* to support a likelihood of confusion. *McCall's Country Canning, Inc.*, 2010 WL 11508996, at *2 (plaintiff must "*plead facts* from which the alleged likelihood of confusion reasonably follows" [italics in original]).

*Fifth,* Plaintiffs allege that JSL abandoned "its Car-Freshner Co. U.S. Registration No,1752136 since 2012[.]" (TAC at 13, ¶ 48.) Plaintiffs thereafter

---

[4] The "Little Trees" (plural) word mark was registered by JSL on July 30, 1996, with a claimed first use in commerce in 1957. (*See* RJN, Ex. B.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allege, as far as can be discerned, that this "abandonment" somehow caused "confusion, mistake, while deceive the public as to the true origin, source, sponsorship, approval or affiliation of" CFC's products, and this "conduct therefore constitutes unfair competition, false representation and a false designation of origin[.]" (TAC at 19, ¶ 76.) Aside from the fact that it is unclear how the alleged "abandonment" of the "Car-Freshner Co." registration affects "Little Tree" or "Little Trees" products, Plaintiffs have alleged no factual support for this claim, rendering it insufficient as a matter of law. *See, e.g., Coach, Inc.*, 2013 WL 12122691, at *6; *McCall's Country Canning, Inc.*, 2010 WL 11508996, at *2.

For all these reasons, Plaintiffs cannot maintain their trademark infringement claims against CFC.

## C. Plaintiffs' Claim Arising from the TTAB Proceeding Fails as a Matter of Law.

A portion of Plaintiffs' first "cause of action" asserts that JSL:

> … was involved in the act and action of bringing a false claim in Trademark Board for unjust economic advantage. This caused the legal resources of the Plaintiff to be limited this reduced plaintiff's ability to bring legal action for injunctive relief in other court action to stop the infringement and legal abuses because all legal resources were tied up in legal battle with Julius Sämann LTD. It was commonly known by the defendants who used the collective knowledge of the total lack legal resources of the Plaintiff to be limited to the point where it was a physical and legal impossibility to fight multiple law suits in protection of his trademark rights efforts of all defendants to deny Mr. Nasser his rights to the sales proceeds and the fair market value of the final sale of the defendant companies to Defendants Energizer Brands II LLC.

(TAC at 18-19, ¶ 73.) Plaintiffs attach a copy of the order of the TTAB to the TAC as Exhibit 8 (the "TTAB Order"), and assert that the TTAB's "positive ruling in the favor of Mr. Nasser … serves as valid legal proof that the 4 + years of costly litigation was in fact and truth frivolous in nature, form and content[.]" (*Id.* at 12, ¶ 46.) Plaintiffs argue that *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749 (2014), "provides recovery for loss and damages against plaintiff Little Tree who brought a frivolous civil action …." (*Id.* at 15, ¶ 57.) The first "cause of action" ostensibly incorporates a claim for Plaintiffs' "loss and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages" arising out of the TTAB proceeding. (*See id.*; *see also* TAC at 21 [Prayer for Relief] [seeking "all damages caused by the acts forming the basis of this complaint"].) Such a claim, even assuming it were properly pled, fails as a matter of law.

### 1. CFC Did Not Bring the TTAB Proceeding.

*First*, as indicated in the TTAB Order, JSL—*not CFC*—sought to cancel Plaintiffs' trademark registration on the ground the registration was void *ab initio* because Plaintiffs were not using the trademark in interstate commerce at the time of the trademark application. (*See* TAC, Ex. 8 at 2.) The TTAB ruled that JSL had not carried its burden to show, by a preponderance of the evidence, that Plaintiffs were not using the trademark at the time of the application. (*Id.* at 15.) Plaintiffs now seek to have this Court order *CFC* to pay Plaintiffs' "loss and damages" in connection with *JSL's* TTAB action. (*See* TAC at 15, ¶ 57; at 21.)

Even assuming *arguendo* Plaintiffs could seek damages at all based upon the TTAB proceeding (they cannot), such claim would only sound against JSL, not CFC. Aside from vague (and incorrect) references to CFC as JSL's "aka" in the complaint, Plaintiffs have pleaded no *facts* to show that CFC would be liable for JSL's actions. Because Plaintiffs have stated no factual basis for their claim against CFC, the claim must be dismissed.

### 2. Petitioning Activity to the TTAB Is Protected.

*Second*, even assuming that CFC could be liable for JSL's actions in the TTAB proceeding, the claim would still be barred as a matter of law.

