KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
nstagg@kilpatricktownsend.com
12730 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111

WILLIAM M. BRYNER (*pro hac vice* application forthcoming)
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7482
Facsimile: (336) 734-2656

Attorneys for Defendant
ENERGIZER BRANDS II LLC

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER, and SERIOUS SCENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JULIUS SAMANN LTD DBA-LITTLE TREE DBA-CAR-FRESHNER CORPORATION, and NATURE'S APPEAL MANUFACTURING CORPORATION DBA-STINK GRENADE, and ENERGIZER BRANDS II LLC DBA HANDSTANDS, DBA AMERICAN COVERS INC., DBA DRIVEN BY REFRESH YOUR CAR,<br><br>Defendants. | Civil Action No. 17-cv-00863 (BTM MDD)<br><br>**DEFENDANT ENERGIZER BRANDS II LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hearing Date: February 9, 2018<br>Hearing Time: 11:00 a.m.<br>Courtroom: 15B<br><br>Chief Judge Barry Ted Moskowitz<br><br>Complaint Filed: 4/28/2017<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION AND BACKGROUND ........................................................1

II. ARGUMENT ........................................................................................................2

    A. Plaintiffs' Amended Complaint Does Not Comply with the Court's Order or Local Rule of Civil Procedure 15.1 .......................2

    B. Plaintiffs' Amended Complaint Is Too Poorly Pled to State a Claim ..............................................................................................................3

        1. Plaintiffs' Amended Complaint Fails to Adhere to the Rule 8(a) Pleading Requirements. .............................................3

        2. Plaintiffs' Amended Complaint Fails to State a Plausible Claim for Relief. ...........................................................................5

    C. Even if Plaintiffs' Amended Complaint States a Claim, the First-to-File Rule Should Be Applied to this Case. ..............................7

        1. The First-to-File Rule Should be Applied to this Case...............7

        2. No Exceptions to the First-to-File Rule Apply ........................11

            a. Energizer Did Not File an Anticipatory Suit or Engage in Forum Shopping .............................................11

            b. The Pace of the Two Matters Favors Energizer ............12

III. CONCLUSION................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................... 4, 6, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................4, 6

*Bryant v. Oxxford Exp., Inc.*,
  181 F. Supp. 2d 1045 (C.D. Cal. 2000)............................................................ 8, 12

*Centocor, Inc. v. MedImmune, Inc.*,
  No. C 02-03252 CRB, 2002 WL 31465299, (N.D. Cal. Oct. 22, 2002),
  *dismissed*, 55 F. App'x 928 (Fed. Cir. 2003) ......................................................9

*Church of Scientology of Cal. v. U.S. Dept. of Army*,
  611 F.2d 738 (9th Cir. 1979)..............................................................................8

*City Antiques, Inc. v. Planned Furniture Promotions, Inc.*,
  No. 3:14-CV-00467-SI, 2014 WL 3955216 (D. Or. Aug. 12, 2014)...................12

*Diversified Metal Prods., Inc. v. Odom Indus., Inc.*,
  1:12-CV-00162-BLW, 2012 WL 2872772 (D. Idaho July 12, 2012)................11

*eNom, Inc. v. Philbrick*,
  No. C08-1288RSL, 2008 WL 4933976 (W.D. Wash. Nov. 17, 2008)................10

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ..................................................................................3

*Gunnar Optiks, LLC v. Mad Panda, LLC*,
  No. 3:14-CV-1938 BTM KSC, 2015 WL 1013775 (S.D. Cal. Mar. 9, 2015).......8

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness*, Inc.,
  179 F.R.D. 264 (C.D. Cal. 1998) ........................................................................9

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008)......................................................... *passim*

*Koehler v. Pepperidge Farm, Inc.*,
  No. 13-CV-02644-YGR, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ...........8, 9

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005)...........................................................................8

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996)...............................................................................3

*Microchip Tech., Inc. v. United Module Corp.*,
  No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011) ...............9

*Pac. Coast Breaker, Inc. v. Connecticut Elec.*, Inc.,
  No. CIV. 10-3134 KJM EFB, 2011 WL 2073796 (E.D. Cal. May 24, 2011) .......9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ................................................................................. 7, 8

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   16-CV-06371-BLF, 2017 WL 1065334 (N.D. Cal. Mar. 21, 2017) ..................... 11

*Puri v. Hearthside Food Sols. LLC*,
   No. CV 11-8675-JFW SSX, 2011 WL 6257182 (C.D. Cal. Dec. 13, 2011) ....... 12

