SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
HOWARD LORING ROSE (State Bar No. 251727)
  loringrose@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Specially Appearing for Putative Defendant
JULIUS SÄMANN LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE").<br><br>Plaintiff,<br><br>vs.<br><br>JULIUS SAMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"),<br>alleges as follows:<br><br>Defendants,<br><br>Does 1-100 | Case No. 3:17-CV-00863 BTM (MDD)<br><br>[Hon. Barry Ted Moskowitz]<br><br>**SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE**<br><br>[Fed. R. Civ. P. 12(b)(5)]<br><br>Hearing Date: February 9, 2018<br>Hearing Time: 11:00 a.m.<br>Courtroom: 15B<br><br>**PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[Notice of Motion and Motion to Quash, and Declaration of Scott R. Commerson filed concurrently]<br><br>Action Filed: April 28, 2017<br>Trial Date: None Set |

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I.  | INTRODUCTION AND BRIEF FACTUAL BACKGROUND | 1 |
| II. | LEGAL STANDARD | 2 |
| III.| RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT SHOULD BE QUASHED | 2 |
|     | A. The Hague Convention and Applicable Methods of Service | 2 |
|     | B. Service by Mail is Not Authorized Under the Laws of the Country of Bermuda | 4 |
| IV. | CONCLUSION | 5 |

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aquawood LLC v. Wide Eyes Mktg. Ltd.*
   No. CV1103046SJOAGRX, 2011 WL 13220333 (C.D. Cal. Oct.
   31, 2011)......................................................................................................................5

*Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,
   840 F.2d 685 (9th Cir. 1988)........................................................................................2

*Motley v. Parks*,
   No. CV0001472, 2001 WL 849637 (C.D. Cal. July 23, 2001) ....................................2

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988)......................................................................................................2

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504 (2017) .................................................................................................3

**RULES**

Federal Rules of Civil Procedure
   Rule 4 ..........................................................................................................................2
   Rule 4(f) ...................................................................................................................4, 5
   Rule 4(h).....................................................................................................................3, 5
   Rule 12(b)(5)...............................................................................................................2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Specially appearing Defendant Julius Sämann Ltd. ("JSL")[1] moves to quash the defective service of summons filed in this action.

Plaintiffs purport to have served the latest amended complaint (Dkt. 52) and summons on JSL by mailing them to defendant CAR-FRESHNER CORPORATION'S ("CFC") counsel of record. (*See* Dkt. 52-14 [purporting to serve JSL at "Davis Wright Tremaine, [¶] Attorney Scott R. Commerson, [¶] 865 South Figueroa St. Suite 2400, [¶] Los Angeles, CA 90017-2566."].) The purported service is defective on multiple grounds.

*First*, CFC's counsel has ***never*** agreed to accept service on JSL's behalf. Declaration of Scott R. Commerson ["Commerson Decl."] ¶ 4.) Moreover, CFC's counsel has consistently explained that JSL is a "*separate* entity incorporated in Bermuda" that "has not been served with the Complaint" and therefore "this Court lacks jurisdiction over [JSL]." (*E.g.*, Dkt. 11-1 at n.2.)[2] Unauthorized service on counsel cannot confer jurisdiction over JSL.

*Second*, Plaintiffs did not serve—and do not allege they served—JSL *itself* by *any* means, mail or otherwise.

*Third*, even assuming mail service on JSL *had been* effectuated (it was not), such service would be ineffective. Service by mail is not authorized under the laws of the country where JSL is incorporated (Bermuda), and thus is not effective service under the Hague Convention.

---

[1] JSL specially appears in this matter solely to object to defective service, and expressly reserves all other legal challenges in the event it is properly served.

[2] Although Plaintiff has erroneously claimed in prior pleadings that CFC is a "dba" of JSL, the caption of the most recent pleading lists the companies as separate entities. (*See* Dkt. 52.)

1

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

For these reasons, JSL respectfully requests the Court quash service of the Summons and Complaint as to JSL.

## II.
## LEGAL STANDARD

A party may bring a motion to quash summons on the grounds that service of process was insufficient. Fed. R. Civ. P. Rule 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). After a proper objection, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Motley v. Parks*, No. CV0001472, 2001 WL 849637, at * 2 (C.D. Cal. July 23, 2001) (granting motion to quash service).

## III.
## RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT SHOULD BE QUASHED

### A. Counsel Has Never Agreed to Accept Service on Behalf of JSL, and JSL Itself Has Not Been Served.

Plaintiffs filed a proof of service purporting to serve their latest pleading (Dkt. 52) on JSL by mailing it to CFC's counsel of record. The proof confusingly states that an individual "did Personally Serve the Following Document on the Below name defendants attorney of record via US MAIL." (Dkt. 52-14.) Despite the contradictory language referencing personal service, the remainder of the document clarifies that the purported service was via mail. (*Id.* ["On Wednesday, Nov. 29, 2017 by US MAIL I ROBY LISTER did personally first class mail the above attorney's offices ..."].) On December 8, 2017, CFC's counsel received a package containing the latest complaint (but no summons.) (Commerson Decl. ¶ 2.)[3]

---

[3] On December 8, 2017, Plaintiffs filed a summons directed to "Julius Sämann Ltd." with a proof of service. (Dkt. 54.) The proof states that the summons was served on "Scott R. Connerson [sic], who is designated by law to accept service on behalf of ... Davis Wright Termaine LLP [sic] on 12-8-17 ...." (*Id.* at 2.) The first page

2

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In any event, counsel has *never* agreed to accept service of the complaint or summons on behalf of JSL. (*Id.* ¶ 4.) Nor have Plaintiffs ever requested that counsel do so. (*Id.*) Furthermore, CFC's counsel has consistently explained in pleadings to this Court that JSL is a "*separate* entity incorporated in Bermuda" that "has not been served with the Complaint" and therefore "this Court lacks jurisdiction over [JSL]." (*E.g.*, Dkt. 11-1 at n. 2).

