IBRAHIM NASSER
P.O. Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

NUNC PRO TUNC
2/6/2018

**FILED**
Feb 23 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ margotn  DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE").<br><br>Plaintiff,<br><br>Vs.<br><br>JULIUS SÄMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"), alleges as follows:<br><br>Defendants,<br>Does 1-100 | Case No.: 3-17-CV-0863 BMT (MDD)<br><br>RESPONSES TO:<br>1. ENERGIZER BRANDS II LLC, AMERICAN COVERS INC. MOTION TO DEFEAT AND NULLIFY PLAINTIFFS COMPLAINT DATED 12-13-20017<br>2. REQUEST COURT MOVE MATTER FORWARD OPENING DISCOVERY<br>3. SET MATTER FOR A JURY TRIAL |

## 1. TABLE OF CONTENTS

1. **TABLE OF CONTENTS** ........................................................................ 1
2. **INTRODUCTION** ................................................................................. 5

*The Opposition Attorney Goes on Into the Legal Night* 5

3. ARGUMENT: 5

4. COURT'S JURISDICTION 5

5. THE PLAINTIFF'S BASIS FOR THE RELIEF CLAIMED 6

6. A DEMAND FOR JUDGMENT. The Plaintiff made his demands for judgement clear and the amounts can only be fixed after discovery ad the exposure of unjust enrichment. *In Bilal v. Burns Sec. Services, 1991 U.S. Dist. LEXIS 19780 (E.D. Tex. Feb. 18, 1991)*, it was held that the well-pleaded complaint is a hypothetical ideal complaint that presents only the well-pleaded facts on its face. The Plaintiff has met this legal burden. 6

7. IN ADDITION, THE WELL-PLEADED COMPLAINT ALSO PROVIDES THAT FEDERAL JURISDICTION EXISTS ONLY WHEN A FEDERAL QUESTION IS PRESENTED ON THE FACE OF A PLAINTIFF'S PROPERLY PLEADED COMPLAINT 6

8. THE COURT IS ASKED TO NOTE 7

9. THIS HONORABLE COURT AND THE TRIER OF FACT CAN CUT THROUGH ALL OF THE LEGAL TAP DANCING OF THE DEFENDANTS 8

  10. *WHAT IS TRADEMARK INFRINGEMENT AS IT APPLIES IN THE CASE AT BAR?* 8

  a. The unauthorized use of a trademark or service mark by the defendants this is a fact not supposition. 8

  b. On or in connection with goods and/or services. this is a fact not supposition. 8

  c. In a manner that is likely to cause confusion, deception, or mistake. a fact not supposition. 8

  d. About the source of the goods and/or services. a fact not supposition. 8

11. THE PLAINTIFF AS A TRADEMARK OWNER HAS PROOF THAT HIS MARK IS BEING INFRINGED UPON 8

12. THE PLAINTIFF LIKE MOST CASE AND TRADEMARK OWNERS THE PLAINTIFF HAS RIGHTFULLY AND LEGALLY CHOSEN TO SUE FOR INFRINGEMENT IN FEDERAL COURT 9

13. THE PLAINTIFF TRADEMARK OWNER IS ABLE BY AND THROUGH THE PROCESS OF DISCOVERY TO PROVE UP THE TRADEMARK INFRINGEMENT 9

14. A FEDERAL COURT ORDER (INJUNCTION) ORDERING THE DEFENDANTS STOP USING THE ACCUSED MARK OF A HAND GRENADE AIR FRESHENER 9
   a. *The Plaintiff Request:* 9
   b. *An Order Requiring the Destruction.* 10
   c. *Or Forfeiture of Infringing Articles;* 10
   d. *Monetary Relief,* 10
   e. *Including Defendant's Profits Sales which remains undefined,* 10
   f. *Any Damages Sustained by The Plaintiff,* 10
   g. *The Costs of The Action;* 10
   h. *Also, An Order That the Defendant Pay The Plaintiffs' Attorneys' Fees.* 10

