IBRAHIM NASSER
P.O. Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*


FILED
18 FEB 26 PM 1:41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). <br><br> Plaintiff, <br><br> Vs. <br><br> JULIUS SÄMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"), alleges as follows: <br><br> Defendants, <br> Does 1-100 | Case No.: 3-17-CV-0863 BMT (MDD)  BTM<br><br>JUDICIAL NOTICE TO THE HOMORABLE TRIER OF FACT: <br> JULIUS SÄMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively "Defendants") <br><br> A case has just been discovered that is on point and exactly like the case at bar. Addition to Amended Complaint Coty Inc. v. Excell Brands, LLC, 1:15-cv-07029-JMF (SDNY). |

The Plaintiff just discovered the case attached hereto in exhibit #1. Coty Inc. v. Excell Brands, LLC, 1:15-cv-07029-JMF (SDNY). This case is just like the case at issue before the court. Because of the similarity of this case and the court's ruling this support my case for recovery from the defendants.



1

## VERIFICATION OF PLEADING:

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America. Entered into on Monday, February 26, 2018 swear and affirm that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

_____
IBRAHIM NASSER
Plaintiff In-Pro-Per
P.O. Box 5626
Chula Vista, CA 91912

2

# THE FASH

## Coty Awarded $6.5 Million in Case Over Copycat Fragrances



*October 9, 2017* TFL

image: CK

"Imitation may well be the sincerest form of flattery, but if taken too far it can also be costly." This is one of the opening lines of Judge Jesse Furman of the U.S. District Court for the Southern District of New York's decision in the case that cosmetics and fragrance giant Coty, Inc. filed against copycat fragrance company Excell Brands.

SERENITY instead of ETERNITY. POSSESSION instead of OBSESSION. EUPHRATES, "Our version of EUPHORIA by CALVIN KLEIN." These are a few of the 21 different perfumes that Excell has been selling in an attempt to capitalize on the success of well-known fragrances from Calvin Klein, Chloe, Marc Jacobs, and Burberry, among others, for which Coty holds the licenses in order to produce and market their fragrance and cosmetics collections.

In addition to adopting similar product names, Excell has been making use of packaging that is nearly identical to that of the real thing to further tempt consumers with its "knockoffs." According to the court, Excell "frequently made changes to the products so that the packaging of its knockoffs would more closely resemble Coty's original branded fragrances."




This is one of the things that Coty alleged when it filed suit against Excell in 2015. In that multi-million dollar trademark and false advertising lawsuit, Coty claimed that Excell's fake fragrances did not smell anything like the real thing or match up in terms of quality. Nonetheless, New Jersey-based Excell prominently included Coty's trademarks on its packaging, right under words "Our Version Of"

(the latter of which was in a much smaller font than the brand names) and sold the imitations through retailers like Kmart, Dollar General, Ross Stores, and Amazon.

# A Win for Coty

Now, on the heels of three years of litigation, Coty has been handed a significant victory in a New York federal court, scoring $6.5 million dollars in damages and an order from the court ordering Excell to stop selling any confusingly similar fragrances. In siding with Coty, Judge Furman held that "Excell's products copy, with only slight differences, the names, typefaces, packaging, design, coloring, and bottle shapes of Coty's fragrances."

Excell argued that it should be shielded from liability thanks to the doctrine of nominative fair use (arguing that it was merely using the brands' trademark protected names to "describe" its own fragrances) and due to its "good faith intent to compete rather than bad faith intent to deceive." But the court was not swayed.

According to Judge Furman, Excell's use was not fair, as it was not merely describing its fragrances but seeking "to mirror Coty's fragrances' appearance in nearly every way possible." For instance, Excell's fragrances were not sold in generic bottles but in ones that look very similar to those of Coty. The names chosen were related to Coty's, and



Coty's brands were prominently displayed on product packaging. Furman held that Excell had misleadingly communicated to consumers by way of its packaging that its perfumes were of similar or equivalent quality to Coty's brand name products, and yet, in the court's view, the actual differences between Coty's products and Excell's are vast. Coty, for instance, makes it fragrances by way of "a laborious process that involves sourcing the proper essential oils from fragrance houses and extensive laboratory testing." In addition, "development of a fragrance's packaging can be a multi-year process, as Coty tries to create new designs that will differentiate its fragrances from those of its competitors."

Excell, on the other hand, "had no first-hand knowledge of the chemical composition or ingredients of its products; nor did it have any meaningful quality assurance program." (Eek!).

Moreover, Judge Furman did not accept Excell's argument that it would be "clear" from the packaging – namely, a disclaimer on the back of the products – that they are not associated with Coty and instead, found that each of the

Excell fragrances at issue "is likely to cause at least some level of confusion as to source in the minds of fragrance shoppers."

As noted in a release put forth this past week, while Coty was awarded an accounting of more than $6.5 million in Excell's profits from the violative products, it did not get everything it asked for. The court declined to grant an enhanced monetary award for counterfeit products, holding that more than "mere similarity" or "colorable imitation" is necessary for counterfeiting remedies.

In addition, the court did not award attorneys' fees to Coty, even though it had determined that Excell had acted in bad faith.



As for Excell, if its name sounds familiar, that is likely because several of its principals and employees were indicted on charges of money laundering for the benefit of certain Latin American drug cartels in 2015. Federal prosecutors charged Excell directors, including President Wayne Hamerlings, with laundering millions in street cash for narcotics traffickers from Mexico and elsewhere through major financial institutions, passing as much as $24 million in drug money in thousands of transactions through Bank of America.

\* *This case is Coty Inc. v. Excell Brands, LLC, 1:15-cv-07029-JMF (SDNY).*

In Law

Share

← adidas Victorious in European Patent Battle Against NikeL'Oreal, Christian Dior, Estee Lauder Charged in $20 Million Collusion Scheme →

© 2012-2018 THE FASHION LAW. All rights reserved.