SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
HOWARD LORING ROSE (State Bar No. 251727)
  loringrose@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Specially Appearing for Putative Defendant
JULIUS SÄMANN LTD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). <br><br> Plaintiff, <br><br> vs. <br><br> JULIUS SAMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"), <br> alleges as follows: <br><br> Defendants, <br><br> Does 1-100 | Case No. 3:17-CV-00863 BTM (MDD) <br><br> [Hon. Barry Ted Moskowitz] <br><br> **REPLY IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE** <br><br> [Fed. R. Civ. P. 12(b)(5)] <br><br> Hearing Date: March 9, 2018 <br> Hearing Time: 11:00 a.m. <br> Courtroom: 15B <br><br> **PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> Action Filed: April 28, 2017 <br> Trial Date: None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs do not dispute that they failed to properly serve specially appearing defendant Julius Sämann Ltd. ("JSL"), a Bermuda company, in compliance with Bermuda law and the Hague Convention. Instead, Plaintiffs' sole purported means of serving the Third Amended Complaint ("TAC") and summons on JSL was to mail the documents to two outside law firms: (i) counsel of record in this action; and (ii) the trademark counsel listed on JSL's registrations with the U.S.P.T.O. But ***neither*** law firm has agreed to accept service on JSL's behalf, and Plaintiffs do not contend otherwise. Accordingly, service was not effective.

After a proper objection, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Motley v. Parks*, No. CV0001472, 2001 WL 849637, at * 2 (C.D. Cal. July 23, 2001) (granting motion to quash service). Lacking any basis to establish effective service, Plaintiffs argue that service on JSL is not required based on their conclusory assertion that JSL is an "alter ego" of defendant CAR FRESHNER CORPORATION —or as Plaintiffs put it, JSL and CFC are "just different pockets in the same pair of pants." Opp. at 5. Their creative analogies aside, Plaintiffs' bare allegations fall far short of establishing alter ego liability.[1] In fact, the TAC actually contradicts this theory, as it (correctly) alleges that defendant CFC is the U.S. licensee for JSL (TAC at 7, ¶

---

[1] *E.g., Wady v. Provident Life and Accident Ins. Co. of America,* 216 F.Supp.2d 1060, 1067 (C.D. Cal.2002) ("[Nothing in the complaint] alleges that UnumProvident treats the assets of Provident as its own, that it commingles funds with Provident, that it controls the finances of Provident, that it shares officers or directors with Provident, that Provident is undercapitalized, or that the separateness of the subsidiary has ceased. Without such allegations, the issue is not adequately raised..."); *In re Currency Conversion Fee Antitrust Litigation*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003) ("These purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard").

1
REPLY IN SUPPORT OF JSL'S MOTION TO QUASH
4841-3290-3774v.2 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

29.)[2]  A licensor-licensee relationship reflects a *separation* of entities, and thus does not support Plaintiffs' conclusory argument that JSL and CFC are alter egos.

More to the point, Plaintiffs improperly attempt to use a **liability** theory as a substitute for **service**.  The "alter ego" doctrine allows a court to disregard the corporate form and allow one company to be held liable for the acts of another when certain narrow conditions are met.  *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300 (1985) ("In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders [or another corporation] liable for the actions of the corporation.")  But merely pleading such a theory of liability (even assuming Plaintiffs properly pled it here, which they have not) would not obviate the requirement to effect service on *each* defendant.  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).  Bare alter ego allegations cannot substitute for satisfying jurisdictional prerequisites.

## CONCLUSION

Because Plaintiffs have failed to meet their burden to establish the validity of service, service of the Summons and Complaint on JSL must be quashed.

DATED: March 8, 2018

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
HOWARD LORING ROSE

By:  /s/ *Scott R. Commerson*
Scott R. Commerson

Specially Appearing for Putative Defendant JULIUS SÄMANN LTD.

---

[2] Plaintiffs' argument that JSL failed to properly register to do business in California (Opp. at 10-11) ignores that CFC is JSL's U.S. licensee, and in any event is irrelevant to the question of whether service was properly effected.  Nor do Plaintiffs cite any laws that would require JSL to register to do business in California in order to have brought a proceeding with the *federal* Trial Trademark and Appeal Board of the U.S.P.T.O.

2
REPLY IN SUPPORT OF JSL'S MOTION TO QUASH
4841-3290-3774v.2 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I certify that on March 8, 2018, **REPLY IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MOTION TO QUASH RETURN** OF **SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

    Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:   */s/Scott R. Commerson*
      Scott R. Commerson

3
REPLY IN SUPPORT OF JSL'S MOTION TO QUASH
4841-3290-3774v.2 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 8, 2018, I served the foregoing document(s) described as: **REPLY IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND COMPLAINT FOR IMPROPER SERVICE** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 8, 2018, at Los Angeles, California.

☑ Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Miriam Cardona                           _/s/ Miriam Cardona_
Print Name                                Signature

REPLY IN SUPPORT OF JSL'S MOTION TO QUASH  4
4841-3290-3774v.2 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899