KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
nstagg@kilpatricktownsend.com
12730 High Bluff Drive, Suite 400
San Diego, CA  92130
Telephone:  (858) 350-6156
Facsimile:   (858) 350-6111

WILLIAM M. BRYNER (*pro hac vice* application forthcoming)
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7482
Facsimile:   (336) 734-2656

Attorneys for Defendant
ENERGIZER BRANDS II LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER, and SERIOUS SCENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JULIUS SAMANN LTD DBA-LITTLE TREE DBA-CAR-FRESHNER CORPORATION, and NATURE'S APPEAL MANUFACTURING CORPORATION DBA-STINK GRENADE, and ENERGIZER BRANDS II LLC DBA HANDSTANDS, DBA AMERICAN COVERS INC., DBA DRIVEN BY REFRESH YOUR CAR,<br><br>Defendants. | Civil Action No. 17-cv-00863 (BTM MDD)<br><br>**DEFENDANT ENERGIZER BRANDS II LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date:   March 9, 2018<br>Hearing Time:  11:00 a.m.<br>Courtroom: 15B<br><br>Chief Judge Barry Ted Moskowitz<br><br>Complaint Filed: 4/28/2017<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Defendant Energizer Brands II LLC ("Energizer") respectfully submits this Reply in support of its pending Motion to Dismiss (ECF 59) and in response to Plaintiffs Ibrahim Nasser's and Serious Scents' ("Plaintiffs") response to the Motion (ECF 68, the "Response").

## I.    INTRODUCTION AND BACKGROUND

This Court should grant the Motion because the Plaintiffs have not provided substantive responses to any of the arguments presented in Defendant Energizer Brands II LLC's Memorandum in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint (ECF 59-1, the "Motion") and because, as discussed in detail in the Motion, Plaintiffs have ignored the Court's Order and Local Rules.

As the Court is already well aware, Energizer filed suit against Plaintiffs in the Eastern District of Missouri on March 10, 2017 seeking declaratory relief relating to allegations by the Plaintiffs of various trademark and copyright claims and asserting affirmative claims of trademark infringement and competition against Plaintiffs (the "Missouri Action"). ECF No. 6-2, Ex. 1 (Missouri Complaint). Forty-nine days after Energizer initiated the Missouri Action, Plaintiffs filed their original Complaint in the present action (the "California Action").  Energizer moved to dismiss the complaint filed in the California Action, as did Defendant Car-Freshner Corporation.  ECF Nos. 6, 11.

The Court granted Energizer's motion to dismiss the complaint filed in the California Action, ECF No. 28, (the "Order") and Plaintiffs subsequently attempted to file several amended complaints.  *See* ECF No. 37, 39.  These attempts included a September 7, 2017 filing, which the Court struck *sua sponte* for Plaintiffs' failure to comply with the Local Rules, ECF No. 40; and an October 4, 2017 version , ECF No. 42, which the Court likewise struck *sua sponte* for Plaintiffs' failure to comply with Local Rules.  ECF No. 51.  Plaintiffs then filed yet another amended complaint, ECF No. 52 (the "Amended Complaint"). As discussed in the Motion, the Amended Complaint (1) does not comply with the

DEFENDANT ENERGIZER BRANDS II LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

Court's Order that it be "accompanied by a version of that pleading that shows . . . how that pleading differs from the previously dismissed pleading," ECF No. 51, (2) "is too poorly pled to state a claim," Order at 3, and (3) to the extent that it does state viable claims, those claims are substantially similar to the claims at issue in the Missouri Action and thus invoke the first-to-file rule.[1]  Motion at 6.  Because the Plaintiffs' Response fails to address any of these arguments, the Court should grant Energizer's Motion to Dismiss.[2]

## II.    ARGUMENT

### A.    Plaintiffs' Response to Energizer's Motion to Dismiss Does Not Address Plaintiffs' Failure to Comply with the Court's Order or Local Rule of Civil Procedure 15.1(c).

As discussed in the Motion, the Court, in its October 31, 2017 Order, ECF No. 51, reminded Plaintiffs that under Local Rule of Civil Procedure 15.1(c) "because this Court has already granted a motion to dismiss, the amended complaint 'must be accompanied by a version of that pleading that shows--- through redlining, underlining, strikeouts, or other similarly effective typographic methods---how that pleading differs from the previously dismissed pleading.'" Motion at 6.  The court further noted that "[f]ailure to file a complaint in compliance with the Local Civil Rules will result in dismissal of this action."  ECF

---

[1] Plaintiffs filed a motion to dismiss the Missouri Action, which is now fully briefed and is awaiting a ruling by the court in the Missouri Action.  Energizer believes that the court in the Missouri action may be awaiting a ruling on Plaintiffs' motion in this case before proceeding.

