UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER; SERIOUS SCENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JULIUS SAMMANN LTD. DBA LITTLE TREE DBA CAR-FRESHNER CORPORATION, et al.,<br><br>Defendants. | Case No.: 17-cv-0863-BTM-MDD<br><br>**ORDER GRANTING MOTION TO QUASH; GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFFS' MOTION TO COMPEL; DENYING PLAINTIFFS' MOTION TO OPEN DISCOVERY AND SET A JURY TRIAL; AND GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND**<br><br>**[ECF Nos. 58, 59, 60, 81, 83, 84, 87, 91, 95]** |

Pending before the Court are two Motions to Dismiss Plaintiffs Ibrahim Nasser and Serious Scent's Third Amended Complaint ("TAC") as well as a Motion to Quash the Summons and TAC for Improper Service. (ECF Nos. 58, 59, 60). The Court also considers Plaintiffs' Motion for Leave to Amend, Supplemental Pleading to Extinguish the Little Tree Trademark, Motion to Compel Meet and Confer, Motion to Set Jury Trial, Motion to Open Discovery, and other supplemental pleadings filed without leave of Court. (ECF Nos. 81, 83, 84, 87, 91, 95).

Defendant Julius Samann Ltd. ("JSL"), a Bermuda corporation, moves to quash the summons for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 60). Defendant Car-Freshner Corporation ("Car-Freshner") moves to dismiss the TAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Energizer Brands II LLC ("Energizer") moves to dismiss the TAC for failure to state a claim under Rule 12(b)(6), for inadequate pleading pursuant to Federal Rule of Civil Procedure 8(a), and for violating the first-to-file rule. Both Car-Freshner and Energizer urge dismissal of the TAC because Plaintiffs continue to flout Local Rules, specifically Local Rule of Civil Procedure 15.1.

For the reasons discussed below, the Court grants the Motion to Quash (ECF No. 60), grants Energizer's Motion to Dismiss, and grants Car-Freshner's Motion to Dismiss. (ECF Nos. 58, 59). The Court also grants Plaintiffs' Motions for Leave to Amend. (ECF No. 83, 87).

**I.    BACKGROUND**

This action arises from Defendants' alleged trademark and copyright infringement of Plaintiffs' products: "Little Grenade," a grenade-shaped air freshener, and other automobile accessories bearing the "Serious Scents" label. (TAC ¶ 1, 3). The parties have been litigating related trademark and copyright claims in Missouri, Utah, and before the U.S. Patent & Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB"). (*See* ECF No. 6-3; ECF No. 95 at 38; TAC Exh. 8).

Energizer filed suit against Plaintiffs in the Eastern District of Missouri on March 10, 2017 "seeking declaratory relief relating to Plaintiffs' allegations and also asserting affirmative claims of trademark infringement and unfair competition against Plaintiffs under both federal law and the law of the State of Missouri." (ECF No. 59-1 at 1; ECF No. 6, Exhs. 3, 4) (Missouri Complaint)). Plaintiffs filed the original Complaint in this case forty-nine days after Energizer sued Plaintiff in

Missouri. (ECF No. 1). In April 2018, the Missouri case was transferred from the Eastern District of Missouri to the Southern District of California, and assigned to this Court as a related case. (ECF No. 77; Case No. 17-cv-876).

Plaintiff prevailed in 2016 TTAB proceedings initiated by named Defendant Julius Samann Ltd. (JSL), who opposed Plaintiff's 2012 registration of a grenade mark. (*See* TAC, Exh. 8 ("TTAB")). As JSL's exclusive licensee in the United States, Car-Freshner's legal coordinator testified at the proceedings. (TTAB at 3). TTAB concluded that Samann failed to prove by a preponderance of the evidence that Nasser was not using the mark in commerce as of the filing date of Nasser's application. (TTAB at 15).

As for the proceedings before this Court, this is Plaintiff's Third Amended Complaint. (*See* ECF Nos. 1, 37, 40, 51, 52). The Court granted Defendants' previous motions to dismiss Plaintiff's complaint for failure to state a claim with leave to amend. (ECF Nos. 28, 40, 51).

