

IBRAHIM NASSER
P.O.Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). <br><br> Plaintiff, <br><br> Vs. <br><br> JULIUS SÄMANN, LTD; CAR FRESHNER CO.; ENERGIZER BRANDS II LLC; AMERICAN COVERS INC., and CALIFORNIA SCENTS CORPORATION (collectively, "Defendants"), alleges as follows: <br><br> Defendants, <br> Does 1-100 | Case No.: 3-17-CV-0863 BTM (MDD) <br><br> **Amended Complaint Damages and Declaratory and Injunctive Relief** <br><br> **1. Trademark Infringement** <br> **2. Likelihood of Confusion** <br> **3. Unfair Competition** <br> **4. Abuse of Process** <br> **5. Declaratory and Injunctive Relief** <br><br> **Demand for Jury Trial** |

Plaintiff Ibrahim Nasser ("Plaintiff Nasser"), d/b/a Serious Scents, complains and alleges as follows:

## I. INTRODUCTION

1. This matter concerns the trademark infringement, likelihood of confusion, unfair competition, direct and contributory trademark infringement, and false representation, abuse of process, and unjust enrichment.

2. Plaintiff Nasser brings this action to secure relief under Federal and California state law. Plaintiff Nasser seeks: (a) a temporary, preliminary and permanent injunction prohibiting Defendants from any further infringement of Plaintiff Nasser's trademarks and (b) money damages and costs for Defendant's past and continuing infringement. Each Defendant's conduct is causing harm to the Plaintiff Nasser and his product, income. Unless immediately enjoined the defendants will continue to cause, enormous and irreparable harm to Plaintiff and his products. Defendants may not continue to exploit Plaintiffs' trademarks, such as Plaintiffs' air freshener composition creations entitled SERIOUS SCENTS and LITTLE GRENADE, without Plaintiff's authorization.

## II. THE PARTIES

3. Plaintiff Ibrahim Nasser is the rightful legal owner of Serious Scents a California Company with a principal place of business in Chula Vista, California.

4. Based on information and belief, Defendant Energizer Brands II LLC. (AKA Handstands AKA Driven by refresh your car AKA California Scents AKA California Scents Professional AKA Mini-Scents) who also acquired American Covers Inc. and California Scents Corporation is a multi-national corporation with a principal place of business in St. Louis, Missouri and is incorporated in Delaware. It does business in all 50 states.

5.   Based on information and belief, Defendant Julius Sämann Ltd. IS A CORPORATION: with a principal place of business in Bermuda. It does business in all 50 states.

## III. JURISDICTION AND VENUE

6.   The Court has original jurisdiction over this case because this case arises under the Trademark Laws of the United States, pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b) and 15 U.S.C. § 1121.

7.   This Court has personal jurisdiction over Defendants because, Defendants transact business in this State of California, while they derive Substantial revenue in the State of California and have established ongoing business contacts and sales within this State of California giving the California Federal Court the right exercise of personal jurisdiction proper of the defendants. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), in that on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## IV. FACTS COMMON TO ALL CLAIMS

8.   Plaintiff has enjoyed success and substantial sales with the Serious Scents Grenade and Little Grenade air freshener products since 1993. Plaintiff Nasser has first use, since 2004, of the SERIOUS SCENTS stylized trademarks in connection with its grenade–shaped air fresheners which carry the designs and are illustrated and known by the image and shape of a grenade. Exhibit 1.

9.   In 2007 Plaintiff Nasser filed a trademark for the design of his grenade air fresheners. Exhibit 2. Then again in 2008 Plaintiff Nasser applied for another grenade design which was approved by the U.S. Patent and Trademark Office. Exhibit 3.

10.   In 2016, Defendant Energizer Brands II, LLC. acquired the DRIVEN Grenade Design from American Covers Inc. Exhibit 4.

11.   Due to the similarity of the designs there has been consumer confusion resulting from the DRIVEN Grenade Design and Plaintiff's use of the Little Grenade Designs on their respective goods in the same marketing channels.

12.   In addition, Defendant Energizer Brands II, LLC. owns American Covers, Inc.

13.   Defendant Energizer Brands II, LLC. and California Scents Corporation own **CALIFORNIA SCENTS (Serial Num. 74,373,683),** which is just the word California Scents. Exhibit 5. In 2009, Defendants have begun to use illegally the ® to their trademark in a stylized form, which closely resembles Plaintiff Nasser's SERIOUS SECENTS logo. Exhibit 6.

14.   Plaintiff Nasser has been using SERIOUS SCENTS in a stylized form since early 2008, when he bought the design. In 2008 Plaintiff Nasser filed for SERIOUS SCENTS logo with the U.S. Patent and Trademark Office and was approved. Exhibit 7. In 2014 Plaintiff Nasser applied again for another SERIOUS SCENTS logo and was again approved. Exhibit 8.

15.   On November 8, 2016. Plaintiff Nasser sent a letter to The United States Patent and Trademark Office to the Director of the commissioner of the Trademark. Demanding cessation of all use of **CALIFORNIA SCENTS** stylized logo.

16.   Again on January 18, 2017, Plaintiff sent a letter to Counsel for Energizer Brands II, LLC. Demanding cessation of all use of **CALIFORNIA SCENTS** marks. Defendants completely ignored the cease-and-desist request.

17.   Defendant Julius Sämann Ltd., who owns Car-Freshner Co. and THE LITTLE TREE air freshener under **U.S REGISTRATION No., 5055892** and **U.S REGISTRATION No., 1017832.,** filed for a cancellation of Plaintiff Nasser's grenade registration in 2013. Exhibit 2. Defendant claimed that when flipped Plaintiff Nasser's grenade looks like a tree.  Litigation went from 6/10/13 until

4

6/16/15. Due to the costly onslaught of the three-year litigation Plaintiff Nasser was unable to continue doing business as SERIOUS SCENTS.

18. In addition, in 2004 and 2010 Plaintiff Nasser tried to sell his Little Grenade air fresheners to Defendant Car Freshener. Exhibit 9 and Exhibit 10. Defendant chose not to buy Little Grenade. In 2016, Plaintiff Nasser noticed that Car Freshener's air freshener packaging and displays began to mirror Little Grenade. Exhibit 11.

## FIRST CAUSE OF ACTION
### (Trademark Infringement)

19. Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs.

20. Defendant Energizer with their DRIVEN Grenade air fresheners acquired in 2016 is directly infringing on Plaintiff Nasser's LITTLE GRENADE air fresheners that he has been selling since 1993. Defendant Energizer's grenade air fresheners look strikingly similar to Plaintiff Nasser's.

21. While Defendant Energizer and California Scents Corporation, recent stylized use of their mark CALIFORNIA SCENTS is also in direct infringement of Plaintiff Nasser's SERIOUS SCENTS logos, which the Plaintiff has been using since 2008, because both logos look the same and are marketed heavily in California.

22. In addition, Defendant Car-Freshner Co., owned by Defendant Julius Sämann Ltd., has started making their air freshener displays and packaging like Plaintiff Nasser's, which is direct infringement on Plaintiff Nasser's rights.

23. The Lanham Act, 15 U.S.C.S. § 1051 et seq., creates a federal cause of action for trademark infringement. *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1297 (2015). The owner of a mark, whether registered or not, can bring

suit in federal court if another is using a mark that too closely resembles the plaintiff's. *Id.*

24. Since early 2008, Plaintiff Nasser has been using SERIOUS SCENTS stylized logo and since 1993 LITTLE GRENADE trademarks in connection with its air fresheners, which entitle Plaintiff to trademark protection.

25. Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION
### (Likelihood of Confusion)

26. Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs.

27. In determining whether confusion between related goods is likely, the following factors are relevant: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 345 (9th Cir. 1979).

28. Defendant Energizer with their DRIVEN Grenade air fresheners is causing confusion, false and misleading impressions in the market place because both Defendant Energizer and Plaintiff Nasser are selling the same goods and marketing to the same type of consumers. Defendant Energizer is using the goodwill and consumer recognition associated with Plaintiff Nasser's LITTLE GRENADE design since 1993 to sell their product.

29. While Defendant Energizer and California Scents Corporation, recent stylized use of their mark CALIFORNIA SCENTS is also in direct infringement of Plaintiff Nasser's SERIOUS SCENTS logos, especially since both heavily target California consumers which is likely to cause confusion, false and misleading impressions among consumers. Defendant American Covers Inc. is using the goodwill and consumer recognition associated with Plaintiff Nasser's SERIOUS SCENTS logos since 2004 to sell their product.

30. In addition, Defendant Car-Freshner Co., owned by Defendant Julius Sämann Ltd., has started making their air freshener displays and packaging like Plaintiff Nasser's leading to market confusion, false and misleading impressions among consumers because both target the same consumers and market in the same way, especially in gas stations. Defendant Car-Freshner Co. is using the goodwill and consumer recognition associated with Plaintiff Nasser's LITTLE GRENADE air fresheners packaging and displays since 1993 to sell their product.

31. Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CAUSE OF ACTION
### (Unfair Competition)

32. Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs.

33. Each Defendant's use of a confusingly similar imitation of Plaintiff Nasser's LITTLE GRENADE or SERIOUS SCENTS marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that each of the Defendant's goods are manufactured or

7

distributed by Plaintiff Nasser, or are affiliated, connected, or associated with LITTLE GRENADE or SERIOUS SCENTS, or have the sponsorship, endorsement, or approval of Plaintiff Nasser.

34.   Each Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Each Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff Nasser's goodwill and reputation as symbolized by Plaintiff Nasser's LITTLE GRENADE and SERIOUS SCENTS marks, for which Mr. Nasser has no adequate remedy at law.

