SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
NICOLE PHILLIS (State Bar No. 291266)
  nicolephillis@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "CAR FRESHNER CO.")

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). <br><br> Plaintiff, <br><br> vs. <br><br> JULIUS SAMANN, LTD; CAR FRESHNER CO.; and ENERGIZER BRANDS II LLC; AMERICAN COVERS INC. (collectively, "Defendants"), <br> alleges as follows: <br><br> Defendants, <br><br> Does 1-100 | Case No. 3:17-CV-00863 BTM (MDD) <br><br> [Hon. Barry Ted Moskowitz] <br><br> **RESPONSE TO ORDER TO SHOW CAUSE (OSC) RE DISMISSAL OF PLAINTIFF SERIOUS SCENTS** <br><br> **PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> Action Filed: April 28, 2017 <br> Trial Date: None Set |

# RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

## I. INTRODUCTION

On March 26, 2019, this Court ordered Plaintiffs to show cause why Plaintiff Serious Scents should not be dismissed as a plaintiff. Specifically the Court ordered briefing on the following questions:

(1) Whether the general rule that corporations may not appear *pro se* compels dismissal of Serious Scents, *see D-Bean Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."); and

(2) Whether Serious Scents' status as a dissolved corporation has any impact on its standing to pursue pre-dissolution claims, *see generally* Cal. Corp. Code § 2010(a); *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180 (1991). (Dkt. 97.)

On April 18, 2019, Plaintiffs filed a three-page response claiming that Serious Scents is not represented by counsel in this litigation because it cannot "afford" an attorney, but failing to address the questions raised by the Court. Because Plaintiffs have failed to rebut longstanding case law holding that corporations—dissolved or otherwise—cannot appear *pro se,* Serious Scents should be dismissed.

## II. SERIOUS SCENTS CANNOT BE REPRESENTED *PRO SE* AND MUST BE DISMISSED.

### A. Supreme Court and Ninth Circuit Precedent Bars Corporations From Appearing *Pro Se*.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). Following Supreme Court precedent, the Ninth Circuit has long required corporations to appear in court through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d

2

RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4817-5055-4517v.2 0097958-000006

972, 974 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney."); *Licht v. Am. W. Airlines (In re Am. W. Airlines),* 40 F.3d 1058, 1059 (9th Cir. 1994) (affirming order precluding non-attorney from appearing *pro se* on behalf of a business association); *see also United States v. High Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening *pro se* rather than retaining counsel to represent the corporation).

The OSC cited binding Supreme Court and Ninth Circuit precedent that bars corporations from appearing *pro se,* but Plaintiffs do not address it. Plaintiffs' failure to respond is a tacit concession that the cases bar a *pro se* appearance by Serious Scents. *See, e.g., Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, *3 (C.D. Cal. Oct. 6, 2011) (plaintiff's failure to oppose defendants' motion amounted to a concession that his claim should be dismissed); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) (explaining that a party "tacitly concede[d][a] claim by failing to address defendants' argument in her opposition.").

Plaintiffs suggest that Serious Scents should be permitted to proceed *pro se* because it was previously sued in a separate litigation in 2013 by American Covers, Inc. (Dkt. 110 at ¶ 3) and in a TTAB proceeding in 2013 by Defendant Julius Sämann Ltd. ("JSL") (*id.* at ¶ 4). As an initial matter, neither of those proceedings were related to or consolidated with the instant action, which Plaintiffs Nasser and Serious Scents **initiated** in 2017. In any event, case law does not present any exception to the bar on *pro se* corporate litigants for a "previously sued defendant." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (dismissing appeal of LLC *defendant* who failed to obtain counsel).

Similarly unavailing is Plaintiffs' contention that Serious Scents is "unable to afford an attorney" because its funds were depleted during prior litigation. (*Id.* at ¶

RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS — 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4817-5055-4517v.2 0097958-000006

9.) A purported inability to pay for counsel does not relieve a corporation of its obligation to obtain licensed attorneys to appear in litigation. *E.g.*, *Computerized Screening, Inc. v. Lifeclinic Int'l, Inc.*, 2012 WL 13069792, at *2 (D. Nev. Sept. 24, 2012), report and recommendation adopted, 2012 WL 13069793 (D. Nev. Dec. 10, 2012) (rejecting excuse that company had "no funds" for counsel and striking answer and counterclaims filed by *pro se* corporation).

In summary, Serious Scents has offered no legitimate reason why it should not be dismissed for failing to obtain a licensed attorney to represent it in this action for the past **_24_** months. As a result, Serious Scents should be dismissed as a plaintiff.

**B.     Dissolved Corporations May Sue for Pre-Dissolution Conduct.**

Plaintiffs concede that Serious Scents was dissolved in 2017, prior to the filing of this litigation. (Dkt. 110 at ¶ 6 and Ex. 1.) The Court correctly observes that the dissolution of Serious Scents does not impede its ability to sue or defend claims regarding pre-dissolution conduct. (Dkt. 97 at 2-3, citing *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal. 2007) ("Dissolved corporations may be sued for both pre- and post-dissolution conduct."); *Race Safe Sys., Inc. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1108 (N.D.N.Y. 2003) (stating that where states provide "that a dissolved corporation may maintain a suit to collect its assets . . . the corporation will then have the capacity to sue in the federal courts even after dissolution")).[1]

As the Court observed in its OSC, however, "the rule that corporations generally may not appear *pro se* applies with equal force to dissolved corporations." (Dkt. 97.) Thus, while it is true that Serious Scents' status as a dissolved corporation does not independently bar it from pursuing litigation relating to pre-

---

[1] Plaintiffs' reliance on *Pensaquitos Inc. v. Superior Court*, 53 Cal. 3d 1180, 1183 (1991), is misplaced because that case addressed the ability to bring suits *against* dissolved corporations for pre-dissolution activities. (Dkt. 110 at 2.)

4
RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

4817-5055-4517v.2 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

dissolution conduct, the prohibition on corporations representing themselves *pro se* still applies. (*Id.* at ¶ 7.)

### III. CONCLUSION

For the foregoing reasons, plaintiff Serious Scents should be dismissed from this action for failing to obtain a licensed attorney to represent it. *See Rowland*, 506 U.S. at 201–02; *D-Beam*, 366 F.3d at 974.

DATED: April 26, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON

By: /s/ *Scott R. Commerson*
　　　　Scott R. Commerson

Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "CAR FRESHNER CO.")

5
RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4817-5055-4517v.2 0097958-000006

# **CERTIFICATE OF SERVICE**

I certify that on April 26, 2019, **RESPONSE TO ORDER TO SHOW CAUSE (OSC) RE DISMISSAL OF PLAINTIFF SERIOUS SCENTS** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

    Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                  By:    /s/*Scott R. Commerson*
                                                                Scott R. Commerson

6
RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4817-5055-4517v.2 0097958-000006

# PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On April 26, 2019, I served the foregoing document(s) described as: **RESPONSE TO ORDER TO SHOW CAUSE (OSC) RE DISMISSAL OF PLAINTIFF SERIOUS SCENTS** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on April 26, 2019, at Los Angeles, California.

☑ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Myra Izzo
Print Name                              Signature

7
RESPONSE TO OSC RE DISMISSAL OF SERIOUS SCENTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4817-5055-4517v.2 0097958-000006