```
 1  KILPATRICK TOWNSEND & STOCKTON LLP
    NANCY L. STAGG (CA State Bar No. 157034)
 2  nstagg@kilpatricktownsend.com
    12255 El Camino Real, Suite 250
 3  San Diego, CA 92130
    Telephone: (858) 350-6156
 4  Facsimile:  (858) 350-6111

 5  WILLIAM M. BRYNER (pro hac vice application forthcoming)
    bbryner@kilpatricktownsend.com
 6  1001 West Fourth Street
    Winston-Salem, NC 27101-2400
 7  Telephone: (336) 607-7482
    Facsimile:  (336) 734-2656

 8
    JENNIFER FAIRBAIRN DEAL (admitted pro hac vice)
 9  jdeal@kilpatricktownsend.com
    1100 Peachtree St., Suite 2800
10  Atlanta, GA 30309
    Telephone: (404) 815-6500
11  Facsimile:  (404) 815-6555

12  Attorneys for Defendant
    ENERGIZER BRANDS II LLC
13
```

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER, and SERIOUS SCENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JULIUS SAMANN LTD DBA-LITTLE TREE DBA-CAR-FRESHNER CORPORATION, and NATURE'S APPEAL MANUFACTURING CORPORATION DBA-STINK GRENADE, and ENERGIZER BRANDS II LLC DBA-AMERICAN COVERS INC. DBA-DRIVEN BY REFRESH YOUR CAR,<br><br>Defendants. | Case No. 17-cv-00863 (BTM MDD)<br><br>**DEFENDANT ENERGIZER BRANDS II LLC, CALIFORNIA SCENTS, LLC AND AMERICAN COVERS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hearing Date: June 7, 2019<br>Hearing Time: 11:00 a.m.<br>Courtroom:    15B<br><br>Judge: Hon. Barry Ted Moskowitz<br><br>Complaint Filed: 4/28/2017<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |



# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................. 1

III. ARGUMENT ....................................................................................................... 3

    A. Plaintiffs' Claims Against American Covers and California Scents Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5) ............................................................................................................. 3

        1. American Covers Has Not Been Properly Served ..................... 3

        2. California Scents Has Not Been Properly Served ..................... 4

    B. Plaintiffs' Claims Against Energizer Brands II Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) ................................... 4

IV. CONCLUSION .................................................................................................... 6



# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................... 4

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ....................................................................... 3

**Statutes**

Cal. Civ. Proc. Code Ann. § 413.10 *et seq.* .................................................. 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(5) ......................................................................... 1, 3, 5

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1, 4, 5

Fed. R. Civ. P. 4 ............................................................................................ 3

Local Rule of Civil Procedure 15.1 ............................................................... 1



## I. INTRODUCTION

Defendants American Covers, LLC ("American Covers") and California Scents, LLC[1] ("California Scents") specially appear[2] for the sole purpose of moving to dismiss Plaintiffs' Fourth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiffs have failed to effect proper service of the Fourth Amended Complaint (or any of Plaintiffs' prior complaints) on either American Covers or California Scents. Defendant Energizer Brands II LLC ("Energizer")[3] moves to dismiss Plaintiffs' Fourth Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II. PROCEDURAL HISTORY

On April 28, 2017, Plaintiffs initiated this action. ECF No. 1. Neither American Covers nor California Scents was named as a defendant.[4] *Id.* Plaintiffs' original Complaint subsequently was dismissed with leave to amend. ECF No. 28.

On August 15, 2017, Plaintiffs' attempted to file several amended Complaints that violated Local Rule of Civil Procedure 15.1. ECF Nos. 37, 39. Plaintiffs also attempted to file a Second Amended Complaint on September 7, 2017, which the Court struck, again with leave to amend. *See* ECF No. 40.

Plaintiffs eventually filed their Second Amended Complaint on October 18,

---

[1] Plaintiffs' Fourth Amended Complaint names "American Covers Inc." as a Defendant but that entity was converted into American Covers, LLC on July 14, 2016, prior to the filing of this action. Similarly, Plaintiffs' Fourth Amended Complaint names "California Scents Corporation" as a Defendant but that entity was converted into California Scents, LLC on July 14, 2016, prior to the filing of this action.

[2] American Covers and California Scents specially appear in this matter solely to object to defective service and expressly reserve all other legal challenges in the event they are properly served.

[3] Energizer Brands, American Covers, and California Scents are collectively referred to herein as "Defendants."

[4] The Complaint named "Energizer Brands II, LLC. [sic] DBA-American Covers Inc. DBA-Driven by Refresh Your Car" as a single defendant.



1  2017.  ECF No. 42.  Plaintiffs' Second Amended Complaint was later stricken for
2  failure to comply with the Local Rules.  ECF No. 51.
3        On November 29, 2017, Plaintiff filed a Third Amended Complaint.  ECF
4  No. 52.  The Third Amended Complaint removed "California Scents DBA
5  California Scents Professionel DBA Mini-Scents" as a defendant and did not name
6  any "California Scents" entities as defendants.  *Id*.  The Third Amended Complaint
7  added, for the first time, "American Covers, Inc." as a defendant.  *Id*.  The proof of
8  service filed for American Covers, Inc. indicates that it was served via process
9  server on Nancy L. Stagg at Kilpatrick Townsend & Stockton LLP.  ECF No. 57.
10 The Court dismissed the Third Amended Complaint on April 16, 2019, with leave to
11 amend.  ECF No. 96.  The Court's order also provided Plaintiffs with a clear
12 roadmap as to the necessary amendments to their pleading in order for Plaintiffs to
13 state a claim.
14       On April 16, 2019, Plaintiffs filed their Fourth Amended Complaint, which
15 suffers substantively from the same issues as Plaintiffs' prior pleadings, namely,
16 failure to state a claim.  ECF No. 98.  American Covers Inc. was once again named
17 as a Defendant in the Fourth Amended Complaint.  *Id*.  The Fourth Amended
18 Complaint named, for the first time, California Scents Corporation as a Defendant.
19 *Id*.  An amended summons was issued that same day.  ECF No. 99.  The proofs of
20 service filed by Plaintiffs indicate that Defendant Energizer Brands II LLC, Julius
21 Samann LTD, and Car Freshner Co. were all served multiple times at multiple
22 addresses, but Plaintiffs filed no proofs of service showing that either American
23 Covers or California Scents were served.  ECF Nos. 100-109.  To date, neither
24 American Covers nor California Scents has been duly served with the Fourth
25 Amended Complaint.
26 / / / /
27 / / / /
28 / / / /



