1  SCOTT R. COMMERSON (State Bar No. 227460)
     scottcommerson@dwt.com
2  NICOLE PHILLIS (State Bar No. 291266)
     nicolephillis@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorneys for Defendant
   CAR-FRESHNER CORPORATION
7  (erroneously sued as "CAR FRESHNER CO.")

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"),<br><br>Plaintiff,<br><br>vs.<br><br>JULIUS SÄMANN, LTD; CAR FRESHNER CO.; ENERGIZER BRANDS II LLC; AMERICAN COVERS INC.; and CALIFORNIA SCENTS CORPORATION,<br><br>Defendants,<br><br>Does 1-100 | Case No. 3:17-CV-00863 BTM (MDD)<br><br>[Hon. Barry Ted Moskowitz]<br><br>**DEFENDANT CAR-FRESHNER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: June 7, 2019<br>Hearing Time: 11:00 a.m.<br>Courtroom: 15B<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[Notice of Motion and Motion; Request for Judicial Notice; [Proposed] Order filed concurrently]<br><br>Action Filed: April 28, 2017<br>Trial Date: None Set |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFFS FAIL TO STATE A TRADEMARK INFRINGMENT CLAIM AGAINST CFC. ................................................................................... 2

    A. Pleading Standard. ........................................................................................ 2

    B. Plaintiffs' Vague and Conclusory Allegations of Infringement. ......... 3

    C. Plaintiffs Fail to State A Claim Based on Registered Marks. .............. 4

    D. Plaintiffs Fail to State a Claim Based on Trade Dress. ........................ 6

III. THE ABUSE OF PROCESS CLAIM FAILS AS A MATTER OF LAW. ........................................................................................................................ 8

    A. Plaintiffs' Bare Allegation of Abuse of Process. ................................. 8

    B. Plaintiffs Cannot Overcome the Multiple Bars to an Abuse of Process Claim. ................................................................................................ 8

IV. CONCLUSION ...................................................................................................... 10

i

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*AMF, Inc. v. Sleekcraft Boats*,
   599 F.2d 341 (9th Cir. 1979) ............................................................. 1, 2, 3, 4, 6, 7

*EZ Pedo, Inc. v. Mayclin Dental Studio, Inc.*,
   284 F. Supp. 3d 1065 (E.D. Cal. 2018), *aff'd,* No. 18-15806, 2019
   WL 1552736 (9th Cir. Apr. 10, 2019) ................................................................. 7

*First Brands Corp. v. Fred Meyer, Inc.*,
   809 F.2d 1378 (9th Cir. 1987) ................................................................... 1, 6, 8

*Grupo Gigante S.A. de C.V. v. Dallo & Co.*,
   391 F.3d 1088 (9th Cir. 2004) ............................................................................ 5

*Hana Financial v. Hana Bank*,
   135 S. Ct. 907 (2015) .......................................................................................... 4

*Homeland Housewares v. Euro-Pro Operating LLC*,
   No. CV 14-03954 DDP MANX, 2014 WL 6892141
   (C.D. Cal. Nov. 5, 2014) ..................................................................................... 7

*Ivey v. Chase Bank*,
   2015 WL 3452000 (N.D. Cal. May 28, 2015) .................................................. 10

*McCall's Country Canning, Inc. v. Paula Deen Enterprises*, LLC,
   2010 WL 11508996 (S.D. Cal. Feb. 8, 2010) ................................................. 2, 3

*Murray v. Cable Nat. Broad. Co.*,
   86 F.3d 858 (9th Cir. 1996) ................................................................................ 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ............................................................................................ 9

*PaperCutter, Inc. v. Fay's Drug Co.*,
   900 F.2d 558 (2d Cir. 1990) ................................................................................ 6

*Professional Real Estate Investors, Inc. v. Columbia Pictures, Indus.,
   Inc.*,
   508 U.S. 49 (1993) .............................................................................................. 9

ii

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ramona Unified Sch. Dist v. Tsiknas*,
  135 Cal. App. 4th 510 (2005) ................................................................................ 8, 9, 10

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
  839 F.3d 1179 (9th Cir. 2016) ....................................................................................... 10

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
  532 U.S. 23 (2001) ......................................................................................................... 7, 8

