1 | SCOTT R. COMMERSON (State Bar No. 227460)
     scottcommerson@dwt.com
2 | NICOLE S. PHILLIS (State Bar No. 291266)
     nicolephillis@dwt.com
3 | DAVIS WRIGHT TREMAINE LLP
   | 865 South Figueroa Street, 24th Floor
4 | Los Angeles, California 90017-2566
   | Telephone: (213) 633-6800
5 | Fax: (213) 633-6899

6 | Specially Appearing for Putative Defendant
   | JULIUS SÄMANN LTD.
7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | IBRAHIM NASSER d/b/a SERIOUS | Case No. 3:17-CV-00863 BTM (MDD)
    | SCENTS (collectively and professionally
12 | known as "LITTLE GRENADE"). | [Hon. Barry Ted Moskowitz]

13 |                    Plaintiff, | **MEMORANDUM OF POINTS AND**
    |                             | **AUTHORITIES IN SUPPORT OF**
14 |     vs.                      | **SPECIALLY-APPEARING**
    |                             | **DEFENDANT JULIUS SÄMANN**
15 | JULIUS SAMANN, LTD; CAR      | **LTD.'S MOTION TO QUASH**
    | FRESHNER CO.; ENERGIZER     | **RETURN OF SERVICE OF**
16 | BRANDS II LLC; AMERICAN      | **SUMMONS AND FOURTH**
    | COVERS INC.; and CALIFORNIA | **AMENDED COMPLAINT FOR**
17 | SCENTS CORPORATION           | **IMPROPER SERVICE**

18 |                    Defendants, | [Fed. R. Civ. P. 12(b)(5)]

19 | Does 1-100 | Hearing Date:      June 7, 2018
20 |           | Hearing Time:      11:00 a.m.
    |           | Courtroom:         15B
21 |

22 | **PER CHAMBERS RULES, NO**
   | **ORAL ARGUMENT UNLESS**
23 | **REQUESTED BY THE COURT**

24 | [Notice of Motion and Motion to Quash,
   | and Declaration of Dr. Ronald F. Sämann
25 | filed concurrently]

26 | Action Filed: April 28, 2017
   | Trial Date: None Set
27 |

28 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................... 1

II. LEGAL STANDARD ........................................ 2

III. RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT
SHOULD BE QUASHED ................................... 3

    A.    Plaintiffs' Purported Mail Service on the Chancery Address and
the Panorama Address Is Ineffective Because Neither Is A Valid
Address for JSL. .................................... 3

    B.    Plaintiffs' Purported Mail Service at the New York Law Firm
Address Is Ineffective Because the Law Firm Is Not Authorized
to Accept Service on Behalf of JSL. .................... 3

    C.    Plaintiffs' Purported Mail Service on the Victoria Street Address
Is Ineffective Because the Mailing Did Not Include a Copy of
the 4AC as Required Under Fed. R. Civ. P. 4. .............. 4

    D.    Each of the Purported Services By Mail Are Defective For the
Additional Reason That Mail Service Is Not Permitted Under
Bermuda Law. ..................................... 5

        1.    Plaintiffs Must Comply with the Hague
Convention. ................................... 5

        2.    Mail Service Is Not Effective in Bermuda. ............ 6

IV. CONCLUSION ........................................... 7

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aquawood LLC v. Wide Eyes Mktg. Ltd.*
No. CV1103046SJOAGRX, 2011 WL 13220333 (C.D. Cal. Oct.
31, 2011) ...................................................................................................5

*Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) .................................................................2

*Motley v. Parks*,
No. CV0001472, 2001 WL 849637 (C.D. Cal. July 23, 2001) ...........2

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988)..............................................................................2

*Water Splash, Inc. v. Menon*,
137 S. Ct. 1504 (2017)..........................................................................3

RULES

Federal Rules of Civil Procedure
Rule 4 ...................................................................................................2
Rule 4(f)..............................................................................................4, 5
Rule 4(h)..............................................................................................3, 5
Rule 12(b)(5)........................................................................................2

ii
MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Specially appearing Defendant Julius Sämann Ltd. ("JSL")[1] moves to quash Plaintiffs' defective service of summonses and the Fourth Amended Complaint ("4AC") (Dkt. 98).

