SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
NICOLE S. PHILLIS (State Bar No. 291266)
  nicolephillis@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "Julius Samann Ltd.
dba Little Tree dba Car-Freshner Corporation")

IN THE U.S. DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER and SERIOUS SCENTS,<br><br>Plaintiff,<br><br>vs.<br><br>JULIUS SAMANN LTD. DBA-LITTLE TREE DBA-CAR-FRESHNER CORPORATION) and NATURE'S APPEAL MANUFACTURING CORPORATION DBA-STINK GRENADE) and ENERGIZER BRANDS II, LLC DBA-AMERICAN COVERS INC. DBA-DRIVEN BY REFRESH YOUR CAR),<br><br>Defendants. | Case No. 3:17-CV-00863 BTM (MDD)<br><br>**NOTICE OF ERRATA RE APPENDIX OF BERMUDA LAW TO SPECIALLY APPEARING DEFENDANT JULIUS SAMANN LTD.'S MOTION TO QUASH (DKT. 119)**<br><br>Action Filed: April 28, 2017 |

Case No. 3:17-CV-00863 BTM (MDD)

NOTICE OF ERRATA
4831-6493-0966v.1 0097958-000006

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 6, 2019, Specially-appearing Defendant Julius Sämann Ltd. ("JSL") filed its Motion to Quash Return of Service of Summons and Fourth Amended Complaint for Improper Service (Dkt. 119) in the above-captioned action. JSL inadvertently omitted Appendix A of Bermuda law from its Memorandum of Points and Authorities in support of JSL'S Motion to Quash Return of Service of Summons and Fourth Amended Complaint for Improper Service, referenced at Page 6, Footnote 4.

Attached hereto as **Exhibit A** is a true and correct copy of the Appendix of Bermuda law to JSL's Memorandum of Points and Authorities in support of its Motion to Quash Return of Service of Summons and Fourth Amended Complaint for Improper Service.

DATED: May 10, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
NICOLE S. PHILLIS


By: /s/ Scott R. Commerson
      Scott R. Commerson

Attorneys for Defendant
CAR-FRESHNER CORPORATION
(erroneously sued as "Julius Samann Ltd. dba Little Tree dba Car-Freshner Corporation")

NOTICE OF ERRATA
4831-6493-0966v.1 0097958-000006

2

Case No. 3:17-CV-00863 BTM (MDD)
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

# APPENDIX



# BERMUDA

## RULES OF THE SUPREME COURT 1985

### GN 470 / 1985

*[made under section 62 of the Supreme Court Act 1905 and brought into operation on 4 January 1988]*

TABLE OF CONTENTS

PRELIMINARY

ORDER 1
CITATION, COMMENCEMENT, APPLICATION, INTERPRETATION, FORMS AND REVOCATION

| | | |
|---|---|---|
| 1 | 1/1 | Citation, commencement and revocation |
| 2 | 1/2 | Application |
| 3 | 1/3 | Application of Interpretation Act 1951 |
| 4 | 1/4 | Definitions |
| 5 | 1/5 | Construction of references to Orders, rules, etc. |
| 6 | 1/6 | Construction of references to action etc. for possession of land |
| 9 | 1/9 | Forms |

ORDER 1A
THE OVERRIDING OBJECTIVE

| | | |
|---|---|---|
| 1 | 1A/1 | The Overriding Objective |
| 2 | 1A/2 | Application by the Court of the Overriding Objective |
| 3 | 1A/3 | Duty of the Parties |
| 4 | 1A/4 | Court's Duty to Manage Cases |

ORDER 2
EFFECT OF NON-COMPLIANCE

| | | |
|---|---|---|
| 1 | 2/1 | Non-compliance with rules |
| 2 | 2/2 | Application to set aside for irregularity |

RULES OF THE SUPREME COURT 1985

### ORDER 3
### TIME

| | | |
|---|---|---|
| 1 | 3/1 | "month" means calendar month |
| 2 | 3/2 | Reckoning periods of time |
| 4 | 3/4 | Time expires on Sunday, etc. |
| 5 | 3/5 | Extension, etc. of time |
| 6 | 3/6 | Notice of intention to proceed after year's delay |

