NUNC PRO TUNC



**FILED**

Jun 17 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ stevem        DEPUTY

IBRAHIM NASSER          Jun 6 2019
P.O. Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IBRAHIM NASSER d/b/a

SERIOUS SCENTS (collectively and

professionally known as "LITTLE

GRENADE")

                    Plaintiff,

                    Vs.

    JULIUS SÄMANN, LTD;
CAR FRESHNER CO.; ENERGIZER
BRANDS II LLC; AMERICAN
COVERS INC., and CALIFORNIA
SCENTS CORPORATION (collectively,
"Defendants"), alleges as follows:
                    Defendants,
            Does 1-100

Case No.: 3:17-cv-863-BTM (MDD)

[Hon. Barry Ted Moskowitz]

**PLAINTIFFS RESPONSE TO THE
NOTICE OF NON- OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS FOURTH AMENDED
COMPLAINT**

[Fed. R. Civ. P. 12(b) (6)]

Hearing Date:      June 7, 2019
Hearing Time:      11:00 a.m.
Courtroom:         15

PER CHAMBERS RULES, NO
ORALARGUMENT UNLESS
REQUESTED BY THE
COURTACTION

Filed: April 28,2017
Trial Date: None Set

---

1 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019
And May 30th 2019

IN RESPONSE TO

SCOTT R. COMMERSON ATTORNEY FOR CAR-FRESHNER CORP.

Case No.: 3:17-cv-863-BTM (MDD)

DATED APRIL 30, 2019

THIS VERY WELL PRACTICED ATTORNEY MUST BE
CONGRATULATED FOR THE 11 PAGE ERUDITE PLEADING that is
completely not on the point. The trier of fact is asked the notice all of the big law
firms are in opposition against me as an in-pro-per litigant spends hours of
valuable time avoiding the real issues. They come with reams of cases that
describe how my product the little hand grenade air freshener does not and anyway
suffer any confusion in the marketplace and therefore my claims must be denied
against their client.

THE COURT NEED ONLY LOOK TO THE ATTACHED DOCUMENTS
FROM THE UNITED STATES PATENT INFRINGEMENT MARK OFFICE
before the trademark trial and appeal Board 05/15/2013 in the complaint the
Opposer Little tree air fresheners declares that they have been using this trademark
since August 29, 1952.  They also state that they have superior rights in the tree
design marks. **See Exhibit-1.**

IT IS THE LITTLE TREE COMPANY THAT BRINGS THIS CLAIM
AGAINST MR. NASSER and his hand grenade air freshener claiming the
applicants mark is confusingly similar in appearance as the opposes tree design
marks. Little tree client that when Mr. Masters hang grenade air freshener is turned

2 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019
And May 30th 2019

upside down /Inverted with a wide base in trunk the rich sides as depicted below please see attachment number one.

THE ATTACHED EXHIBITS MARKED NUMBER ONE PAGES 5, 6 AND 7. Mr. Nasser and the case at bar was attacked my electric company car freshener good for this lawsuit for trademark infringement.

WHAT THIS COURT NEEDS TO UNDERSTAND IS WE NEED TO SET THE RULES ASIDE AND JUST LOOK AT THE FACTS OF THE CASE.

THE FACTS OR IS FOLLOWS
The United States patent infringement mark Office found in Mr. Nasser's favor that will trees claims of Mr. Nasser's product being confusingly similar in appearance as the opposes little tree design marks failed, meaning Mr. Nasser won the case before the trademark board.

IN ADDRESSING THE RESPONSE OF THE OPPOSITION ATTORNEY IN THIS MATTER IT IS IMPORTANT TO TALK ABOUT WHAT THREE ATTORNEY REFUSES TO ACKNOWLEDGE. He wants the claim falsely that Mr. Nasser's current claim is about the little tree air freshener infringing upon his trademark of a little grenade air freshener. As a trademark board ruled they found that not to be the case.

WITHOUT GETTING INTO ALL OF THE CASE LAW AIR FRESHENER CREATOR PROVIDER was the first one to ever defeat the legal troll Little tree in 3 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

car freshener who spends a large amount of their budget dragon people into court on frivolous lawsuits like the one Mr. Nasser was drug into at the trademark board.

