NUNC PRO TUNC
July 2, 2019



**FILED**

Jul 17 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____s/ stevem_____ DEPUTY

1  IBRAHIM NASSER
   P.O.Box 5626
2  CHULA VISTA, CA 91912

3  Plaintiff In *Propria Persona*

4

5

6

7            UNITED STATES DISTRICT COURT

8       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10  IBRAHIM NASSER d/b/a SERIOUS

11  SCENTS (collectively and professionally

12  known as "LITTLE GRENADE").

13

14            Plaintiff,

15

16            Vs.

17

18  JULIUS SÄMANN, LTD; CAR FRESHNER

19  CO.; ENERGIZER BRANDS II LLC;

20  AMERICAN COVERS INC., and

21  CALIFORNIA SCENTS CORPORATION

22  (collectively, "Defendants"), alleges as

23  follows:

24

25

26            Defendants,

27  Does 1-100

28

29

30

Case No.: 3-17-CV-0863 BTM (MDD)

[Hon. Barry Ted Moskowitz]

**PLAINTIFF RESPONDS TO DEFENDANT ENERGIZER BRANDS II LLC, CALIFORNIA SCENTS LLC AND AMERICAN COVERS LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

[Fed. R. Civ. P. 12(b) (6)]

Hearing Date:       June 7, 2019
Hearing Time:      11:00 a.m.
Courtroom:          15B

PER CHAMBERS RULES, NO ORALARGUMENT UNLESS REQUESTED BY THE COURTACTION

Filed: April 28, 2017
Trial Date: None Set

0



## I.   REBUTTAL

**1.    The opposition attorney Nancy L Stagg and William M. Bryner**

For defendant's Energizer Brands II collectively known as Energizer, Defendants American Covers LL, and California Scents LLC. once again attempt to cause this case not to be heard on its merits. They are using every legal tactic possible to deny the plaintiff Nasser an opportunity to be heard by invoking Federal Rule 12(b)(6) of The Federal Rules of Civil Procedure:

* Tests the form and sufficiency of a statement of a claim

* Under the liberalized pleading rule. [1]

**2.    However, Since The Federal Rules Attempted To Adopt The Successes And Avoid The Failures' Of Code Pleading**

The purpose of Rule 12(b)(6) *seems to conflict with the purpose of modern pleading*.' although the liberal pleading rule generally allows a plaintiff to set forth a claim in a short and plain statement, [2]

**3.    The Problem Is When and How A Rule 12(B)(6) Motion Is To Be Granted**

Attorneys Nancy L Stagg Attorney William M. Bryner for the defendants have made it abundantly clear that if plaintiff Nasser pleading of any type violates Rules of Court instead of trying the case on it merits which should rule the legal day.

**4.    The Following Is A Rebuttal To That Position Expounded By These Well Practiced Attorney**

Sadly it must be reported that these attorneys while well meaning in advancing the cause of their clients is making a one-sided observation while abusing the purpose and intent of the law. Attorneys are well-versed in this particular rule of court:

They are aware of the fact they are ignoring the problems with the motion they brought forward The following legal authorities supports the plaintiffs position and creates a condition where attorneys Nancy L Stagg Attorney William M. Bryner must be looked upon as a frivolous action to avoid the culpability trademark infraction.

---

[1] 1. FED. R. Civ. P. 12(b)(6).

[2] FED. R. Civ. P. 8 provides that a statement of a claim must be "simple, concise and direct, as positive, precise, and succinct as possible." See also 4 CEPLA AND PALMER, CYCLOPEDIA OF FEDERAL PROCEDURE, '§14.160, at 248 (3d ed. 1986). Also, although Rule 9(b) provides that fraud must be pled with particularity, the courts have held that Rule 9(b) must be applied concurrently with Rule 8. See,e.g., In re Longhorn Securities Litigation, 573 F. Supp. 255, 263 (W.D. Okla.1983).