Under the *Noerr-Pennington* doctrine, "those who petition all departments of the government for redress are generally immune from liability" arising from their petitioning conduct. *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005), citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000). Although the doctrine began in antitrust law, the Supreme Court has extended it to actions outside of antitrust, and it has been used to defend

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

petitioning activity under the Lanham Act. *See id.*; *see also Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *6-*7 (C.D. Cal. May 1, 2013) (applying *Noerr-Pennington* doctrine to claim under § 43 of the Lanham Act); *Credit Counseling Centers of Am. v. Nat'l Found. for Consumer Credit, Inc.*, 1997 WL 160180, at *4 (N.D. Tex. Apr. 1, 1997) ("*Noerr-Pennington* applies to efforts to use the judicial process to protect trademarks."), citing *Matrix Essentials v. Emporium Drug Mart*, 988 F.2d 587, 594 (5th Cir. 1993); *Virtual Works, Inc. v. Network Sols., Inc.*, 1999 WL 1074122, at *1 (E.D. Va. Nov. 23, 1999) ("the *Noerr-Pennington* Doctrine confers immunity on the trademark holder for its actions to protect the mark").

The only exception to the *Noerr-Pennington* doctrine is for "sham" litigation. *See, e.g., Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993). Litigation is only a "sham" where it is *both* "objectively meritless" *and* "an attempt to interfere *directly* with the business relationships of a competitor … through the use of the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon[.]" *Id.* at 60-61 (punctuation and citations omitted, italics in original); *see also Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 938 (9th Cir. 2006). Regardless of the purposes of the suit in question, it is "perforce not a sham" if the suit has any objective merit. *See USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994).

The TTAB Order reflects that JSL brought an action opposing Plaintiffs' trademark registrations with the TTAB. (TAC Ex. 8 at 2.) Petitioning activity before the U.S.P.T.O. is protected by *Noerr-Pennington. See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) (*Noerr-Pennington* extends to actions before administrative agencies); *PODS Enterprises, Inc. v. ABF Freight Sys., Inc.*, 2011 WL 4948397, at *5 (M.D. Fla. Oct. 17, 2011) ("the U.S. Patent and Trademark Office is an administrative agency"); *EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 746 F.2d 375, 377-78 (7th Cir. 1984) (TTAB

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

acts in a "judicial capacity" and a trademark opposition proceeding "*is* an adversary proceeding" [italics in original]).

Accordingly, JSL's filing of an opposition with the TTAB to Plaintiffs' trademark applications is protected by *Noerr-Pennington*. Although Plaintiffs summarily allege that the TTAB action was "frivolous," this bare conclusion is woefully insufficient to invoke the doctrine's "sham litigation" exception. *See, e.g., Vasquez*, 487 F.3d at 1249 (conclusory allegations do not suffice to satisfy "sham litigation" exception and cannot defeat a motion to dismiss). Moreover, a review of the TTAB's 15-page decision shows that JSL's action was unsuccessful not because it was frivolous or meritless, but because, after a careful review of the evidence, the TTAB determined that JSL had simply failed to adduce sufficient evidence to carry its "preponderance of the evidence" burden regarding non-use of the trademark. (*See* TAC Ex. 8 at 15.)

Because the TAC makes clear that this claim arises out of protected petitioning activity, the claim must be dismissed with prejudice.

### 3. The TTAB Proceeding Was Not an "Exceptional" Case.

*Third*, even assuming *arguendo* Plaintiffs' claim were not barred under the *Noerr-Pennington* doctrine, Plaintiffs still fail to state a claim. Plaintiffs cite *Octane Fitness, LLC, supra*, as "remov[ing] the impossible legal burden that once made it a physical and legal impossibility to recover cost and damages for being forced to suffer the unmeritorious, frivolous litigation brought by" JSL "in the TTBA [*sic*] of cancellation and opposition against the Plaintiff Trademark Registration." (TAC at 15, ¶ 58.) Plaintiffs misrepresent the holding of *Octane Fitness*.

Under the Lanham Act, "[t]he court *in exceptional cases may* award *reasonable attorney fees* to the prevailing party." 15 U.S.C. § 1117(a) (emphasis supplied). *Octane Fitness*, a patent case, held that, under a similar statue concerning patents, an "exceptional" case was "one that stands out from others with

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S. Ct. at 1756. That definition of "exceptional" has been extended to requests for attorney fee awards under the Lanham Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016).

Neither *Octane Fitness* nor Section 1117 requires an award of "cost and damages" as Plaintiffs assert. At most, Section 1117 allows, in the court's discretion, an award of "reasonable attorneys' fees" only in an "exceptional" trademark case. "[T]he Ninth Circuit construes the 'exceptional cases' requirement narrowly," and, "under this standard, defendants are 'rarely' awarded attorney fees[.]" *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 2016 WL 3211800, at *15 (S.D. Cal. Mar. 21, 2016) (citation omitted).