*Schwartz v. Frito-Lay N. Am.*,
   No. C-12-02740 EDL, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ............... 10

*Smith v. M'Iver*,
   22 U.S. 532 (1824) .................................................................................................. 7

*Summit Entm't, LLC v. Bath & Body Works Brand Mgmt.*,
   No. CV 11–3570 RSWL (JCx), 2011 WL 2649973 (C.D. Cal. July 5, 2011) .... 12

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 3, 5

Fed. R. Civ. P. 8 ................................................................................................................ 3

Fed. R. Civ. P. 8(a) ....................................................................................................... 3, 5

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 3

L. R. Civ. P. 15.1(c) .......................................................................................................... 2

**Statutes**

15 U.S.C. § 1114 ............................................................................................................... 6

17 U.S.C. § 1051, et seq ................................................................................................. 11

28 U.S.C. § 1338(a) ........................................................................................................ 11

37 C.F.R. § 2.72 ................................................................................................................ 4

## I. INTRODUCTION AND BACKGROUND

In response to a series of threatening communications from Plaintiffs alleging various trademark and copyright claims, Energizer Brands II LLC ("Energizer") filed suit against Plaintiffs in the Eastern District of Missouri on March 10, 2017 seeking declaratory relief relating to Plaintiffs' allegations and also asserting affirmative claims of trademark infringement and unfair competition against Plaintiffs under both federal law and the law of the State of Missouri, Civil Action No. 4:17-cv-00876-JMB (the "Missouri Action"). ECF No. 6-2, Ex. 1 (Missouri Complaint). Plaintiffs have been served in the Missouri Action. *See* ECF 45-2, ¶ 2, Ex. 1. Forty-nine days after Energizer initiated the Missouri Action, Plaintiffs filed their original Complaint in the present action (the "California Action"). Energizer moved to dismiss the complaint filed in the California Action, as did Defendant Car-Freshner Corporation. ECF Nos. 6, 11.

In the Court's Order Granting Motion to Dismiss Complaint for Failure to State a Claim; Denying Motion for More Definite Statement; Denying Motion to Dismiss Pursuant to First-to-File Rule, ECF No. 28, (the "Order"), the Court granted Defendant Car-Freshner's motion to dismiss for failure to state a claim as to all Defendants. As to Energizer's motion asserting that the Complaint should have been dismissed based on the first-to-file rule, the Court determined that because "Plaintiffs have not yet stated a viable claim for relief," "[i]t would be premature for the Court to try to determine whether this action involves 'substantially similar' claims and parties as the ones involved in the Missouri case." *Id.* at 6. Plaintiffs then attempted to file several amended complaints, see ECF No. 37, 39, including a September 7, 2017 version, which was stricken sua sponte by the Court for its failure to comply with the Local Rules, ECF No. 40, and an October 4, 2017 version , ECF No. 42, which was likewise stricken sua sponte by the Court for its failure to comply with Local Rules. ECF No. 51. Plaintiffs have now filed yet another Amended Complaint, ECF No. 52 (the "Amended

Complaint").[1] Because the Amended Complaint, like its previous iterations, (1) does not comply with the Court's Order that it be "accompanied by a version of that pleading that shows . . . how that pleading differs from the previously dismissed pleading," ECF No. 51, (2) "is too poorly pled to state a claim," Order at 3, and (3) because, to the extent that it does state viable claims, those claims are substantially similar to the claims at issue in the Missouri Action and thus invoke the first-to-file rule, Energizer respectfully moves to dismiss Plaintiffs' Amended Complaint, and that the dismissal be without leave for Plaintiffs to re-plead.

## II. ARGUMENT

### A. Plaintiffs' Amended Complaint Does Not Comply with the Court's Order or Local Rule of Civil Procedure 15.1

In its October 31, 2017 Order, ECF No. 51, the Court reminded Plaintiffs that under Local Rule of Civil Procedure 15.1(c) "because this Court has already granted a motion to dismiss, the amended complaint 'must be accompanied by a version of that pleading that shows---through redlining, underlining, strikeouts,, or other similarly effective typographic methods---how that pleading differs from the previously dismissed pleading." The court further noted that "[f]ailure to file a complaint in compliance with the Local Civil Rules will result in dismissal of this action." *Id.* Plaintiffs have completely ignored Rule 15.1(c) and the Court's Order, offering no version of the Amended Complaint that provides any indication as to how it differs from its previous iterations. Thus, the Court should dismiss this action.