Further, Plaintiffs did not cause, and do not allege that they caused, JSL *itself* to be served— by mail or otherwise—with the summons and complaint. The only purported "service" was on counsel.

For these reasons alone, the purported service on JSL is plainly defective.

### B. Mail Service Is Not Effective Under the Hague Convention.

Furthermore, even assuming that either JSL or its agent had been served by mail in Bermuda (they were not), such service would not be effective.

#### 1. Plaintiffs Must Comply with the Hague Convention.

The United States and Bermuda, the domicile of JSL, are signatory countries to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"); therefore, compliance with the Hague Convention is mandatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 (1988).

Articles 2 through 6 of the Hague Convention authorize service through the designated Central Authority in each country. Article 10 broadens this authorization to those signatory countries that do not specifically object to its provisions. The Supreme Court recently held in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017), that Article 10 of the Hague Convention does *not* "affirmatively

---

of the summons lists counsel's address as the address for JSL. (*See id.* at 1.) As noted *infra*, Mr. Commerson and Davis Wright Tremaine LLP are *not* authorized to accept service of process for JSL. (*See* Commerson Decl. ¶ 4.) Nor are they "designated by law" to accept service for JSL. Despite the assertions in the proof, as of this writing, counsel has not received any copy of this summons, other than the version distributed via CM/ECF (Dkt. 54).

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authorize[] service by mail," but instead permits service by mail *only* where two conditions are met: "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

Here, Rule 4(h) of the Federal Rules of Civil Procedure provides for service upon foreign corporations in any manner provided by Rule 4(f) of the Federal Rules of Civil Procedure, except for personal delivery as provided in paragraph (2)(C)(i) of Rule 4(f). Rule 4(f) provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual ... may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

Federal Rule of Civil Procedure 4(f) further provides service of process by mail is permitted only where (1) service of mail is authorized by the laws of the country where the foreign corporation is located; (2) the mailing was made by the Court Clerk; and (3) the Court ordered the use of the mail to effectuate service. Fed. R. Civ. P. 4(f). In this case, mailing was neither made by the Court Clerk nor ordered by the Court, so the only potential grounds for service by mail would be if authorized by Bermuda law.

### 2. Mail Service Is Not Effective in Bermuda.

Bermuda law does not permit service of process by mail of a summons or any other order, but instead requires *personal service* of any writ, motion or summons on the corporation or its agent. Bermuda R. Sup. Ct. Order Nos. 10/1, 10/5. Order No. 10/1 of the Rules of the Supreme Court of Bermuda provides: "(1) Subject to the provisions of any enactment and these Rules, a writ *must be served personally* on each defendant by the plaintiff or his agent." Bermuda R. Sup. Ct. Order No. 10/1 (emphasis added). Order No. 10/5 further expressly provides that service of an

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

originating summons, petition and notice of motion shall be served in the same manner as the foregoing rules. *Id.* at Order No. 10/5. Thus, even if Plaintiff had served JSL by mail (it did not), such service would not have been effected in the manner prescribed by Bermuda law.

The decision in *Aquawood LLC v. Wide Eyes Mktg. Ltd.*, 2011 WL 13220333, at *5 (C.D. Cal. Oct. 31, 2011), is instructive. There, the district court acknowledged the possibility of service by mail under Article 10 of the Hague Convention and Rule 4(f) and (h) of the Federal Rules of Civil Procedure. However, the plaintiff in *Aquawood* failed to serve an acknowledgement of receipt along with mail service, as required under Canadian law — the country of the foreign corporation. Mail service was therefore inadequate because the plaintiff failed to comport with laws of the signatory country, Canada. *Id.* Here, as well, Plaintiffs have failed to comport with the laws of Bermuda in serving JSL.

Accordingly, for all of the foregoing reasons, the defective summons on JSL must be quashed.

## IV.
## CONCLUSION

For the foregoing reasons, service of the Summons and Complaint should be quashed.

DATED: December 13, 2017

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
HOWARD LORING ROSE

By: /s/ *Scott R. Commerson*
Scott R. Commerson

Specially Appearing for Putative Defendant JULIUS SÄMANN LTD.

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I certify that on December 13, 2017, **SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

    Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                    By:   */s/Scott R. Commerson*
                                               Scott R. Commerson

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On December 13, 2017, I served the foregoing document(s) described as: **SPECIALLY-APPEARING DEFENDANT JULIUS SAMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on December 13, 2017, at Los Angeles, California.

☑ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____Yvette M. Merino_____
Print Name

Signature

MOTION TO QUASH
4843-3680-5720v.3 0097958-000006

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899