15. CONVERSELY, THE FEDERAL COURT MAY FIND INSTEAD THAT 10

16. HOW DOES THE PLAINTIFF PROVE UP THE INFRINGEMENT? 10
   a. *Establish the Plaintiff owns the valid mark* 10
   b. *The Plaintiff It Has Priority.* 10
   c. *The Plaintiffs Rights In The Mark(S) Are "Senior" To The Defendant's* 10
   d. *The Defendant's Mark Is Likely To Cause Confusion In The Minds Of Consumers* 10
   e. *The Defendant's Unauthorized Use of The MARK Is The Source Of Confusion And Unfair Illegal Use Of The Trademark Design Of The Plaintiff.* 11

17. WHEN A PLAINTIFF OWNS A FEDERAL TRADEMARK REGISTRATION AND IS THE PRINCIPAL REGISTER: 11
   a. *There Is A Legal Presumption Of The Validity And Ownership Of The Mark* 11
   a. *Plaintiff Has The Exclusive Right To Use The Mark Nationwide.* 11
   b. *On Or In Connection With The Goods Or Services Hand Grenade Air Freshner Product:* 11
   c. *These Presumptions May Be Rebutted In The Court Proceedings* 11

18. THE FEDERAL COURT IS ASKED BY THE PLAINTIFF 12
   a. *Whether There Is A Likelihood Of Confusion Among Consumers* 12

    *b. Whether The Parties' Goods and /Or Services Are Sufficiently Related.*   12

    *c. The Air Freshener Consumers Are Likely To Assume (Mistakenly) That The Hand Grenade Air Freshner Products*   12

**19. OTHER FACTORS THAT THE PLAINTIFF IS ASKING THE FEDERAL COURTS TO CONSIDER INCLUDES IN HIS PLEADING**   12

    *b. How and Where The Parties' Goods Or Services Are Advertised,*   13

    *c. The Range of Prospective Purchasers Of The Goods Or Services*   13

    *d. Whether There Is Any Evidence of Actual Confusion Caused By The Allegedly Infringing Mark*   13

    *e. The Defendant's Intent In Adopting Its Mark*   13

    *f. The Strength of The Plaintiff's Mark*   13

**20. CONCLUSION**   13

    *b) The Likelihood-Of-Confusion Determination,*   13

    *c) The Amount And Quality Of The Evidence Involved*   13

    *d) The Quality Of The Evidence Involved In The Infringement Lawsuit Remains Locked Away In The Defendants Files*   14

    *e) The Defendants In The Case At Bar Are Expending Great Legal Effort To Beat The Plaintiff Up On Legal Procedure*   14

**21. THE PLAINTIFF IN ADDITION TO CLAIMING LIKELIHOOD OF CONFUSION,**   14

**22. THE DEFENDANT HAS MADE A RIGHTFUL LEGAL CLAIM BEFORE THIS COURT THAT ANY USE OR ABUSE AND SALES BY DEFENDANTS**   14

**23. The Plaintiff Prays for All Of The Foregoing Relief As Defined In The Foregoing Text**   15

**24. VERIFICATION OF PLEADING:**   15

**TABLE OF AUTHORITIES**

a. *In Bilal v. Burns Sec. Services, 1991 U.S. Dist. LEXIS 19780 (E.D. Tex. Feb. 18, 1991)* .......Page 6

b. Legal Sources 15 U.S.C. §§1114, 1116-1118 Black's Law Dictionary (9th ed. 2009 Page 14

c. McCarthy on Trademarks & Unfair Competition (4th ed. 2014).......................... Page 14

## RESPONSE TO DEFENDANTS COMPLAINT ENERGIZER BRANDS II LLC

### 2. INTRODUCTION

***The Opposition Attorney Goes on Into the Legal Night.*** Page after page droning on saying the same thing over and over again but in a slightly deferent way. The heart and soul of the opposition attorney's claims is the plaintiff has no cause of action. The Court and the opposition are noticed all References to Plaintiff / Plaintiffs in this response are all inclusive combining IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). All of which are the alter ego of Plaintiff IBRAHIM NASSER which are one in the same.