[2] In addition, the Court should dismiss this action on the grounds that Plaintiffs have failed to keep the Court advised as to their current address.  Local Rule 83.11 (b) provides that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address," and that "if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action."  A letter sent from the court to Ibrahim Nasser's address, was returned to sender indicating Nasser has not kept the court apprised of its current address.  *See* ECF 71.  Thus, the Court has these additional grounds to dismiss.

DEFENDANT ENERGIZER BRANDS II LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

No. 51.  Plaintiffs completely ignored Rule 15.1(c) and the Court's Order, offering no version of the Amended Complaint that provides any indication as to how it differs from its previous iterations.  The Plaintiff's Response makes no reference to Local Rule of Civil Procedure 15.1(c) or the Court's Order, nor does it make any effort to deny that its Amended Complaint has failed to comply with either the Local Rule or the Court's Order.  As the Court's Order makes clear, because Plaintiffs have failed to comply with the Court's directives and the Local Rules, the appropriate result is the dismissal of this action.  *Id.*

**B.** **Plaintiffs' Response to Energizer's Motion to Dismiss Does Not Address Energizer's Argument that the Amended Complaint is Too Poorly Pled to State a Claim.**

The Motion provides a detailed discussion of the failure of the Amended Complaint to adhere to Rule 8(a) pleading requirements and its failure to state a plausible claim for relief.  Motion at 7-11.  In particular, Energizer argued in the Motion that Plaintiffs' Amended Complaint suffers from the same deficiencies as the original Complaint, which the court found failed to adhere to the Rule 8(a) pleading requirements because it was confusing, unfocused, argumentative, and scattered with irrelevant material, and lacked simple, concise, and direct statements setting forth the alleged wrongdoing of each defendant in support of any of the intended claims.  *Id.* at 7.  The Response provides no counter-argument to Energizer's position.  To the contrary, the Response, like the Amended Complaint, is utterly confusing, disorienting, unclear and littered with irrelevant arguments.

In addition, although the Motion argued that the Amended Complaint failed to state a plausible claim for relief and should be dismissed under Rule 12(b)6), the Response provides no counter-argument to Energizer's argument that Plaintiffs' Amended Complaint, like its previous iterations, fails to show, through well-pleaded factual allegations, "how the elements of the laws underlying their claims were violated by defendants."  Motion at 10 (citing Order at 4).  Plaintiffs' "failure

to respond to [Energizer's] arguments that the [Amended Complaint] fails to state a claim constitutes consent to grant the motion." *Van Boom v. Recontrust Co.*, No. 09CV1885WQH, 2010 WL 318402, at *1 (S.D. Cal. Jan. 19, 2010); *see also* Local Rule 7.1(f)(b) ("The opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant."); *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) (affirming the district court's holding that a party waived an argument by failing to raise it in the party's opposition to the motion to dismiss); *Tatum v. Schwartz*, No. CIV S-06-01440DFLEFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) ("Tatum tacitly concedes this claim by failing to address defendants' argument in her opposition.  Accordingly, defendants' motion to dismiss the fourth claim is GRANTED.").

Energizer maintains that by continuously ignoring Court Orders and applicable rules across Plaintiffs' numerous amended complaints, Plaintiffs have wasted a substantial amount of the Court's and the Defendants' resources.  Each time Plaintiffs have filed a new complaint, Energizer has had to decipher the allegations and prepare a response.  Plaintiffs have had this Court's guidance and every opportunity to amend their complaint so that it is compliant; Energizer now respectfully reiterates its request that the Court hold Plaintiffs to the Court's warning that their failure to comply with the rules will result in dismissal of this action.  *See* ECF No. 51.