## II. PLAINTIFFS HAVE NOT EFFECTED SERVICE ON NAMED DEFENDANT JULIUS SAMANN LTD

Defendant Julius Samann Ltd. (JSL), a Bermuda corporation, moves to quash the summons for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 60). Plaintiff served the summons on JSL by mailing the summons to Defendant Car-Freshner's counsel in Los Angeles. (ECF No. 52-14). JSL asserts that Plaintiff's service of the summons on JSL was defective because (1) Car-Freshner's counsel never agreed to accept service on JSL's behalf; (2) Plaintiffs failed to allege they served JSL itself by any method; and (3) service by mail is not authorized by Bermuda, JSL's place of incorporation, and thus any putative mail service would not have been effective under the Hague Convention. (ECF No. 60-1).

Plaintiffs argue JSL is "internationally gaming . . . our US Court System" and evading service by claiming the status of a foreign entity. (ECF No. 93 at 11).

Plaintiffs assert it is "the ultimate in legal schizophrenia" for JSL to pursue a TTAB action against Plaintiffs only to evade service as a Defendant. (Id.). Plaintiffs request the Court "demand of the defendant supply the Plaintiff with and agent for service of process in California and provide the court with proof Julius Samann Ltd . . . has standing in this state and in this Federal Court." (Id.; see also ECF No. 85 at 9). Plaintiffs urge the Court to reject JSL's "empty chair defense," characterizing it as a "Twaddle Dumb, Twaddle De defense it [w]as him not me it must have been thee." (ECF No. 85 at 6). Plaintiffs find it unjust that JSL has "the right to sue while being exempt from suit because [JSL] can't be served." (ECF No. 85 at 6).

     A complaint may be dismissed for improper service. Fed. R. Civ. P. 12(b)(5). A summons must be directed to the defendant to be effective. Fed R. Civ. P. 4(a)(1)(B). An individual in a foreign country may be served under any "internationally agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. (4)(f)(1). Otherwise, the individual may be served by a method that "is reasonably calculated to give notice . . . as prescribed by the foreign country's law for service." *Id.* This includes "delivering a copy of the summons and of the complaint to the individual personally . . . or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," so long as such methods are not prohibited by the foreign country's law. Fed. R. Civ. P. 4(f).

     Here, Plaintiff mailed the complaint in an envelope addressed to "Julius Samann" at Davis Wright Tremaine LLP's Los Angeles office address. (*See* ECF No. 60-2, Commerson Decl. ¶ 2, Exh. A). JSL submitted a declaration by Scott R. Connerson, an attorney at Davis Wright Tremaine LLP in Los Angeles, stating that the law firm received the complaint but no summons, and that neither

1  Connerson nor any other Davis Wright Tremaine attorney was authorized to
2  receive service on behalf of JSL.  (*See* ECF No. 60-2, Commerson Decl. ¶ 4).
3       Plaintiffs have failed to properly serve JSL.  Service was not directed at
4  JSL but at a law firm that was not authorized to receive process on JSL's behalf.
5  (Commerson Decl. ¶¶ 2, 4, Exh. A).  The mailing included the complaint, but not
6  a summons.  (Id.)  A copy of the summons was neither delivered to JSL
7  personally nor sent to JSL by mail.  (Id.)  Plaintiffs have not attempted to serve
8  JSL in Bermuda, its place of incorporation.  Plaintiff's method of service was
9  therefore not reasonably calculated to give notice under Federal Rule of Civil
10 Procedure 4, irrespective of whether Bermuda prohibits service by mail.
11      The Court accordingly grants the Motion to Quash the attempted service on
12 JSL.

### III. **PLAINTIFFS' CONTINUED NONCOMPLIANCE WITH LOCAL RULES**

14 Plaintiffs filed the original Complaint on April 28, 2017.  (ECF No. 1).  On
15 August 15, 2017, the Court granted Defendants' Motion to Dismiss the
16 Complaint, and gave Plaintiffs leave to amend. (ECF No. 28).  That same date,
17 Plaintiffs attempted to file several amended complaints that violated Local Rule of
18 Civil Procedure 15.1. (ECF Nos. 37, 39).