35.   A trademark is not acquired by registration. The right to a trademark stems from prior appropriation and use. *Friend v. H. A. Friend & Co.,* 416 F.2d 526, 528 (9th Cir. 1969). Exclusive right to use a mark belongs to the first who appropriates it and uses it in connection with a particular business. *Id.*

36.   Since 1993 Plaintiff Nasser has been using LITTLE GRENADE and since 2004 SERIOUS SCENTS marks in connection with its air fresheners, which entitle Plaintiff to exclusive rights to these marks.

37.   Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

### FOURTH CAUSE OF ACTION
### (Abuse of Process)

38.   Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs

39.   Defendant Julius Sämann Ltd., who owns Car-Freshner Co. and THE LITTLE TREE air freshener under **U.S REGISTRATION No., 5055892** and **U.S**

**REGISTRATION No., 1017832.,** filed for a cancellation of Plaintiff Nasser's grenade registration Serial Number: 7,741,003 (Exhibit 3) in 2013. Defendant claimed that Plaintiff's mark was confusingly similar to their tree design when inverted. Litigation went from 6/10/13 until 6/16/15.

40.   In addition, Defendant Julius Sämann Ltd. made a petition for opposition against Plaintiff Nasser's grenade registration Serial Number: 76,673,922 (Exhibit 2). Defendant claimed that Plaintiff's mark was confusingly similar to their tree design when inverted. Litigation went from 5/15/17 until 2/15/17.

41.   A claim for abuse of process arises when a party (1) for ulterior reasons (2) misuses the court's process for a purpose other than the purpose for which the process was designed. *Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 512, 37 Cal. Rptr. 3d 381, 384 (2005).

42.   Defendant Julius Sämann Ltd., knowing full well that his patent for his LITTLE TREE design had expired, sued Plaintiff Nasser for his LITTLE GRENADE design. Defendant brought on this litigation for no other purpose than to bully the Plaintiff.

43.   Due to the costly onslaught of the three-year litigation Plaintiff Nasser was unable to continue doing business as SERIOUS SCENTS.

44.   Defendant Julius Sämann Ltd.'s action demonstrates intentional, willful, and malicious conduct. Defendant caused substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover actual damages, litigation costs, and reasonable attorney's fees due to Defendant's abuse of process.

## THE PLAINTIFF PRAYS FOR ALL OF THE FOREGOING RELIEF

Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.   For a preliminary and permanent injunction prohibiting Defendants, restraining Defendants, and their agents, distributors, employees, and all persons in active concert or participation with defendants from interfering in any manner with Plaintiff Nasser products and trademark marks.

2.   A permanent injunction enjoining and restraining Defendants, and their respective agents, servants, distributors, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, including the recall and destruction of all packaging, advertising, and

promotional materials bearing the defendants mark of the plaintiffs Nasser mark. Any and all further unauthorized use in the United States of Defendants mark, from continuing to infringe Plaintiffs' Copyright and Trademark, Trade names, mark in the infringed Composition.

3.  For of all damages caused by the acts forming the basis of this complaint.

4.  For plaintiffs Nasser of all the amounts, including profits, received by Defendants as direct and proximate result of Defendants unlawful conduct, including the trebling of such damages or profits pursuant to 15 U.S.C. § 1117.

5.  For Plaintiffs Nasser is entitled to injunctive relief and protects from further harm by the defendants and has the right to recover actual damages suffered.

6.  For Plaintiffs Nasser of exemplary and punitive damages, based on defendants' willfulness and/or reckless indifference to Plaintiffs Nasser's Trademark rights.

7.  For Plaintiffs' attorneys' fees, costs, and disbursements in this action.

8.  For such other and further relief as the Court may deem just and proper.


### JURY TRIAL DEMAND

Plaintiff Nasser respectfully demands a trial by jury on all claims and issues so triable.

## VERIFICATION OF PLEADING:

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.


Dated, April 15, 2019. Plaintiff swears and affirms that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.


IBRAHIM NASSER
Plaintiff In Propria Persona

# TABLE OF CONTENTS

Page

I.    COMPLAINT...................................................................1
II.   INTRODUCTION.........................................................2
III.  PARTIES.....................................................................2
IV.   JURISDICTION AND VENUE....................................3
V.    FACTS COMMON TO ALL CLAIMS...........................3
VI.   FIRST CAUSE OF ACTION (TRADEMARK INFRINGEMENT)
      .....................................................................................5
VII.  SECOND CAUSE OF ACTION (LIKELIHOOD OF CONFUSCION)
      .....................................................................................6
VIII. THIRD CAUSE OF ACTION (UNFAIR COMPETITION)........7
IX.   FOURTH CAUSE OF ACTION (ABUSE OF PROCESS).........8
X.    THE PLAINTIFF PRAYS FOR ALL THE FOREGOING RELIEF
      .....................................................................................9
XI.   JURY DEMAND.........................................................10
XII.  VERIFICATION OF PLEADING.................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 345 (9th Cir. 1979)...........6

*B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1297 (2015)......5

*Friend v. H. A. Friend & Co.,* 416 F.2d 526, 528 (9th Cir. 1969)...........8

*Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 512, 37 Cal. Rptr. 3d 381, 384 (2005)................................................................9

**Statutes**

14 U.S.C. § 1114...................................................................6, 7, 8

14 U.S.C. § 1116...................................................................6, 7, 8

14 U.S.C. § 1117...................................................................6, 7, 8

15 U.S.C.S. § 1051....................................................................5

15 U.S.C. § 1117....................................................................10

15 U.S.C. § 1121.....................................................................3

15 U.S.C. § 1125(a)..................................................................8

28 U.S.C. § 1331.....................................................................3

28 U.S.C. § 1338(a)..................................................................3

28 U.S.C. § 1338(b)..................................................................3

28 U.S.C. § 1391 (b)(2)..............................................................3

## Exhibit 1

First Use:

Plaintiff Nasser has been using the phrase and design of SERIOUS SCENTS since 1993 and 2008





Plaintiff Nasser has been selling both types of grenade air fresheners since 1993





1

**Exhibit 2**

Plaintiff Nasser's grenade design
Serial Number: 76673922
Filing Date: 3/12/2007



**Exhibit 3**

Plaintiff Nasser's grenade design
Serial Number: 7741003
Filing Date: 2/29/08
Date Approved: 9/30/2008



## Exhibit 4

Defendant's DRIVEN Grenade Design



Plaintiff Nasser's grenade air freshener since 1993



**Exhibit 5**

Defendant American Covers Inc. logo since 1993

# CALIFORNIA SCENTS

Description: TYPESET WORD

**Exhibit 6**

Defendant American Covers Inc.'s recent use of CALIFORNIA SCENTS Logo

 

Plaintiff Nasser's SERIOUS SCENTS logo

 

**Exhibit 7**

Plaintiff Nasser's SERIOUS SCENTS logo
Serial Number: 77426645
Filing Date: 3/19/08
Approved: 3/2/10



**Exhibit 8**

Plaintiff Nasser's SERIOUS SCENTS logo
Serial Number: 86470057
Filing Date: 12/3/14
Approved: 8/ 11/ 2015



The mark consists of a fanciful drawing of a pinwheel followed by the words "serious scents" with a fanciful asymmetrical arch behind the words "serious scents". Color is not claimed as a feature of the mark.

8

**Exhibit 9**

**2004 communication**

 *Car-Freshner®* Corporation

Watertown NY 13601-0719 • USA

Manufacturers of the world-famous "Little Trees" since 1952

1-800-545-5454
(315) 788-6250

Fax:    (315) 788-7467

March 9, 2004

Mr. Ibrahim Nasser
Serious Scents Inc.
375 Gavin Street
San Diego CA 92102

Dear Mr. Nasser:

Thank you for submitting your "Little Grenade" air freshener idea for our consideration. We appreciate your interest in CAR-FRESHNER Corporation.

It is with regret that we must reject your proposal. Though the product is very innovative, we feel it does not fall in line with our current product development goals.

Thank you again for thinking of us. If you have any other product ideas you wish to submit to us in the future, please do so. Please find enclosed a complimentary Sweet Pear "Little Tree" for your continued enjoyment of CAR-FRESHNER products.

Sincerely,
CAR-FRESHNER Corporation

Mark Foster
Product Manager

enc:    1 Sweet Pear "Little Tree"



9

# Exhibit 10

## 2010 communication



### CONFIDENTIALITY AGREEMENT

1.  I received a telephone call from
    Mr. Ibrahim Nasser (Submitter)
    (619) 253-9624

2.  This call was received on April 29, 2010

3.  The content of this call: Interest on the Submitter's part for us to manufacture a product idea.

4.  In response to this call we hereby agree to the following:

5.  That Submitter sends information about the idea to us within 10 days of the date below, and that such information will be looked at, on our part, only by parties directly working for Car-Freshner Corporation, unless we subsequently notify Submitter otherwise and receive its permission for others to look at the information.

6.  That, if we determine the idea submitted is one we have already considered or nearly identical to one we have already considered, we will so inform Submitter immediately and provide pertinent details regarding our prior familiarity with the idea.

7.  That, if we determine the idea submitted is not one we have already considered, we will assess our degree of interest in the idea and so inform Submitter within 60 days of our receipt of the information about the idea.

8.  That, if we determine we do not have any interest in the idea, we will, upon written request from Submitter, return to Submitter all materials supplied to us by Submitter to enable us to consider the idea, except such samples or other materials which may have necessarily been used in our evaluation process.

Signed for Car-Freshner Corporation

by: _____        _____
    Lynette Fowler, Director of Product Development       Date

10

## Exhibit 11

Defendant's old then new display and packaging

  

Plaintiff Nasser's Little Grenade display and packaging since 1993 and 2010

   

11

IBRAHIM NASSER
P.O.Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE").

Plaintiff,

Vs.