- 2 -

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOURTH AMENDED COMPLAINT
CASE NO. 17-CV-0863-BTM MDD

## III. ARGUMENT

### A. Plaintiffs' Claims Against American Covers and California Scents Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5)

American Covers is a Utah limited liability company, and California Scents is a California limited liability company. Plaintiffs could have been properly served American Covers and California Scents in a variety of ways pursuant to either Federal law or the laws of the State of California. *See* Fed. R. Civ. P. 4; Cal. Civ. Proc. Code Ann. § 413.10 *et seq*. However, as explained below, Plaintiffs have not served either of these Defendants in compliance with any of the permitted manners. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiffs cannot meet their burden of establishing valid service.

#### 1. American Covers Has Not Been Properly Served

American Covers was first added to this case via Plaintiffs' Third Amended Complaint, which was served on Defendant Energizer Brands II LLC's counsel of record, Nancy Stagg. Ms. Stagg is not a party to this case and has no affiliation with American Covers, beyond representing it in connection with its special appearance in this matter. Declaration of Nancy Stagg, ¶ 3. Ms. Stagg is not an officer or managing agent or general agent of American Covers, nor has Ms. Stagg been authorized or appointed to accept service on behalf of American Covers, which is an entirely separate and distinct legal entity from Defendant Energizer Brands II LLC. *Id*. at ¶ 4. Ms. Stagg also never agreed to accept service on American Covers' or California Scents' behalf. *Id*. at ¶ 5.

Accordingly, Plaintiffs did not serve the Third Amended Complaint on American Covers itself or any authorized agent of American Covers, and the Third Amended Complaint was never properly served. The Fourth Amended Complaint also has not been served on American Covers or any authorized agent in any manner, much less in a proper manner. Accordingly, American Covers has not been



properly served at all in this matter and all claims against it should be dismissed.

### 2. California Scents Has Not Been Properly Served

California Scents was first purportedly added to this case via Plaintiffs' Second Amended Complaint, which was then stricken, and Plaintiffs dropped all claims against California Scents in its Third Amended Complaint. Plaintiffs then added California Scents again as a Defendant in the Fourth Amended Complaint. The Fourth Amended Complaint has never been served on California Scents or any authorized agent in any manner, much less in a proper manner. Accordingly, California Scents has not been properly served and all claims against it should be dismissed.

### B. Plaintiffs' Claims Against Energizer Brands II Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a pleading if it "fails to state a claim upon which relief may be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Allegations that amount to no more than legal conclusions or bare assertions are not entitled to the assumption of truth." Order at 4 (citing *Iqbal*, 556 U.S. at 679, 680-81). The United States Supreme Court has explained that "when the allegations in a complaint, however true, could not raise a claim to entitlement of relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quotations and citation omitted).

In its Order permitting Plaintiffs to amend their complaint for the third time, the Court directed Plaintiffs as follows:

> Plaintiffs must plead **facts** concerning any number of the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type



- 4 -

of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

ECF No. 96 at 11 (emphasis in original).

The Court further provided, "The Court specifically directs Plaintiffs to amend the likelihood of confusion and sham litigation allegations, and reminds Plaintiffs that in order to state a viable claim, Plaintiffs must provide **facts** supporting the allegations, not just conclusions.  Clarity is paramount.  **This is Plaintiffs' final opportunity to amend the pleadings as to all claims.**" *Id.* at 17 (emphasis in original).

Despite these clear directives, the *only* new factual allegations against Defendants that Plaintiffs include in the Fourth Amended Complaint are that both parties market their products in California and sell their products in gas stations. These minimal factual allegations are insufficient to state a claim against Energizer. The remainder of Plaintiffs' new allegations are entirely legal conclusions or conclusory allegations.  Indeed, rather than allege actual facts relevant to the likelihood of confusion factors as ordered by the Court, Plaintiffs merely restate some of the confusion factors.

Accordingly, Plaintiffs' Fourth Amended Complaint, like all previous iterations, fails to state a claim.[5]  Plaintiffs have now had three separate opportunities to cure the deficiencies in their Complaint, but have failed to do so, despite having been given a clear roadmap by the Court.  The Court should, therefore, dismiss Plaintiffs' claims without leave to amend.

/ / / /

/ / / /

/ / / /

---

[5] If the Court declines to dismiss the claims against American Covers and California Scents under Fed. R. Civ. P. 12(b)(5), those claims still fail under 12(b)(6) for the same reasons discussed herein.



- 5 -

## IV. CONCLUSION

For the foregoing reasons and for those set forth in Defendants' opening papers, this Court should grant Defendants' Motion to Dismiss the Fourth Amended Complaint.

DATED: April 30, 2019          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Nancy L. Stagg*
    NANCY L. STAGG

Attorneys for Defendant
ENERGIZER BRANDS II LLC