**Rules**

Federal Rule of Civil Procedure 12(b) ............................................................................... 2

iii
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On March 25, 2019, the Court dismissed the Third Amended Complaint ("TAC") filed by Plaintiffs Ibrahim Nasser and Serious Scents. The Court found the TAC failed to state a claim, and afforded Plaintiffs a "**final opportunity to amend the pleadings as to all claims**." (Dkt. 96 ("Mar. 25 Order") at 17 (emphasis in original).) The Court explained that to avoid dismissal, Plaintiffs must (1) allege *specific facts* sufficient to support a likelihood of confusion as articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) (Dkt. 96 at 9–11); and (2) allege *specific facts* demonstrating that the prior TTAB proceeding constituted "sham litigation" to overcome immunity for government petitioning activity under the *Noerr-Pennington* doctrine (*id.* at 13–15).[1]

On their fifth bite at the apple, Plaintiffs' Fourth Amended Complaint ("4AC") once again ignores the Court's clear instructions. *First,* Plaintiffs assert trademark-based claims (for trademark infringement, likelihood of confusion and unfair competition) based on two sets of allegations: (1) infringement of their LITTLE GRENADE and SERIOUS SCENTS marks ("Registered Marks Claim"); and (2) infringement of Plaintiffs' "packaging and displays," which is essentially a trade dress claim ("Trade Dress Claim"). The Registered Marks Claim fails because judicially noticed facts demonstrate that Plaintiffs cannot establish priority of use; Plaintiffs do not identify which, if any, of CAR-FRESHNER CORPORATION'S ("CFC") word or design marks are allegedly infringing; and Plaintiffs do not allege facts supporting the *Sleekcraft* factors. Plaintiffs' Trade Dress Claim also fails because Plaintiffs do not allege that they own protectable rights in their trade dress or that their trade dress has acquired secondary meaning;

---

[1] The Court's Order also directed Plaintiffs to allege specific facts to establish the "fame" of their purported marks in support of a federal trademark dilution claim (*id.* at 11–13). The 4AC abandons the dilution claim altogether.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

do not allege priority of use; do not identify which non-functional elements of their "packaging and displays" CFC allegedly infringed; and do not meaningfully address the *Sleekcraft* factors.  Because Plaintiffs' vague and conclusory allegations fail to satisfy the threshold pleading standards under Federal Rule of Civil Procedure 12(b), the trademark-based claims should be dismissed.

*Second,* Plaintiffs recast their prior claim for "false and frivolous" litigation as a claim for "abuse of process." Plaintiffs implicitly acknowledge that the claim cannot stand against CFC—which was not a party to the TTAB Proceeding—as the cause of action is now asserted solely against JSL. (4AC ¶¶ 38–44.)  Even assuming the claim were alleged against CFC, however, it would still fail because such an action is barred by the *Noerr-Pennington* doctrine.  (Dkt. 96 at 14.) Judicially noticed facts demonstrate that JSL used the TTAB proceeding for the exact purpose for which it was designed, and that the proceeding was neither "exceptional" nor objectively unreasonable to warrant any imposition of fees.

Plaintiffs have had *five* opportunities to amend their claims.  On every occasion they have responded with bald legal conclusions unsupported by facts. Because it is clear that further amendment would be futile, the 4AC should be dismissed without leave to amend, in accordance with the March 25 Order.

## II. PLAINTIFFS FAIL TO STATE A TRADEMARK INFRINGMENT CLAIM AGAINST CFC.

### A. Pleading Standard.

To state a claim for trademark infringement, a plaintiff "must allege that it has a valid, protectable trademark and that [defendant's] use of the trademark is likely to cause confusion among consumers." *McCall's Country Canning, Inc. v. Paula Deen Enterprises*, *LLC*, 2010 WL 11508996, at *2 (S.D. Cal. Feb. 8, 2010). A plaintiff must plead specific facts to support a likelihood of confusion. *Id.*  "The mere allegation, unaccompanied by factual support, that consumers are likely to mistake a defendant's goods for plaintiff's goods is insufficient to survive a motion

2
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to dismiss." *Id.* In determining whether a likelihood of confusion exists, courts in the Ninth Circuit consider the following factors: (1) strength of the plaintiff's mark; (2) proximity of the parties' goods; (3) similarity of the market; (4) evidence of actual confusion; (5) marketing channels used; (6) types of goods and the degree of care to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Sleekcraft*, 599 F.2d at 348–249. Plaintiffs fail to state a claim based on either the Registered Marks Claim or the Trade Dress Claim.