On April 17, 2019, Plaintiffs filed executed summonses with proofs of service purporting to have served JSL by mail at the following four addresses:

- "Ronald F. Sämann, [¶] Chaneery Hall [sic],[2] 52 Reid Street, [¶] Hamilton, HM12 Bermuda" ("Chancery Address") (Dkt. 104);

- "Ronald F. Samann [sic], [¶] #8 Panorama, 34 Astwood, [¶] Paget DV04 Bermuda" ("Panorama Address") (Dkt. 106);

- "Cowan, Liebowitz & Latman, P.C., [¶] Eric J. Shimanoff, 114 West 47th Street, New York, New York 10036" ("New York Law Firm Address") (Dkt. 103); and

- "Nicholas J. Hoskins, [¶] 31 Victoria Street, [¶] Hamilton, HM10 Bermuda" ("Victoria Street Address") (Dkt. 105).

Each of Plaintiffs' attempts to serve JSL is defective on multiple grounds.

*First*, Plaintiffs' purported mail service on JSL at the Chancery Address and Panorama Address are both ineffective because neither address is a valid address for JSL or its agent for service of process.

*Second*, Plaintiffs' purported mail service at the New York Law Firm Address is ineffective because neither the law firm nor the attorney is authorized to

---

[1] JSL specially appears in this matter solely to object to defective service, and expressly reserves all other legal challenges in the event it is properly served.

[2] "Chaneery Hall" appears to be a typographical error, intended to refer to "Chancery Hall," a former business address for JSL that is no longer valid. (*See* Declaration of Dr. Ronald F. Sämann ("Sämann Decl.") ¶¶ 5–6.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

accept service on JSL's behalf.[3]  As this Court held in granting JSL's previous Motion to Quash, unauthorized service on U.S. counsel cannot confer jurisdiction over JSL.

*Third*, Plaintiffs' purported mail service on JSL at the Victoria Street Address is ineffective because Plaintiffs failed to include a copy of the 4AC with the summons, as required by Fed. R. Civ. Proc. 4.

*Fourth,* with respect to *all* attempted methods of mail service in Bermuda, even assuming Plaintiffs had properly served JSL by mail (they did not), service would be defective for the additional reason that mail service is not an accepted method of service under Bermuda law and therefore fails under the Hague Convention.

For these reasons, JSL respectfully requests the Court quash the purported service of the Summons and 4AC as to JSL.

## II. LEGAL STANDARD

A party may bring a motion to quash summons on the grounds that service of process was insufficient.  Fed. R. Civ. P. Rule 12(b)(5).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).  After a proper objection, "the party on whose behalf [service] is made must bear the burden of establishing its validity."  *Motley v. Parks*, No. CV0001472, 2001 WL 849637, at * 2 (C.D. Cal. July 23, 2001) (granting motion to quash service).

---

[3] Although Plaintiff has erroneously claimed in prior pleadings that CFC is a "dba" of JSL, the caption of the most recent pleading lists the companies as separate entities.  (*See* Dkt. 98.)

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### III. RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT SHOULD BE QUASHED.

**A.    Plaintiffs' Purported Mail Service on the Chancery Address and the Panorama Address Are Ineffective Because Neither Is A Valid Address for JSL.**

Plaintiffs' attempts at service on JSL at the Chancery Address and the Panorama Address are defective because neither is a valid address for JSL or for any authorized agent of JSL. (Sämann Decl. ¶¶ 5–7.) The Panorama address is JSL President and Chief Executive Officer Dr. Ronald F. Sämann's *former* personal address, while the "Chaneery Hall" address is JSL's *former* business address; neither address is a valid address for JSL or for any agent of JSL. (*Id.* ¶¶ 6–7.). As such, the Court should quash the attempted mail service at both addresses. *In re Carthage Tr.*, No. 2:12-CV-10861-ODW, 2013 WL 589208, at *2 (C.D. Cal. Feb. 14, 2013) (granting motion to dismiss for improper service and lack of personal jurisdiction where plaintiff attempted service on former address of agent of defendant).