### COMMENCEMENT AND PROGRESS OF PROCEEDINGS

### ORDER 4
### CONSOLIDATION OF PROCEEDINGS

| | | |
|---|---|---|
| 10 | 4/10 | Consolidation, etc. of causes or matters |

### ORDER 5
### MODE OF BEGINNING CIVIL PROCEEDINGS IN COURT

| | | |
|---|---|---|
| 1 | 5/1 | Mode of beginning civil proceedings |
| 2 | 5/2 | Proceedings which must be begun by writ |
| 3 | 5/3 | Proceedings which must be begun by originating summons |
| 4 | 5/4 | Proceedings which may be begun by writ or originating summons |
| 5 | 5/5 | Proceedings to be begun by motion or petition |
| 6 | 5/6 | Right to sue in person |

### ORDER 6
### WRITS OF SUMMONS: GENERAL PROVISIONS

| | | |
|---|---|---|
| 1 | 6/1 | Form of writ |
| 2 | 6/2 | Indorsement of writ |
| 3 | 6/3 | Indorsement as to capacity |
| 5 | 6/5 | Indorsement as to attorney and address |
| 6 | 6/6 | Concurrent writs |
| 7 | 6/7 | Issue of writ |
| 8 | 6/8 | Duration and renewal or writ |

### ORDER 7
### ORIGINATING SUMMONSES: GENERAL PROVISIONS

| | | |
|---|---|---|
| 1 | 7/1 | Application |
| 2 | 7/2 | Form of summons, etc. |
| 3 | 7/3 | Contents of summons |
| 4 | 7/4 | Concurrent summons |
| 5 | 7/5 | Issue of summons |
| 6 | 7/6 | Duration and renewal of summons |
| 7 | 7/7 | Ex parte originating summons |

### ORDER 8
### ORIGINATING AND OTHER MOTIONS: GENERAL PROVISIONS

| | | |
|---|---|---|
| 1 | 8/1 | Application |
| 2 | 8/2 | Notice of motion |

Case 3:17-cv-00863-BTM-MDD   Document 122   Filed 05/10/19   PageID.1853   Page 7 of 14

RULES OF THE SUPREME COURT 1985

| | | |
|---|---|---|
| 3 | 8/3 | Form and issue of notice of motion |
| 4 | 8/4 | Service of notice of motion with writ, etc. |
| 5 | 8/5 | of hearing |

ORDER 9
PETITIONS: GENERAL PROVISIONS

| | | |
|---|---|---|
| 1 | 9/1 | Application |
| 2 | 9/2 | Contents of petition |
| 3 | 9/3 | Presentation of petition |
| 4 | 9/4 | Fixing time for hearing petition |

ORDER 10
SERVICE OF ORIGINATING PROCESS: GENERAL PROVISIONS

| | | |
|---|---|---|
| 1 | 10/1 | General provisions |
| 2 | 10/2 | Service of writ on agent of overseas principal |
| 3 | 10/3 | Service of writ in pursuance of contract |
| 4 | 10/4 | Service of writ in certain action for possession of land |
| 5 | 10/5 | Service of originating summons, petition and notice of motion |

ORDER 11
SERVICE OF PROCESS, ETC., OUT OF THE JURISDICTION

| | | |
|---|---|---|
| 1 | 11/1 | Principal cases in which service of writ out of jurisdiction is permissible |
| 4 | 11/4 | Application for, and grant of, leave to serve writ out of jurisdiction. |
| 5 | 11/5 | Service of writ abroad: general |
| 6 | 11/6 | Service of writ abroad through foreign governments, judicial authorities and British Consuls |
| 7 | 11/7 | Service of writ in certain actions under certain Acts |
| 8 | 11/8 | Undertaking to pay expenses of service by Deputy Governor |
| 9 | 11/9 | Service of originating summons, petition, notice of motion, etc. |