MR. NESTER CAME TO THIS COURT WITH JUST ONE INTENT.  file civil complaint tell the story and get compensated for the legal fees and costs another attending cost  that was expended  in that frivolous lawsuit with the trademark board.   under and in the law Mr. Masters entitled to be compensated for his damages for frivolous lawsuit.

ALONG THE WAY MR. NASSER DISCOVERED AN ABSOLUTELY AMAZING FACT. Little tree air freshener was granted a patent. That patent expired after 20 years more or less. If the court will take the time an effort to look at that patent it will quickly discover that's a little tree air freshener that was patented is the same design that they are using today over 30 years later.

AS CAN CLEARLY BE DEFINED BY THE LAW AFTER A PATENT HAS EXPIRED IT BECOMES PUBLIC DOMAIN. Little trees design and patent expired some 30 years ago. This did not stop them from using their millions of dollars do become the biggest and most prominent legal troll in litigation history. Mr. Nasser did not seek out Little tree and try to sue them.  They were the ones that pursued him and trademark court with a lost.  it cannot be denied to Mister Nasser does not have the right to collect  for the damages incurred for this frivolous lawsuit.

NOW WITH THIS DISCOVERY THE LITTLE TREE AIR FRESHENERS HAS

4 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

NO TRADEMARK PROTECTION because there Little tree is public domain by law after the extinguishment of a patent it is absolutely absurd for their attorney to now claim that the case must be dismissed because there is no resemblance or confusion between Mr. Nester's air freshener grenade and the little tree here freshener. This is the position that Mr. Nasser took in and before the trademark board and won today.

NOW THE LITTLE TREE AIR FRESHENER ATTORNEY MAKES A 180° TURN IT HIS PLEADINGS declaring there is no conflict between Little tree air freshener and the little grenade air freshener which confirms by his own admissions at the action in the trademark board against Mr. Nasser was a frivolous lawsuit.

THE OPPOSITION ATTORNEY HASN'T COMPLETELY WRONG YOU CAN'T DO BOTH SIDES OF THE ISSUE AT THE SAME TIME. Buying through his admissions claims stating there is no conflict or confusion between his clients product and Mr. Nasser's air freshener he confirmed that Mr. Nasser is the victim of a frivolous lawsuit. To make matters worse the frivolous lawsuits continue unabated on the opposition attorney skillfully please record for a fool and represents two opposing views of the same issues and both are contradictory and support Mr. Nasser's claim.

IS A TRUE FACT OF MR. NASSER NOT A LAWYER. It Is no legal expertise. Just a simple man there's a difference between right and wrong. Is a difference between the truth and lie. Mr. Nasser has been badly used by the legal process. On 5 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

every turn they tried to beat him up with legal procedures and processes.

THE OPPOSITION ATTORNEY HAS MADE AN ERROR CLAIMING NO
CONFUSION ON THE TRADEMARKS.

This is not his intense or purpose in this litigation or my claim against the
opposition attorney and his client.

MR. NASSER ONLY WANTS TO BE MADE WHOLE FOR THE INJURIES
HE SUFFERED.  I Should not lose my rights of recovery I against little tree in car
freshener who are multimillion dollar companies.  These companies use and abuse
the law and actually defeat the purpose, which the trademark board was ever
created. It was designed to keep the little company. The little guys like Mr. Nasser
from suffering harm in the loss of his product and right to market it buy an army
how high paid well-trained lawyers who could make any look like a fool as long as
they can use their skills to blind and mislead the court away from the fact and
truths and real issues this because she doesn't follow the rules and regulations rules
of Court.

WAS JUST COME TO MY ATTENTION DUE TO THE RUSHING CRUSH OF
THE MOMENT. Also the fact that I do not have a staff of attorneys on call 24
seven that bill in the 500 + hour plus cost range to respond to the frivolous claims
and counterclaims the opposition attorneys.

THE REAL TRUTH IS YOUR HONOR I MISS THIS ONE.  I would've happily
responded but.   Legal playing feeling this case and cause of action is very lopsided.