**5.      Although It Has Been Said That A Rule 12(b)(6) motion**

Which has been brought by attorney's. These two attorneys are aware this motion is rarely granted. The district court has granted a Rule 12(b)(6) motion and the court of appeals has reversed or vacated that grant in a considerable number of cases.' There are conflicting views on the interpretation of Rule 12(b)(6). 1. Fed. R. Civ. P. 12(B)(6).  See GENE R. SHREVE & PETER RAVEN-HANSEN, UNDERSTANDING CIVIL PROCEDURE, § 47, at 180 (1989). 3. It is said that only when the *pleading fails to meet the liberal standard* I ( *which the plaintiff Nasser's does comply with the liberal standard of pleading a cause and is restated in this pleading  )* it subject to dismissal under Rule 12(b)(6). see CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356, at 296 (2d Ed. 1990). However, the notice pleading theory does not need a 12(b)(6) motion.[3]

**6.      Also, Although Rule 9(B) Provides That Fraud Must Be Pled With Particularity**

The courts have held that Rule 9(b) must be applied concurrently with Rule 8. See, e.g.,[4] FOR EXAMPLE,

* it is not clear precisely what effect it has upon the application of *res judicata.*
* Second, the standards and operation of Rule 12(b)(6) are not clear as to the determination of whether the motion should be granted or denied.

**7.      In Fact, Commentators Have Observed That The Semantic Slipperiness Of Both**

See the Rule as applied in Conley v. Gibson facilitated the revival of fact pleading.' *Even the objective of Rule* 12(b) (6) *is not clear.* The well-established doctrine has been, since Conley, *that the objective of pleading is to give "notice."*  It is quite obvious Plaintiff Nasser has given notice to attorneys Nancy L Stagg Attorney William M. Bryner  and their collective clients as defined in the foregoing text have been given notice as required by law.

**8.      This Creates An Opportunity For Plaintiff In The Simplest Possible Terms**

To define his cause of action against the defendants in effort to save the court and the trier of fact precious judicial time, money and effort.

---

[3] At first, Judge Clark, a drafter of the Federal Rules, favored eliminating pleading motions altogether. Michael E. Smith, Judge Charles E. Clark and The Federal Rules of Civil Procedure, 85 YALE L. J. 914, 927-28 (1976). 4. FED. R. Civ. P. 8 provides that a statement of a claim must be "*simple, concise and direct, as positive, precise, and succinct as possible.*" See also 4 CEPLA AND PALMER, CYCLOPEDIA OF FEDERAL PROCEDURE, '§14.160, at 248 (3d ed. 1986).

[4] In re Longhorn Securities Litigation, 573 F. Supp. 255, 263 (W.D. Okla. 1983). 5. THOMAS E. WILLGING, USE OF RULE 12(B)(6) IN Two FEDERAL DISTRICT COURTS (Federal Judicial Center 1989). 6. Id. at 18. 1993] 3 Hamabe: Functions of Rule 12(b)(6) in the Federal Rules of Civil Procedure Published by Scholarly Repository @ Campbell University School of Law, 1993 CAMPBELL LAW REVIEW First, the effect of a Rule 12(b)(6) motion is not clear.

It is well established in fact and law with vast and voluminous cases which are too numerous to define here due the shorten time frame the fundamental legal gravity of Trademark Ownership, rights and control.

**9.    The Court Should Note Plaintiff Nasser Reference Legal Gravity As Being A Legal Force**

This legal force never sleeps, it is always on duty, it is no respecter of persons, gives no special consideration to any person or legal entity. All are equal under the law of legal gravity.

**10.    Past Cases Of First Use Being Adjudicated As The Rightful Owner Of Vast And Varied Trademarks Actions**

First use trumps other claims. Plaintiff Nasser not only enjoys the rights of first use for his Air Freshener Hand Grenade. Mr. Nasser hold a trademark for that product. First use by Mr. Nasser in October 1993. In June 1st 2012 Mr. Nasser filed for Trademark Protection and was later granted a Trademark. This clearly preempts any rights or claims on that trademark by attorneys Nancy L Stagg, William M. Bryner and their collective clients. These two attorneys are aware of these facts of Mr. Nasser rights under first use and trademark protection and their client's infringement which has been on going. Mr. Nasser clearly understands that the Trademark Board does on occasion makes grievous errors. It can and does mistakenly cause conflict which can only be addressed and corrected in this Federal Court.

**11.    The Opposing Attorneys And Their Collective Clients**

Paid very large sums of money which is to be defined bought a Hand Grenade trademark that they knew or should have known was in play and dispute.

**12.    This Fact Of A Dispute Is Proven By Correspondence From Attorney William M. Bryner**

Who admits the knowledge of the conflict in his correspondence dated February 13, 2017 quoting Mr.Bryner " Energizer will be contemplating an arrangement by which it surrenders for cancellation Trademark Number 4890647. **EXHIBIT-1,2,3.**

**13.    The Attorneys Letters Proves That The Attorney Was Aware Of The Conflict.**

The opposing Attorney's was playing let's make a deal when he states as follows: "Serious

3

Scents Inc.  Agrees to not challenge energizers use of the design shown in trademark number 4890647 all of which are Mr. Nasser's trademarked air freshener.