Moreover, even assuming *arguendo* that Plaintiffs could file a separate court action to recover fees incurred in a TTAB proceeding to oppose a trademark application, Plaintiffs have alleged ***no facts*** showing the TTAB matter was an "exceptional" case within the meaning of Section 1117. At most, Plaintiffs assert that the TTAB case was "unmeritorious" and/or "frivolous." (*See, e.g.,* TAC at 15, ¶ 58.) But this unsupported conclusion cannot save the claim, particularly where documents incorporated by reference into the TAC (and also subject to judicial notice) refute that assertion. Here, the TTAB Order demonstrates that the TTAB's finding was based on the unremarkable proposition that JSL failed to prove a lack of use in commerce at the time of registration. Notably, the TTAB did not even find the marks were actually in use, just that JSL had failed to meet its burden to demonstrate they were not.

///

///

///

P&A ISO MOTION TO DISMISS
4839-6694-0503v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# IV. PLAINTIFFS CONTINUE TO FLOUT THE RULES.

As the Court noted in its Order dismissing Plaintiffs' initial Complaint:

> Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleadings of pro se plaintiffs are liberally construed, the basic pleading requirements of Rule 8 apply to self-represented and represented plaintiffs alike. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *Wynder v. McMahon*, 360 F.3d 73, 79 n. 11 (2d Cir. 2004). Complaints that are too confusing and prolix to "perform the essential functions of a compliant" are subject to dismissal under Rule 8(a). *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory).

(Dkt. 28 at 3.) The Court warned Plaintiffs that, even though they were "proceeding pro se, they must nevertheless comply with the applicable rules of civil procedure." (Dkt. 28 at 7, citing *King v. Atiyeh*, 814 F.2d 565, 567 [9th Cir. 1987].) Plaintiffs, however, have failed to heed the Court's directive, repeating virtually all of the same errors as their prior complaints. Among other things:

- The TAC contains little in the way of factual support.

- The caption has *nine* numbered claims. In contrast, the TAC asserts *three* enumerated "causes of action."

- As in the prior complaints, "[t]he body of the [TAC] refers almost exclusively to Nasser, making it unclear which claims are being asserted on behalf of Serious Scents, or what type of entity Serious Scents is." (Dkt. 28 at 4.) The TAC also frequently refers to "Plaintiff" (in the singular) without indicating to which Plaintiff the allegation refers. (*See, e.g.,* TAC at 9, ¶ 36 ("Plaintiff products and packaging sufficient to show confusion ....."); at 15, ¶ 59 ("Plaintiff has enjoyed success and substantial ....."); at 15, ¶ 61 ("Plaintiff has suffered and will continue to suffer evidentiary and expectation prejudice ...").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- The TAC, as has each of Plaintiffs' amended complaints, fails to comply with Civil Local Rule 15.1(c), requiring that "[a]ny amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend, must be accompanied by a version of that pleading that shows … how that pleading differs from the previously dismissed pleading."

## V. THE CLAIMS AGAINST CFC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Leave to amend should be denied where, as here, it is clear that the complaint's deficiencies cannot be cured by further amendment. *See, e.g., Agnew v. Lawson,* 2015 U.S. Dist. LEXIS 169576, at *9 (S.D. Cal. Dec. 16, 2015), citing *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) and *Schmier v. U.S. Court of Appeals,* 279 F.3d 817, 824 (9th Cir. 2002). Therefore, "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *see also Hollins v. Munks,* 2014 U.S. Dist. LEXIS 29994, at *6 (N.D. Cal. Mar. 7, 2014) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."), quoting *Lopez* 203 F. 3d at 1129.

Here, Plaintiffs have had *four* opportunities to plead claims against CFC. Because their allegations demonstrate that leave to amend would be futile, the claims against CFC should be dismissed without leave to amend *See, e.g., Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008) (denial of leave to amend proper where there has been "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment"), quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# VI. CONCLUSION

For the foregoing reasons, CFC's motion should be granted, and the claims against it should be dismissed with prejudice.

DATED: December 13, 2017      DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
HOWARD LORING ROSE


By:     /s/ *Scott R. Commerson*
          Scott R. Commerson

Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "CAR FRESHNER
CO.")

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I certify that on December 13, 2017, **DEFENDANT CAR FRESHNER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _/s/Scott R. Commerson_
Scott R. Commerson

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On December 13, 2017, I served the foregoing document(s) described as: **DEFENDANT CAR FRESHNER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on December 13, 2017, at Los Angeles, California.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Yvette M. Merino
_____          _____
Print Name                                          Signature

P&A ISO MOTION TO DISMISS
4839-6694-0503v.5 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899