---

[1] Although it is not entirely clear which entities Plaintiffs intended to name in their Amended Complaint as Defendants, this Motion to Dismiss is filed on behalf of all Energizer-affiliated entities or individuals, which would include without limitation any of the following individuals or entities mentioned in Plaintiffs' filing or service papers: "Does 1-100," Energizer Brands II, LLC, California Scents, LLC, Handstands, American Covers, Inc., and Driven by Refresh Your Car.

### B. Plaintiffs' Amended Complaint Is Too Poorly Pled to State a Claim

Because Plaintiffs' Amended Complaint fails to adhere to the pleading requirements of Federal Rule of Civil Procedure 8(a) and, because it fails to state a claim for which relief may be granted, under Rule 12(b)(6), the Court should grant Energizer's Motion to Dismiss. Moreover, because the Court has given Plaintiffs a full and fair opportunity to plead their claims properly, such dismissal should be without leave for Plaintiffs to further attempt to plead their claims.

#### 1. *Plaintiffs' Amended Complaint Fails to Adhere to the Rule 8(a) Pleading Requirements.*

Under Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although the pleadings of pro se plaintiffs are liberally construed, the basic pleading requirements of Rule 8 apply to self-represented and represented plaintiffs alike." Order at 3; *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). "Complaints that are too confusing and prolix to perform the essential functions of a complaint are subject to dismissal under Rule 8(a)." Order at 3; see also *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8(a) because the complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In its Order dismissing the Complaint, the Court found that the Complaint failed to adhere to the Rule 8(a) pleading requirements because, among other things, it was "confusing, unfocused, argumentative, and scattered with irrelevant material," and because it lacked "simple, concise and direct statements setting forth the alleged wrongdoing of each defendant in support of any of the intended claims." Order at 3. Plaintiffs' Amended Complaint suffers from the same deficiencies, and should similarly be dismissed.

Rather than offering a "short and plain statement of the claim," Plaintiffs'

Amended Complaint is so peppered with disorienting, irrelevant material and non-concise, disorganized, and confusing allegations that it fails to "perform the essential functions of a complaint." See Order at 3. Confusingly, Plaintiffs devote entire sections of the Amended Complaint to irrelevant material without providing any context, explanation, or organization. For example, portions of the Amended Complaint address the following topics without any clear indication of their relevance:

- a discussion of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) that consists of language directly copied without attribution from an article noting changes to the pleading standard introduced by *Twombly* and *Iqbal* and written by Edward D. Johnson but with no explanation as to its applicability in this case (Amended Complaint at 8); *see also* Edward D. Johnson, *Ashcroft v. Iqbal: New Pleading Standards and Motions to Dismiss*, American Bar Association*, available at* https://apps.americanbar.org/litigation/litigationnews/trial_skills/pretrial-ashcroft-iqbal-pleading-motions-dismiss.html;
- several portions devoted to discussions of previous disputes with no explanation of their applicability (*id*. at 7, 10, 12, 15, 16);
- portions providing legal rules without any discussion of their application or relevance to this case (*See, e.g., id*. at 5, 6);
- a portion, incongruent with any other aspect of the Amended Complaint, explaining that "[t]his Complaint is based upon the following: TMEP 807.14: MATERIAL ALTERATION OF MARK," and noting that "Trademark rule 2.72, 37 c.f.r. § 2.72, prohibits any amendment of the mark: in an application under § 1 or § 44 of the Trademark Act that materially alters the mark on the drawing filed with the original application" (*id*. at 17); and

- a portion asking the Court to "recognize and address the unspoken legal fact that it standard operation [sic] procedure for big box, big buck's corporation attorneys like the defendants come to court against In-Pro-Per Litigants and beat them on the legal nuances of legal processes and procedures of the law." *Id*. at 6.

In addition, the Amended Complaint is confusingly unfocused and indirect. For example, after the section titled NATURE OF THE ACTION, (*id*. at 5), which includes a discussion of jurisdiction, and then haphazardly introduces various legal issues, constantly alternating between vague allegations against one Defendant and then another, the reader is confronted with a section titled THE PARTIES, (*id*. at 14), that again discusses jurisdiction, all of which is followed by the TABLE OF CONTENTS and TABLE OF AUTHORITIES at the end of the Amended Complaint. The result is that the Amended Complaint is at least as disorienting, confusing, and duplicative as its previous iterations.