### 3. ARGUMENT:

THE PLAINTIFF HAS AND CONTINUES TO PRESENT A WELL-PLEADED COMPLAINT WHICH REFERS TO AN ORIGINAL PLEADING AND AMENDED COMPLAINTS: sets forth a claim of relief which is defined in detail in the following text. The following are the grounds set forth in the Plaintiff's claim which should put to rest the opposition attorney's claims of lack of a Federal Question, Federal Jurisdiction combined with legal rights and remedies which are fixed in law and equity for trademark infringement, unjust enrichment, the taking and unauthorized use of the trademark and copyright of another for the purpose of unjust enrichment across state lines. This is only the tip of the legal Iceberg the opposition is attempting to avoid and ignore to the continuing detriment of the Plaintiff.

### 4. COURT'S JURISDICTION:

The opposition refuses to come to terms with the fact that all of the defendants have a very large active interstate business footprint and presence in California which nets them vast sums on revenue. When this is combined with the fact that the Plaintiff has California as his home of all of his business operation for 25 years. The Opposition Attorney continues to falsely claim that Missouri Federal Court should have jurisdiction while presenting no real offer of proof that the Plaintiff has now or ever had or done business, or had a business presence in that state. The false claim is halfheartedly supported by the legally

flimsy claim that the Plaintiff has a web presence. This does not make the Plaintiff unique. At this writing, there are there are 1,800,047,111 (over 1.8 billion web sites). This number of website continues at wrap seed by the hour in the thousands. Having a webpage does not mean anyone has seen it or used it. The Defendant opposition attorney has 1,800,047,111 (over 1.8 billion web sites) that have a business presence in Missouri Federal Court. This gets even more bazar when it is factored into the legal fact pattern the webpage does not allow or have any ability to take or process orders from or within that webpage as this was the way it was designed. No business presence here. this claim of the position must fail.

5. **THE PLAINTIFF'S BASIS FOR THE RELIEF CLAIMED:**

The following text presented by the plaintiff clearly redefines each and every element of the complaint giving it legal legs, legal life and the right to litigation based upon the merit of the claims of the plaintiff. A DEMAND FOR JUDGMENT
. The Plaintiff made his demands for judgement clear. The amounts of the damages can only be fixed after discovery. Discovery is the only legal tool that exposures true nature and extent of the injuries suffered by the plaintiff and the scope of the defendant's unjust enrichment. The Plaintiff's position is supported by: *In Bilal v. Burns Sec. Services, 1991 U.S. Dist. LEXIS 19780 (E.D. Tex. Feb. 18, 1991)*, it was held that the well-pleaded complaint is a hypothetical ideal complaint that presents only the well-pleaded facts on its face. The Plaintiff has met this legal burden and his claims are not a hypothetical but real injuries suffered by the trademark & copyright infringement which creates a pattern of unjust enrichment which is compensable via this legal action.

6. **IN ADDITIONTO THE WELL-PLEADED COMPLAINT:**
    Plaintiff also provides by the process that proves up and satisfies that federal jurisdiction does exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. That federal question is in and on and apart of the body of the complaint.
    **The Plaintiff Satisfies This Element of Federal Jurisdiction And Question Of Law** by the established by the indisputable proof that the defendant are actively engaged in national & international interstate business operations. This includes all

of the defendants named in the complaint without exception. The illegal acts and damages suffered by the Plaintiff are all based on a Federal Trademark Violation which is a fixed federal statue and law I. It also come in the legal play via interstate commerce issues of the defendants nationwide operation giving the plaintiff the legal right to bring an action in the Federal Court to address a violation of a Federal Trademark Law and commerce across state line and international commerce of the defendants.