**C.    Plaintiffs' Response Does Not Provide Substantive Counter-Arguments in Response to Energizer's Argument That, Even if Plaintiffs' Amended Complaint States a Claim, the First-to-File Rule Should Be Applied to this Case.**

Plaintiffs offer no arguments responsive to Energizer's position that the first-to-file rule should be applied to this case.  As discussed in the Motion, Courts consider three factors in determining whether the first-to-file rule is applicable: "(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity

DEFENDANT ENERGIZER BRANDS II LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

of the issues." *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, *2 (N.D. Cal. Sept. 9, 2013); see also *Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000). Energizer argued in the Motion, that the first-to-file rule should be applied to dismiss the California Action against Energizer, or in the alternative, to stay the California Action in favor of the Missouri Action and outlined how each of these factors is satisfied in this case. Motion at 11-17. Specifically, Energizer noted that (1) Energizer filed the Missouri Action more than seven weeks before Plaintiffs filed the California Action, (*id*. at 12), (2) that both the Missouri Action and the California Action involve the substantially similar parties Energizer Brands II LLC and Serious Scents, Inc. and Ibrahim Nasser, (*id*. at 13), and (3) to the extent Plaintiffs stated a viable claim for relief, the Missouri Action and the California Action involve substantially similar issues (*id*. at 13-15). Energizer further argued that it did not file an anticipatory suit or engage in forum shopping, and that the pace of the matters favors Energizer. *Id*. at 15-17.

Under a generous interpretation, Plaintiffs' Response appears to acknowledge this argument but offers no substantive response. For example, in Plaintiffs' Response they state that "Opposition Attorney continues to falsely claim that Missouri Federal Court should have jurisdiction." Response at 5. However, rather than presenting arguments regarding how the first-to-file rule favors its position, Plaintiffs appear to vaguely argue that Plaintiffs are not subject to jurisdiction in Missouri claiming their web presence is insufficient to establish jurisdiction because it "does not make the Plaintiff unique," and that "[h]aving a webpage does not mean anyone has seen it or used it." *Id*. at 5-6. As in the Amended Complaint, the Response is difficult to comprehend, but this appears to be the only statement made by Plaintiffs even remotely related to the interplay between the Missouri Action and the California Action. Thus, Plaintiffs have conceded that, to the extent any viable claims exist, the first-to-file rule should

apply. *See, eg. Pers. Elec. Transports, Inc.,* 313 F. App'x at 52; *Van Boom*, 2010 WL 318402, at *1; *Tatum*, 2007 WL 419463, at *3.

The arguments made in the Response are simply not responsive to the Motion.  Instead, like the Amended Complaint, the Response meanders from discussions of jurisdiction – including a paragraph devoted to quotes from Alexander Hamilton – to demands for judgment, from a definition of trademark infringement, to a discussion of Plaintiffs' choice to sue in federal rather than state court, and from what the Plaintiffs must prove to establish infringement, to the presumption of validity and ownership of a mark based on registration on the Principal Register.  Because Plaintiffs have failed to respond to any of the arguments presented in the Motion to Dismiss and because the Amended Complaint remains in non-compliance with the Local Rules and this Court's directives, the Court should grant the Motion to Dismiss.

## III.   CONCLUSION

For the foregoing reasons, Energizer respectfully requests that the Court grant Energizer's Motion to Dismiss this case against Energizer, without leave for Plaintiffs to attempt to re-plead their claims.  In the alternative, this Court should grant Defendant's Motion to Stay.

DATED:  March 9, 2018

Respectfully submitted,
KILPATRICK TOWNSEND & STOCKTON LLP

By:*/s/ Nancy L. Stagg*
    Nancy L. Stagg

Attorneys for Defendant
ENERGIZER BRANDS II LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served March 9, 2018, with a copy of **DEFENDANT ENERGIZER BRANDS II LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** via the Court's CM/ECF system per Local Rule 5.2.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Nancy L. Stagg*
Nancy L. Stagg

DEFENDANT ENERGIZER BRANDS II LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD

## PROOF OF SERVICE

I hereby certify and declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1.    I am over the age of 18 years and am not a party to the within cause. My business address is 12730 High Bluff Drive, Suite 400, San Diego, California 92130.

2.    I am familiar with my company's mail collection and processing practices, know that said mail is collected and deposited with the appropriate overnight delivery service or with the United States Postal Service on the same day it is deposited in interoffice mail, and know that postage thereon is fully prepaid.

3.    Following said practice, on      March 9, 2018, I served by United States mail, a true copy of the attached document titled exactly: **DEFENDANT ENERGIZER BRANDS II LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** by mailing first class via U. S. Mail in an addressed, postage prepaid, sealed envelope to the undersigned parties:

Ibrahim Nasser                                          Plaintiff Ibrahim Nasser
P.O. Box 5626                                           Pro Se
Chula Vista, CA 91912

Serious Scents, Inc.                                   Plaintiff Serious Scents, Inc.
P. O. Box 5626                                          Pro Se
Chula Vista, CA 91912

EXECUTED this 9th day of March, 2018, at San Diego, California.

Margaret R. Chapman

DEFENDANT ENERGIZER BRANDS II LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 17-CV-0863-BTM MDD