19 Plaintiffs attempted to file a First Amended Complaint ("FAC") on
20 September 7, 2017.  On September 20, 2017, the Court issued an order striking
21 Plaintiffs' proposed FAC for failing to conform to Local Rule 15.1 but granted
22 Plaintiffs leave to amend.  (ECF No. 40).  On October 4, 2017, Plaintiffs
23 submitted a Second Amended Complaint ("SAC") that again failed to comply with
24 Local Rule 15.1.  (ECF No. 42).  In the Court's October 31, 2017 order striking
25 the SAC, the Court provided Plaintiffs with a roadmap for compliance and
26 stressed that "[f]ailure to file a complaint in compliance with the Local Civil Rules
27 will result in dismissal of this action." (ECF No. 51).

28 The TAC fares no better than its predecessors.  (ECF No. 52).  Local Rule

15.1(a) states that "[e]very pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading." And Local Rule 15.1(c), which governs amended pleadings filed after motions to dismiss or strike, provides:

> Any amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend, must be accompanied by a version of that pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how that pleading differs from the previously dismissed pleading.

Plaintiffs make no showing as to how the TAC differs from the previously dismissed pleadings. The Court has given Plaintiffs every opportunity to comply with the rules and warned Plaintiffs that dismissal is a consequence of noncompliance. Plaintiffs' pattern of noncompliance is grounds for dismissal of this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Even if Plaintiffs had complied with the Local Rules, the TAC would not survive the Motions to Dismiss for reasons set forth below.

## IV. **THE TAC FAILS TO STATE A TRADEMARK CLAIM**

Both Car-Freshner and Energizer argue that the TAC fails to make a cognizable trademark infringement claim and is subject to dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 58-1, 59-1). The Court agrees that Plaintiffs fail to state a claim. Dismissal will be with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend "shall be freely given when justice so requires" and granted "with extreme liberality").

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

2001)). "To survive a Rule 12(b)(6) motion to dismiss, 'a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.' " *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). A claim is plausible on its face if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although the court "will assume the veracity of well-pleaded factual allegations," conclusory statements are not entitled to this assumption of truth. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). "Legal conclusions may provide a framework for a complaint but 'they must be supported by factual allegations.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation," and a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

**A. Trademark Infringement Under the Lanham Act**

Plaintiffs' first cause of action asserts trademark infringement, unfair competition, and trademark dilution against all Defendants under the Lanham Act, 15 U.S.C. §§ 1114 & 1125. (Compl. ¶ 69). As an initial matter, the Court notes that Plaintiffs allege that Plaintiffs prevailed on the merits of related trademark claims in a TTAB proceeding and in a Utah case, attaching the decisions to his pleadings. (*See* ECF No. 95 at 12-13). However, the Utah case was decided on jurisdictional grounds. *See American Covers, Inc. v. Serious Scents, Inc.*, No. 2:13-cv-1032, 2014 WL 4956353 (D. Utah Oct. 1, 2014) (holding the court lacked personal jurisdiction because Serious Scents had insufficient minimum contacts in Utah); ECF No. 95 at 38. As for the TTAB

proceeding, JSL opposed the registration of Plaintiffs' grenade mark in 2012 solely on the basis that the application was void because Plaintiffs were not using the mark in interstate commerce at the time of filing. (*See* TAC Exh. 8 at 2 n.3). The TTAB held that JSL failed to make a prima facie case of nonuse and thereby shift the burden of proof to Plaintiffs, but the decision did not address likelihood of confusion or other issues that went to the full merits of the trademark dispute. (*See id.* at 2 n.3, 15). Thus, contrary to Plaintiffs' assertions, Plaintiffs have not previously prevailed on the trademark infringement claims set forth in the TAC.

To prevail on a trademark infringement claim, a plaintiff must show: (1) that it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to cause confusion. *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890 (C.D. Cal. 2014) (citing *Applied Info. Scis. Corp v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006)).