JULIUS SÄMANN, LTD; CAR FRESHNER CO.; ~~and~~ ENERGIZER BRANDS II LLC; AMERICAN COVERS INC.; and CALIFORNIA SCENTS CORPORATION (collectively, "Defendants"), alleges as follows:

Defendants~~,~~

Does 1-100

Case No.: 3-17-CV-0863 BTM (MDD)

**Amended Complaint Damages and Declaratory and Injunctive Relief**

1. ~~Federal~~ Trademark Infringement ~~as Defined by Lanham Act.~~

2. ~~Defendants Used Substantially Similar Design of Plaintiff Stylized Design Trade Mark.~~ Likelihood of Confusion

3. ~~Asserts Claim for Origin and Unfair Competition~~

4. ~~Direct and Contributory Federal Trademark Infringement.~~

5. ~~Federal and State Trademark Dilution.~~

6. ~~False Representation Under the Lanham Act~~

7. ~~Tort Claim of~~ Abuse of Process

1

~~Wrongful   Prosecution of the Law~~

~~8.  Unjust Enrichment~~

**9.  Declaratory and ~~for~~ Injunctive Relief**

**Demand ~~F~~for Jury Trial**

Plaintiff Ibrahim Nasser ("Plaintiff Nasser"), d/b/a Serious Scents, complains and alleges as follows:

## ~~COMPLAINT~~ I. INTRODUCTION

~~PRELIMINARY STATEMENT~~

1.  This matter concerns the trademark infringement, likelihood of confusion, unfair competition, direct and contributory trademark infringement, and false representation, abuse of process, and unjust enrichment. ~~1. Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright Trademarked Plaintiffs' air freshener composition creations entitled "Serious Scents and Little Grenade".~~

2.  Plaintiff Nasser brings this action to secure relief under Federal and California state law. Plaintiff Nasser seeks: (a) a temporary, preliminary and permanent injunction prohibiting Defendants from any further infringement of Plaintiff Nasser's trademarks and (b) money damages and costs for Defendant's past and continuing infringement. ~~2.~~ Each Defendant's~~'~~ conduct is causing harm to the Plaintiff Nasser and his product, income. Unless immediately enjoined the defendants will continue to cause, enormous and irreparable harm to Plaintiff and his products. Defendants may not continue to exploit Plaintiffs' ~~T~~trademarke~~d~~s,

2

such as Plaintiffs' ~~A~~air freshener composition creations entitled SERIOUS

SCENTS and LITTLE GRENADE, ~~"Little Grenade,"~~ without ~~p~~Plaintiff's

authorization. ~~Plaintiffs must be compensated for Defendants' willful acts of~~

~~infringement and frivolous litigation, which is ongoing and unabated.~~

~~Plaintiff Ibrahim Nasser doing business as Serious Scents, a sole proprietorship~~

~~selling Grenade shape air freshener and automobile accessories since 1993 states~~

~~the following for its Complaint is brought against Defendants Julius Sämann, Ltd;~~

~~Car-Freshner Co.; and Energizer Brands II LLC; American Covers Inc.~~

~~(collectively, "Defendants")~~

~~4.   For over twenty-four years since at least as early as October 31, 1993~~

~~long before the filing of the Defendants American Covers Inc. Filed for the~~

~~trademark rights to use Grenade Shaped Air Freshener, Plaintiff Nasser, and his~~

~~license, predates any and all use for Grenade Shaped Air Freshener by rights of~~

~~first use in commerce under common law claim and continuous commercial~~

~~activity. Energizer Brands II LLC. Purchased subseries companies Handstand,~~

~~American Covers Inc.~~

~~5.   Plaintiff Nasser was the 1st manufacture of grenade designs air fresheners.~~

~~Plaintiff Nasser did trademarks and copyright his air fresheners design shape,~~

~~which he sold continuously in open commerce under the LITTLE GRENADE~~

~~brand. As a result of their long and extensive sale across the United States,~~

~~Plaintiffs' products are well known and well received. As a result of the long,~~

~~extensive and widespread use of the distinctive Grenade designs, the general~~

~~consuming public in the United States recognizes these designs as exclusively~~

~~associated with Plaintiff Nasser.~~

6. The general air freshener consuming public associates Plaintiff Nasser and the distinctive Grenade designs generally with the concepts of freshness, cleanliness and pleasing scents. Plaintiff Nasser distinctive Grenade designs are famous throughout the United States.

7. Plaintiff Nasser has Common Law Trademark rights to its grenade designs, which are used in commerce in connection with air fragrancing preparations and a variety of other goods and services. Plaintiff Nasser registered and common law trademark rights in the Grenade designs are collectively referred to as the "Serious Scents and Little Grenade Design Marks."

//

8. The grenade design marks are used by Plaintiff Nasser extensively on a wide variety of air fresheners and related products offered in a variety of different fragrances and colors. Plaintiff Nasser has spent, and continues to spend, significant amounts of time and money developing, testing and promoting air fresheners sold under the Serious Scents and Little Grenade Design Marks.

9. The Plaintiffs Nasser's Grenade Design Marks are famous under 15 U.S.C. § 1125(C)(1), and acquired such fame well prior to the filing date and alleged first use date of the Defendants Handstands, American Covers, Inc. The Grenade Design Marks are inherently distinctive and/or have acquired distinctiveness, represent valuable goodwill, have gained a reputation for quality belonging exclusively to Plaintiff Nasser, and are widely recognized by the general consuming public of the United States as designations of the source for Plaintiff's Nasser products.

10. Defendant American Covers, Inc. has now acquired and totally owned by energizer brands II LLC. who was granted in error registration of the Grenade mark; Defendants Business Handstands, American Covers, Inc. *prima facie* exclusive right to use the Grenade mark is now at issue. Such registration is a significant source of damage and injury to Plaintiff Nasser, for the reasons set forth below.

11. Defendant Energizer Brands II LLC. the new owner of American Covers, Inc. and handstands air fresheners: knew or should have known before they purchased Grenade Air Freshener Trademark from American Covers, Inc. and Handstands Air Fresheners who had copied Plaintiffs Trademarked and Copyrighted Grenade Air Freshener. The existence of the confusion in the air fresher market place and marketing channels was clear and foreseeable to even the casual observer based on similarity in appearance to Plaintiff's Grenade Design Marks which was the direct result of copying the Grenade Air Freshener Trademark of Plaintiff Nasser. Which, Plaintiff Nasser sent a (cease and Desist letter) to Defendant American Covers, Inc. on September 03, 2013. Alleging the infringement of the Plaintiff Nasser Grenade shape air freshener products. is attached as **Exhibit 1.**

12. American Covers, Inc. Handstands air fresheners adopted the Grenade Mark with full knowledge of Plaintiff's on going exclusive rights to the Grenade Design Marks which had been secured by a trademark, they did with purposeful intent attempt to illegally take and use the hard-earned efforts and far-reaching goodwill that Plaintiff Nasser has and had cultivated in the 24 years of manufacturing, selling Grenade Design Air fresheners 'which carried the Plaintiffs Distinct Trademark and copyrighted designs in plain view on each product produced by Plaintiff Nasser.

1    #

2

3    13.   Defendants American Covers, Inc. and Handstands air fresheners Mark

4    Registration with the purposeful intent by copying the design and product of

5    Plaintiff Nasser to ensure they would and could profit from the likelihood of

6    causing confusion with Plaintiff's protected Grenade Design Marks among the Air

7    Freshener trade and the relevant purchasing public who cannot discern the

8    difference between the two products. Any use of the Grenade mark by Defendants

9    American Covers, Inc. Handstands Air Fresheners will, can and does deceive

10   consumers and the Air Freshener trade into believing that Defendants American

11   Covers, Inc. Handstands Air Fresheners products are affiliated with, sponsored by,

12   or licensed by, are owned by someone other than Plaintiff Nasser. Such confusion

13   is deception by intent, which inevitably result in loss, damage, and injury to

14   Plaintiff Nasser his protected products.

15

16

17   14.   Defendants American Covers, Inc. and Handstands air fresheners continuous

18   unauthorized use of the Grenade Mark in conjunction with the applied-for goods

19   diluted the distinctive quality of Plaintiff's Grenade Design Marks, thereby causing

20   on going unknown damage to Plaintiff Nasser, which are established by the sale of

21   American Covers, Inc.  and Handstands Air Fresheners which was in the millions

22   of dollars. Energizer Brands II LLC did buy American Covers Inc. and Handstands

23   air fresheners based upon the fair market value. It remains a legal issue to be

24   defined exactly what part of that sale involved the goodwill generated by Grenade

25   Design Air Freshener that in fact and truth were pirated from the Plaintiff Nasser

26   and the goodwill of that product. Plaintiff Nasser has spent, and continues to

27   spend, significant amounts of time and money developing, testing and promoting

28   air fresheners sold under the Serious Scents and Little Grenade Design Marks. The

29

30

Plaintiffs Nasser's Grenade Design Marks are famous under 15 U.S.C. § 1125(c)(1).

15.   Defendant Julius Sämann Ltd. Aka Car-Freshner Co. Defendants attorney's spends much time and effort attempting to distance themselves from the indisputable fact that their defendant client Julius Sämann LTD. AKA Car-Freshner Co. is legally infamous for bringing false and frivolous claims. Julius Sämann LTD. AKA Car-Freshner Co. brings action for infringement against any company or person who dares to trespass or challenge on their dominance and control of the air fresher business. This is a fact not legal false unfounded claim, which is proven up by the voluminous number of legal actions, which have been brought by Julius Sämann LTD. AKA Car-Freshner Co., over the life of this company against others. In the case at bar litigation was brought by Julius Sämann LTD. AKA Car-Freshner Co. against Plaintiff Nasser in the Trademark Court. The litigation was totally frivolous as were many others brought against other person Julius Sämann LTD. AKA Car-Freshner Co. and companies who were in the air freshener business.