### B. Plaintiffs' Vague and Conclusory Allegations of Infringement.

The 4AC asserts three causes of action concerning trademarks or trade dress: (1) trademark infringement (Dkt. 98, 4AC ¶¶ 8-18, 19–25); (2) likelihood of confusion (4AC ¶¶ 8-18, 26–31); and (3) unfair competition (4AC ¶¶ 8-18, 32–37).

**Registered Marks Claim for LITTLE GRENADE and SERIOUS SCENTS (4AC ¶¶ 8–16, 20, 21, 28, 29, 32–37).** In their third cause of action for unfair competition, Plaintiffs assert that "since 1993 Plaintiff Nasser has been using LITTLE GRENADE and since 2004 SERIOUS SCENTS marks in connection with its air fresheners, which entitle Plaintiffs to exclusive rights to those marks." (4AC ¶ 36.) Plaintiffs then allege that "[e]ach Defendant's use of a confusingly similar imitation of Plaintiff Nasser's LITTLE GRENADE or SERIOUS SCENTS marks has caused and is likely to cause confusion, deception, and mistake…" (4AC ¶ 33; *see also id.* ¶¶ 34-37.) Although Plaintiffs claim infringement by "each Defendant," it is not clear that the Registered Marks Claim is intended to sound against CFC. The 4AC does not identify any word or design mark used by CFC that allegedly infringes Plaintiffs' rights, and indeed the 4AC excised prior allegations that CFC's LITTLE TREE design or word marks were somehow infringing. (*See* Plaintiffs' Redline attached to 4AC.) The only marks the 4AC specifically alleges are infringing are DRIVEN and CALIFORNIA SCENTS, both allegedly owned by other defendants. (*E.g.,* 4AC ¶¶ 20, 21.) In any event, Plaintiffs fail to address the

3

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Sleekcraft* factors concerning alleged infringement of their registered marks.

**Trade Dress Claim Based on "Packaging and Displays" (4AC ¶¶ 18, 22, 30 & Ex. 11).** Plaintiffs' Trade Dress Claim focuses on the parties' "packaging and displays" of their respective air freshener products. For example, Plaintiffs conclusorily assert that "Defendant Car-Freshener Co., owned by defendant Julius Sämann Ltd.,[2] has started making their air freshener displays and packaging like Plaintiff Nasser's, which is direct infringement on Plaintiff Nasser's Rights." (4AC ¶ 22; *see also id.* ¶ 30.) Plaintiffs attach an extremely low quality, black-and-white printout purporting to show comparisons of Plaintiffs' packaging and displays for their air freshener products with CFC's packaging and displays for its air freshener products. (4AC, Ex. 11.) Plaintiffs, however, fail to identify *which* aspects or features of their packaging and displays are allegedly protectable as trade dress versus those elements that are purely functional (and thus non-protectable); fail to allege *when* they started using any protectable features compared with *when* CFC started using any allegedly infringing features; fail to allege that any allegedly protectable features in their packaging and displays have acquired secondary meaning; fail to identify the particular features of CFC's packaging and displays that allegedly infringe Plaintiffs' packaging and displays; and fail to state facts—as opposed to legal conclusions—that address the *Sleekcraft* factors.

### C.  Plaintiffs Fail to State A Claim Based on Registered Marks.

To the extent Plaintiffs are attempting to assert any infringement claim against CFC based on their registered marks, such claim fails.

***Failure to Allege Priority of Use.*** Plaintiffs again fail to address priority of use—the *sine qua non* to establish trademark infringement. *Hana Financial v. Hana Bank*, 135 S. Ct. 907, 909 (2015) ("Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in

---

[2] CFC is erroneously named in the 4AC as "Car Freshner Co." and "Car-Freshner Co., a subsidiary of JSL."