**B.    Plaintiffs' Purported Mail Service at the New York Law Firm Address Is Ineffective Because the Law Firm Is Not Authorized to Accept Service on Behalf of JSL.**

Plaintiffs filed a proof of service purporting to serve JSL by mail upon attorney Eric Shimanoff of the New York law firm, Cowan, Liebowitz & Latman, P.C. (Dkt. 103.) Plaintiffs' attempted mail service on Mr. Shimanoff and his law firm is defective because neither he nor his law firm is authorized to accept service on behalf of JSL. (Sämann Decl. ¶ 4.) Indeed, Plaintiffs do not assert that Mr. Shimanoff or his law firm ever agreed to accept service, instead positing that Mr. Shimanoff "is ***authorized by law*** to accept service of process on behalf of" JSL. (Dkt. 103 (emphasis added.).) Plaintiffs fail to explain what law authorizes such service, and in fact no law does.

This is the second time Plaintiffs have purported to serve JSL by serving documents on U.S. counsel despite lacking any authorization from such counsel to

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

accept service.  (*See* Dkt. 96 at 4–5.)  As with Plaintiffs' prior attempt, Plaintiffs' attempted mail service on Mr. Shimanoff and his law firm must be quashed.  *See SVC-Napa, L.P. v. Strategy Resort Fin., Inc.*, No. C 06-03561 SI, 2006 WL 2374718, at *2 (N.D. Cal. Aug. 16, 2006) (granting motion to quash service on Bermuda corporation where plaintiff improperly attempted mail service on persons in the United States who were not authorized to accept service of process).

### C.   Plaintiffs' Purported Mail Service on the Victoria Street Address Is Ineffective Because the Mailing Did Not Include a Copy of the 4AC as Required Under Fed. R. Civ. P. 4.

As this Court previously held, for service to be effective, a plaintiff must deliver "'a copy of the summons ***and of the complaint*** to the individual personally . . . or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt,' so long as such methods are not prohibited by the foreign country's law."  (Dkt. 96 at 4 (quoting Fed. R. Civ. P. 4(f)) (emphasis added).)

Here, Plaintiffs' mailing to the Victoria Street Address (Dkt. 105) ***did not include a copy of the 4AC***, as required under Fed. R. Civ. P. 4.  (Sämann Decl. ¶¶ 3–4 and Ex. A.)  Instead, the mailing consisted of a 42-page compilation of executed summonses purportedly served by mail on different addresses, along with a proof of service and attachments.  (*Id.*)  While the proof of service erroneously states that the "Amended Complaint Damages and Declaratory and Injunctive Relief" was among the documents served, neither the 4AC nor any other complaint in this action were among the documents mailed.  (*Id.*)  Because Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the complaint be served with the summons, the purported mail service at the Victoria Street Address was ineffective.  (Dkt. 96 at 5 (granting JSL's motion to quash where Plaintiffs served the complaint but not the summons); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (granting motion to quash where *pro se* plaintiff failed to serve defendant with copy of both summons and complaint).

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**D.    Each of the Attempts to Serve JSL Are Defective For the Additional Reason That They Do Not Comply with the Hague Convention.**

Because Plaintiffs failed to properly effect mail service for the reasons set forth above (*see* Part III (A–C), *supra*), the Court need not reach the question whether mail service would be effective under Bermuda law and the Hague Convention.  But even assuming *arguendo* that Plaintiffs had effected proper mail service on JSL (they did not), mail service would be insufficient to confer jurisdiction over JSL.