ORDER 12
ENTRY OF APPEARANCE TO WRIT OR ORIGINATING SUMMONS

| | | |
|---|---|---|
| 1 | 12/1 | Mode of entering appearance |
| 3 | 12/3 | Memorandum of appearance |
| 4 | 12/4 | Procedure on receipt of requisite documents |
| 5 | 12/5 | Time limited for appearing |
| 6 | 12/6 | Late appearance |
| 7 | 12/7 | Conditional appearance |
| 8 | 12/8 | Application to set aside writ, etc. |
| 9 | 12/9 | Appearance to originating summons |

ORDER 13
DEFAULT OF APPEARANCE TO WRIT

| | | |
|---|---|---|
| 1 | 13/1 | Claim for liquidated demand |
| 2 | 13/2 | Claim for unliquidated damages |
| 3 | 13/3 | Claim in detinue |
| 4 | 13/4 | Claim for possession of land |

RULES OF THE SUPREME COURT 1985

(2) The notice of a motion must include a concise statement of the nature of the claim made or the relief or remedy required.

(3) Order 6, rule 5, shall, with the necessary modifications, apply in relation to notice of an originating motion as it applies in relation to a writ.

(4) The notice of an originating motion must be issued out of the Registry.

(5) *[blank]*

(6) Issue of the notice of an originating motion takes place upon its being sealed by the Registrar.

8/4 Service of notice of motion with writ, etc.
4     Notice of a motion to be made in an action may be served by the plaintiff on the defendant with the writ of summons or originating summons or at any time after service of such writ or summons, whether or not the defendant has entered an appearance in the action.

8/5     of hearing
5     The hearing of any motion may be adjourned from time to time on such terms, if any, as the Court thinks fit.

## ORDER 9

### PETITIONS: GENERAL PROVISIONS

9/1 Application
1     Rules 2 to 4 apply to petitions by which civil proceedings in the Court are begun, subject, in the case of petitions of any particular class, to any special provisions relating to petitions of that class made by these Rules or by or under any enactment.

9/2 Contents of petition
2     (1) Every petition must include a concise statement of the nature of the claim made or the relief or remedy required in the proceedings begun thereby.

(2) Every petition must include at the end thereof a statement of the names of the persons, if any, required to be served therewith or, if no person is required to be served, a statement to that effect.

(3) Order 6, rule 5, shall, with the necessary modifications, apply in relation to a petition is it applies in relation to a writ.

9/3 Presentation of petition
3     A petition must be presented by leaving it at the Registry.

RULES OF THE SUPREME COURT 1985

9/4  Fixing time for hearing petition
4         (1)  A day and time for the hearing of a petition which is required to be heard shall be fixed by the Registrar.

          (2)  Unless the Court otherwise directs, a petition which is required to be served on any person must be served on him not less than seven days before the day fixed for the hearing of the petition.

## ORDER 10

### SERVICE OF ORIGINATING PROCESS: GENERAL PROVISIONS

10/1    General provisions
1         (1)  Subject to the provisions of any enactment and these Rules, a writ must be served personally on each defendant by the plaintiff or his agent.

          (2)  Where a defendant's attorney indorses on the writ a statement that he accepts service of the writ on behalf of that defendant, the writ shall be deemed to have been duly served on that defendant and to have been so served on the date on which the indorsement was made.

          (3)  Where a writ is not duly served on a defendant but he enters an unconditional appearance in the action begun by the writ, the writ shall be deemed to have been duly served on him and to have been so served on the date on which he entered the appearance.

          (4)  Where a writ is duly served on a defendant otherwise than by virtue of paragraph (2) or (3), then, subject to Order 11, rule 5, unless within three days after service the person serving it indorses on it the following particulars, that is to say, the day of the week and date on which it was served, where it was served, the person on whom it was served, and, where he is not the defendant, the capacity in which he was served, the plaintiff in the action begun by the writ shall not be entitled to enter final or interlocutory judgment against that defendant in default of appearance or in default of defence.