6 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019
And May 30th 2019

MY POSITION IS CLEAR.As the plaintiff in this case and defendant in the Trademark Board Case I was and remain a victim a long drawn out costly frivolous litigation by the opposition attorney and his clients. I've learned a few things during this period of time at the opposition attorneys always argue the fine points of the law and try to beat the o me the In Pro per up on legal procedure and legal processes.

IN THE CASE AT BAR THIS MATTER SHOULD BE SETTLED as a plaintiff in this matter on my claiming that the little trees infringing upon my hand grenades air freshener is ridiculous.  It's as ridiculous as the opposition attorney taking my side against his client in the trademark board claims. Now the opposing attorney and his client coming to this court and claiming I have no right to be compensated for frivolous lawsuit. These are same attorneys are now says the same thing in this court that I was saying the trademark court against them. Their pleading in the Trademark Court claim there was great confusion between our two products. Now they agree with me there is no confusion.  The opposition is on both sides of the argument which open the door to make me whole.

 I AM REQUESTING THAT LITTLE TREE COMPANY & CAR FRESHENER BE SANCTIONED and I be given punitive damages should issue because they've have been bringing frivolous lawsuits for over 30 years under the false claim that they have a trademark after their patent expired when the Little tree design became public domain.  This is definitely legal tale, waging the legal dog.  It is unheard of for a litigant to take fixed position in the Trademark Court of infringement and then take another exact opposition position in this court his clients air freshner

7 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

cannot and does not cause any confusion in the market place and there is no confusion or infringement. The opposition attorney and his client are 180 degrees out from their legal position and claim made the Trademark Court.

THE OPPOSITION ATTORNEY THE DEFENSIVE TENDERED IN THIS COURT HAS CONFIRMED his client brought a frivolous claim in the Federal Trademark Court by now confirming a different legal position in this court than the trademark court. The trier of fact need only read the opposition lawyers wonderfully great legal pleading that goes on for 11 pages with legal points and authorities on why his client has not and cannot suffer confusion, or trademark infringement between the two air freshener. By taking this legal position the lawyer for little tree and air freshener have proven up my case. This is legal schizophrenia on the part of the attorney and his client. What is the truth of the matter as it relates to trademark at issue.

IS MR. NASSER'S TRADEMARK CAUSING CONFUSION IN THE MARKET PLACE AS CLAIMED BY THE OPPOSITION ATTORNEY? The answer is NO according to the opposition attorney and his client.  It is well settled in fact and law it is permissible to change the legal theory but the facts remain. the new legal position of the opposition attorney says his client on the one hand suffered infringement in the trademark court and in this court declare there is no possibility trademark infringement.   The legal absurdity of the opposition attorney being on both sides of the issue and taking any position that suits the moment proves up my case in chief and my legal right to a summary judgment and punitive damages for abuse of legal process.

8 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

I APOLOGIZE FOR THIS COURT that I don't have a hundred dollar words to use like the opposing lawyers have to explain my case with legal elegance and why I should prevail. I just discovered this claim by the position attorney I am now correcting it and serving all parties via fax and e–mail because of the recently discovered need for a response which has changed the legal landscape in this cause of action because the position attorney can't pick and choose which is the correct legal position for his client it must be the same in both court.

ALL I CAN DO BRING THE TRUTH AND THE FACTS TO YOU THE TRIER OF FACT. I have no pedigrees, no doctorate in legal jurisprudence; I am a single small businessperson with a small business who has been used badly abused by frivolous lawsuits and claims by the opposition attorney and all those that preceded him.

PRAYER:

I PRAY FOR RELIEF FROM THE COURT. It is hoped the court won't ignore the absurdity of the fact at the opposition attorney for the Little tree and car freshener can't be on both sides of the issue for a trademark infringement without proving up my case of abuse of legal process, frivolous legal action while attempting to mislead this court and the judge.

I AM REQUESTING A SUMMARY JUDGMENT AND MY CASE NOT AND SHOULD BE DISMISSED as it has just been proven up by my mistake in amended complaint which the position attorney has been kind enough to prove up my cause of action for recover for damages suffered in this frivolous laws suit with the court granting me punitive damages.