The Court Should Not:  all the opposing Attorneys and their collective clients to burdened this court with claims that Mr. Nasser did not properly serve the following clients energizer brands LLC, California Scents LLC and American Covers LLC.

**14.    The Court Is Directed To Correspondence From Attorney William M. Bryner**

In His correspondence of February 13, 2017 with great eloquence lays out the causes of action what you define that are at issue. Now this attorney has had lapse in memory. He no longer recalls the fact that he stated the following: "Energizer and its predecessors have not abandoned Rights in California Scents trademark shown in registered number 1940353. Therefore Energizers rights in California's Scents mark is senior to confusion arising from the parties concurrent use of the phrase California Scents does to a degree you're January 18, 2017 a letter is alleging a likelihood of confusion arising from the parties concurrent use of the phrase California scents. It would be your junior use of series sense that would need to yield to energizer your senior rights. Here the opposing attorney defines Mr. Nasser case and case of action and makes a comment on those issues. When those issues are defined in a complaint the attorney forgets his position and how he acknowledged the matters at issue in the case at bar. It makes no legal logic they on the one hand the opposing attorney claims to know all of the issues. When served with a complaint the issues are untellable to him are vague and ambiguous and are untellable. This proves up the faulty claims of no cause of action by the opposition attorneys.

**15.    The Opposition Attorney In His Letter Of February 13, 2017**

Once again clearly defined what is it issue.  A reading of his own words tells the court and the world what is at issue. once the opposing attorney is armed with the issues and even offers a defense to those issues the attorneys cannot claim complete ignorance of what the issue are and that they should be tried. The attorney cannot deny that he himself place these matters at issue buy and through his correspondence to plaintiff Nasser and his response and legal position on these issues. **EXHIBIT-1**

**16.    Now The Same Attorney Also Forgets In Correspondence On January 27, 2017**

States the following: "Energizer has asked me to review and respond to the allegations made in your January 18, 2017 letter to my partner Alicia Graham Jones. Please direct all future communications about this matter to my attention. Atty. Bryner did not resend or

demand or change as directed that all communications about this matter be brought to his attention.

### 17.   Now Atty. Bryner Complains For A Lack Of Proper Service

The plaintiff has complied with Atty. Bryner request January 27, 2017 too direct everything To Attorney Bryner. The term everything in its plain meaning would include complaints and pleadings. Atty. Brynerby his own request is require him to accept service of same on behalf of his clients he represents. **EXHIBIT-3**

### 18.   Again Atty. Bryner His Correspondence Of April 2, 2017 States

The following quoting" This letter is response to your correspondence dated March 21, 2017. *I reiterate my prior request* that in the future *all communications regarding this matter referenced above be sent to my attention*. **EXHIBIT- 2,3**

### 19.   Atty. Bryner Also In This Communication Once Again Defines The Causes Of Action At Issue

By stating: as we understand you're March 21 2017 correspondence you wish to reengage discussions toward resolution of this matter along the lines previously offered in my letter dated February 13, 2017 to that in Energizer brands LLC this affiliate entitled collectively remains willing to resolve this dispute with you on the following terms which energizer insist must be incorporated into the settlement agreement.

### 20.   This Proves That The Atty. Bryner Is Aware Of What Is At Issue In The Case At Bar

In the current court pleadings he absolutely refuses to admit there's a conflict that he can understand. In his correspondence he speaks of confusion in the marketplace the same marketing channels which is a valid cause of action in any federal court concerning trademark matter.

### 21.   Atty. Bryner By And Through Presenting This Well-Known And Established Fact

Between the opposition attorneys and the plaintiff it's actually absurd for him to continue on with this legal charade. He falsely claims that the plaintiff has no cause of action which has previously defined.

Atty. Bryner has defined causes of action in his own words better than Mr. Nasser ever could. Addition to this fact Atty. Bryner is well practiced attorney has completely ignored the following federal rules with claims of Improper or lack of service. RCFC Rule 5 Rule 5. Serving and Filing Pleadings and other Papers Current-ness

 (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
(As revised and reissued May 1, 2002; as amended Nov. 15, 2007; Nov. 3, 2008.)
Rules committee notes 2002 revision as the court can see service is complete under Federal Rules and at the direction of the representing attorney himself.