In addition, as in the Complaint, in the Amended Complaint it is "unclear which claims are being asserted on behalf of Serious Scents, or what type of entity Serious Scents is." Order at 4. Likewise, it is unclear which claims are being asserted on behalf of Nasser. Instead, throughout the Amended Complaint, Plaintiffs refer to themselves as "Plaintiff" or "Plaintiff(s) Nasser."

For the foregoing reasons, dismissal is warranted because Plaintiffs' Amended Complaint, like the Complaint filed before it, "falls short of the requirements of Rule 8(a)." *Id.* at 3.

    2. *Plaintiffs' Amended Complaint Fails to State a Plausible Claim for Relief.*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a pleading if it "fails to state a claim upon which relief may be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

DEFENDANT ENERGIZER BRANDS II LLC
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Allegations that amount to no more than legal conclusions or bare assertions are not entitled to the assumption of truth." Order at 4 (citing Iqbal, 556 U.S. at 679, 680-81). The United States Supreme Court has explained that "when the allegations in a complaint, however true, could not raise a claim to entitlement of relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (quotations and citation omitted).

Plaintiffs' Amended Complaint, like its previous iterations, "fails to show, through well-pleaded factual allegations, how the elements of the laws underlying their claims were violated by defendants." Order at 4. For example, although Plaintiffs claim "[t]his is a civil action seeking declaratory, damages, injunctive and monetary relief, including expenses against defendants for Trademark and copyright infringement," (Amended Complaint at 5), and state three causes of action, including "Declaration of Trademark Infringement, Unfair Competition, and Trademark Dilution," (*id.* at 17), "Declaration of Copyright Infringement," (*id.* at 19), and "Declaration of Federal Trademark Infringement Under 15 U.S.C. § 1114," (*id.* at 20), Plaintiffs present no facts to support these claims. In particular, they do not address any of the likelihood-of-confusion factors courts consider when determining whether a defendant has infringed a plaintiff's trademarks or any of the elements of a claim of trademark dilution. Nor do they offer any evidence to establish ownership of a valid copyright or evidence to establish that any defendant copied Plaintiffs' copyrights. Instead, Plaintiffs make vague, bald assertions that "[t]his Defendant Julius Samann LTD. as well as Energizer Brands II LLC, have committed the same identical copying and infringements causing confusion in the marketplace that is actionable," (*id.* at 8), that "[t]here is a Likelihood of Confusion, which exists with respect to Defendants Energizer Brands II LLC, and Julius Samann Ltd.," (*id.* at 18), and that "Energizer Brands II

LLC and Jullius Samann Ltd. have colluded with the sale of infringed, diluted products of Plaintiff Nasser by the proceeds which is unjust enrichment at the Plaintiff Nasser's ongoing expense." *Id.*

Thus, Plaintiffs' Complaint does not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678, and like the Complaint, offers only "bare assertions and legal conclusions." (Order at 4-5) The Court should once again grant the motion to dismiss Plaintiffs' Amended Complaint.

By continuously ignoring Court Orders and applicable rules across Plaintiffs' numerous amended complaints, Plaintiffs have wasted a substantial amount of the Court's and the Defendants' resources. Each time Plaintiffs have filed a new complaint, Energizer has had to decipher the allegations and prepare a response. Plaintiffs have had this Court's guidance and every opportunity to amend their complaint so that it is compliant; Energizer now asks the Court to hold Plaintiffs to the Court's warning that their failure to comply with the rules will result in dismissal of this action. *See* ECF No. 51.

### C. Even if Plaintiffs' Amended Complaint States a Claim, the First-to-File Rule Should Be Applied to this Case.

To the extent Plaintiffs' Amended Complaint states a claim, under the first-to-file rule, the California Action should be dismissed or stayed because the case should proceed in Missouri, not in California.

#### 1. *The First-to-File Rule Should be Applied to this Case.*

The almost two centuries' old first-to-file rule[2] "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The long-standing rule is "a

---

[2] S*ee Smith v. M'Iver*, 22 U.S. 532, 535-36 (1824).

generally recognized doctrine of federal comity" intended to "alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013). As such, the first-to-file rule "should not be disregarded lightly." Pacesetter Sys., Inc., 678 F.2d at 95; *see also Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.") (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 749 (9th Cir. 1979)). "A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule." Koehler, 2013 WL 4806895, at *2; see also Pacesetter Sys., Inc., 678 F.2d at 94–95.