**a. ALEXANDER HAMILTON EXPLAINED IN FEDERALIST, NO. 80**"there is hardly a subject of litigation between individuals, which may not involve those ingredients of fraud, accident, trust, or hardship, which would render the matter an object of equitable rather than of legal jurisdiction." Hamilton elaborated in Federalist, No. 83, that "the great and primary use of a court of equity is to give relief in _extraordinary cases_, which are exceptions to general rules." Supreme Court Justice Joseph Story, who authored Commentaries on Equity Jurisprudence in 1836, echoed Hamilton, writing that "cases must occur to which the antecedent rules cannot be applied without injustice, or to which they cannot be applied at all." The Federal Court is the only avenue of relief for the Plaintiff.

7. **THE COURT IS ASKED TO NOTE:** The last amended complaint of the plaintiff used as its source and legal inspiration the complaint filed by the opposition attorneys in the Missouri Federal Court. The Plaintiff used and copied the Missouri Federal Court as the template for the amended complaint. Now that same complaint is labeled by the Opposition Attorney as being legally defective. The Opposition Attorney's claims demonstrate how wrong her claims are. Her claims damn her clients pleading in Missouri Federal Court. Then to make it ever bazar the opposition attorney refuses to admit they were served first by the Plaintiff making the claim invalid. The fact that the Plaintiff has never made a personal appearance in Missouri Federal Court or made any response in that court that would create jurisdiction for this Federal Court by general appearance. In addition to the fact the Defendants have made multiple unverified responses in the Federal County of California. These responses constitute a general appearance before the court fixing jurisdiction in the California Federal Court. These simple facts should put this false issue to rest.

# 8. THIS HONORABLE COURT AND THE TRIER OF FACT CAN CUT THROUGH ALL OF THE LEGAL TAP DANCING OF THE DEFENDANTS

This can be accomplished by the court and the defendants acknowledging the following: The plaintiff's complaint addresses the following valid legal issues. The plaintiff answer to the Issues establishes that there is a valid legal complaint that has been brought before the Federal Court. To that end the plaintiff brings the vital legal questions and answers to accomplish the necessary legal gravity to move this matter to trial. Legal gravity is no respecter of person, wealth, elevated social or financial position, or position of power and influence. To activate this legal gravity the following is asked and answered.

## 10. WHAT IS TRADEMARK INFRINGEMENT AS IT APPLIES IN THE CASE AT BAR?

TRADEMARK INFRINGEMENT IS:

a. The unauthorized use of a trademark or service mark by the defendants this is a fact not supposition. (Trademark Infringement did take place as the court exhibits proves beyond any doubt )
b. On or in connection with goods and/or services. this is a fact not supposition. ( the copyrighted air fresheners were copies, produced and sold in massive quantities nationally and internationally with no compensation coming to the Plaintiff.
c. In a manner that is likely to cause confusion, deception, or mistake. a fact not supposition. ( The national & international mass marketing on the infringed Plaintiffs Air Fresheners products of the plaintiff could have no other effect except dilution of the products causing confusion in the air Freshner Market Place which in a multi-million dollar market.
d. About the source of the goods and/or services. The mass marking of unauthorized Air Freshner Products proves the fact. The Plaintiffs claims are not supposition.

## 11. THE PLAINTIFF AS A TRADEMARK OWNER HAS PROOF THAT HIS MARK IS BEING INFRINGED UPON:

a) had the option of bringing a civil action (i.e., lawsuit) in either state court or federal court for trademark infringement,

## 12. THE PLAINTIFF LIKE MOST CASE AND TRADEMARK OWNERS THE PLAINTIFF HAS RIGHTFULLY AND LEGALLY CHOSEN TO SUE FOR INFRINGEMENT IN FEDERAL COURT.