**1. Validity of the Mark**

"The threshold issue in any action for trademark infringement is whether the words used by a manufacturer in connection with his product are entitled to protection." *Applied Info. Scis. Corp.*, 511 F.3d at 969 (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985)). A party has a protectable interest upon showing: (1) it has a federally registered mark in goods or services; (2) its mark is descriptive but has acquired a secondary meaning in the market; or (3) it has a suggestive mark, which is inherently distinctive and protectable. *Id.* Registration of a mark is prima facie evidence of the registrant's ownership, but "a registered trademark holder's protectable interest is limited to those goods or services described in the registration." *Applied Info. Scis. Corp.*, 511 F.3d at 970 (citing 15 U.S.C. §§ 1057(b), 1115(a)).

Plaintiffs have pled ownership of the following Copyright and Trademark registrations: a copyright registration for a grenade shaped car freshner featuring

the print "Serious Scents" titled "LITTLE GRENADE 'SERIOUS SCENTS'" under number VA 691-296 (registered 1995); trademark registrations for a "fanciful drawing of a pinwheel followed by the words 'serious scents' with a fanciful asymmetrical arch behind the words 'serious scents'" under registration numbers 3,128,554 (registered 2006), 3,755,314 (registered 2010), and 4,789,267 (registered 2015); and trademark registrations for "the design of a grenade" used for "air deodorizing preparations" under 3,508,401 (registered 2008) and 5,163,717 (registered 2017). (ECF No. 52-3). A cease-and-desist letter from Plaintiffs to Car-Freshner states Plaintiffs own a LITTLE GRENADE® air-freshner registration as of January 5, 2010 under registration number 3,733,162. (ECF No. 52-10).

Plaintiffs thus meet this threshold criteria.

**2. Likelihood of Confusion**

"The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007) (internal quotations omitted). In determining whether likelihood of confusion exists, courts typically consider the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003).

Plaintiffs claim Car-Freshner is at fault for "copying the exact Header cards and packaging and Exact Displays feel and looks for Plaintiff," and provides exhibits comparing the products. (Compl. at ¶ 49; Exh. 11). Plaintiffs allege that Car-Freshner began calling its product "Little Tree" after Plaintiffs coined the term
9

"Little Grenade," and also copied Plaintiffs' "Made in the USA" icon on its packaging. (Compl. at ¶ 49). Plaintiffs acknowledge that Car-Freshner owns trademarks to its designs, but allege that Car-Freshner, with "purposeful intent altered its original Registrations mark" to resemble Plaintiffs' packaging "causing confusion in the market place." (Compl. at ¶ 51).

Plaintiffs add "Energizer Brands II LLC, have committed the same identical copying and infringements causing confusion in the marketplace" and "[t]here is a Likelihood of Confusion, which exists with respect to Defendants Energizer Brands II LLC." (Compl. at ¶ 18, 19). To show likelihood of confusion, Plaintiffs include comparisons of Energizer's products with Plaintiffs', various petitions for cancellation Plaintiffs filed against Energizer for its use of grenade marks and the word "scents", and a letter from Energizer's attorneys negotiating with Plaintiffs. (ECF No. 52-5, 52-6).

Plaintiffs do not address Car-Freshner's likelihood of confusion arguments in its opposition. In its allegations about Defendants' intent in choosing the mark, Plaintiffs ignore that Car-Freshner's 1996 "Little Trees" registration pre-dates Plaintiffs' alleged 2010 registration of "Little Grenade," (ECF No. 52-10) and the Little Trees logo's first use in commerce dates to 1957, well before 1993, the year of Plaintiffs' first use in commerce. (*See* ECF No. 52-10 at 15; ECF No. 52-3 at 7, 10).