//

16.   The Plaintiff Nasser claim is that Julius Sämann Ltd. Aka Car Freshner Co. uses frivolous lawsuit and their cost as a tool for restraint of trade, using the misapplication of the law for purposes for which it was not intended which it is not intended is malicious prosecution. This is a common law intentional tort on the part of Julius Sämann LTD. Aka Car-Freshner Co. it is the tort of abuse of process, its elements include

(1) intentionally (and maliciously) instituting and pursuing (or causing to be instituted or pursued) a legal action (civil or criminal) that is

(2) brought without probable cause and

(3) dismissed in wrongful prosecution of the law. (Which is proven up by the fact that Plaintiff Nasser prevailed against Julius Sämann LTD. AKA Car Freshner Co. in Trademark Court which makes this a valid cause of action.

## NATURE OF THE ACTION

17.   This is a civil action seeking declaratory, damages, injunctive and monetary relief, including expenses against defendants for Trademark and copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 1051, et seq and Trademark 28 U.S.C. § 1338(a).

18.   This court has subject matter jurisdiction over this trademark and copyright infringement action pursuant to 28 U.S.C. § 1331 and 1338(a) and 28 U.S.C. § 2201.

19.   This Court has personal jurisdiction over each of the Defendants (Energizer Brands II LLC. and Julius Sämann Ltd). Because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this district under 28 U.S.C. § 1391(b) and 1391(c).

20.   Venue and Jurisdiction is proper in this district because this litigation pursuant under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act). Proper

service of process in the U.S. District Court of California creates subject matter
jurisdiction over all Defendants named in that verified complaint.

//

21.   California law also speaks to this issue as follows which are the direct result
of the defendants acts and actions Section 14400, Business and Professions Code,
provides: 'Any person who has first adopted and used a trade name (Plaintiff
Nasser), whether within or beyond the limits of this State, is its original owner.' *H.
Moffat Co. v. Koftinow, 104 Cal.App.2d 560, 564, 232 P.2d 15(1951).* This section
of the California business speaks directly to the case at bar. This case law gives the
Plaintiff case and causes of action Legal Legs and authority.


22.   The rules of unfair competition in the case at bar are based, not alone upon the
protection of a property right existing in the complainants, but also upon the right
of the public to protection from fraud and deceit. *American Philatelic Society v.
Claibourne, 3 Cal.2d 689, 698, 46 P.2d 135(1935).* It is Unfair Competition when
any party with purposeful intent cause its product to be passed off as an original
and confusing the buying public with a similar product in the same marking
channels.


23.   Another analogy exists in the law, which appears to be applicable to the
situation here involved. In actions for damages for infringement of a patent and an
accounting of the profits, where the profit attributable to the use of the trademark
cannot be segregated from the profit due to the merit of the goods, the law is well
settled that the plaintiff is entitled to the entire profit. As was said in the case of
*Dickinson v. O. & W. Thum Co., 8 F.2d 570, at page 573(1925)* "*The infringer
must account for the entire profits derived from the sale of the infringing goods.
The recovery will not be limited to such amount as can be shown by direct and*

~~positive evidence to have resulted from the use of the infringing mark." *In William Wrigley, Jr., Co. v. L. P. Larson, Jr., Co., 5 F.2d 731*, at *page 739(1925)*, the court quoted with approval the following language from *Graham v. Plate, 40 Cal. 593, 598 [6 Am.*~~

~~24.   Court is asked to recognize and address the unspoken legal fact that it standard operation procedure for big box, big buck's corporation attorneys like the defendants come to court against In Pro Per Litigants and beat them on the legal nuances of legal processes and procedures of the law. This is exactly what is happening in the case at bar with motions to dismiss and claims of no cause of action.~~

~~25.   The Plaintiff is the first to admit he is not a lawyer. He also openly admits that he cannot afford a lawyer because he has been legally pummeled with costly frivolous litigation by Defendant Julius Sämann LTD., and defendants Energizer Brands II LLC. new acquired air freshener companies by paying millions of dollars for those companies.~~

//

//

~~26.   This false claim from Defendant Energizer Brands II LLC. will no doubt disavow as actions that took place before their ownership and injury to Plaintiff Nasser. Leaving open the search for the proper defendant to recover damages from for the injuries suffered who profited by millions of dollars at the expense of Plaintiff Nasser.~~

~~27.   Defendant Julius Sämann Ltd. with great legal expertise stated to this court though its attorneys that the In-Pro Per Plaintiff has no cause of action because he~~

named the wrong plaintiff and disavow the right claim of Little Tree being a defendant or copying the plaintiffs' header cards displays colors, feel and design to cause confusion in the market place. To substantiate that Little Tree is a correct and rightful defendant the court needs only look back at the judicial record to prove false claims of Little Tree to be patently untrue as not being the correct defendant. United States District Court Southern District Of New York Car-Freshner Corporation and Julius Sämann LTD. Plaintiffs, -Against- D & J Distributing and Manufacturing, Inc. D/B/A Exotica Freshners Co., Defendant. Case # 14-Cv-391 (Pke). In this case Julius Sämann LTD. Little Tree moves for summary judgment dismissing the counterclaims of defendant D&J Distributing and Manufacturing, Inc. ("D&J").

28.   Car Freshner Co. and D&J both manufacture and sell tree-shaped disposable air fresheners that are commonly used in automobiles. The parties' respective claims and counterclaims assert trademark infringement and dilution under the Lanham Act and New York law. All of the causes of action are identical like the case before this court being brought by an in pro-per litigant Plaintiff Nasser. Only the names of the plaintiffs and defendants change. Defendant Energizer out right-copied Mr. Nasser Little-Grenade Air-Freshner sold it in unknown numbers. The plaintiff is entitled to that value.

29.   Defendant Little Tree creates fresheners, which are shaped like, pine trees; the pine tree logo serves as the brand's trademark. Defendant Julius Sämann LTD. is the owner of the trademark, and Car Freshner Co. is the exclusive licensee of the trademark for air fresheners in the United States. Since at least the mid-1970s, Car Freshner has associated the Little Trees brand. Defendant Julius Sämann LTD aka Car Freshner Co. sells over a 100 + million a year.

30.   Plaintiff Nasser now brings the same identical Cause of Action against Car-Freshner Co., Little Tree and Little Trees and other defendant Energizer Brands II LLC., Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini Scents as Little Tree brought against D&J Distributing in which it succeeds. It should be a legally impossibility for the Plaintiff Nasser to have his cause of action suffer dismissed when his claims against the defendants is identical to Car-Freshner Co., winning action in Federal Court against defendant D&J Distributing. Air Fresheners and Defendants Energizer Brands II LLC. newly purchased air freshener companies who copied the Logos and products of Plaintiff Nasser in massive unknown numbers.

31.   Little Tree Trade Dress Consisting Of:
1. "a bright yellow background
2. with a rendition of the [pine tree logo]
3. in green against that yellow background."
This Defendant Julius Sämann LTD. as well as Energizer Brands II LLC. have committed the same identical copying and infringements causing confusion in the market place that is actionable and the plain and simple explanation of Plaintiff Nasser valid causes of actions.

32.   This entire matter can be reduced to its lowest legal common legal dominator by asking and answering the following very simple questions.
1. Did and does the Plaintiff have and hold first rights and commercial use in commerce of Little Grenade Air Fresheners from 1993?  Yes
2. Did Plaintiff from 1993 to the present day create unique header cards and displays for the commercial sales of his air freshener products? Yes

33.   More than two years ago a case that affects the current case at bar is Bell Atlantic Corp. v. Twombly, [1] 550 US. 544(2007) the U.S. Supreme Court considered what a complaint *must contain to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).* In doing so, Twombly construed the standard set more than 50 years earlier in *Conley v. Gibson* 355 U.S. 41 (1957) that such a motion to dismiss should be denied unless it appears "*beyond doubt*" that the plaintiff could "*prove no set of facts in support of" the claim that would entitle the plaintiff to relief.* Twombly appeared to adopt a more movant-friendly standard, requiring a complaint to allege facts that, if proven, would support the relief requested and to show that the alleged facts were "*enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true* (even if doubtful in fact)." [3] The impact of Twombly was unclear. As noted by Justice Stevens's dissent in Twombly, the ultimate impact of the decision—including the breadth of its application — "is a question that [only] the future will answer."

34.   Earlier this year, in Ashcroft V. Iqbal, [5] 556 U.S. 662 (2009) The U.S. Supreme Court appears to have answered many of the unresolved issues raised by Twombly.  Moreover, the Supreme Court's per curiam decision just two weeks later in Erickson v. Pardus—which reversed the granting of a motion to dismiss for failure to state a claim in a pro se plaintiff case using a standard similar to the Conley standard— raised further uncertainty about the scope of Twombly. Going further, Twombly was not limited to antitrust disputes. A narrow reading, the Court reasoned, would go against the Federal Rules of Civil Procedure. Twombly analysis applies "in all civil actions and proceedings in the United States district courts." In doing so, Iqbal makes it clear that Twombly applies to all cases governed by the Federal Rules of Civil Procedure. As such adds greatly needed

1  clarity for addressing both pleading standards and the standards for a motion to

2  dismiss for failure to state a claim in all civil cases in federal court.

3
4  35.  In Connection with its air freshener products, it is a true fact that the Plaintiffs

5  Nasser currently owns the following Federal Trademark Registrations for

6  distinctive Grenade designs and Logos the registered owner of the trademarks

7  listed with the United States is Mr. Ibrahim Nasser. Certificate of Registration:

8  VA691-296 Patent and Trademark Office "("USPTO"): Grenade Reg. No.

9  3,508,401, "Serious Scents," Reg. No.3,128,554 "Grenade" Reg. No. 5,163,717

10 "Serious Scents Logo" Reg. No. 3,755,314 and "Serious Scents Logo" Reg. No.