4

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

commerce is said to have priority over other users."); *see Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (in trademark law, the general rule is that "first in time equals first in right"). Plaintiffs plainly cannot overcome the judicially noticeable facts set forth in the Court's March 25 Order that CFC's word and design marks for LITTLE TREE pre-date Plaintiffs' word and design marks for LITTLE GRENADE:

> In its allegations about Defendants' intent in choosing the mark, Plaintiffs ignore that Car-Freshner's 1996 "Little Trees" registration pre-dates Plaintiffs' alleged 2010 registration of "Little Grenade," (ECF No. 52-10) and the Little Trees logo's first use in commerce dates to 1957, well before 1993, the year of Plaintiffs' first use in commerce. (*See* ECF No. 52-10 at 15; ECF No. 52-3 at 7, 10).

Dkt. 96 at 10. In tacit recognition of their inability to establish priority of use, Plaintiffs have excised their previous allegations pertaining to CFC's LITTLE TREE marks from the 4AC. (*See* Redline attached to 4AC.)

***Failure to Allege Any Claim Against CFC Based on SERIOUS SCENTS.*** As for Plaintiffs' SERIOUS SCENTS mark, it appears any infringement claim based on that mark is directed to Energizer's use of CALIFORNIA SCENTS.[3] Plaintiffs allege ***no facts*** supporting infringement based on any of CFC's marks or of CFC's packaging or displays. Furthermore, Plaintiffs expressly disclaim any exclusive right to the word "scents" in their registrations (*see* RJN at Ex. A (Reg. No. 4789267); Ex. B (Reg. No. 3128554); Ex. C (Reg. No. 3755314)), and there is no allegation that CFC uses the word "scents" on the packaging and displays for its air fresheners in anything other than a purely descriptive way.

***Failure to Allege Likelihood of Confusion Factors.*** Plaintiffs' allegations regarding the Registered Marks Claim are bald legal conclusions. (4AC ¶¶ 33-37.) Ignoring the Court's instruction, Plaintiffs fail to set forth ***any*** facts supporting the

---

[3] *See* 4AC ¶ 21 (Energizer's "stylized use of their mark CALIFORNIA SCENTS is in direct infringement of Plaintiff Nasser's SERIOUS SCENTS logos, which Plaintiff has been using since 2008, because both logos look the same and are marketed heavily in California.")

5

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Sleekcraft* factors. (Dkt. 96 at 11 ("For Plaintiffs to state a plausible claim and survive a Motion to Dismiss, Plaintiffs must allege additional *Sleekcraft* factors besides the similarity of the marks and support those allegations with facts.").)

### D. Plaintiffs Fail to State a Claim Based on Trade Dress.

Plaintiffs' infringement allegations against CFC based on "packaging and displays" similarly fail to state a claim.

***Failure to Allege Priority of Use.*** Plaintiffs do not allege priority of use with respect to their packaging and displays. In fact, Plaintiffs do not allege they own trademark rights in their packaging and displays at all, only in their grenade-shaped air fresheners and SERIOUS SCENTS mark. (4AC ¶ 8 and Ex. 1.) Noticeably absent from the 4AC are allegations pertaining to *when* each party started using the packaging and displays reflected in Exhibit 11—a telling omission because CFC's products were on the market long before Plaintiffs' products. Instead, Exhibit 11 merely indicates "Defendant's old then new display and packaging" (without specifying dates) and "Plaintiff Nasser's Little Grenade display and packaging since 1993 and 2010" (without specifying which packaging and displays pertain to which years.) Thus, it is not clear when, or even if, Plaintiffs allegedly acquired any rights in unspecified features of their packaging and displays.

***Failure to Allege Secondary Meaning.*** The party seeking trade dress protection must establish that its trade dress had acquired secondary meaning at the time the alleged infringer began to use it. *PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558, 564 (2d Cir. 1990). "Secondary meaning" requires that purchasers "associate[] the dress with a single producer or source rather than just the product itself." *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987) (affirming denial of motion for preliminary injunction where plaintiff failed to allege secondary meaning). Here, Plaintiffs fail to allege that their unspecified trade dress has acquired secondary meaning.