**1.    Plaintiffs Must Comply with the Hague Convention.**

JSL is a Bermudian company, governed by Bermudian law.  (Sämann Decl. ¶ 2.)  Because the United States and Bermuda are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiffs' methods of service must comply with the Hague Convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Articles 2 through 6 of the Hague Convention authorize service through the designated Central Authority in each country.  Article 10 broadens this authorization to those signatory countries that do not specifically object to its provisions.  The Supreme Court held in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017), that Article 10 of the Hague Convention does ***not*** "affirmatively authorize[] service by mail," but instead permits service by mail ***only*** where two conditions are met: "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."  *Id.* at 1513.

Here, Rule 4(h) of the Federal Rules of Civil Procedure provides for service upon foreign corporations in any manner provided by Rule 4(f) of the Federal Rules of Civil Procedure, except for personal delivery as provided in paragraph (2)(C)(i) of Rule 4(f). Rule 4(f) provides, in pertinent part:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> Unless otherwise provided by federal law, service upon an individual ... may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

Federal Rule of Civil Procedure 4(f) further provides that service of process by mail is permitted only where (1) service of mail is authorized by the laws of the country where the foreign corporation is located; (2) the mailing was made by the Court Clerk; and (3) the Court ordered the use of the mail to effectuate service. Fed. R. Civ. P. 4(f).  In this case, mailing was neither made by the Court Clerk nor ordered by the Court, *see* Dkt. 96, so the only potential grounds for service by mail would be if authorized by Bermuda law.

### 2.    Mail Service Is Not Effective in Bermuda.

Bermuda law does not permit service of process by mail of a summons or any other order, but instead requires *personal service* of any writ, motion or summons on the corporation or its agent.  Bermuda R. Sup. Ct. Order Nos. 10/1, 10/5.[4]  Order No. 10/1 of the Rules of the Supreme Court of Bermuda provides: "(1) Subject to the provisions of any enactment and these Rules, a writ *must be served personally* on each defendant by the plaintiff or his agent." Bermuda R. Sup. Ct. Order No. 10/1 (emphasis added).  Order No. 10/5 further expressly provides that service of an originating summons, petition and notice of motion shall be served in the same manner as the foregoing rules.  *Id.* at Order No. 10/5.  Thus, even if Plaintiff had served JSL with the complaint and summons by mail (it did not), such service would not have been effected in the manner prescribed by Bermuda law.

The decision in *Aquawood LLC v. Wide Eyes Mktg. Ltd*., 2011 WL 13220033, at *5 (C.D. Cal. Oct. 31, 2011) is instructive.  There, the district court

---

[4]True and correct copies of Bermuda R. Sup. Ct. Order Nos. 10/1 and 10/5 are attached in the Appendix to this Brief.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

acknowledged the possibility of service by mail under Article 10 of the Hague Convention and Rule 4(f) and (h) of the Federal Rules of Civil Procedure. However, the plaintiff in *Aquawood* failed to serve an acknowledgement of receipt along with mail service, as required under Canadian law — the country of the foreign corporation.  Mail service was therefore inadequate because the plaintiff failed to comport with laws of the signatory country, Canada.  *Id.*  Here, as well, Plaintiffs have failed to comport with the laws of Bermuda in attempting to serve JSL by mail (and without an actual copy of the 4AC.)  As such, Plaintiffs' attempted mail service at the Victoria Street address should also be quashed as incomplete and insufficient under the Hague Convention and Bermuda law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' purported service of the Summons and the "Amended Complaint" on JSL should be quashed.

DATED: May 6, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
NICOLE S. PHILLIS


By:_____/s/ *Scott R. Commerson*_____
        Scott R. Commerson

Specially Appearing for Putative
Defendant JULIUS SÄMANN LTD.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF SERVICE

I certify that on May 6, 2019, **SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT FOR IMPROPER SERVICE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _/s/Scott R. Commerson_
    Scott R. Commerson

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On May 6, 2019, I served the foregoing document(s) described as: **SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT IMPROPER SERVICE** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on May 6, 2019, at Los Angeles, California.