10/2    Service of writ on agent of overseas principal
2         (1)  Where the Court is satisfied on an *ex parte* application that—

          (a) a contract has been entered into within the jurisdiction with or through an agent who is either an individual residing or carrying on business within the jurisdiction or a body corporate having a registered office or a place of business within the jurisdiction, and

          (b) the principal for whom the agent was acting was at the time the contract was entered into and is at the time of the application neither such an individual nor such a body corporate, and

          (c) at the time of the application either the agent's authority has not been determined or he is still in business relations with his principal,

the Court may authorise service of a writ beginning an action relating to the contract to be effected on the agent instead of the principal.

42

RULES OF THE SUPREME COURT 1985

    (2) An order under this rule authorising service of a writ on a defendant's agent must limit a time within which the defendant must enter an appearance.

    (3) Where an order is made under this rule authorising service of a writ on a defendant's agent, a copy of the order and of the writ must be sent by post to the defendant at his address out of the jurisdiction.

10/3    Service of writ in pursuance of contract

3      (1) Where—

    (a) a contract contains a term to the effect that the court shall have jurisdiction to hear and determine any action in respect of the contract or, apart from any such term, the Court has jurisdiction to hear and determine any such action, and

    (b) the contract provides that, in the event of any action in respect of the contract being begun, the process by which it is begun may be served on the defendant, or on such other person on his behalf as may be specified in the contract, in such manner, or at such place (whether within or out of the jurisdiction), as may be so specified,

then, if an action in respect of the contract is begun in the Court and the writ by which it is begun is served in accordance with the contract, the writ shall, subject to paragraph (2), be deemed to have been duly served on the defendant.

    (2) A writ which is served out of the jurisdiction in accordance with a contract shall not be deemed to have been duly served on the defendant by virtue of paragraph (1) unless leave to serve the writ, or notice thereof, out of the jurisdiction has been granted under Order 11, rule 1 or 2.

10/4    Service of writ in certain action for possession of land

4      Where a writ is indorsed with a claim for the possession of land, the Court may—

    (a) if satisfied on an *ex parte* application that no person appears to be in possession of the land and that service cannot be otherwise effected on any defendant, authorise service on that defendant to be effected by affixing a copy of the writ to some conspicuous part of the land;

    (b) if satisfied on such an application that no person appears to be in possession of the land and that service could not otherwise have been effected on any defendant, order that service already effected by affixing a copy of the writ to some conspicuous part of the land shall be treated as good service on that defendant.

10/5    Service of originating summons, petition and notice of motion

5      The foregoing rules of this Order (except rule 1(4)) shall apply in relation to an originating summons to which an appearance is required to be entered as they apply in relation to a writ, and rule 1(1) and (2) shall, with any necessary modifications, apply in

RULES OF THE SUPREME COURT 1985

relation to an originating summons to which no appearance need be entered, a notice of an originating motion and a petition as they apply in relation to a writ.

ORDER 11

SERVICE OF PROCESS, ETC., OUT OF THE JURISDICTION

11/1 Principal cases in which service of writ out of jurisdiction is permissible

1    (1) Provided that the writ does not contain any claim to which Order 75, r. 4 applies, and is not a writ to which paragraph (2) of this rule applies, service of a writ out of the jurisdiction is permissible with the leave of the Court if in the action begun by the writ—

(a) relief is sought against a person domiciled or ordinarily resident within the jurisdiction;

(b) an injunction is sought ordering the defendant to do or refrain from doing anything within the jurisdiction (whether or not damages are also claimed in respect of a failure to do or the doing of that thing);

(c) the claim is brought against a person who has been or will be duly served within or out of the jurisdiction and a person out of the jurisdiction is a necessary or proper party thereto;

(d) the claim is brought to enforce, rescind, dissolve, annul or otherwise affect a contract, or to recover damages or obtain other relief in respect of the breach of a contract, being (in either case) a contract which—

   (i) was made within the jurisdiction, or

   (ii) was made by or through an agent trading or residing within the jurisdiction on behalf of a principal trading or residing out of the jurisdiction, or

   (iii) is by its terms, or by implication, governed by the law of Bermuda, or

   (iv) contains a term to the effect that the Court shall have jurisdiction to hear and determine any action in respect of the contract;