9 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

LATENESS OF RESPONSE: As the petitioner in this matter and due to the fact the position will be protesting this late response as untimely. That won't change the fact that the opposition and his clients can't be on both sides of the issue in different courts. I could not properly brief this matter because of the late discovery and the fact I just became aware of the opposition Wednesday, June 5, 2019 at 4:30 PM of this day. I am requesting the court except this response and in the name of justice it may be necessary to continue the hearing set as this will to allow the opposing attorney time to respond and for me as the plaintiff to make a rebuttal to his response. The plaintiff's request statement decision facts findings and conclusions of law in the unhappy event at the court does not grant the plaintiffs request.  This is necessary as a protection of the plaintiff's rights appeal.

VERIFICATION OF PLEADING

I swear to affirm the foregoing is true and correct on the penalty of perjury based upon information and belief the facts presently in hand and known personally by me.  If called to testify would do so truthfully and honestly

Respectfully Submitted,
Wednesday, June 5, 2019

IBRAHIM NASSER
Plaintiff In *Propria Persona*

10 Response To Request To Dismiss 4th Amended Complaint Dated June 3rd, 2019 And May 30th 2019

# EXHIBIT-1

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA538131**

Filing date: **05/15/2013**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| | |
|---|---|
| Name | Julius SÄ¤mann Ltd. |
| Granted to Date of previous extension | 05/15/2013 |
| Address | Victoria Place, 31 Victoria Street Hamilton, HM10 BERMUDA |

| | |
|---|---|
| Correspondence information | James E. Rosini, Esq. Kenyon & Kenyon LLP 1 Broadway New York, NY 10004 UNITED STATES tmdocketny@kenyon.com, jrosini@kenyon.com, mmarsh@kenyon.com, nsardesai@kenyon.com Phone:2124257200 |

## Applicant Information

| | | | |
|---|---|---|---|
| Application No | 85641084 | Publication date | 01/15/2013 |
| Opposition Filing Date | 05/15/2013 | Opposition Period Ends | 05/15/2013 |
| Applicant | Ibrahim Nasser 356 Roosevelt Street, #7 Chula Vista, CA 91910 UNITED STATES | | |

## Goods/Services Affected by Opposition

| |
|---|
| Class 003. First Use: 1993/10/31 First Use In Commerce: 1993/10/31 All goods and services in the class are opposed, namely: air fragrancing preparations |
| Class 005. First Use: 1993/10/31 First Use In Commerce: 1993/10/31 All goods and services in the class are opposed, namely: air deodorizing preparations |

## Grounds for Opposition

| | |
|---|---|
| Priority and likelihood of confusion | Trademark Act section 2(d) |
| Dilution | Trademark Act section 43(c) |

## Marks Cited by Opposer as Basis for Opposition

| | | | |
|---|---|---|---|
| U.S. Registration No. | 719498 | Application Date | 10/20/1960 |
| Registration Date | 08/08/1961 | Foreign Priority Date | NONE |

| Word Mark | NONE |
|---|---|
| Design Mark | |
| Description of Mark | NONE |
| Goods/Services | Class U006 (International Class 005). First use: First Use: 1952/08/06 First Use In Commerce: 1952/08/29<br>Absorbent Body Impregnated with a Perfumed Air Deodorant |

| U.S. Registration No. | 1131617 | Application Date | 02/01/1979 |
|---|---|---|---|
| Registration Date | 03/11/1980 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 005. First use: First Use: 1978/08/00 First Use In Commerce: 1978/08/00<br>ABSORBENT BODY IMPREGNATED WITH A PERFUMED AIR DEODORANT | | |

| U.S. Registration No. | 1726888 | Application Date | 11/21/1990 |
|---|---|---|---|
| Registration Date | 10/27/1992 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1990/09/17 First Use In Commerce: 1990/09/17<br>cleaning products; namely, residue and stain removers for automotive and home surfaces<br>Class 012. First use: First Use: 1990/09/20 First Use In Commerce: 1990/09/20<br>[ automobile accessories; namely, antenna toppers ] | | |