## 22.    The Objective Of Rule 12 Is To Expedite And Simplify The Pretrial Procedures Of Federal Litigation

Notice pleading allow the court to eliminate from consideration contentions that have no legal significance?" It should be know the by the court the opposition attorney in his own correspondences defines that there are matters at issue which he hasn't knowledge and defines which need to be tried by this court on its merit.

## 23.    Behind The Policy There Is A Basic Precept That "The Primary Objective Of The Law Is To Obtain A Decision On The Merits Of Any Claim

And that a case should be tried substantially on the merits rather than technically on the pleading."' the opposition attorney as has been reported knows what is it issued but magically becomes deaf dumb and blind when reading the Plaintiffs complaint.

## 24.    The Conflict Between Liberalized Pleading

And these diminishing factors has generated two contrary directions; an attempt to use Rule 12(b)(6) more often, and an attempt to use Rule 12(b)(6) less often.

## 25.    The Language Of The 1983 Amendment Of Federal Rule Of Civil Procedure:

Requires the pleading to show that it is "*well grounded in fact*." Once again the plaintiff as admitted by the opposing attorney's correspondence and legal stance proves up well-grounded fact of the attorney knowledge of what is at issue and his defenses to those issues is in the possession of the court in the correspondence of the opposition attorney. This knowledge of the opposing attorney and his defenses satisfies Federal of civil procedure that the plaintiff and the defendants attorney are both *well-grounded in fact of*

6

*what is at issue*."  The joint legal awareness of the plaintiff and the defendants is valid ground move this matter this forward to be heard on its merits without any further delay.

**26.    Under This Theme, The Following Topics Will Be Discussed**
(1) the objectives of pleading and Rule 12(b)(6),
(2) the current standards (including the so-called stricter view of pleading) and the desirable standards for a Rule 12(b)(6) motion under liberalized

**27.    Professor Moore Emphasized In His Treatise**
That *pleading need do little more than indicate generally the type of litigation*.
Under this concept, to give "notice," in modern pleading, a plaintiff need only achieve two limited and simple objectives:
1. to identify the matter in dispute ( this was done by the plaintiff in his pleading and correspondence with the opposing attorney that has been defined in the forgoing text.

**28.    To Give "Notice," In Modern Pleading To Initiate The Process Of Its Solution**
The court should also note that this objective under and in the law has been satisfied not only by the plaintiff it has also been satisfied by the opposition attorney himself in this correspondence that are attached hereto defining clearly what is issue. The very fact is inescapable that the attorney knows and knew what is it issue at all times in the correspondence and the plaintiff pleadings. This opposing attorney and client information and knowledge clearly goes above and beyond satisfying the fact that the plaintiffs pleading" *need to do little more than indicate generally the type of litigation that has been satisfied by the plaintiff and the opposition council"*

**29.    Under The Federal Rules**
 A pleading may simply be a *general summary of the party's position* which advises the *other party* and *the court of the event being sued upon* and provides some guidance I as to
(i) what was decided for purposes of res judicata,
(ii) whether the case should be tried to the court or to a jury, 3 and
(iii) which statute of limitation is applicable to the action.

**30.    Once Again The Risk Of Being Redundant**
the plaintiff has satisfied all of the foregoing necessities required by the law:

7

to state a valid cause of action. Service has been completed this matter should be tried upon its merits.

## 31.  The Opposition Attorney Cannot Rightfully Claim:

That his client as a litigant cannot prepare for trial. The opposing attorney can't validly claim the court cannot control an action unless they know the nature of the parties' allegations. The court knows exactly what the position of the plaintiff and the defendants is because it is well defined with great care and clarity what a is at issue and the defendants counter claim as defined in his correspondence.

## 32.  Labeling The Objective Of Rule 12(B)(6) As Giving "Notice"

Does not resolve various problems regarding Rule 12(b)(6).15 Also, bare "notice" of a claim that is too scant, cloudy, or irrelevant.  The positioning attorney cannot claim that the plaintiff and his clients are working in the legal dark on scant cloudy and relevant issues because they've been defined by the attorney himself as well as defenses to same by his own hand.

## 33.  Full Notice Of All Of Factual Particulars," Notice Of The Claim To Put The Adversary On Guard

It has been said that the pleading should be only a *general guide under the latter position*, But it is not clear what is meant by "*general guide*." In any event, the statement must be "*more than a mere hint of a claim*." Once again the opposition attorney has defined that the issues as more than a mere of a claim by his own writing and response to the claims that are well known to him and his clients. Proper Notice was made to put the adversary on guard.