Courts consider three factors in determining whether the first-to-file rule is applicable: "(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues." Koehler, 2013 WL 4806895, at *2; see also *Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000). Because each of those considerations appears to be satisfied in the present case if the Court finds that the Amended Complaint states a claim against Energizer, the first-to-file rule should be applied to dismiss the California Action against Energizer, or in the alternative, to stay the California Action in favor of the Missouri Action.

First, Energizer filed the Missouri Action on March 10, 2017, which was more than seven weeks before Plaintiffs filed the California Action. The chronology factor can be satisfied by a single day, see *Gunnar Optiks, LLC v. Mad Panda, LLC*, No. 3:14-CV-1938 BTM KSC, 2015 WL 1013775, at *2 (S.D. Cal. Mar. 9, 2015), and here, where the Missouri Action was filed 49 days before the California Action, the factor clearly favors application of the first-to-file rule. *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270

(C.D. Cal. 1998) (finding chronology factor satisfied where first suit filed on October 20, 1997 and second suit filed on January 16, 1998).

Second, the Missouri Action and the California Action involve substantially similar parties in that Energizer Brands II LLC is a party in both actions, and in both actions it is adverse to Serious Scents, Inc. and Ibrahim Nasser. Plaintiffs' addition of Julius Samann Ltd. and Nature's Appeal Manufacturing Corporation as Defendants in the California Action does not counsel to the contrary. See Koehler, 2013 WL 4806895, at *3 ("Courts have held that the first-to-file rule does not require strict identity of the parties, but rather substantial similarity.") (quotations and citation omitted) (emphasis in original); *Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc.*, No. CIV. 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) (first-to-file rule applied despite addition of two defendants to later-filed action; "The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.) (emphasis added); *see also Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002), *dismissed*, 55 F. App'x 928 (Fed. Cir. 2003) (finding first-to-file rule applicable despite addition of two parties to the later filed action); *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011) (finding the first-to-file rule applicable despite addition of a defendant and addition of a plaintiff to the later filed action).

Third, while, as discussed above, Plaintiffs have, once again, not stated a viable claim for relief, to the extent the Court finds Plaintiffs have stated a viable claim, the Missouri Action and the California Action involve substantially similar issues. "Courts have held that the issues in the two actions must be substantially similar, rather than identical." Koehler, 2013 WL 4806895, at *4 (quotations and citation omitted) (emphasis in original); *see also* Intersearch Worldwide, 544 F. Supp. 2d at 959 ("[T]he 'first-to-file' rule is satisfied by a sufficient similarity of

issues.") (emphasis in original). And "the rule can apply even if the later-filed action brings additional claims." *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) (applying the first-to-file rule in class action alleging that statements by defendant are unlawfully deceptive despite the addition of claims for intentional misrepresentation, fraudulent concealment, and breach of implied warranty of fitness/purpose, because those claims were "closely related to the main claims in both cases"). All that is required is that the two actions have "substantial overlap." Intersearch Worldwide, 544 F. Supp. 2d at 959-60 (applying the first-to-file rule in action requesting declaratory judgment of ownership of trademark and alleging unfair competition under the Lanham Act, despite the addition of claims in the later-filed action for intentional interference with both contract and prospective economic advantage because "the underlying facts of defendant's and [plaintiff's] conduct will be front and center in" the first-filed action); see also *eNom, Inc. v. Philbrick*, No. C08-1288RSL, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (applying the first-to-file rule despite additional claim requesting a declaratory judgment that the plaintiff has no contractual obligation to renew the defendant's domain names because "the factual and legal issues in the two cases are overwhelmingly similar").

As to Energizer, and if the Amended Complaint is deemed to state a claim against Energizer, the issues in the California Action are substantially similar to the issues in the Missouri Action. In the Missouri Action, Energizer: (1) requested a declaration of no trademark or trade dress infringement, unfair competition, or trademark dilution by Energizer relating to Plaintiffs' LITTLE GRENADE designs and Plaintiffs' SERIOUS SCENTS mark; (2) requested a declaration of no copyright infringement by Energizer of Plaintiffs' LITTLE GRENADE designs; and (3) alleged Lanham Act and common law claims of trademark infringement, federal unfair competition, false representation, and false designation of origin by

DEFENDANT ENERGIZER BRANDS II LLC
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

Plaintiffs based on their SERIOUS SCENTS mark. *See* ECF 6-2, Ex. 1, (Missouri Complaint), ¶¶ 59-101.