The plaintiff did not choose the state court to bring an action because of the high possible of the well-funded multimillionaire and billionaire defendants would have the case "removed" to federal court. The Plaintiff brought the action in the *California Federal Court Against Multiple Defendants* who all have a business presence in this state as does the plaintiff. All are involved in interstate sale of the products at issue and did as discovery will prove up enjoyed the fruits of unjust enrichment at the expense of the Plaintiff's trademarked and copyright infringement though sales nationwide. This interstate wrongful taking and unauthorized use and abuse of the Plaintiffs Trademark creates Federal Jurisdiction and asks a federal question of the court to enforce the plaintiff's rights under first use and trademark and copyright laws. Only the Federal Court can address interstate commerce issues that are present in the case at bar.

## 13. THE PLAINTIFF TRADEMARK OWNER IS ABLE BY AND THROUGH THE PROCESS OF DISCOVERY TO PROVE UP THE TRADEMARK INFRINGEMENT.

The discovery process will open the legal door for access to available legal remedies may include the following:

## 14. A FEDERAL COURT ORDER (INJUNCTION) ORDERING THE DEFENDANTS STOP USING THE ACCUSED MARK OF A HAND GRENADE AIR FRESHENER AND CALIFORNIA SCENTS AIR FRAGRANCING PRODUCTS;

*THE PLAINTIFF REQUEST:*

a. *An Order Requiring the Destruction.*
   b. *Or Forfeiture of Infringing Articles;*
   c. *Monetary Relief,*
   d. *Including Defendant's Profits Sales which remains undefined,*
   e. *Any Damages Sustained by The Plaintiff,*
   f. *The Costs of The Action;*
   g. *Also, An Order That the Defendant Pay The Plaintiffs' Attorneys' Fees.*

## 15. CONVERSELY, THE FEDERAL COURT MAY FIND INSTEAD THAT

   a. the Defendants are not infringing the trademark, (Which is highly unlikely)
   b. There is no present defense which bars the plaintiff's claim(s), none have been brought forward by the defendants to date. The defendants only complaints about the Federal Procedure of bringing an action. The Defendant's refuse to address any substantive issues or claims while avoiding the facts as if they were a legal disease.
   c. Or other reasons exist why the trademark owner is not entitled to prevail.

## 16. HOW DOES THE PLAINTIFF PROVE UP THE INFRINGEMENT?

*To Support A Trademark Infringement, Claim In Court, The Plaintiff Must Prove:*

   a. **Establish the Plaintiff owns the valid mark**, this is a fact before this court which can't be denied by the defendants and is a part of the court record.
   b. **The Plaintiff It Has Priority.** Plaintiff has first rights use of the Trademark
   c. **The Plaintiffs Rights In The Mark(S) Are "Senior" To The Defendant'**, This is also a fact that is a part of the court record and claims of the Plaintiff.
   d. **The Defendant's Mark Is Likely To Cause Confusion In The Minds Of Consumers.** This is undeniable because the defendants sold nationally infringed Hand Grenade Air Freshener and the use of their California Scents air fragrancing product. This is a fact that confirm the old legal wisdom; if it walks like a duck, quacks like a duck it's a duck. The same applies to the infringement of the Hand Grenade Air Freshener and California Scents air fragrancing Trademark that the Plaintiff holds all rights and privileges to.

e. ***The Defendant's Unauthorized Use of The MARK Is The Source Of Confusion And Unfair Illegal Use Of The Trademark Design Of The Plaintiff.*** The court need only look at the two air fresheners side by side and the infringement is as plain as the nose on one face. The Defendants sponsorship of the goods or services offered under the parties' marks was a known violation of Trademark and Copyright law. Once again, an obvious fact that can't be rightfully denied by the defendants.