In Plaintiffs' opposition to Energizer, Plaintiffs state that "[t]he court need only look at the two air freshners side by side and the infringement is as plain as the nose on one face." (ECF No. 68 at 10-11). Plaintiffs assert "if it walks like a duck, quacks like a duck it's a duck. The same applies to the infringement of the Hand Grenade Air Freshner and California Scents air fragrancing trademark." (ECF No. 68). But Plaintiffs are mistaken. A side-by-side comparison of the marks, however similar the marks may be, does not by itself prove likelihood of consumer confusion. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174

F.3d 1036, 1055 (9th Cir. 1999) ("The similarity of marks alone, as we have explained, does not necessarily lead to consumer confusion."); *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 822 (9th Cir. 1980) ("It is axiomatic in trademark law that "side-by-side" comparison is not the test."); *Walt Disney Prods. v. Air Pirates*, 581 F.2d 751, 759 (9th Cir. 1978) ("While a comparison of the mark and the imitation is one such factor, that comparison should not be a simple, visual, side-by-side comparison but rather the mark and the imitation should be viewed in light of what occurs in the marketplace, . . . taking into account the circumstances surrounding the purchase of the goods.") (internal citations and quotations omitted).

For Plaintiffs to state a plausible claim and survive a Motion to Dismiss, Plaintiffs must allege additional *Sleekcraft* factors besides the similarity of the marks and support those allegations with facts. *Id.* It is not enough to simply say "the Exhibits [showing the marks side by side] previously submitted to the court . . . tell the entire story" and make conclusory, sweeping allegations with no support. (ECF No. 68 at 12). Plaintiffs must plead **facts** concerning any number of the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Sleekcraft Boats*, 599 F.2d at 348-49.

Likelihood of confusion is insufficiently pled.

**3. Dilution**

"Dilution refers to the 'whittling away of the value of a trademark when it's used to identify different products.' " *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 903 (9th Cir. 2002). It "works its harm not by causing confusion in consumers' minds regarding the source of a good or service, but by creating an association in consumers' minds between a mark and a different good or

service." *Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796, 805 (9th Cir. 2002). To prevail on a dilution claim, a plaintiff must show (1) its mark is famous; (2) that defendant is making use of the mark in commerce; and (3) defendant's use is likely to cause dilution by blurring or by tarnishment of the famous mark. 15 U.S.C. § 1125(c)(1).

For dilution purposes, a mark is famous if it is "widely recognized by the general consuming public." 15 U.S.C. § 1125(c)(2)(A). For a mark to qualify as famous, it must be "so well known as to attain the status of a household name" nationwide. *See* 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 24:104 (5th ed); *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002). In determining whether a mark rises to the level of "a household name," courts may consider the following factors: (1) the duration, extent, and geographic reach of advertising and publicity of the mark; (2) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (3) the extent of actual recognition of the mark; and (4) whether the mark was registered. 15 U.S.C. § 1125(c)(2)(A). Examples of famous marks include Nike, Starbucks, and Hot Wheels. *See Aegis Software, Inc. v. 22nd Dist. Agr. Ass'n.*, 255 F.Supp.3d 1005, 1009-10 (S.D. Cal. 2017) (listing cases).

Plaintiffs have failed to adequately plead fame. The TAC asserts Plaintiffs' products enjoy "long and extensive sale[s] across the United States," and "are well known and well received." (Compl. at ¶ 5). Plaintiffs plead that the "Grenade Design Marks are famous," "inherently distinctive," and widely recognized by the general consuming public." (Compl. at ¶ 9). Plaintiffs also cite "success and substantial sales with the Serious Scents Grenade and Little Grenade air freshner products since 1993." (Compl. at ¶ 59). Plaintiffs offer no facts, only conclusions. The TAC merely recites the elements for a finding of fame. Moreover, enjoying "success and substantial sales" does not make Plaintiff's products a "household name." Because the TAC pleads no facts to

12

support a finding of fame, Plaintiff's dilution claim must be dismissed. The Court need not reach the remainder of the dilution inquiry.

### 4. Conclusion

Court grants Car-Freshner's and Energizer's Motions to Dismiss the TAC for failure to state a valid trademark claim under Rule 12(b)(6).