11
12 4789,267 is attached as **Exhibit 2.**

13
14  **In addressing the legal issue regarding Energizer Brands II and LLC.**

15  36.  Plaintiff products and packaging sufficient to show confusion including a

16  likelihood and infringement of each party's Grenade marks American Covers Inc.

17  Trademark Registration No.4890647. is attached as **Exhibit 1.** Plaintiff Nasser

18  send on December 2, 2013 a letter direct to the trademark examiner Jennifer

19  Button states ownership of prior Grenades mark (2008 Double Grenade)

20  Trademarks and copyright Registrations and for a prior (2012 single Grenade)

21  Trademarks application previous to the American Covers Inc. Trademark

22  application for grenade mark (2013 single Grenade). Plaintiff again sent a letter of

23  protest through his former Attorney Mrs. Debra Scheufler to the Trademark

24  examiner Jennifer Button on May 30, 2014 and the Letter of Protest was accepted

25  when American Covers Inc. filed a trademark application for grenade air freshener.

26  Mr. Nasser in protection of his existing trademark and first use rights protested the

27  application of American Covers, Inc. to the Trademark Examiner. The Trademark

28  examiner for 2 years and 1 mouth ignored Plaintiff Nasser all knowledge of prior

29  ownership and the Letter of protest. is attached as **Exhibit 3.** Plaintiff again sends

30

14

on July 10, 2015 another letter for the same issue to the Trademark examiner Jennifer Button. Mr. Nasser also notified the Trademark Examiner of the dismissal of a cause of action in the state court of Utah brought by American Covers Inc. claiming that Mr. Nasser did not own any legal rights to first use, trademark, and copyright of a Grenade Air Freshener. The State Court disagreed and found that American Covers Inc. claim had no merit.

37.   Plaintiff Nasser did file a cancellation action with the Trademark Trial and Appeal Board (the "Board") against Defendants one of American Covers Inc. Trademark registrations on January 5, 2017, against the US. Registration No. 4890647 for the Driven Grenade Design. is attached as **Exhibit 4.** Plaintiff's Nasser Have Sent Multiple Letters (cease and desist) concerning various trademarks owned by Defendants Energizer Brands II and LLC. Indicated a belief that Defendant Energizer Brands II LLC.,( Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini Scents). Are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights.

38.   After Plaintiff Nasser submitting Cease and Desist letter to the Trademark and Patent Office and to of each Defendants counsel and their companies. Counsel for Defendant Energizer Brands II LLC. and on February 13, 2017 submitted a written letter to Plaintiffs Nasser that Energizer Brands II LLC. Willing to arrange a cancellation for the Driven Registration No., 4890647 for settlement purpose if Plaintiffs will not proceed with filing a lawsuit in federal Court against Energizer Brands II LLC. (Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents) brand. Counsel admit knowingly of plaintiff prior ownership of the Grenade shape air freshener and that defendant

holding Plaintiff Nasser other Grenade Trademarks pending applications from registering stating (This step would permit your pending applications against which Registration No. 4890647 has been cited to proceed to registration). is attached as **Exhibit 5.**

39. Defendant Energizer Brands II, LLC. now owns Driven by refresh your car, which they purchased the U.S. Registration No. 4,147,088 and California Scents U.S. Registration No. 1,940,353 and California Scents Professional U.S. Registration No. 3,599,885 and Mini-Scents U.S. Registration No.3714847. Defendant Energizer Brands II, LLC paid $340 Million Dollars more or less for all of the foregoing. The court is asked to note: the exact amount of the Defendant Energizer Brands II, LLC paid can only be defined by the process of discovery and review of the sales agreement between Defendant Energizer Brands II, LLC and the companies it purchased.

40. Although United States Patent And Trademark Office records did not allow the change of ownership Of the Grenade Trademark from American Covers Inc. Original Owner to Energizer Brands II LLC. new owner. Defendant Energizer Brands II, LLC. as the new owner of Handstands Air Freshener continues to infringe on Plaintiff Trademarked air freshener and automobile accessories products. With purposeful intent altered its original Registration mark, which were copied and matched Plaintiff Trademark products. Plaintiff Nasser continues to suffer evidentiary and expectation market place prejudice and confusion if Energizer Brands II, LLC. keeps selling the protected products after the Plaintiff send to the defendant a formal legal notice to cease and desist its use of his products and designs.

41.   Defendant Energizer Brands II, LLC. now owns and operates business that were previously owned and operated by Handstands, American Covers Inc. Driven By Refresh Your Car And California Scents, American Covers LLC., California Scents Professional, Mini-Scents. It sells and offers air freshener and automobile accessories products Defendant continued unabated to violate Plaintiffs' Nasser exclusive rights and use of his copyrighted and trademark air freshener designs. Prior to the purchases with Defendants Energizer Brands II LLC., prior owner Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents brand. Abandoned the use of their original Trademark mark it used and made new Trademark logo prior to the selling of that product to Energizer Brands II LLC. After Energizer Brands II LLC. took over and bought the significant altered long time Trademarks held by Handstands. is attached as **Exhibit 6.**

42.   Plaintiff's Nasser have sent multiple letters (Cease-and-Desist) to Counsel for Energizer Brands II LLC. demanding cessation of all use of the **CALIFORNIA SCENTS Co. On January 18, 2017** and on **February 13, 2017 DRIVEN BY REFRESH YOUR CAR,** on **February 13, 2017 CALIFORNIA SCENTS PROFESSIONAL,** on **November 14, 2017 MINI-SCENTS.** concerning various trademarks owned by Energizer Brands II LLC. Indicated a belief that Energizer Brands II LLC. DBA (Handstands, Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents) are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights Mark. is attached as **Exhibit 6.**

43.   Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Aka California Scents Aka California Scents Professional Aka Mini-

Scents continued unabated to violate Plaintiffs' Nasser rights to exclusive use of is copyrighted and trademark mark designs.

44.  Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Aka California Scents Aka California Scents Professional Aka Mini Scents who infringed and still infringing on plaintiff products and designs by with purposeful intent altered its original Registrations mark, causing confusion in the market place by copy the same type style, using product and labeling.) Changing their Logo style font and design in all their products. is attached as **Exhibit 6.**

45.  Defendant Handstands abandoned its Driven by refresh your car and California Scents, California Scents Professional, Mini-Scents U.S. Registration since 2014 by stopping the use of the original Trademark Registrations for Driven by refresh your car and California Scents, California Scents Professional, Mini Scents Logos and replace it by the new Logos altered, knew or should know of the plaintiff Serious Scents and Little Grenade Design Mark.

**IN ADDRESSING THE LEGAL ISSUE REGARDING JULIUS SÄMANN, LTD.**

46.  Julius Sämann Ltd. aka Car Freshener Co. aka Little Tree filed an Opposition No. 91210658, on May 15, 2013 and a Cancellation No.  92057371 on June 10, 2013 to the Trademark Board. Defendant Julius Sämann LTD. who had refused in 2004 and again in 2010 to buy Mr. Nasser's Hand Grenade Air Freshener on two different times now after years of knowledge and refusal of the Hand Grenade Air Freshener. is attached as **Exhibit 7.** brought an action in the Trademark Court making a frivolous claim. Defendant Nasser successfully repudiated the false and

frivolous claims of Julius Sämann LTD. Aka Car Freshener Co. Aka Little Tree. The Plaintiffs false claim which falsely stated when Mr. Nasser Grenade Products was turned upside down, it looked like a little tree. The trademark board ruled after 4 + years of litigation ruled in favor of the Plaintiff Nasser. The positive ruling in the favor of Mr. Nasser by the Trademark Board serves as valid legal proof that the 4 + years of costly litigation was in fact and truth frivolous in nature, form and content which was carried out for years at great expense by Julius Sämann Ltd aka Car Freshener Co. aka Little Tree Air Freshener Defendant. According to **Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014)**. Defendant Julius Sämann Ltd aka Car Freshener Co. aka Little Tree sued plaintiff in the Trademark Board Court TTBA. **Opposition No., 91210658** and final Ruling were in a favor of Plaintiff Nasser did prevail and did bring an action for recovery against Defendant Julius Sämann Ltd. Car Freshener Co. AKA Little. is attached as **Exhibit 8.**

47.   Plaintiff's Nasser have sent multiple (Cease and Desist) Letters on January 31, 2017 concerning various trademarks owned by Defendants Julius Sämann Ltd. Indicated a belief that Defendant Julius Sämann Ltd. (Car Freshener Co. and Little tree and Little Trees) are infringing on Plaintiffs DBA Serious Scents DBA Little Grenade Trademarks and Copyrights Mark. is attached as **Exhibit 9.**

48.   Defendant Julius Sämann Ltd. abandoned its Car Freshener Co. U.S. Registration No.,1752136 since 2012 by stopping the use of the Car Freshener Logo and the air freshner- desoderisant- aromatizante and replace them by the Little Tree Logo and copying Plaintiff display products. is attached as **Exhibit 10.** Defendant Julius Sämann Ltd. knew or should know of the plaintiff Serious Scents and Little Grenade Design Mark Since Plaintiffs contacted the Julius Sämann Ltd

19

in 2004 and again in 2010 Defendant Julius Sämann Ltd. who had refused in 2004 and again in 2010 to buy Plaintiff Nasser hand Grenade air freshener on two different times stating though the product is very innovative, we feel it does not fall in line with our current product development goals signed by Mark Foster Product Manager at Car Freshner Co. is attached as **Exhibit 7.**

49. Defendant Julius Sämann Ltd. Aka Car-Freshener Co. Aka Little Tree Aka Little Trees continued unabated to violate Plaintiffs' Nasser rights to exclusive use of is copyrighted and trademark mark designs header card and displays of products for sale. Defendant who infringed and still infringing on plaintiff products and designs by with purposeful intent altered its original Registrations mark, causing confusion in the market place by copy the same type style, using product and labeling.) Changing their Car Freshener Co. name in all their products by using the name Little Tree in all their packages by copying the exact Header cards and packaging and Exact Displays feel and looks of Plaintiff Nasser.