***Failure to Articulate Distinct Elements of Trade Dress.*** Plaintiffs also fail

6

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to articulate distinct elements of their alleged trade dress.  To state a claim for trade dress, a plaintiff must plead "manifestly unique arrangements" inherent to the trade dress before a court even can reach a likelihood of confusion analysis.  *EZ Pedo, Inc. v. Mayclin Dental Studio, Inc.*, 284 F. Supp. 3d 1065, 1072 (E.D. Cal. 2018), *aff'd,* No. 18-15806, 2019 WL 1552736 (9th Cir. Apr. 10, 2019); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, No. CV 14-03954 DDP MANX, 2014 WL 6892141, at *3 (C.D. Cal. Nov. 5, 2014) (granting motion to dismiss where plaintiff failed to "clearly articulat[e] what comprises their claimed trade dress" and did "not sufficiently identify the particular elements of the packaging that they seek to protect").

Here, Plaintiffs attach an extremely low quality, black-and-white printout purporting to show comparisons of Plaintiffs' packaging and displays for their air freshener products with CFC's packaging and displays for its air freshener products.  (4AC, Ex. 11.)  Plaintiffs conclusorily assert that CFC's packaging and displays "mirror" Plaintiff's packaging and displays, without identifying the protectable elements of their packaging and displays, or explaining which elements are allegedly infringed.  (4AC ¶ 18; *see also id.* ¶ 30.)  This is insufficient to plead trade dress.  *Homeland Housewares,* 2014 WL 6892141, at *3.  Moreover, a plaintiff must isolate *non-functional* elements from the alleged trade dress because trademark law does not protect a product's functional features.  *See TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001) ("[T]rade dress protection may not be claimed for product features that are functional.").

**Failure to Allege <u>Sleekcraft</u> Factors.**  Finally, and despite the Court's specific instruction, *see* Dkt. 96 at 9–10, Plaintiffs fail to allege facts addressing any of the *Sleekcraft* factors save vague allegations of similarity that do not even explain **which** features of Plaintiffs' packaging and displays are allegedly infringed.  Plaintiffs do not address (1) the strength of the respective trade dress and/or priority of use; (2) the proximity of the goods (aside from conclusorily alleging that the

7

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

respective goods are "sold in the same marketing channels," *see* 4AC ¶ 11); (3) evidence of actual confusion (aside from threadbare allegations that "[d]ue to the similarity of the designs there has been consumer confusion . . ." *id*.); (4) marketing channels used (none alleged at all); (5) types of goods and degree of care by purchasers (none alleged at all); and (6) likelihood of expansion of product lines (none addressed, aside from admitting that Nasser no longer does business as SERIOUS SCENTS, *id.* ¶ 43.)

Again and again Plaintiffs have been directed to cure the defects in their trademark-based claims and they have failed repeatedly to do so. Plaintiffs' inability to allege facts to support their claims warrants dismissal without leave to amend. *See Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858 (9th Cir. 1996), as amended (Aug. 6, 1996) (affirming grant of motion to dismiss on the basis that plaintiff failed to plead likelihood of conclusion as a matter of law).

### III. THE ABUSE OF PROCESS CLAIM FAILS AS A MATTER OF LAW.

#### A. Plaintiffs' Bare Allegation of Abuse of Process.

Plaintiffs assert a fourth cause of action for abuse of process based on the prior TTAB Proceedings brought by JSL, alleging that "Defendant Julius Sämann Ltd., knowing full well that his patent for his LITTLE TREE design had expired, sued Plaintiff Nasser for his LITTLE GRENADE design. Defendant brought on this litigation for no other purpose than to bully the Plaintiff." (4AC ¶ 42.)

#### B. Plaintiffs Cannot Overcome the Multiple Bars to an Abuse of Process Claim.

To state a claim for abuse of process, Plaintiff must allege (1) for ulterior reasons; (2) misuse of the court's process for a purpose other than the purpose for which it was designed. *Ramona Unified Sch. Dist v. Tsiknas*, 135 Cal. App. 4th 510, 512 (2005). Plaintiffs' claim fails on multiple grounds.

*First*, CFC was not a party to the TTAB proceedings; only JSL was. Thus, no abuse of process claim can sound against CFC at all. Implicitly recognizing that

8
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

such claim does not stand against CFC, the abuse of process claim is now alleged against JSL only,[4] not CFC. (4AC ¶¶ 38-44.)