☑   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          _____
              Lina Pearmain                                                   Signature
              Print Name

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | SCOTT R. COMMERSON (State Bar No. 227460)
     scottcommerson@dwt.com
2 | NICOLE S. PHILLIS (State Bar No. 291266)
     nicolephillis@dwt.com
3 | DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4 | Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5 | Fax: (213) 633-6899

6 | Specially Appearing for Putative Defendant
   JULIUS SÄMANN LTD.
7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE"). | Case No. 3:17-CV-00863 BTM (MDD) |
| | [Hon. Barry Ted Moskowitz] |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT FOR IMPROPER SERVICE** |
| vs. | |
| JULIUS SAMANN, LTD; CAR FRESHNER CO.; ENERGIZER BRANDS II LLC; AMERICAN COVERS INC.; and CALIFORNIA SCENTS CORPORATION | |
| Defendants, | [Fed. R. Civ. P. 12(b)(5)] |
| Does 1-100 | Hearing Date:    June 7, 2018<br>Hearing Time:    11:00 a.m.<br>Courtroom:        15B |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | [Notice of Motion and Motion to Quash, and Declaration of Dr. Ronald F. Sämann filed concurrently] |
| | Action Filed: April 28, 2017<br>Trial Date: None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................. 1

II. LEGAL STANDARD ........................................................ 2

III. RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT
SHOULD BE QUASHED .................................................... 3

    A.   Plaintiffs' Purported Mail Service on the Chancery Address and
the Panorama Address Is Ineffective Because Neither Is A Valid
Address for JSL. ................................................................ 3

    B.   Plaintiffs' Purported Mail Service at the New York Law Firm
Address Is Ineffective Because the Law Firm Is Not Authorized
to Accept Service on Behalf of JSL. ................................. 3

    C.   Plaintiffs' Purported Mail Service on the Victoria Street Address
Is Ineffective Because the Mailing Did Not Include a Copy of
the 4AC as Required Under Fed. R. Civ. P. 4. ................ 4

    D.   Each of the Purported Services By Mail Are Defective For the
Additional Reason That Mail Service Is Not Permitted Under
Bermuda Law. ................................................................... 5

        1.   Plaintiffs Must Comply with the Hague
Convention. ................................................................ 5

        2.   Mail Service Is Not Effective in Bermuda. ............... 6

IV. CONCLUSION ................................................................ 7

i

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aquawood LLC v. Wide Eyes Mktg. Ltd.*
 No. CV1103046SJOAGRX, 2011 WL 13220333 (C.D. Cal. Oct.
 31, 2011) ..................................................................................................5

*Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,
 840 F.2d 685 (9th Cir. 1988) ..................................................................2

*Motley v. Parks*,
 No. CV0001472, 2001 WL 849637 (C.D. Cal. July 23, 2001) ...............2

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
 486 U.S. 694 (1988) ................................................................................2

*Water Splash, Inc. v. Menon*,
 137 S. Ct. 1504 (2017) ............................................................................3

RULES

Federal Rules of Civil Procedure
 Rule 4 ......................................................................................................2
 Rule 4(f).................................................................................................4, 5
 Rule 4(h)................................................................................................3, 5
 Rule 12(b)(5)............................................................................................2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Specially appearing Defendant Julius Sämann Ltd. ("JSL")[1] moves to quash Plaintiffs' defective service of summonses and the Fourth Amended Complaint ("4AC") (Dkt. 98).