(e) the claim is brought in respect of a breach committed within the jurisdiction of a contract made within or out of the jurisdiction, and irrespective of the fact, if such be the case, that the breach was preceded or accompanied by a breach committed out of the jurisdiction that rendered impossible the performance of so much of the contract as ought to have been performed within the jurisdiction;

(f) the claim is founded on a tort and the damage was sustained, or resulted from an act committed, within the jurisdiction;

(ff) the claim is brought against a person who is or was a director, officer or member of a company registered within the jurisdiction or who is or was a partner of a partnership, whether general or limited, which is governed by

44

RULES OF THE SUPREME COURT 1985

      the law of Bermuda and the subject matter of the claim relates in any way to such company or partnership or to the status, rights or duties of such director, officer, member or partner in relation thereto;

(g) the whole subject-matter of the claim relates to property located within the jurisdiction;

(h) the claim is brought to construe, rectify, set aside or enforce an act, deed, will, contract, obligation or liability affecting land situate within the jurisdiction;

(i) the claim is made for a debt secured on immovable property or is made to assert, declare or determine proprietary or possessory rights, or rights of security, in or over moveable property, or to obtain authority to dispose of moveable property, situate within the jurisdiction;

(j) the claim is brought to execute the trusts of a written instrument being trusts that ought to be executed according to the law of Bermuda and of which the person to be served with the writ is a trustee, or for any relief or remedy which might be obtained in any such action;

(k) the claim is made for the administration of the estate of a person who died domiciled within the jurisdiction or for any relief or remedy which might be obtained in any such action;

(l) the claim is brought in a probate action within the meaning of Order 76;

(m) the claim is brought to enforce any judgment or arbitral award;

(n) the claim is brought for a declaration that no contract exists where, if the contract was found to exist, it would comply with the conditions set out in paragraph (1) (d) of this rule;

(o) and (p) [blank]

(q) the claim is made under the Drug Trafficking Suppression Act 1988;

(r) [blank]

(s) the claim is made under the Proceeds of Crime Act 1997;

(t) the claim is brought for money had and received or for an account or other relief against the defendant as constructive trustee, and the defendant's alleged liability arises out of acts committed, whether by him or otherwise, within the jurisdiction;

(u) the claim is brought under any one or more of the following United Kingdom Acts as applied to Bermuda, that is to say—

   (i) the Carriage by Air Act 1961,

  (ii) the Carriage by Air (Supplementary Provisions) Act 1962,

 (iii) the Merchant Shipping (Oil Pollution) Act 1971.

45

# CERTIFICATE OF SERVICE

I certify that on May 10, 2019, the **NOTICE OF ERRATA RE APPENDIX OF BERMUDA LAW TO SPECIALLY APPEARING DEFENDANT JULIUS SAMANN LTD.'S MOTION TO QUASH (DKT. 119)** was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (CA State Bar No. 157034)
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
Telephone:(858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*By: /s/Scott R. Commerson*
       Scott R. Commerson

NOTICE OF ERRATA
4831-6493-0966v.1 0097958-000006

3

Case No. 3:17-CV-00863 BTM (MDD)
**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On May 10, 2019, I served the foregoing document(s) described as: **NOTICE OF ERRATA RE APPENDIX OF BERMUDA LAW TO SPECIALLY APPEARING DEFENDANT JULIUS SAMANN LTD.'S MOTION TO QUASH (DKT. 119)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Plaintiff Ibrahim Nasser | Plaintiff Serious Scents |
| Pro Se | Pro Se |
| Ibrahim Nasser | Serious Scents |
| P.O. Box 5626 | P. O. Box 5626 |
| Chula Vista, CA 91912 | Chula Vista, CA 91912 |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on May 10, 2019, at Los Angeles, California.

☑ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Lina Pearmain
Print Name                                            Signature

NOTICE OF ERRATA
4831-6493-0966v.1 0097958-000006
4
Case No. 3:17-CV-00863 BTM (MDD)
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899