| U.S. Registration No. | 1781016 | Application Date | 04/24/1990 |
|---|---|---|---|
| Registration Date | 07/13/1993 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | The mark consists of a configuration of the goods with which it is used. | | |
| Goods/Services | Class 005. First use: First Use: 1952/08/06 First Use In Commerce: 1952/08/29<br>air freshener | | |

| U.S. Registration No. | 1791233 | Application Date | 04/24/1990 |
|---|---|---|---|
| Registration Date | 09/07/1993 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |

| Description of Mark | The mark consists of a configuration of the goods with which it is used. |
| Goods/Services | Class 005. First use: First Use: 1952/08/06 First Use In Commerce: 1952/08/29 air freshener |

| U.S. Registration No. | 3766310 | Application Date | 03/18/2009 |
|---|---|---|---|
| Registration Date | 03/30/2010 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | The mark consists of a two dimensional tree outline design. | | |
| Goods/Services | Class 005. First use: First Use: 1952/08/06 First Use In Commerce: 1952/08/29 Air fresheners<br>Class 009. First use: First Use: 2006/09/00 First Use In Commerce: 2006/09/00 Ornamental magnets and downloadable computer graphics<br>Class 014. First use: First Use: 2007/06/28 First Use In Commerce: 2007/06/28 Clocks<br>Class 016. First use: First Use: 2003/03/24 First Use In Commerce: 2003/03/24 Pens, stationery, note cards, paper folders and stickers<br>Class 018. First use: First Use: 2005/06/01 First Use In Commerce: 2005/06/01 Luggage tags<br>Class 020. First use: First Use: 2005/06/01 First Use In Commerce: 2005/06/01 Non-metal key chains<br>Class 025. First use: First Use: 1982/12/07 First Use In Commerce: 1982/12/07 Shirts, hats and costumes for Halloween and Masquerades<br>Class 028. First use: First Use: 2005/10/25 First Use In Commerce: 2005/10/25 Playing cards | | |

| Attachments | Notice of Opposition - Ibrahim Nasser Ser. No. 85641084 - Filed May 15, 2013.pdf(647726 bytes ) |

# Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /Natasha Sardesai-Grant/ |
|---|---|
| Name | Natasha Sardesai-Grant |
| Date | 05/15/2013 |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In re Application of | : | Ibrahim Nasser |
| Serial No. | : | 85/641,084 |
| Filed | : | June 1, 2012 |
| | | |
| Mark | : | |
| | | |
| Published | : | January 15, 2013 |

---

JULIUS SÄMANN LTD.,

                 Opposers,

      v.

IBRAHIM NASSER,

                 Applicant.

Opposition No.: _____

Serial No.: 85/641,084

---

## NOTICE OF OPPOSITION

Julius Sämann Ltd., a corporation organized and existing under the laws of Bermuda with an address at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda ("Opposer"), by its undersigned counsel, respectfully submits the following Notice of Opposition. Opposer believes that it will be damaged by registration of the above-identified mark, and hereby opposes such registration. The grounds for opposition are as follows:

1.      By the application herein opposed, Serial No. 85/641,084 (the "Application"), Applicant Ibrahim Nasser ("Applicant"), an individual with an address at 356 Roosevelt Street #7, Chula Vista, California 91910, seeks registration of the mark depicted below in

International Class 3 for use in connection with "air fragrancing preparations" and in International Class 5 for use in connection with "air deodorizing preparations."



2.      Applicant filed the Application on June 1, 2012 pursuant to Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), claiming a first use date of October 31, 1993, which Opposer disputes. The Application was published for opposition on January 15, 2013. Applicant has obtained an extension of time to oppose the Application until May 15, 2013.

3.      For over sixty years since at least as early as August 29, 1952, long before the filing of the Application, Opposer, its licensees, and its predecessors have manufactured and marketed products using its distinctive Tree designs as trademarks and corporate identifiers, including the world famous air fresheners in the distinct Tree design shape sold under the LITTLE TREES brand directly and/or by license from Opposer and its predecessors. As a result of their long and extensive sale across the United States, Plaintiffs' products are well known and well received.