## 34.  As A Drafter Of The Federal Rules Has Suggested

A plaintiff is required to allege *some factual details in order "to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment* that he wants relief and is entitled to.  The opposition attorneys has done this for the plaintiff. As the correspondence between plaintiff and defendant attorney what is at issue was disclose the adequate information was imparted the opposing attorney.  This also provides the legal basis to support the claims for relief at Mr. Nasser's now seeking which is acknowledged by the opposing attorney.

8

**35.    Parties Should Be Given Enough Opportunity To Proceed With Their Own Claims**

Accordingly, doing justice requires balancing between speedy and inexpensive decisions and an adequate opportunity to present a claim. From another point of view, "justice" can be broken down into "substantive justice" and "procedural justice."

**36.    In "Substantive Justice"**

We must look to substantive laws or policy, and in "procedural justice," we must consider procedural laws or policy. Procedural policy supports fair, speedy and inexpensive measures. Under this policy, the plaintiff must and has shown good faith to seek legal relief. Procedural justice is the idea of fairness in the processes that resolve disputes and allocate resources.

**37.    One Aspect Of Procedural Justice Is Related To Discussions Of The Administration Of Justice And Legal Proceedings**

This sense of procedural justice is connected to due process (U.S.),

**38.    Procedural Justice Concerns The Fairness And The Transparency Of The Processes**

By which decisions are made, and may be contrasted with distributive justice (fairness in the distribution of rights or resources), and retributive justice (fairness in the punishment of wrongs). Hearing all parties before a decision is made is considered appropriate to be taken in order that a process may then be characterized as procedurally fair.

II.    **PRAYER**

The plaintiff in this cause of action request the defendant energizer in all of its subsidiary companies that it purchased has from the very beginning as the opposition attorney has proven by his own writings knows each and every issue in detail. Opposing parties including their attorney has not only defined issues, He's also defined his defenses to those issues. Once this is an accomplished it cannot be ascertained a rightfully cleaned the plaintiff's complaint does not have merit. That mirror was established are The opposing counsel himself in his correspondences are attached hereto.  therefore, the plaintiff request of this matter he allowed to move forward Valley for their objections from energizer and its subsidiaries and attorneys we're not being Great truth of this court in their claims they do

9

not know what is it issue, when they were the ones who are defined each and every issue. The rush required of the plaintiff may have caused him to stumbled on number of procedural rules to get this out to the court It is hoped this functional pleading will not sufferer defeat from rigors of legal formality. Legal Function should override form and should not be an pediment to plaintiffs case moving forward

## III.  VERIFICATION OF PLEADING

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America. Dated, July 2, 2019. Plaintiff swears and affirms that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

Respectfully submitted,
Ibrahim Nasser

IBRAHIM NASSER
Plaintiff In Propria Persona

10

# TABLE OF CONTENTS

Page

I.  REBUTTAL.....................................................................................................1

1. The opposition attorney Nancy L Stagg and William M. Bryner ................1
2. However, Since The Federal Rules Attempted To Adopt The Successes And Avoid The Failures' Of Code Pleading..............................................1
3. The Problem Is When and How A Rule 12(B)(6) Motion Is To Be Granted....1
4. The Following Is A Rebuttal To That Position Expounded By These Well Practiced Attorney..............................................................................1
5. Although It Has Been Said That A Rule 12(b)(6) motion............................2
6. Also, Although Rule 9(B) Provides That Fraud Must Be Pled With Particularity.....................................................................................2
7. In Fact, Commentators Have Observed That The Semantic Slipperiness Of Both..................................................................................................2
8. This Creates An Opportunity For Plaintiff In The Simplest Possible Terms....2
9. The Court Should Note Plaintiff Nasser Reference Legal Gravity As Being A Legal Force.....................................................................................3
10. Past Cases Of First Use Being Adjudicated As The Rightful Owner Of Vast And Varied Trademarks Actions...................................................................................................3
11. The Opposing Attorneys And Their Collective Clients.............................3
12. This Fact Of A Dispute Is Proven By Correspondence From Attorney William M. Bryner.......................................................................................3
13. The Attorneys Letters Proves That The Attorney Was Aware Of The Conflict..............................................................................................3
14. The Court Is Directed To Correspondence From Attorney William M. Bryner...............................................................................................4
15. The Opposition Attorney In His Letter Of February 13, 2017.....................4