Although the Amended Complaint is just as unclear as previous iterations filed with this Court, it appears that Plaintiffs continue to seek to assert rights in certain intellectual property relating to Plaintiffs' "Trademarked Plaintiffs' air freshener composition creations 'Serious Scents and Little Grenade'." *See* Amended Complaint at 1. The Amended Complaint in the California Action further clarifies the nature of the action explaining that "[t]his is a civil action seeking declaratory, damages, injunctive and monetary relief,, including expenses against defendants for Trademark and copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 1051, et seq and Trademark 28 U.S.C. § 1338(a)." *Id.* at 5.

Accordingly, all three of the relevant factors favor application of the first-to-file rule such that this Court should dismiss, or in the alternative, stay the California Action as to Energizer. See Intersearch Worldwide, Ltd., 544 F. Supp. 2d at 963.

>    2.   *No Exceptions to the First-to-File Rule Apply*[3]
>
>         a.   *Energizer Did Not File an Anticipatory Suit or Engage in Forum Shopping*

"A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." Intersearch

---

[3] At least one court in this Circuit has recognized that a "majority of courts . . . have held that it is the *first-filed court* which should decide whether an exception to the first-to-file rule applies." *Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, 1:12-CV-00162-BLW, 2012 WL 2872772, at *5 (D. Idaho July 12, 2012) (emphasis added); *see also Power Integrations, Inc. v. ON Semiconductor Corp.*, 16-CV-06371-BLF, 2017 WL 1065334, at *3 (N.D. Cal. Mar. 21, 2017) ("However, it is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule.").

Worldwide, Ltd., 544 F. Supp. 2d at 960. "But, 'a letter which suggests the possibility of legal action, however, in order to encourage or further a dialogue, is not a specific, imminent threat of legal action.'" *Id.* (citations omitted). "Likewise, 'a reasonable apprehension that a controversy exist[s] sufficient to satisfy the constitutional requirements for a declaratory judgment action . . . is not equivalent to an imminent threat of litigation.'" *Id.* (citations omitted). Here, Plaintiffs made no statements that would indicate an "imminent threat of litigation." *See* ECF No. 6-2, Ex. 1 (Missouri Compl.), ¶7 and Ex. 2, (Jan. 18, 2017 letter).

Further, Energizer does not only seek declaratory judgment in the Missouri Action—it filed affirmative claims for trademark infringement and unfair competition in the district in which it resides—thus, the Missouri Action was not anticipatory, and there is no indication that Energizer engaged in forum shopping. *See Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1049 (C.D. Cal. 2000) (finding no bad faith or forum shopping where first party to file filed in his "home district"); *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-CV-00467-SI, 2014 WL 3955216, at *5 (D. Or. Aug. 12, 2014) (finding no forum shopping where first party to file had an "independent basis for its claims" against the second party to file and also alleged "three independent claims" in addition to its request for declaratory judgment); *Puri v. Hearthside Food Sols. LLC*, No. CV 11-8675-JFW SSX, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) (finding that suit was not anticipatory because the first-filed action sought "judgment on issues beyond the scope of" the second-filed action); *Summit Entm't, LLC v. Bath & Body Works Brand Mgmt.*, No. CV 11–3570 RSWL (JCx), 2011 WL 2649973 (C.D. Cal. July 5, 2011) (finding no forum shopping where declaratory judgment action was filed in a forum with which filer had substantial connections).

    b. *The Pace of the Two Matters Favors Energizer*

The Missouri Action and California Action are both in their infancy, and

thus, the pace of the two matters does not counsel against application of the first-to-file rule. *See*, Intersearch Worldwide, Ltd., 544 F. Supp. 2d. at 963 (noting that this exception is applicable where "a second-filed matter has proceeded far beyond a first-filed matter, such that it becomes impractical to dismiss or stay the first-filed matter."). Both actions are in the motion to dismiss stage. The only reason the California Action has proceeded slightly beyond the Missouri Action (i.e., to an initial dismissal of the Complaint) is because Energizer did not evade service here, unlike Plaintiffs in the Missouri Action. Plaintiffs certainly should not be rewarded for succeeding in their efforts to evade service in the Missouri Action.

## III. CONCLUSION

For the foregoing reasons, this Court should grant Energizer's Motion to Dismiss this case against Energizer, without leave for Plaintiffs to attempt to re-plead their claims. In the alternative, this Court should grant Defendant's Motion to Stay.

DATED: December 13, 2017

Respectfully submitted,
KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Nancy L. Stagg*
    Nancy L. Stagg

Attorneys for Defendant
ENERGIZER BRANDS II LLC