# 17. WHEN A PLAINTIFF OWNS A FEDERAL TRADEMARK REGISTRATION AND IS THE PRINCIPAL REGISTER:

a. ***There Is A Legal Presumption Of The Validity And Ownership Of The Mark,*** which belongs to the Plaintiff. This is also a real fact that can't be reasonably denied by the defendants

a. ***Plaintiff Has the Exclusive Right To Use The Mark Nationwide.*** This is but another legal right the plaintiff has and holds which was denied to him by the illegal infringement of his Trademark, Copyright by the nationwide sales by the defendants. This is one more fact that cannot be reasonably disputed.

b. ***On, Or In Connection With The Goods Or Services Hand Grenade Air Freshner And California Scents Air Fragrancing Products:*** listed the registration with the Trademark is under the exclusive ownership, dominion and control of the Plaintiff.

c. ***These Presumptions May Be Rebutted In The Court Proceedings*** but in the case at bar this has not happened. All the opposition wants to talk about the rules of court not the legal elements of the Plaintiffs claim which are plain and straight forward. The claims are based upon simple concepts and elements of the law. No fancy legal footwork or legal brilliance required. The court only has to be satisfied with these few simple elements. These have been satisfied by the plaintiff. There is no great legal mystery to it because it is simple and proven by the facts in the courts possession.

11

**18. THE FEDERAL COURT IS ASKED BY THE PLAINTIFF:** to consider evidence in addressing various factors legally required to determine:

   a. ***Whether There Is A Likelihood Of Confusion Among Consumers.***
   The key factors considered in the case at bar are of <u>the degree of similarity between the marks at issue</u>. Once again, the court need only look at all the Exhibits previously submitted to court. They tell the entire story. This is a case of blatant taking and using the Trademark of the Plaintiff with no regard for his rights and title to the Trademark.

   b. ***Whether The Parties' Goods and /Or Services Are Sufficiently Related.*** (are marketed in the same channels same outlets and have the same Trademark designation. This creates infringement)

   c. ***The Air Freshener Consumers Are Likely To Assume (Mistakenly) That The Hand Grenade Air Freshner and California Scents Air Fragrancing Products:***

   come from a common source of the defendants. This is because the defendants used and abuse of the Plaintiffs Trademark on a grand scale nationwide. This was done at the expense of the plaintiff. Example Plaintiff attempted to sell his Hand Grenade Air Freshner product to Walmart. He was denied access to the national market because the defendants were selling knock off copies of his Hand Grenade Air Freshner product designs without authorization to Walmart and to other chains concerns such as nationwide auto parts stores and even chain super markets like Kroger's. How much did this cost the Plaintiff? How badly was the plaintiffs market and product dilution damaged? This can only be determined by discovery. This makes this matter ripe for a trial, or a summary judgment.

**19. OTHER FACTORS THAT THE PLAINTIFF IS ASKING THE FEDERAL COURTS TO CONSIDER INCLUDES IN HIS PLEADING:** All of the following are issues that must be addressed at trail or summary judgment.

b. ***How and Where The Parties' Goods Or Services Are Advertised***, marketed, and sold; the purchasing conditions; (these are valid issues for trial as the court has in its possession the proof of the illegal taking of the and use of the Plaintiffs Hand Grenade Air Freshner and California Scents air fragrancing products by the defendant's. A simple comparison of the products proves this fact up quickly. The marketing channels where the defendants sold the Plaintiffs products and Trademark design remain undefined. This is because of the large scope of the infringement and pirating of the plaintiffs Trademark designs. This large nationwide abuse of a trademark requires the matter to be set for trial. The discovery be opened to explore the depth and magnitude of the injury to the plaintiff.

c. ***The Range of Prospective Purchasers of The Goods Or Services***; This once again creates issues for trial and discovery be opened to explore the depth and magnitude of the injury to the plaintiff. Guesswork and projection ae inadequate. The Court and the plaintiff is entitled to discovery to prove up the claim. this can only happen when the matter is moved forward.

d. ***Whether There Is Any Evidence of Actual Confusion Caused By The Allegedly Infringing Mark***; This brings us back to moving the case to trial and opening discovery.

e. ***The Defendant's Intent In Adopting Its Mark***; This brings us back to moving the case to trial and opening discovery.

f. ***The Strength of The Plaintiff's Mark***. This brings us back to moving the case to trial and opening discovery.