## V. THE TAC FAILS TO STATE A CLAIM FOR FALSE AND FRIVOLOUS LITIGATION

The Court must also address Car-Freshner's Motion to Dismiss the TAC for failure to state a claim for damages resulting from false and frivolous lawsuits. The TAC alleges that Car Freshner is "legally infamous for bringing false and frivolous claims," and "uses frivolous lawsuit[s] and their cost as a tool for restraint of trade." (TAC ¶¶ 15, 16). "The positive ruling in the favor of Mr. Nasser by the Trademark Board serves as valid legal proof that the 4+ years of costly litigation was in fact and truth frivolous in nature" (TAC ¶ 46). The TAC seeks damages and costs as a result. Plaintiffs assert an alter ego theory of liability, stating "Car Freshner Co. and Julius Samann Ltd. are just different pockets in the same pair of pants." (ECF No. 93 at 5). Plaintiffs cite *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) as a dispositive case that "essentially made it easier for courts to make the loser . . . pay for all attorney costs if the lawsuit is regarded as frivolous." (ECF No. 93 at 5).

Defendant Car-Freshner argues that Plaintiffs' attempt to hold Car-Freshner liable for "frivolous lawsuits" fails as a matter of law because (1) JSL, not Car-Freshner, was a party to the TTAB proceeding and has not been properly served; (2) petitioning activity to the TTAB is protected; and (3) the TTAB proceeding was not such an "exceptional" case that it requires an award of costs and damages. (ECF No.58-1 at 11-14).

Car-Freshner was not a party to the TTAB proceeding, though a legal coordinator for Car-Freshner did testify on behalf of JSL. (*See* TAC, Exh. 8).

Regardless, Car-Freshner correctly argues that petitioning activity to the TTAB is protected under the *Noerr-Pennington* doctrine. Under the *Noerr-Pennington* doctrine, "defendants are immune from antitrust liability for engaging in conduct (including litigation) aimed at influencing decisionmaking by the government." *Octane Fitness*, 572 U.S. at 556. But "sham litigation," i.e., an "objectively baseless lawsuit" that conceals "an attempt to interfere directly with the business relationships of a competitor," does not enjoy *Noerr-Pennington* immunity. *Id.* In crafting the doctrine and carving out the narrow "sham litigation" exception, the Supreme Court was motivated by a desire "to avoid chilling the exercise of the First Amendment right to petition the government for the redress of grievances." *Id.*

Generally, sham litigation is "evidenced by repetitive lawsuits carrying the hallmark of insubstantial claims," or "private action that is not genuinely aimed at procuring favorable government action as opposed to a valid effort to influence government action." *Professional Real Estate Investors, Inc. v. Columbia Pictures, Indus., Inc.*, 508 U.S. 49, 58 (1993) (internal quotations and alterations omitted). "[E]vidence of anticompetitive intent or purpose alone cannot transform otherwise legitimate activity into a sham." *Id.* at 59. An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC*, 572 U.S. at 554 (2014).

The TAC includes the TTAB ruling, which shows JSL lost because it failed to meet preponderance of evidence burden; not because its opposition or manner of filing the lawsuit was unreasonable. (*See* ECF No. 52-9). No facts in the record or allegations in the TAC suggest that the litigation was so exceptional as to merit an award of attorney's costs and fees. JSL and Car-Freshner are permitted to use litigation to influence government action in favor of their

business and trade. *See Professional Real Estate Investors, Inc.*, 508 U.S. at 59. Every petition in which the moving party loses cannot be deemed "sham" litigation." Plaintiffs have thus failed to state a claim for sham litigation. The Court grants Car-Freshner's Motion to Dismiss the allegation of false and frivolous claims.

## VI. **PLAINTIFFS' SUPPLEMENTAL PLEADING TO "EXTINGUISH" THE LITTLE TREE TRADEMARK**

Plaintiffs filed a supplemental pleading requesting the "extinguishment of the Defendant Trademark Little Tree." (ECF No. 87). The pleading reads like a new Complaint, alleging that (1) Defendants have engaged in "bullying" litigation around the Little Tree trademark and, (2) the Little Tree trademark is no longer protected because it is in the public domain, rendering Defendants' trademark litigation frivolous. (ECF No. 87).