50. The Court Should Note That The Defendant Julius Sämann Ltd. as soon as Plaintiff Nasser started using his 'Little Grenade Name "they immediately put little tree on the header of their product line to purposefully confuse the public by the use and application of the" Word Little "prominently shown on the header card. The Defendant Little Tree header card before Mr. Nasser's innovation of the use and application of the 'Little Grenade "only stated by CAR FRESHNER in non-prominent small type. Plaintiff Nasser was the first originally supply a complete laundry list with icons showing the use of this product including Made in the USA, which employed the image of the American flag. The Defendant Julius Sämann LTD. (Little Tree) copied Plaintiff Nasser the use of his American flag And icons on their new header card and the exact shape and style Displays of the Plaintiff

1   ~~Nasser. Plaintiff Nasser is well aware the American flag is "public domain" and~~
2   ~~does not belong to the Defendant Julius Sämann Ltd. is attached as~~ **Exhibit 11.**
3
4   ~~51.   Defendant Julius Sämann Ltd. owns Little Tree U.S. Registration No.,~~
5   ~~1017832 and Little Trees U.S. Registration No., 1990039 and Car-Freshner Co.~~
6   ~~U.S. Registration No., 1752136 purposeful intent altered its original Registrations~~
7
8   ~~mark, causing confusion in the market place. is attached as~~ **Exhibit 9.**
9
10                              **II. THE PARTIES**
11                               ~~**PLAINTIFF**~~
12   ~~52.~~   3.   Plaintiff Ibrahim Nasser is the rightful legal owner of Serious Scents a
13   California Company ~~since 1993 as the legal and/or owner of the trademarks and~~
14
15   ~~copyrights in which he is the proper claimant in and to the Air Freshener~~
16   ~~composition.~~ with a principal place of business in Chula Vista, California.
17                               ~~**DEFENDANTS**~~
18   ~~53.~~   4.   Based on information and belief, Defendant Energizer Brands II LLC.
19   (AKA Handstands AKA Driven by refresh your car AKA California Scents AKA
20   California Scents Professional AKA Mini-Scents) who also acquired American
21   Covers Inc. and California Scents Corporation is a multi-national corporation with
22
23   a principal place of business in St. Louis, Missouri and is incorporated in
24   Delaware. It does business in all 50 states ~~including.~~ ~~California with sales in the~~
25   ~~millions of dollars in this state.~~
26
27   ~~54.~~   5.   Based on information and belief, Defendant Julius Sämann Ltd. IS A
28   CORPORATION: with a principal place of business in Bermuda. It does business
29   in all 50 states. ~~Little Trees air fresheners are manufactured in the United States by~~
30   ~~the Car-Freshner Corporation at factories (such as Royal Pine) in Watertown, New~~

~~York and DeWitt, Iowa. Several companies in Europe produce Little Trees under license from Julius Sämann Ltd. using the names Wunder Baum (in Denmark, Finland, Germany, the Netherlands, Norway, Poland, Romania, Slovenia and Sweden) and Arbre Magique. (in France, Italy, Portugal, and Spain) All of the Defendants are in the air freshener and fragrancing business and operate in that capacity in the same marketing channel. All of the Defendants marking reach and sales of their products within the district of this court and beyond, which have caused and contributed to, and continue to cause and contribute to, the damages suffered by Plaintiff.~~

### III. JURISDICTION AND VENUE

~~55.   This action for declaratory relief arises under the declaratory judgment act (28 U.S.C. § 2201 and 2202), United States Trademark laws (15 U.S.C. § § 1051 et seq.), and related state law.~~

6.   The Court has original jurisdiction over this case because ~~the subject matter of this action~~ this case arises under the Trademark Laws of the United States, pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b) and 15 U.S.C. § 1121.

~~56.~~   7.   This Court has personal jurisdiction over Defendants because, Defendants transact business in this State of California, while they derive Substantial revenue in the State of California, and have established ongoing business contacts and sales within this State of California giving the California Federal Court the right exercise of personal jurisdiction proper of the defendants. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), in that on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

57. ~~This Court is the proper Court and Venue it has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.The new case law and ruling provides recovery for loss and damages against plaintiff Little Tree who brought a frivolous civil action in the Trademark Litigation. *See Case Octane Fitness, LLC v. ICON Health & Fitness.*~~

58. ~~This case removed the impossible legal burden that once made it a physical and legal impossibility to recover cost and damages for being forced to suffer the unmeritorious, frivolous litigation brought by Defendants Julius Sämann, Ltd., Aka Little Tree, Aka Car Freshner Co. Aka Little Trees. The frivolous claim in the TTBA of cancellation and opposition against the Plaintiff Trademark Registration.~~

## IV. FACTS COMMON TO ALL CLAIMS

~~59.~~ 8.   Plaintiff has enjoyed success and substantial sales with the Serious Scents Grenade and Little Grenade air freshener products since 1993. Plaintiff Nasser has first ~~consistently~~ use, since 2004, of the SERIOUS SCENTS stylized trademarks in connection with its grenade–shaped air fresheners which carry the designs and are illustrated and known by the image and shape of a grenade. Exhibit 1.

9.   In 2007 Plaintiff Nasser filed a trademark for the design of his grenade air fresheners. Exhibit 2. Then again in 2008 Plaintiff Nasser applied for another grenade design which was approved by the U.S. Patent and Trademark Office. Exhibit 3. ~~There is continuing consumer confusion resulting from the DRIVEN Grenade Design and Plaintiff's use of the Little Grenade Designs on their respective goods in the same marketing channels.~~

10.   In 2016 ~~60.   Defendant Energizer Brands II, LLC. was and is and should have been clearly aware of the Copyright and Trademark infringement on Plaintiff trademarks. Because of the widespread use of the Plaintiff Serious Scents and Little Grenade air freshener and air fragrancing products sold to distributors~~

and retailers since 1993, Defendant Energizer Brands II, LLC. ~~knew or should know of the plaintiff Serious Scents and Little Grenade Design mark prior to their buying~~ acquired the DRIVEN Grenade Design from American Covers Inc. Exhibit 4. ~~Plaintiff did not delay in bringing a cancellation action against DRIVEN Grenade Design or noticing them of their infringement which was and has been unreasonable as their Utah lawsuit failed that was brought against the Plaintiff Nasser.~~

11.   Due to the similarity of the designs there has been consumer confusion resulting from the DRIVEN Grenade Design and Plaintiff's use of the Little Grenade Designs on their respective goods in the same marketing channels.

~~61.   Plaintiff has suffered and will continue to suffer evidentiary and expectation prejudice if Defendant Energizer Brands II, LLC. are allowed to continue the use of the DRIVEN Grenade shape. An action for injunctive relief will follow this pleading.~~

~~62.~~ 12.   In addition, ~~Defendant Handstands, American Covers, Inc. owned by~~ Defendant Energizer Brands II, LLC. owns American Covers, Inc. ~~are actively infringing on the plaintiff's trademarked, copyrighted, and first use rights to grenade air freshener products in September 2013, Plaintiffs Nasser noticed American Covers, Inc., with a Cease-and-Desist notice, that the DRIVEN Grenade Design infringed Plaintiffs' copyrights and Trademark rights of Plaintiff Nasser. In reaction to the Cease-And-Desist notice American Covers, Inc. filed a lawsuit action claims in the United States District Court for the District of Utah styled American Covers, Inc. v. Serious Scents, Inc., No. 2: 13-cv-01032. Against Plaintiff. That action was dismissed on the favor of the Plaintiff Nasser.~~ is attached as **Exhibit 12.** ~~This establishes the pervious rights and ownership of the grenade design air freshener to and with Plaintiff Nasser.~~

63. 13.  Defendant Energizer Brands II, LLC. and California Scents Corporation ~~American Covers Inc. still~~ own ~~The U.S. Trademark Registration No., 85823376,~~ **CALIFORNIA SCENTS (Serial Num. 74,373,683),** which is just the word California Scents. ~~Co.~~ Exhibit 5. In 2009, Defendants have begun to use their trademark in a stylized form which closely resembles Plaintiff Nasser's SERIOUS SECENTS logo. Exhibit 6. ~~This is because the case is the subject of a cancellation proceeding with the TTBA, the ownership information could not be changed to the new owner name Defendant Energizer Brands II, LLC. As such, the Trademark Registration should stay in the original and prior owner American Covers Inc. The legal bottom line being Defendant Energizer Brands II, LLC bought American Covers Inc. and the Trademark Board won't release or give Defendant Energizer Brands II, LLC exclusive rights use or list them as the registered owner of Grenade Air Freshener.~~

64. 14. ~~While~~ Plaintiff Nasser has been using SERIOUS SCENTS in a stylized form since 2004, when he bought the design. In 2008 Plaintiff Nasser filed for SERIOUS SCENTS logo with the U.S. Patent and Trademark Office and was approved. Exhibit 7. In 2014 Plaintiff Nasser applied again for another SERIOUS SCENTS logo and was again approved. Exhibit 8.

15.  On November 8, 2016. Plaintiffs Nasser sent a letter to The United States Patent and Trademark Office to the Director of the commissioner of the Trademark. ~~This complaint is based upon the following: TMEP 807.14: MATERIAL ALTERATION OF MARK.~~ ~~I. Trademark Rule 2.72, 37 C.F.R. § 2.72, prohibits any amendment of the mark in an application under §1 or §44 of the Trademark Act that materially alters the mark on the drawing filed with the original application.~~ Demanding cessation of all use of ~~the~~ **CALIFORNIA SCENTS** stylized logo. ~~Co. On November 8, 2016~~ and on

~~February 13, 2017 DRIVEN BY REFRESH YOUR CAR, on February 13,~~
~~2017 CALIFORNIA SCENTS PROFESSIONAL, on November 14, 2016~~
~~MINI SCENTS.~~

~~H.~~ 16.   Again on January 18, 2017~~,~~. Plaintiffs sent a letter to Counsel for
Energizer Brands II, LLC. Demanding cessation of all use of ~~the~~ **CALIFORNIA
SCENTS** marks ~~Co. On January 18, 2017 and on February 13, 2017 DRIVEN
BY REFRESH YOUR CAR, on February 13, 2017 CALIFORNIA SCENTS
PROFESSIONAL, on November 14, 2017 MINI SCENTS. Trademark because
of the violation and the Unauthorized Use and because the abandoned to their
Original logo at all time since the issue of their Trademark from the U.S.
Trademark and copyright Office each of these~~ Defendants completely ignored the
cease-and-desist request. ~~Each and every continues to profit at the expense of the
plaintiffs'.~~

~~65.~~ 17.   Defendant Julius Sämann Ltd., who owns Car-Freshner Co. and THE
LITTLE TREE air freshener ~~little trees own~~ under **U.S REGISTRATION No.,
5055892** and **U.S REGISTRATION No., 1017832.,** filed for a cancellation of
Plaintiff Nasser's grenade registration in 2013. Exhibit 2. Defendant claimed that
when flipped Plaintiff Nasser's grenade looks like a tree.  Litigation went from
6/10/13 until 6/16/15. Due to the costly onslaught of the three-year litigation
Plaintiff Nasser was unable to continue doing business as SERIOUS SCENTS. ~~and
little trees are actively infringing on the plaintiff's trademarked, copyrighted, and
first use air freshener products:~~
~~In this infringement and dilution action, Plaintiff alleges that Defendants are using
a word and service mark, which is substantially similar, if not identical to
Plaintiff's word marks and stylized design service mark.~~

18.   In addition, in 2004 and 2010 Plaintiff Nasser tried to sell his Little
Grenade air fresheners to Defendant Car Freshener. Exhibit 9 and Exhibit 10.

Defendant chose not to buy Little Grenade. In 2016, Plaintiff Nasser noticed that Car Freshener's air freshener packaging and displays began to mirror Little Grenade. Exhibit 11. ~~has not been using their marks as registered. TMEP 807.14: MATERIAL ALTERATION OF MARK. Trademark rule 2.72,37 c.f.r. § 2.72, prohibits any amendment of the mark: in an application under §1 or §44 of the Trademark Act that materially alters the mark on the drawing filed with the original application.~~

~~66.  Plaintiff Nasser sent a Cease and Desist Letter on January 25, 2017 regarding Defendants Julius Sämann LTD. Little Trees Logo Design. Again, On January 31, 2017 Plaintiffs sent a letter regarding Defendants Julius Sämann Lltd., Little Tree Logo Design to The United States Patent and Trademark Office to the Director of the commissioner of the Trademark and to the counsel of Julius Sämann Ltd., alleging that Little Tree and Little Trees Design infringed Plaintiffs' copyrights and Trademark rights.~~

~~67.  This Complaint is based upon the following: TMEP 807.14: MATERIAL ALTERATION OF MARK. Trademark rule 2.72,37 c.f.r. § 2.72, prohibits any amendment of the mark: in an application under §1 or §44 of the Trademark Act that materially alters the mark on the drawing filed with the original application demanding cessation of all use of the **Little Trees Logo U.S REGISTRATION No., 5055892** and **Little Tree Logo U.S REGISTRATION No., 1017832** Trademarks because of the violation and the Unauthorized Use and because the abandoned to their Original logo at all time since the issue of their Trademark mark from the U.S. Trademark and copyright Office Each of these The Defendants completely ignored the cease and desist request. Each and every continues to profit at the expense of the plaintiffs'.~~

# FIRST CAUSE OF ACTION

**(Trademark Infringement, ~~Unfair Competition, and Trademark Dilution By Defendant Energizer Brands II LLC. (Handstands aka Driven by refresh your car aka California Scents aka California Scents Professional Aka Mini-Scents) and Julius Sämann Ltd. Aka Car Freshner Co. Aka Little Tree Relating to Plaintiffs' SERIOUS SCENTS and LITTLE GRENADE Trademark)~~**

~~68.~~ 19.   Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs. ~~of This Complaint. In this infringement and dilution action, Plaintiff alleges that Defendants are using a word and service mark, which is substantially similar, if not identical to Plaintiff's word marks and stylized design service mark.~~

~~#~~

~~69.   Plaintiffs' Nasser own protectable Trademark and/or Trade Dress rights found in the direct ownership and use of the Serious Scents and Little Grenade Designs and such designs are famous since 1993. Defendant Energizer Brands II LLC. And Julius Sämann Ltd. are infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights in the Serious Scents and Little Grenades Designs by alteration and changing its displays and marketing header card to mirror changes made by Plaintiff Nasser in their display and design logo.~~
~~There is a Likelihood of confusion, which exists with respect to Defendants Energizer Brands II LLC. and Julius Sämann Ltd. Designs which copying of Plaintiff designs look and feel of the displays and marketing header card products display in the same marketing channels.~~

~~70.   Defendant Energizer Brands II LLC. and Julius Sämann Ltd. are aware, knew or should have known based on their collective and individual action of infringement caused and continues actual confusion in the market place which has~~

resulted in the dilution of the fair market value by willful infringing products on Plaintiffs.

71.   An actual priority of rights, Plaintiff has priority of rights with his Serious Scents and Little Grenade Design and the Defendant Energizer Brands II LLC. Designs as is infringing, diluting, competing unfairly, and violating Plaintiffs' rights. Plaintiff Nasser has been and will continue to be damaged by persistent uncertainties created by Defendants with respect Plaintiffs legitimate use of its Serious Scents and Little Grenade Design and the infringement of the defendants individually and collectively.

72.   Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *ET SEQ.*, Plaintiffs Nasser request that this Court declare that Defendants Energizer Brands II LLC. and Julius Sämann Ltd. have colluded with the sale of infringed, diluted products of Plaintiff Nasser by the proceeds which is unjust enrichment at the Plaintiff Nasser's ongoing expense.  The defendants competed unfairly while interfering with the legal rights and privileges owned by Plaintiffs Nasser under Federal or State Law.

73.   Defendant Julius Samman Ltd. was involved in the act and action of bringing a false claim in Trademark Board for unjust economic advantage. This caused the legal resources of the Plaintiff to be limited this reduced plaintiff's ability to bring legal action for injunctive relief in other court action to stop the infringement and legal abuses because all legal resources were tied up in legal battle with Julius Sämann LTD. It was commonly known by the defendants who used the collective knowledge of the total lack legal resources of the Plaintiff to be limited to the point where it was a physical and legal impossibility to fight multiple law suits in

protection of his trademark rights efforts of all defendants to deny Mr. Nasser his
rights to the sales proceeds and the fair market value of the final sale of the
defendant companies to Defendants Energizer Brands II LLC.

74.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. Driven have
infringed, and are infringing, the federally registered Serious Scents and Little
Grenade mark in violation of section 32(1) of the Lanham Act, 15 U.S.C. §
1114(1). As a direct and proximate result of Defendants Energizer Brands II LLC.
and Julius Sämann Ltd.  unlawful conduct, Plaintiffs Nasser has suffered, and will
continue to suffer unless and until such activity is enjoined by this Court,
irreparable damage and inherently unquantifiable injury and harm to its business,
reputation and customer goodwill.

75.   Defendants Energizer Brands II LLC. and Julius Samman Ltd. outrageous
conduct is causing, and is likely to continue to cause continuing injury to the public
and to Plaintiffs Nasser, who is entitled to injunctive relief and the legal right to
recover Plaintiffs Nasser actual damages and/or an award of Defendants profits,
costs for past and future attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any
such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. §
1117(a).

76.   Defendants Energizer Brands II LLC. and Julius Sämann Ltd. unauthorized
use in commerce of their abandoned Trademarks: The court should note the
Abandoned Trademarks is in reference to unauthorized establishment of new
products and designs under the false pretense that they are the same as the
Trademark issued to them when in fact they are not. These are new products and
designs that left the approved trademark behind as abandoned. This happened in

30

~~United States and otherworld markets without a doubt causing and likely to~~
~~continue to cause confusion, mistake, while deceive the public as to the true origin,~~
~~source, sponsorship, approval or affiliation of Defendants products. Such conduct~~
~~therefore constitutes unfair competition, false representation, and a false~~
~~designation of origin, all in violation of section 43(a) of the Lanham Act, 15 U.S.C.~~
~~§ 1125(a).~~

20.   Defendant Energizer with their DRIVEN Grenade air fresheners acquired in 2016 is directly infringing on Plaintiff Nasser's LITTLE GRENADE air fresheners that he has been selling since 1993. Defendant Energizer's grenade air fresheners look strikingly similar to Plaintiff Nasser's.

21.   While Defendant Energizer and California Scents Corporation, recent stylized use of their mark CALIFORNIA SCENTS is also in direct infringement of Plaintiff Nasser's SERIOUS SCENTS logos, which the Plaintiff has been using since 2004, because both logos look the same and are marketed heavily in California.

22.   In addition, Defendant Car-Freshner Co., owned by Defendant Julius Sämann Ltd., has started making their air freshener displays and packaging like Plaintiff Nasser's, which is direct infringement on Plaintiff Nasser's rights.

23.   The Lanham Act, 15 U.S.C.S. § 1051 et seq., creates a federal cause of action for trademark infringement. *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1297 (2015). The owner of a mark, whether registered or not, can bring suit in federal court if another is using a mark that too closely resembles the plaintiff's. *Id.*

24.   Since 2004, Plaintiff Nasser has been using SERIOUS SCENTS stylized logo and since 1993 LITTLE GRENADE trademarks in connection with its air fresheners, which entitle Plaintiff to trademark protection.

25.   Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION

**(~~Declaration of Copyright Infringement By Defendant Energizer Brands II LLC. Aka Handstands Aka Driven by refresh your car Relating to Plaintiffs' Serious Scents and Little Grenade Mark~~ Likelihood of Confusion)**

26.   Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs.

~~77.   Defendant Energizer Brands II LLC. Handstands AKA Driven by refresh your car and Grenade shape products are infringing, diluting, competing unfairly, and violating Plaintiffs' purported rights in the LITTLE GRENADES Designs.~~

~~78.   There is Likelihood of Confusion exists with respect to Defendants Energizer Brands II LLC. Designs.~~

~~79.   Defendant Energizer Brands II LLC. are aware, knew or should have known based on information and belief, that their collective and individual action of infringement caused and continues actual confusion in the market place which has resulted in the dilution of the fair market value by willful infringing products on Plaintiffs.~~

~~80.   Plaintiffs' has all priority of rights as between the Serious Scents and Little Grenade Designs and the Defendant Energizer Brands II LLC. Designs is infringing, diluting, competing unfairly, and violating Plaintiffs' rights.~~

~~81.   Plaintiff Nasser has been and will continue to be damaged by persistent uncertainties created by Defendants with respect Plaintiffs legitimate use of its~~

32

~~Serious Scents and Little Grenade Designs and the infringement of the defendants~~
~~individually and collectively.~~

27.   In determining whether confusion between related goods is likely, the following factors are relevant: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 345 (9th Cir. 1979).

~~Car Freshner's likelihood of confusion arguments in its opposition. The fact that~~
~~Car Freshner's 1996 "Little Tree" registration pre-dates Plaintiff's alleged 2010~~
~~registration of "Little Grenade," and the fact that Little Trees logo's first use in~~
~~commerce dates to 1957, well before 1993, the Plaintiff's first use in commerce.~~

28.   Defendant Energizer with their DRIVEN Grenade air fresheners is causing confusion, false and misleading impressions in the market place because both Defendant Energizer and Plaintiff Nasser are selling the same goods and marketing to the same type of consumers. Defendant Energizer is using the goodwill and consumer recognition associated with Plaintiff Nasser's LITTLE GRENADE design since 1993 to sell their product.

29.   While Defendant Energizer and California Scents Corporation, recent stylized use of their mark CALIFORNIA SCENTS is also in direct infringement of Plaintiff Nasser's SERIOUS SCENTS logos, especially since both heavily target California consumers which is likely to cause confusion, false and misleading impressions among consumers. Defendant American Covers Inc. is using the goodwill and consumer recognition associated with Plaintiff Nasser's SERIOUS SCENTS logos since 2004 to sell their product.

30.   In addition, Defendant Car-Freshner Co., owned by Defendant Julius Sämann Ltd., has started making their air freshener displays and packaging like Plaintiff Nasser's leading to market confusion, false and misleading impressions among consumers because both target the same consumers and market in the same way, especially in gas stations. Defendant Car-Freshner Co. is using the goodwill and consumer recognition associated with Plaintiff Nasser's LITTLE GRENADE air fresheners packaging and displays since 1993 to sell their product.

31.   Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION

**(Declaration of Federal Trademark Infringement Under 15 U.S.C. § 1114 Based on Defendants Energizer Brands II LLC. Dba California Scents Co. aka California Scents Professional aka Mini-Scents and Julius Sämann LTD. AKA Car Freshner Co. aka Little Tree aka Little Trees Unfair Competition)**

82.  32.   Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

83.   Plaintiffs' Nasser own protectable trademark and/or trade dress rights in the Serious Scents and
Little Grenade Designs.

84.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. have abandoned their original trademark registration mark what cause and likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants products, and that the trade and

34

~~consuming public believe and are likely to believe that products bearing the~~
~~respective marks originate from the same source of origin.~~

~~85.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. have infringed,~~
~~and are infringing, the federally registered SERIOUS SCENTS mark in violation~~
~~of section 32(1) of Lanham Act, 15 U.S.C. § 1114(1).~~

~~86.   Defendant Energizer Brands II LLC. And Julius Sämann Ltd. conduct is~~
~~causing, and is likely to cause, injury to the public and to Plaintiffs Nasser and~~
~~Serious Scents mark, Plaintiffs Nasser is entitled to injunctive relief and to recover~~
~~Plaintiffs Nasser actual damages and /or an award of Defendants profits, costs, and~~
~~reasonable for past and future attorneys' fees under 15 U.S.C. §§ 1116 and 1117.~~
~~Any damages and/or profits awarded should be trebled pursuant to 15 U.S.C. §~~
~~1117(a)~~

33.   Each Defendant's use of a confusingly similar imitation of Plaintiff Nasser's LITTLE GRENADE or SERIOUS SCENTS marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that each of the Defendant's goods are manufactured or distributed by Plaintiff Nasser, or are affiliated, connected, or associated with LITTLE GRENADE or SERIOUS SCENTS, or have the sponsorship, endorsement, or approval of Plaintiff Nasser.

34.   Each Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Each Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff Nasser's goodwill and reputation as symbolized by Plaintiff Nasser's LITTLE GRENADE and SERIOUS SCENTS marks, for which Mr. Nasser has no adequate remedy at law.

35. A trademark is not acquired by registration. The right to a trademark stems from prior appropriation and use. *Friend v. H. A. Friend & Co.,* 416 F.2d 526, 528 (9th Cir. 1969). Exclusive right to use a mark belongs to the first who appropriates it and uses it in connection with a particular business. *Id.*

36. Since 1993 Plaintiff Nasser has been using LITTLE GRENADE and since 2004 SERIOUS SCENTS marks in connection with its air fresheners, which entitle Plaintiff to exclusive rights to these marks.

37. Each Defendant's action demonstrate intentional, willful, and malicious conduct. The Defendants caused and is likely to continue causing substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 14 U.S.C. §§ 1114, 1116, and 1117.

## FOURTH CAUSE OF ACTION
### (Abuse of Process)

38. Plaintiffs Nasser repeats and incorporates by reference the allegations in the preceding paragraphs

39. Defendant Julius Sämann Ltd., who owns Car-Freshner Co. and THE LITTLE TREE air freshener under **U.S REGISTRATION No., 5055892 and U.S REGISTRATION No., 1017832.,** filed for a cancellation of Plaintiff Nasser's grenade registration in 2013. Defendant claimed that when flipped Plaintiff Nasser's grenade looks like a tree. Litigation went from 6/10/13 until 6/16/15.

40. In addition, Defendant Julius Sämann Ltd. made a petition for opposition against Plaintiff Nasser's grenade registration Serial Number: 76,673,922 (Exhibit 2). Defendant claimed that Plaintiff's mark was confusingly similar to their tree design when inverted. Litigation went from 5/15/17 until 2/15/17.

41. A claim for abuse of process arises when a party (1) for ulterior reasons (2) misuses the court's process for a purpose other than the purpose for which the process was designed. *Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 512, 37 Cal. Rptr. 3d 381, 384 (2005).

42. Defendant Julius Sämann Ltd., knowing full well that his patent for his LITTLE TREE design had expired, sued Plaintiff Nasser for his LITTLE

36

GRENADE design. Defendant brought on this litigation for no other purpose than to bully the Plaintiff.

43.   Due to the costly onslaught of the three-year litigation Plaintiff Nasser was unable to continue doing business as SERIOUS SCENTS.

44.   Defendant Julius Sämann Ltd.'s action demonstrates intentional, willful, and malicious conduct. Defendant caused substantial injury to Plaintiff Nasser, and Plaintiff Nasser is entitled to injunctive relief and to recover actual damages, litigation costs, and reasonable attorney's fees due to Defendant's abuse of process.

## THE PLAINTIFF PRAYS FOR ALL OF THE FOREGOING RELIEF

Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.   For a preliminary and permanent injunction prohibiting Defendants, restraining Defendants, and their agents, distributors, employees, and all persons in active concert or participation with defendants from interfering in any manner with Plaintiff Nasser products and trademark marks.

2.   A permanent injunction enjoining and restraining Defendants, and their respective agents, servants, distributors, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, including the recall and destruction of all packaging, advertising, and promotional materials bearing the defendants mark of the plaintiffs Nasser mark. Any and all further unauthorized use in the United States of Defendants mark, from continuing to infringe Plaintiffs' Copyright and Trademark, Trade names, mark in the infringed Composition.

3.   For of all damages caused by the acts forming the basis of this complaint.

4.   For plaintiffs Nasser of all the amounts, including profits, received by Defendants as direct and proximate result of Defendants unlawful conduct, including the trebling of such damages or profits pursuant to 15 U.S.C. § 1117.

5.   For Plaintiffs Nasser is entitled to injunctive relief and protects from further harm by the defendants and has the right to recover actual damages suffered.

6.   For Plaintiffs Nasser of exemplary and punitive damages, based on defendants' willfulness and/or reckless indifference to Plaintiffs Nasser's Trademark rights.

7.   For Plaintiffs' attorneys' fees, costs, and disbursements in this action.

8.   For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff Nasser respectfully demands a trial by jury on all claims and issues so triable.

**VERIFICATION OF PLEADING:**

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.

Dated, April 15, 2019. Plaintiff swears and affirms that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

_____

IBRAHIM NASSER
P.O. Box 5626
Chula Vista, CA 91912
**Plaintiff In Propria Persona**

38