*Second*, even assuming *arguendo* the claim were asserted against CFC and that CFC could somehow be liable for JSL's conduct in the TTAB proceeding, JSL's petitioning activity is protected under the *Noerr-Pennington* doctrine, which holds that defendants are immune from liability "for engaging in conduct (including litigation) aimed at influencing decision-making by the government." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556 (2014). Plaintiffs make no showing that the narrow "sham litigation" exception to the doctrine applies. Generally, "sham litigation" is "evidenced by repetitive lawsuits carrying the hallmark of insubstantial claims," or "private action that is not genuinely aimed at procuring favorable government action as opposed to a valid effort to influence government action." *Professional Real Estate Investors, Inc. v. Columbia Pictures, Indus., Inc.*, 508 U.S. 49, 58 (1993) (internal quotations and alterations omitted).

Plaintiffs' bare, conclusory allegations that JSL brought the action "for no other purpose than to bully [] Plaintiff" cannot overcome *Noerr-Pennington* immunity. The TTAB proceedings concerned whether Plaintiffs had used their LITTLE GRENADE mark in commerce at the time of registration; Plaintiffs allege no facts to demonstrate that JSL's challenge on that basis was a "sham." Indeed, Plaintiffs only allege *one* unsuccessful opposition proceeding brought by JSL, far short of "repetitive lawsuits" concerning "insubstantial claims." As the Court noted, "JSL and Car-Freshner are permitted to use litigation to influence government action in favor of their business and trade. [Citation.] Every petition in which the moving party loses cannot be deemed 'sham litigation.'" (Dkt. 96 at 14-15.)

*Third*, *Ramona*, 135 Cal. App. 4th at 512 (2005), cited by Plaintiffs in

---

[4] As this Court held on March 25, 2019, JSL has not been properly served in this action. JSL will be filing a renewed Motion to Quash to address Plaintiffs' defective service of the 4AC.

9
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Paragraph 41 of the 4AC, actually supports dismissal where, as here, JSL used the TTAB tribunal's process for the purpose for which it was designed—i.e., to oppose registration of Plaintiffs' mark. *Id.* (affirming dismissal under anti-SLAPP statute). Because an abuse of process claim requires Plaintiffs to demonstrate "misuse of the court's process for a purpose *other than the purpose for which it was designed*," Plaintiffs' claim fails on its face.

*Fourth*, Plaintiffs have failed to allege facts showing that the TTAB Proceeding was an "exceptional case." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016). As the Court recognized, the TTAB Proceeding was dismissed when the TTAB found that JSL had not proven by a preponderance of evidence that Nasser was not using the mark in commerce at the time of his application—*not* because JSL's position was found to lack merit. (Dkt. 98 at 3 (citing TTAB at 15).) Furthermore, as the Court also held, "[n]o facts in the record or allegations in the TAC suggest that the litigation was so exceptional as to merit an award of attorney's costs and fees." (*Id.* at 14.)[5]

## IV. CONCLUSION

Dismissal without leave to amend is proper where, as here, a plaintiff has had multiple opportunities to cure pleading defects and fails to show that additional amendment could cure the deficiencies. *Ivey v. Chase Bank*, 2015 WL 3452000, at *2 (N.D. Cal. May 28, 2015).

DATED: April 30, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
NICOLE PHILLIS

By: /s/ *Scott R. Commerson*
Scott R. Commerson
Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "CAR FRESHNER CO.")

---

[5] The caption page also lists a fifth cause of action "for declaratory and injunctive relief," but it is not alleged as a separate cause of action in the 4AC. Because the 4AC fails to state a claim, Plaintiffs cannot obtain declaratory or injunctive relief.

10
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I certify that on April 30, 2019, **DEFENDANT CAR-FRESHNER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:     /s/*Scott R. Commerson*
           Scott R. Commerson

11
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On April 30, 2019, I served the foregoing document(s) described as: **DEFENDANT CAR-FRESHNER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on April 30, 2019, at Los Angeles, California.

☑  Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Myra Izzo
Print Name                                        Signature

12
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS 4AC
4844-3457-2180v.5 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899