On April 17, 2019, Plaintiffs filed executed summonses with proofs of service purporting to have served JSL by mail at the following four addresses:

- "Ronald F. Sämann, [¶] Chaneery Hall [sic],[2] 52 Reid Street, [¶] Hamilton, HM12 Bermuda" ("Chancery Address") (Dkt. 104);

- "Ronald F. Samann [sic], [¶] #8 Panorama, 34 Astwood, [¶] Paget DV04 Bermuda" ("Panorama Address") (Dkt. 106);

- "Cowan, Liebowitz & Latman, P.C., [¶] Eric J. Shimanoff, 114 West 47th Street, New York, New York 10036" ("New York Law Firm Address") (Dkt. 103); and

- "Nicholas J. Hoskins, [¶] 31 Victoria Street, [¶] Hamilton, HM10 Bermuda" ("Victoria Street Address") (Dkt. 105).

Each of Plaintiffs' attempts to serve JSL is defective on multiple grounds.

*First*, Plaintiffs' purported mail service on JSL at the Chancery Address and Panorama Address are both ineffective because neither address is a valid address for JSL or its agent for service of process.

*Second*, Plaintiffs' purported mail service at the New York Law Firm Address is ineffective because neither the law firm nor the attorney is authorized to

---

[1] JSL specially appears in this matter solely to object to defective service, and expressly reserves all other legal challenges in the event it is properly served.

[2] "Chaneery Hall" appears to be a typographical error, intended to refer to "Chancery Hall," a former business address for JSL that is no longer valid. (*See* Declaration of Dr. Ronald F. Sämann ("Sämann Decl.") ¶¶ 5–6.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

accept service on JSL's behalf.[3]  As this Court held in granting JSL's previous Motion to Quash, unauthorized service on U.S. counsel cannot confer jurisdiction over JSL.

*Third*, Plaintiffs' purported mail service on JSL at the Victoria Street Address is ineffective because Plaintiffs failed to include a copy of the 4AC with the summons, as required by Fed. R. Civ. Proc. 4.

*Fourth,* with respect to *all* attempted methods of mail service in Bermuda, even assuming Plaintiffs had properly served JSL by mail (they did not), service would be defective for the additional reason that mail service is not an accepted method of service under Bermuda law and therefore fails under the Hague Convention.

For these reasons, JSL respectfully requests the Court quash the purported service of the Summons and 4AC as to JSL.

## II. LEGAL STANDARD

A party may bring a motion to quash summons on the grounds that service of process was insufficient.  Fed. R. Civ. P. Rule 12(b)(5).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).  After a proper objection, "the party on whose behalf [service] is made must bear the burden of establishing its validity."  *Motley v. Parks*, No. CV0001472, 2001 WL 849637, at * 2 (C.D. Cal. July 23, 2001) (granting motion to quash service).

---

[3] Although Plaintiff has erroneously claimed in prior pleadings that CFC is a "dba" of JSL, the caption of the most recent pleading lists the companies as separate entities.  (*See* Dkt. 98.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III. RETURN OF SERVICE FOR THE SUMMONS AND COMPLAINT SHOULD BE QUASHED.

### A.   Plaintiffs' Purported Mail Service on the Chancery Address and the Panorama Address Are Ineffective Because Neither Is A Valid Address for JSL.

Plaintiffs' attempts at service on JSL at the Chancery Address and the Panorama Address are defective because neither is a valid address for JSL or for any authorized agent of JSL.  (Sämann Decl. ¶¶ 5–7.)  The Panorama address is JSL President and Chief Executive Officer Dr. Ronald F. Sämann's *former* personal address, while the "Chaneery Hall" address is JSL's *former* business address; neither address is a valid address for JSL or for any agent of JSL.  (*Id.* ¶¶ 6–7.).  As such, the Court should quash the attempted mail service at both addresses.  *In re Carthage Tr.*, No. 2:12-CV-10861-ODW, 2013 WL 589208, at *2 (C.D. Cal. Feb. 14, 2013) (granting motion to dismiss for improper service and lack of personal jurisdiction where plaintiff attempted service on former address of agent of defendant).

### B.   Plaintiffs' Purported Mail Service at the New York Law Firm Address Is Ineffective Because the Law Firm Is Not Authorized to Accept Service on Behalf of JSL.

Plaintiffs filed a proof of service purporting to serve JSL by mail upon attorney Eric Shimanoff of the New York law firm, Cowan, Liebowitz & Latman, P.C.  (Dkt. 103.)  Plaintiffs' attempted mail service on Mr. Shimanoff and his law firm is defective because neither he nor his law firm is authorized to accept service on behalf of JSL.  (Sämann Decl. ¶ 4.)  Indeed, Plaintiffs do not assert that Mr. Shimanoff or his law firm ever agreed to accept service, instead positing that Mr. Shimanoff "is ***authorized by law*** to accept service of process on behalf of" JSL.  (Dkt. 103 (emphasis added.).)  Plaintiffs fail to explain what law authorizes such service, and in fact no law does.

This is the second time Plaintiffs have purported to serve JSL by serving documents on U.S. counsel despite lacking any authorization from such counsel to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

accept service.  (*See* Dkt. 96 at 4–5.)  As with Plaintiffs' prior attempt, Plaintiffs' attempted mail service on Mr. Shimanoff and his law firm must be quashed.  *See SVC-Napa, L.P. v. Strategy Resort Fin., Inc.*, No. C 06-03561 SI, 2006 WL 2374718, at \*2 (N.D. Cal. Aug. 16, 2006) (granting motion to quash service on Bermuda corporation where plaintiff improperly attempted mail service on persons in the United States who were not authorized to accept service of process).

**C.   Plaintiffs' Purported Mail Service on the Victoria Street Address Is Ineffective Because the Mailing Did Not Include a Copy of the 4AC as Required Under Fed. R. Civ. P. 4.**

As this Court previously held, for service to be effective, a plaintiff must deliver "'a copy of the summons ***and of the complaint*** to the individual personally . . . or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt,' so long as such methods are not prohibited by the foreign country's law."  (Dkt. 96 at 4 (quoting Fed. R. Civ. P. 4(f)) (emphasis added).)

Here, Plaintiffs' mailing to the Victoria Street Address (Dkt. 105) ***did not include a copy of the 4AC***, as required under Fed. R. Civ. P. 4.  (Sämann Decl. ¶¶ 3–4 and Ex. A.)  Instead, the mailing consisted of a 42-page compilation of executed summonses purportedly served by mail on different addresses, along with a proof of service and attachments.  (*Id.*)  While the proof of service erroneously states that the "Amended Complaint Damages and Declaratory and Injunctive Relief" was among the documents served, neither the 4AC nor any other complaint in this action were among the documents mailed.  (*Id.*)  Because Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the complaint be served with the summons, the purported mail service at the Victoria Street Address was ineffective.  (Dkt. 96 at 5 (granting JSL's motion to quash where Plaintiffs served the complaint but not the summons); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (granting motion to quash where *pro se* plaintiff failed to serve defendant with copy of both summons and complaint).

**D.     Each of the Attempts to Serve JSL Are Defective For the Additional Reason That They Do Not Comply with the Hague Convention.**

Because Plaintiffs failed to properly effect mail service for the reasons set forth above (*see* Part III (A–C), *supra*), the Court need not reach the question whether mail service would be effective under Bermuda law and the Hague Convention.  But even assuming *arguendo* that Plaintiffs had effected proper mail service on JSL (they did not), mail service would be insufficient to confer jurisdiction over JSL.

**1.     Plaintiffs Must Comply with the Hague Convention.**

JSL is a Bermudian company, governed by Bermudian law.  (Sämann Decl. ¶ 2.)  Because the United States and Bermuda are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiffs' methods of service must comply with the Hague Convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Articles 2 through 6 of the Hague Convention authorize service through the designated Central Authority in each country.  Article 10 broadens this authorization to those signatory countries that do not specifically object to its provisions.  The Supreme Court held in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017), that Article 10 of the Hague Convention does ***not*** "affirmatively authorize[] service by mail," but instead permits service by mail ***only*** where two conditions are met: "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."  *Id.* at 1513.

Here, Rule 4(h) of the Federal Rules of Civil Procedure provides for service upon foreign corporations in any manner provided by Rule 4(f) of the Federal Rules of Civil Procedure, except for personal delivery as provided in paragraph (2)(C)(i) of Rule 4(f). Rule 4(f) provides, in pertinent part:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Unless otherwise provided by federal law, service upon an individual ... may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

Federal Rule of Civil Procedure 4(f) further provides that service of process by mail is permitted only where (1) service of mail is authorized by the laws of the country where the foreign corporation is located; (2) the mailing was made by the Court Clerk; and (3) the Court ordered the use of the mail to effectuate service. Fed. R. Civ. P. 4(f).  In this case, mailing was neither made by the Court Clerk nor ordered by the Court, *see* Dkt. 96, so the only potential grounds for service by mail would be if authorized by Bermuda law.

### 2.    Mail Service Is Not Effective in Bermuda.

Bermuda law does not permit service of process by mail of a summons or any other order, but instead requires *personal service* of any writ, motion or summons on the corporation or its agent.  Bermuda R. Sup. Ct. Order Nos. 10/1, 10/5.[4]  Order No. 10/1 of the Rules of the Supreme Court of Bermuda provides: "(1) Subject to the provisions of any enactment and these Rules, a writ *must be served personally* on each defendant by the plaintiff or his agent." Bermuda R. Sup. Ct. Order No. 10/1 (emphasis added).  Order No. 10/5 further expressly provides that service of an originating summons, petition and notice of motion shall be served in the same manner as the foregoing rules.  *Id.* at Order No. 10/5.  Thus, even if Plaintiff had served JSL with the complaint and summons by mail (it did not), such service would not have been effected in the manner prescribed by Bermuda law.

The decision in *Aquawood LLC v. Wide Eyes Mktg. Ltd*., 2011 WL 13220033, at *5 (C.D. Cal. Oct. 31, 2011) is instructive.  There, the district court

---

[4]True and correct copies of Bermuda R. Sup. Ct. Order Nos. 10/1 and 10/5 are attached in the Appendix to this Brief.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

acknowledged the possibility of service by mail under Article 10 of the Hague Convention and Rule 4(f) and (h) of the Federal Rules of Civil Procedure. However, the plaintiff in *Aquawood* failed to serve an acknowledgement of receipt along with mail service, as required under Canadian law — the country of the foreign corporation.  Mail service was therefore inadequate because the plaintiff failed to comport with laws of the signatory country, Canada.  *Id.*  Here, as well, Plaintiffs have failed to comport with the laws of Bermuda in attempting to serve JSL by mail (and without an actual copy of the 4AC.)  As such, Plaintiffs' attempted mail service at the Victoria Street address should also be quashed as incomplete and insufficient under the Hague Convention and Bermuda law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' purported service of the Summons and the "Amended Complaint" on JSL should be quashed.

DATED: May 6, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
NICOLE S. PHILLIS


By: _____/s/ Scott R. Commerson_____
        Scott R. Commerson

Specially Appearing for Putative
Defendant JULIUS SÄMANN LTD.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF SERVICE

I certify that on May 6, 2019, **SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT FOR IMPROPER SERVICE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111

Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:    /s/*Scott R. Commerson*
        Scott R. Commerson

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On May 6, 2019, I served the foregoing document(s) described as: **SPECIALLY-APPEARING DEFENDANT JULIUS SÄMANN LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH RETURN OF SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT IMPROPER SERVICE** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Plaintiff Ibrahim Nasser
Pro Se
Ibrahim Nasser
P.O. Box 5626
Chula Vista, CA 91912

Plaintiff Serious Scents
Pro Se
Serious Scents
P. O. Box 5626
Chula Vista, CA 91912

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on May 6, 2019, at Los Angeles, California.

☑  Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Lina Pearmain
Print Name

_____
Signature

9

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO QUASH
4820-7241-8454v.1 0097958-000006

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899