4.      As a result of the long, extensive and widespread use of the distinctive Tree designs, the general consuming public in the United States recognizes these designs as exclusively associated with Opposer.

5.      The general consuming public associates Opposer and the distinctive Tree designs generally with the concepts of freshness, cleanliness and pleasing scents.

6.      Opposer's distinctive Tree designs are famous throughout the United States.

7.      Opposer owns the following federal trademark registrations for distinctive Tree designs (collectively, the "Registrations"):

| Mark | Registration No. | First Use Date | Goods/Services |
|------|------------------|----------------|----------------|
| | 719,498 | August 29, 1952 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| | 1,131,617 | August 1, 1978 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| | 1,726,888 | September 17, 1990 | Cleaning products; namely, residue and stain removers for automotive and home surfaces, in Class 3. |
| | 1,781,016 | August 29, 1952 | Air freshener, in Class 5 |
| | 1,791,233 | August 29, 1952 | Air freshener, in Class 5 |

| Mark | Registration No. | First Use Date | Goods/Services |
|---|---|---|---|
| | 3,766,310 | August 52, 2010[1] | Air fresheners, in Class 5; ornamental magnets and downloadable computer graphics, in Class 9; clocks, in Class 14; pens, stationery, note cards, paper folders and stickers, in Class 16; luggage tags, in Class 18; non-metal key chains, in Class 20; and shirts, hats and costumes for Halloween and Masquerades, in Class 25 |

8.  Registrations 719,498; 1,131,617; 1,781,016; and 1,791,233 are incontestable pursuant to 15 U.S.C. § 1065.

9.  Opposer also has common law trademark rights to its Tree designs, which are used in commerce in connection with air fragrancing preparations and a variety of other goods and services.  Opposer's registered and common law trademark rights in the Tree designs are collectively referred to as the "Tree Design Marks."

10.  The Tree Design Marks are used extensively on a wide variety of air fresheners and related products offered in a variety of different fragrances.  Opposer has spent, and continues to spend, significant amounts of time and money developing, testing and promoting air fresheners sold under the Tree Design Marks.

11.  The Tree Design Marks are famous under 15 U.S.C. § 1125(c)(1), and acquired such fame well prior to the filing date and alleged first use date of the Application.  The Tree Design Marks are inherently distinctive and/or have acquired distinctiveness, represent valuable goodwill, have gained a reputation for quality belonging exclusively to Opposer, and are widely recognized by the general consuming public of the United States as designations of the source for Opposer's products.

---

[1] With respect to air fresheners, in Class 5.

4

12.    Opposer's rights in the Tree Design Marks date back to at least as early as August 29, 1952, as partially evidenced by the Registrations, and therefore predate Applicant's alleged first use date. Accordingly, Applicant has superior rights in its Tree Design Marks.

13.    If Applicant is granted registration of the mark herein opposed, Applicant would thereby obtain at least the *prima facie* exclusive right to use the applied-for mark. Such registration would be a significant source of damage and injury to Opposer, for the reasons set forth below.

14.    Applicant's applied-for mark is confusingly similar in appearance to Opposer's Tree Design Marks.

15.    Additionally, when Applicant's applied-for mark is inverted, it is also confusingly similar to Opposer's Tree Design Marks, with a wide base, trunk, and ridged sides, as depicted below.



16.    Applicant attempted to register the applied-for mark in an inverted orientation in United States Trademark Application Serial No. 76/673,922, which was refused.

17.    The Description of Mark in the Application alleges that "the mark consists of the design of a grenade." This description is disingenuous. The applied-for mark does not resemble a grenade, as it notably lacks a grenade's distinctive lever, pin, and striker, and has the addition of a tree's trunk and base.

18.    Upon information and belief, Applicant adopted the applied-for mark with full knowledge of Opposer's rights in the Tree Design Marks, and with the intent to trade off the hard-earned and far-reaching goodwill that Opposer has cultivated in the Tree Design Marks for over sixty years.

19.    Applicant's bad faith intent in adopting the applied-for mark is apparent from Applicant's specimen of use filed in connection with the Application, which mimics the placement of the mark and overall design of Opposer's packaging, as depicted below.



20.    Registration of the applied-for mark is likely to cause confusion with Opposer's Tree Design Marks among the trade and the relevant purchasing public. Any use of the applied-for mark by Applicant will deceive consumers and the trade into believing that Applicant's products are affiliated with, sponsored by, or licensed by Opposer. Such confusion and deception would inevitably result in loss, damage, and injury to Opposer.

21.    Applicant's use of the applied-for mark in conjunction with the applied-for goods would dilute the distinctive quality of Opposer's Tree Design Marks, thereby causing damage to Opposer.

22.    By reason of the foregoing, registration of the mark herein opposed would cause significant damage and injury to Opposer.  Thus, the Application should be denied and rejected under 15 U.S.C. §§ 1052(d) and 1125(c).

23.    The statutory fee, and any additional required fees associated with this proceeding, that are not paid during the course of the electronic filing process should be charged to the undersigned's Deposit Account No. 11-0600.

WHEREFORE, Opposer prays that Application Serial No. 85/641,084 be rejected, that registration of the mark therein sought for the goods therein specified be denied and refused, and that this Opposition be sustained.

Respectfully submitted,

Dated: May 15, 2013                    KENYON & KENYON LLP

*Attorneys for Julius Sämann Ltd.*

James E. Rosini
Michelle Mancino Marsh
Natasha Sardesai-Grant
One Broadway
New York, New York 10004
Tel: 212-425-7200
Fax: 212-425-5288
tmdocketny@kenyon.com
jrosini@kenyon.com
mmarsh@kenyon.com
nsardesai@kenyon.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Notice of Opposition* was served by first class mail, postage prepaid, upon Applicants' counsel of record on the 15th day of May, 2013, at the following address:

Marnie Wright Barnhorst, Esq.
The Trademark Group, APLC
750 B Street, Suite 2100
San Diego, California 92101

Nicholas Barnhorst, Esq.
The Trademark Group, APLC
175 Varick Street
New York, NY 10014

Natasha Sardesai-Grant

<u>PROOF OF SERVICE BY MAIL</u>

Case No.: 3-17-CV-0863 BTM (MDD)

I ROBY LISTER Did Personally Serve the Following of the **PLAINTIFFS RESPONSE TO THE NOTICE OF NON- OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

Dated June 6, 2019 on the below name defendant's attorney of record via FAX and E-MAIL and US MAIL. I am not a party to this cause of action. I am over the age of 18 years and reside in Chula Vista CA.

**Served Via US Mail The Following:**


Energizer Brands II LLC.
Kilpatrick Townsend & Stockton LLP
Nancy L. Stagg 12730 High Bluff Dr. Suite 400
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile:   (858) 350-6111
nstagg@kilpatrickownsend.com


Julius Sämann Ltd.
Cowan, Liebowitz & Latman, P.C.
Eric J. Shimanoff
114 West 47th Street
New York, NY 10036
Tel: (212) 790-9200
Fax: (212) 575-0671
trademark@cll.com


Julius Sämann Ltd.
Davis Wright Termaine LLP
Scott R. Commerson
865 South Figueroa St. Suite 2400
Los Angeles, CA 90017-2566
Tel:  (213) 633-6800
Fax: (213) 633-8-6899
scottcommerson@dwt.com

Car Freshner Co.
Davis Wright Termaine LLP
Scott R. Commerson
865 South Figueroa St. Suite 2400
Los Angeles, CA 90017-2566
Tel:  (213) 633-6800
Fax: (213) 633-8-6899
scottcommerson@dwt.com

I Roby Lister personally placed such envelope(s) with postage by Us Mail first class mailed to the above attorney's offices and I did cause all other defendants to be served via US. Mail with the response of the Plaintiff as defined herein. I swear and affirm that the foregoing is true and correct under the laws of the United States of America.

On June 6, 2019

ROBY LISTER
356 Roosevelt St.
Chula Vista, CA 91910
619-253-9624