16. Now The Same Attorney Also Forgets In Correspondence On January 27, 2017...................................................................................4
17. Now Atty. Bryner Complains For A Lack Of Proper Service.....................4
18. Again Atty. Bryner His Correspondence Of April 2, 2017 States...............4
19. Atty. Bryner Also In This Communication Once Again Defines The Causes Of Action At Issue..................................................................4
20. This Proves That The Atty. Bryner Is Aware Of What Is At Issue In The Case At Bar...............................................................................4
21. Atty. Bryner By And Through Presenting This Well-Known And Established Fact....................................................................................4
22. The Objective Of Rule 12 Is To Expedite And Simplify The Pretrial Procedures Of Federal Litigation.........................................................6
23. Behind The Policy There Is A Basic Precept That "The Primary Objective Of The Law Is To Obtain A Decision On The Merits Of Any Claim................6
24. The Conflict Between Liberalized Pleading.........................................6
25. The Language Of The 1983 Amendment Of Federal Rule Of Civil Procedure..............................................................................6
26. Under This Theme, The Following Topics Will Be Discussed.................7
27. Professor Moore Emphasized In His Treatise.....................................7
28. To Give "Notice," In Modern Pleading To Initiate The Process Of Its Solution................................................................................7
29. Under The Federal Rules...............................................................7
30. Once Again The Risk Of Being Redundant.......................................7
31. The Opposition Attorney Cannot Rightfully Claim.............................8
32. Labeling The Objective Of Rule 12(B)(6) As Giving "Notice"..................8
33. Full Notice Of All Of Factual Particulars," Notice Of The Claim To Put The Adversary On Guard..................................................................8
34. As A Drafter Of The Federal Rules Has Suggested.............................8
35. Parties Should Be Given Enough Opportunity To Proceed With Their Own Claims...................................................................................9
36. In "Substantive Justice"..............................................................9
37. One Aspect Of Procedural Justice Is Related To Discussions Of The Administration Of Justice And Legal Proceedings................................9
38. Procedural Justice Concerns The Fairness And The Transparency Of The Processes...............................................................................9

II.  PRAYER..................................................................................................2
III.  VERIFICATION OF PLEADING............................................................3

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

4 **<u>Cases</u>**

5   Also 4 Cepla And Palmer, Cyclopedia Of Federal Procedure, '§14.160, At 248 (3d Ed.
1986)……………………………………………………………………………...………1

6

7   Longhorn Securities Litigation, 573 F. Supp. 255, 263 (W.D. Okla.1983)…………………1

8   Gene R. Shreve & Peter Raven-Hansen, Understanding Civil Procedure, § 47, at 180
9   (1989)…………………………………………………………………………………….2

10

11   Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 1356, at 296 (2d Ed.
1990)……………………………………………………………………………………….2

12

13   Michael E. Smith, Judge Charles E. Clark And The Federal Rules Of Civil Procedure, 85
14   Yale L. J. 914, 927-28 (1976)………………………………………………………………….2

15   Cepla And Palmer, Cyclopedia Of Federal Procedure, '§14.160, At 248 (3d Ed. 1986)……2

16

17

18 **<u>Statutes</u>**
19   '§14.160, at 248 ………………………………………………………………………….1,2

20

**<u>Rules</u>**
21
Fed. R. Civ. P. 12(b)(6)………………………………………………………..……1,2,6,8
22   Fed. Rule 9(b)……………………………………………………………………………2
23   Fed. Rule 8………………………………………………………………………………2

24

25

26

27

28

29

30

14

# EXHIBIT-1



**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

February 13, 2017

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

<u>**VIA EMAIL TO balweh@hotmail.com**
**AND VIA U.S. MAIL**</u>

Ibrahim Nasser
Post Office Box 5626
Chula Vista, CA 91912

Re:   *California Scents Co.*

Dear Mr. Nasser:

In addition to owning and operating the business of California Scents Co., my client Energizer Brands LLC also owns and operates the business of American Covers Inc. (collectively, "Energizer"). Consequently, Energizer has engaged our firm to represent it in connection with the Petition for Cancellation you filed concerning U.S. Trademark Reg. No. 4890647 (the "Cancellation Proceeding"), in addition to the matter raised in your letter to my partner, Alicia Grahn Jones, dated January 18, 2017 (the "CALIFORNIA SCENTS Matter").

With regard to the Cancellation Proceeding, without admission of any of the allegations contained in the papers you have submitted to the USPTO in the Cancellation Proceeding, and for settlement purposes only, Energizer is willing to contemplate an arrangement by which it surrenders for cancellation Reg. No. 4890647, which is on the Supplemental Register. This step would permit your pending applications against which Reg. No. 4890647 has been cited to proceed to registration. However, as consideration for doing so, Energizer requests that you and Serious Scents Inc. agree not to challenge Energizer's use of the design shown in Reg. No. 4890647 <u>provided</u> that use of that design is always accompanied by Energizer's DRIVEN trademark. Please advise if this arrangement is one you are willing to consider. In the meantime, we request a 30-day extension of Energizer's February 18, 2017 deadline to respond to your papers in the Cancellation Proceeding. Please let us know if you consent.

With regard to the CALIFORNIA SCENTS Matter, Energizer owns U.S. Trademark Reg. No. 1940353 for the mark CALIFORNIA SCENTS. That registration was filed March 30, 1993, giving Energizer nationwide constructive use of the CALIFORNIA SCENTS mark as of that date. That registration is in "Typed Drawing" format and, thus, does not cover any particular design. Therefore, Energizer and its predecessors were not required to continue using the design shown in the specimens originally or subsequently submitted in support of that registration, or any other particular design format, in order to maintain and renew that word-mark

Ibrahim Nasser
February 13, 2017
Page 2

registration.  Energizer and its predecessors have not abandoned rights in the CALIFORNIA
SCENTS word mark shown in Reg. No. 1940353.    Therefore, Energizer's rights in the
CALIFORNIA SCENTS mark are senior to your and/or Serious Scents Inc.s' rights in any
SERIOUS SCENTS mark. Thus, to the degree your January 18th letter is alleging a likelihood of
confusion arising from the parties' concurrent use the phrases CALIFORNIA SCENTS and
SERIOUS SCENTS, it would be your junior use of SERIOUS SCENTS that would need to yield
to Energizer's senior rights.  However, Energizer may be willing to allow the marks to coexist in
the marketplace.

        Moreover, to our knowledge, you and/or Serious Scents Inc. have not used the SERIOUS
SCENTS logo in the manner shown on page 2 of your January 18th letter.  We believe that
depiction is a mock-up, rather than a display actually used in the marketplace.  Consequently,
Energizer will not accede to the demands contained on page 7 of your January 18th letter.

        We look forward to hearing from you about the Cancellation Proceeding, and trust that
this response addresses your concerns about the CALIFORNIA SCENTS Matter. This response
is without prejudice to any of Energizer's rights, remedies, or defenses, all of which are
expressly reserved.

                            Sincerely,

                            William M. Bryner

# EXHIBIT-2



**KILPATRICK
TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

April 2, 2017

<u>**VIA EMAIL TO balweh@hotmail.com
AND VIA U.S. MAIL**</u>

Ibrahim Nasser
Post Office Box 5626
Chula Vista, CA 91912

> Re: <u>*Energizer Brands II, LLC v. Serious Scents, Inc., et al.,*</u> *Case No. 4:17-CV-00876 (U.S. District Court for the Eastern District of Missouri); and* <u>*Nasser, et al. v. American Covers Inc.,*</u> *Cancellation No. 92065106 (Trademark Trial and Appeal Board of the United States Patent and Trademark Office)*

<u>**FOR SETTLEMENT PURPOSES ONLY
FED. R. EVID. 408**</u>

Dear Mr. Nasser:

This letter is in response to your correspondence dated March 21, 2017. I reiterate my prior request that, in the future, all communications regarding the matters referenced above be sent to my attention, rather than to American Covers Inc. or to my partner, Alicia Grahn Jones. We also suggest that you retain an attorney with intellectual property expertise to represent you and Serious Scents, Inc. (collectively "you") in this matter.

As we understand your March 21 correspondence, you wish now to re-engage in discussions toward a resolution of this matter along the lines previously offered in my letter to you dated February 13, 2017. Although you previously rejected that proposal in your correspondence of February 16, 2017, we understand that you may have reconsidered in light of the filing of the above-referenced federal court action pending in the U.S. District Court for the Eastern District of Missouri (the "Civil Action"). To that end, Energizer Brands II, LLC, and its affiliated entities (collectively "Energizer") remain willing to resolve this dispute with you on the following terms, which Energizer insists must be incorporated into a settlement agreement to be signed by Energizer and you (the "Agreement"):

(1) Energizer would agree to surrender for cancellation its Reg. No. 4890647, which is the subject of the above-referenced cancellation proceeding at the Trademark Office (the

ATLANTA AUGUSTA CHARLOTTE DALLAS DENVER LOS ANGELES NEW YORK RALEIGH SAN DIEGO SAN FRANCISCO
SEATTLE SHANGHAI SILICON VALLEY STOCKHOLM TOKYO WALNUT CREEK WASHINGTON WINSTON-SALEM

Ibrahim Nasser
April 3, 2017
Page 2

"Cancellation Proceeding").  This step would permit your pending applications against which Reg. No. 4890647 has been cited to proceed to registration.

(2) You would agree not to challenge Energizer's use of any of its greande designs, such as the design shown in Reg. No. 4890647, provided Energizer's use of its designs are always accompanied by Energizer's DRIVEN trademark.

(3) Energizer would dismiss the Civil Action without prejudice.

(4) Other than obligations undertaken in the Agreement, you would release Energizer of all claims – including but not limited to claims for trademark infringement, unfair competition, trademark dilution, and copyright infringement – arising out of Energizer's sale or offering for sale of the products that are the subject of the Civil Action and the Cancellation Proceeding.

(5) You would agree not to oppose, seek to cancel, or otherwise object to or interfere with Energizer's use or registration of any Energizer mark that incorporates the phrase CALIFORNIA SCENTS, the phrase REFRESH YOUR CAR, or the word DRIVE.

(6) Other than obligations undertaken in the Agreement, Energizer would release you of all claims that Energizer has alleged in the Civil Action.

If a resolution of this matter is to be completed, it must be done promptly.  Energizer therefore needs your response to these terms by no later than Monday, April 10, 2017, and insists that the Agreement be completed and signed by no later than Friday, April 21, 2017.  If you do not accept these terms, including the timing for completion and signature of the Agreement, by Monday, April 10, 2017, this proposal will be rescinded and Energizer will proceed with the Civil Action.

The foregoing is for settlement purposes only, and Energizer hereby expressly reserves all of its rights, remedies, and defenses, at law and in equity, in connection with these matters.  We look forward to hearing from you or your IP attorney.

Sincerely,

William M. Bryner

# EXHIBIT-3



**KILPATRICK
TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

January 27, 2017

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

**VIA EMAIL TO balweh@hotmail.com**
**AND VIA U.S. MAIL**

Ibrahim Nasser
Post Office Box 5626
Chula Vista, CA  91912

       Re:   *California Scents Co.*

Dear Mr. Nasser:

      This law firm represents Energizer Brands, LLC, which owns and operates the business of California Scents Co. ("Energizer"). Energizer has asked me to review and respond to the allegations made in your January 18, 2017 letter to my partner, Alicia Grahn Jones. Please direct all future communications about this matter to my attention.

      I am in the process of reviewing your letter with Energizer, but will not be in a position to respond by the date of Saturday, January 28, 2017, as set forth in your letter. In particular, I will be traveling out of state on other business, and will return to the office on February 1, 2017. I will be in touch with you further shortly after my return. Please be advised that Energizer expressly reserves all of its rights and defenses in this matter, and this letter should not be construed, in any way, as agreeing to any assertions contained in your Jauary 18th correspondence.

                Sincerely,

                William M. Bryner

<u>PROOF OF SERVICE BY MAIL</u>

Case No.: 3-17-CV-0863 BTM (MDD)

I ROBY LISTER Did Personally Serve the Following **PLAINTIFF RESPONDS TO DEFENDANT ENERGIZER BRANDS II LLC, CALIFORNIA SCENTS LLC AND AMERICAN COVERS LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Dated July 2, 2019 on the below name defendant's attorney of record via US MAIL. I am not a party to this cause of action. I am over the age of 18 years and reside in Chula Vista CA.

**Served Via US Mail The Following:**

Kilpatrick Townsend & Stockton LLP
Energizer Brands II LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Kilpatrick Townsend & Stockton LLP
California Scents LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Kilpatrick Townsend & Stockton LLP
American Covers LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Davis Wright Termaine LLP
Julius Sämann Ltd.
Attorney Scott R. Commerson
865 South Figueroa St. Suite 2400
Los Angeles, CA 90017-2566

Davis Wright Termaine LLP
Car-Freshner Co.
Attorney Scott R. Commerson
865 South Figueroa St. Suite 2400
Los Angeles, CA 90017-2566

Case No.: 3-17-CV-0863 BTM (MDD)

I Roby Lister personally placed such envelope(s) with postage by Us Mail first class mailed to the above attorney's offices and I did cause all other defendants to be served via US. Mail with the response of the Plaintiff as defined herein. I swear and affirm that the foregoing is true and correct under the laws of the United States of America.

On July 2, 2019

Respectfully submitted,
Roby Lister

ROBY LISTER
356 Roosevelt St.
Chula Vista, CA 91910
619-253-9624

2