## 20. CONCLUSION

a) **The Plaintiff's Complaint Requests the Federal Trier Of Fact To Consider A Set Of Particular Factors Which Are.**

b) ***The Likelihood-Of-Confusion Determination,*** the plaintiff is aware of weighing these factors, may vary from case to case.

c) ***The Amount And Quality Of The Evidence Involved*** can and will have a significant impact on the outcome of an infringement lawsuit.

13

d) ***The Quality Of The Evidence Involved In The Infringement Lawsuit Remains Locked Away In The Defendants Files*** and can only be brought into to evidence by and through the process of discovery.

e) ***The Defendants In The Case At Bar Are Expending Great Legal Effort To Beat The Plaintiff Up On Legal Procedure***. This is the legal means which are currently avoiding the defendants answering infringement legal elements. The Defendant's also avoids the possibility of speaking to or entertaining or mentioning or addressing the simple straight forward claims and issues of what infringement as it is defined in the foregoing text.

# 21. THE PLAINTIFF IN ADDITION TO CLAIMING LIKELIHOOD OF CONFUSION,

is supported by the proven fact the plaintiff is the trademark owner. As the rightful Trademark owner, the Plaintiff has every legal right to claim trademark "dilution". The Plaintiff does rightfully and legally assert that he owns a *famous mark* a grenade air freshener is truly unique. Any use of the Plaintiffs mark by the Defendants cannot not reasonably be declared not to diminishes the strength or value of the plaintiff trademark owner's mark rights and income of that infringement.

# 22. THE DEFENDANT HAS MADE A RIGHTFUL LEGAL CLAIM BEFORE THIS COURT THAT ANY USE OR ABUSE AND SALES BY DEFENDANTS

: can't help avoid the "blurring" the mark's distinctiveness with an air freshener with the Trademark design of a hand grenade. The Defendants have with purposeful intent caused "tarnishing" the hand grenade mark's image by connecting it to something distasteful or objectionable-even if there is no likelihood of confusion.

d. Legal Sources 15 U.S.C. §§1114, 1116-1118 Black's Law Dictionary (9th ed. 2009) McCarthy on Trademarks & Unfair Competition (4th ed. 2014)

23. **The Plaintiff Prays for All of The Foregoing Relief As Defined In The Foregoing Text:** and any other relief the court may find fitting and proper in the name of justice and equity.

## 24. VERIFICATION OF PLEADING:

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.

Entered into on Monday, February 6, 2018 swear and affirm that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

_____
IBRAHIM NASSER
Plaintiff In-Pro-Per
P.O. Box 5626
Chula Vista, CA 91912

# IBRAHIM NASSER
P.O. Box 5626
CHULA VISTA, CA 91912
Plaintiff In *Propria Persona*
Case No.: 3-17-CV-0863 BMT (MDD)

Tuesday, February 6, 2018

## NOTICE TO THE HONORABLE TRIER OF FACT
## ALL PARTIES OF INTEREST AND ATTORNEYS OF INTEREST

Please be advised due illness and hospitalization I was unable to timely respond as may be required. I have been ill for two months.

The delay in response was unavoidable I have faxed the Reponses to the defendants with a hard copy to follow court fling vis US. mail.

I am requesting the courts indulgence as I am not an attorney. I do not have a staff of lawyers who can step in when I become ill.

This late response was un-planned and unavoidable. If the defendant attorneys need more time to ruminate over the pleading the matter can be continued. A short continuance won't work a hardship on the cause of justice or cause harm to the opposition.

I would like to thank the opposition attorneys for their professional courtesy and the honorable trier of fact for his understanding and accommodating my illness and hospitalization.

Respectfully Submitted
Best Regards

*[signature]*

Ibrahim Nasser
Plaintiff In *Propria Persona*