With respect to the first claim, the Court construes the pleading as a motion for leave to amend the claims for false and frivolous litigation discussed above. The supplemental pleading is deficient for the same reasons as the TAC: Plaintiffs have failed to allege facts sufficient to state a claim for sham litigation. Again, a claim for sham litigation requires Plaintiffs to show that the case is exceptional "with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Although there is no "precise rule or formula," Courts consider evidence of "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. The Court grants Plaintiffs leave to amend the claim regarding false and frivolous litigation.

As for the second claim, which asserts that the Little Tree "design patent" is in the "public domain" and therefore unprotected, Plaintiffs introduce this argument in support of its "false and frivolous" litigation allegations for the first time. Generally, a court will permit the addition of new claims or theories of liability if the court previously granted leave to amend without limitation. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (holding district court erred by denying leave to file fourth amended complaint where plaintiffs "had not filed three substantially similar complaints" . . . "re-alleging the same theories in an attempt to cure pre-existing deficiencies"); *Worldwide Travel, Inc. v. Travelmate US, Inc.*, No. 14-CV-00155-BAS(DHB), 2016 WL 1241026, at *5 (S.D. Cal. Mar. 30, 2016) (listing cases). But if leave to amend was given to cure specific deficiencies, courts will dismiss or strike claims alleged for the first time in the amended pleading. *See Worldwide Travel, Inc.*, 2016 WL 1241026, at *5. Here, none of the Court's previous orders specified which claims Plaintiffs were to cure by amendment. (See ECF Nos. 28, 40, 51). Accordingly, the Court will permit Plaintiffs to assert this new theory of liability in the Fourth Amended Complaint.

## VII. ENERGIZER'S REQUEST TO STAY OR DISMISS THE CASE PURSUANT TO FIRST-TO-FILE IS DENIED AS MOOT

Energizer asks the Court to dismiss or stay the case because Energizer filed a related case in Missouri more than seven weeks before Plaintiffs filed the California action. (ECF No. 59 at 7). Because the Missouri Action has since been transferred to this Court, the Court denies Energizer's request as moot. See ECF No. 77; *Energizer Brands II LLC v. Serious Scents, Inc. et al*, 18-cv-00656-BTM-MDD.

## VIII. CONCLUSION AND ORDER

For the reasons set forth above, the Court:

(1) GRANTS Car-Freshner's Motion to Dismiss the TAC; (ECF No. 58)

1. (2) GRANTS Energizer's Motion to Dismiss the TAC; (ECF No. 59)
2. (3) GRANTS JSL's Motion to Quash; (ECF No. 60)
3. (4) ORDERS Plaintiffs to properly serve JSL within 30 days of this Order, or JSL will be dismissed as a Defendant;
4. (5) DENIES as moot Plaintiffs' Motion to Compel Meet and Confer, Motion to Set Jury Trial, and Motion to Open Discovery; (ECF Nos. 81, 85)
5. (6) And GRANTS Plaintiffs' Motions for Leave to Amend under conditions set forth below. (ECF No. 83, 87).

Plaintiffs have **30 days** from the entry of this order to file the Fourth Amended Complaint. The Court specifically directs Plaintiffs to amend the likelihood of confusion and sham litigation allegations, and reminds Plaintiffs that in order to state a viable claim, Plaintiffs must provide **facts** supporting the allegations, not just conclusions. Clarity is paramount. **This is Plaintiffs' final opportunity to amend the pleadings as to all claims.**

The Court further ORDERS Plaintiffs to submit a redline copy of the Fourth Amended Complaint showing substitutions, deletions, and additions, *i.e.*, how the Fourth Amended Complaint differs from the Third Amended Complaint. CivLR 15(c). The redline copy should be submitted with the Fourth Amended Complaint. The Court reminds Plaintiffs that the amended complaint "must be complete in itself without reference to the superceded pleading." CivLR 15.1(a).

//
//
//
//
//
//
//
//

The Court will *sua sponte* consider dismissal upon receiving Plaintiffs' Fourth Amended Complaint. Defendants have **14 days** from the filing of the Fourth Amended Complaint to submit any argument for dismissal. Plaintiffs have **14 days** from that filing to respond. **Briefs must not exceed 10 pages**. Oversized briefs will be rejected.

IT IS SO ORDERED.

Dated: March 25, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge