IBRAHIM NASSER
P.O. Box 5626
CHULA VISTA, CA 91912

Plaintiff In *Propria Persona*

NUNC PRO TUNC
1/8/2020

**FILED**
Feb 07 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ stevem      DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM NASSER d/b/a SERIOUS SCENTS (collectively and professionally known as "LITTLE GRENADE").<br><br>Plaintiff,<br><br>Vs.<br><br>JULIUS SÄMANN, LTD; CAR FRESHNER CO.; ENERGIZER BRANDS II LLC; AMERICAN COVERS INC., and CALIFORNIA SCENTS CORPORATION (collectively, "Defendants"), alleges as follows:<br><br>Defendants,<br>Does 1-100 | Case No.: 3-17-CV-0863 BTM (MDD)<br><br>1. Plaintiff's Request Permission of Court Leave Amend as Defined Application of Federal Rule 15.<br>2. Amend Pleading to Ensures<br>3. Matter Heard<br>4. Ruled Upon & Resolved On Its Merits<br>5. Request for Summary Judgment<br>7. The Defendant Has No Legal Standing or Right to Trademark Action<br>8. Leaving No Unresolved Issue for The Court to Decide |

**INTRODUCTION:**

The Plaintiff now comes to the court and trier of fact with the application of Rule 15 which allows a party to amend its pleading after it has been filed with the court. In keeping with the flexibility of the federal rules, Rule 15 is generous. The policy is that by allowing the parties to "fix" their pleadings as they go along, the case will more readily be resolved on the merits. The parties will not waste precious judicial time, effort and resources squabbling over the mechanics of amending their pleadings.

The application of Rule 15's is presented herein with a request for legal flexibility by the trier of fact as every effort has been expended to present a balanced legal application of Rule 15 with fairness concerns for the opposing party who as the court can and will see has no legal rights to the use and application of a trademark for the legal reasons recently discovered by the plaintiff.

Plaintiff Request Court Permission to Amend Pleading based Rule 15(a)(1), Rule 15(a)(2) is a generous rule. Even when the amending
party has already amended once under Rule 15(a)(1) (or missed the window to amend under the same), that party can still amend its pleading as long as the opposing party consents in writing or *the court grants the party leave to amend.*

The issues was settled as the following case on its all fours mirrors the condition found in Kellogg Co. v. National Biscuit Co., 305 US 111 - Supreme Court 1938 , In this case the court found: Wheat" was the general designation of the *patented product*, (like Little Tree ) The term Wheat ( Like Little Tree) passed to the public upon the expiration of the patent, not only the right to make the article as it was made during the patent period, but also the right to apply thereto the name by which it had become known. As was said in Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 185

2

"It equally follows from the cessation of the monopoly (Little Tree) had the falling of the patented device (Little Tree) passed into the domain of things public, along with the public ownership of the device there must also necessarily pass to the public the generic designation of the thing which has arisen during the monopoly. To say otherwise would be to hold that, although the public had acquired the device (Little Tree image covered by the patent, yet the owner of the patent or the manufacturer (Little Tree) of the patented thing had retained the designated name which was essentially necessary to _vest the public with the full enjoyment of that which had become theirs by the disappearance of the monopoly._" _Little tree has no valid trademark it has no legal right to trade dress under little tree Trademark_

Car-Freshner Co. and Julius Sämann LTD. 1962 utility Patent (no.3,065,915) which expired and "does not function as a trademark" its not protected by trademark law because it is functional, and functionality is something that trademark law does not protect. which denied Car-Freshner Co. and Julius Sämann LTD. any rights to a trademark or protection of that mark. It cannot be reasonably support that Car-Freshner Co. and Julius Sämann LTD.

This Protest Of The Application Of Little Trees. Should be denied because: "It is self-evident that on the expiration of a patent the monopoly granted to (Little Tree) by it ceases to exist, and _the right to make the thing formerly covered by the patent becomes public property_. It is upon this condition that the to (Little Tree patent is granted). It follows, as a matter of course, that on the termination of the patent (Little Tree Trademark passes to the public the right to make the Little Tree images in the form in which it was constructed during the patent. Therefore, this legal condition calls for the dismissal of any and all attempts of Little Tree to trademark anything using that Trademark.

The Trademark Act of 1946 (Lanham Act), 60 Stat. 427, as amended, 15 U. S. C. § 1051 et seq., generally applies the same principles concerning registration and

3

protection to both trade and service marks. See § 3, 15 U. S. C. § 1053. The Lanham Act defines a trademark to include "*any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others*." § 45, 15 U. S. C. § 1127. A service mark is "a mark used in the sale or advertising of services to identify the services of one person and distinguish them from the services of others." This right has passed into public domain with the death of the Patent.

[3] Section 33(b) of the Lanham Act, as set forth in 15 U. S. C. § 1115(b) provides: "If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods or services specified in the affidavit filed under the provisions of said section 1065 subject to any conditions or limitations stated therein except when one of the following defenses or defects is established: This right has passed into public domain with the death of the Patent

"(1) That the registration or the incontestable right to use the mark was obtained fraudulently;  By Dead Patent

"(2) That the mark has been abandoned by the registrant; Terminated by Dead Paten

"(3) That the registered mark is being used, by or with the permission of the registrant or a person in privity with the registrant, so as to misrepresent the source of the goods or services in connection with which the mark is used This right has passed into public domain with the death of the Patent

Samann, drew up a United States Patent and Trademark Office application for a "container of volatile substances" and submitted it in 1954. On August 7, 1956, he was <u>granted</u> patent number US2757957 for this:

//

//

4



Fig. 1.    Fig. 2.



Fig. 1.

The language of Rule 15(a)(2) states that the amendment should be freely allowed "when justice so requires." The majority courts has interpreted this language to require them to allow an amendment unless one of the following justifies denial none of which are not present

(a) undue delay; (The Amendment is not for delay it is for the finalization of the matter based on newly discovered case law that support the use and application of summary judgment

(b) bad faith or dilatory motive by the moving party; (There is no bad faith on the part of the plaintiff the opposing attorney acted in bad faith by wasting the courts time when they knew or should have known their client Little Tree had no right to Trademark Protections

(c) repeated failure to cure deficiencies by previous amendments; (There was no need to cure a deficiency when the Defendant has no remaining legal rights or trademark to protect

(d) undue prejudice to the opposing party; or (The only undue prejudice has been to the plaintiff because of the undue prejudice suffer by legally indefensible action for a Trade Mark That is non-existent)

(e) futility. (the only Futility in this matter is the defense of a trade mark that has suffered a natural death and has benefited by the value of the barging for a design paten monopoly that has also expired See Foman v. Davis, 371 U.S. 178, 182 (1962) (providing this basic set of factors for denying an amendment).

**Request for Summary Judgment is based upon: Rule 56. Summary Judgment**
(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that *there is no genuine dispute* as to

any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. In the case at bar there is <u>*no genuine dispute as the forgoing pleading defines*</u>

**PRAYER FOR RELIEF:**

1. Application of the rules of **court as defined herein.**
2. Summary Judgment as defined by rules of court and support case law applied to the facts.

**VERIFICATION OF PLEADING:**

The plaintiff swears the firms of foregoing is true and correct under penalty of perjury in the laws of the state of California and the federal laws of the of United States of America.

Dated, January 8, 2020. Plaintiff swears and affirms that the foregoing is true and correct under the penalty of perjury of the laws of the United States of America.

_____
IBRAHIM NASSER
Plaintiff In Propria Persona

## TABLE OF CONTENTS

Page

I. INTRODUCTION………………………………………………..2
II. REQUEST FOR SUMMARY JUDGMENT……………………..6
III. PRAYER FOR RELIEF…………………………………………..7
IV. VERIFICATION OF PLEADING………………………………..7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Kellogg Co. v. National Biscuit Co., 305 US 111 - Supreme Court 1938....2

Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 185……………..…….2

Rule 15(a)(1)……………………………………………………………..2

Rule 15(a)(2)……………………………………………………………2-6

Trademark Act of 1946 (Lanham Act), 60 Stat. 427…………………….3

Foman v. Davis, 371 U.S. 178, 182 (1962)……………………………...6

Rule 56. Summary Judgment……………………………………………..6

**Statutes**

15 U. S. C. § 1051………………………………………………………3

§ 3, 15 U. S. C. § 1053…………………………………………………4

§ 45, 15 U. S. C. § 1127…………………………………………….…4

15 U. S. C. § 1115(b)…………………………………………………...4

## PROOF OF SERVICE BY MAIL

Case No.: 3-17-CV-0863 BTM (MDD)

I ROBY LISTER Did Personally Serve the Following **PLAINTIFF'S REQUEST PERMISSION OF COURT LEAVE AMEND AS DEFINED APPLICATION OF FEDERAL RULE 15.**

Dated January 8, 2020 on the below name defendant's attorney of record via US MAIL. I am not a party to this cause of action. I am over the age of 18 years and reside in Chula Vista CA.

**Served Via US Mail The Following:**

Kilpatrick Townsend & Stockton LLP
Energizer Brands II LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Kilpatrick Townsend & Stockton LLP
California Scents LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Kilpatrick Townsend & Stockton LLP
American Covers LLC.
Nancy L. Stagg / William M. Bryner
12255 El Camino Real, Suite 250
San Diego, CA 92130

Julius Sämann Ltd.
Cowan, Liebowitz & Latman, P.C.
Eric J. Shimanoff
114 West 47th Street
New York, NY 10036

Julius Sämann Ltd.
Nicholas J. Hoskins
Victoria Place 31 Victoria Street
Hamilton, HM10 Bermuda

Case No.: 3-17-CV-0863 BTM (MDD)

Davis Wright Termaine LLP
Car-Freshner Co.
Attorney Scott R. Commerson
865 South Figueroa St. Suite 2400
Los Angeles, CA 90017-2566


I Roby Lister personally placed such envelope(s) with postage by Us Mail first class mailed to the above attorney's offices and I did cause all other defendants to be served via US. Mail with the response of the Plaintiff as defined herein. I swear and affirm that the foregoing is true and correct under the laws of the United States of America.

On January 8, 2020

Respectfully submitted,
Roby Lister

_____
ROBY LISTER
356 Roosevelt St.
Chula Vista, CA 91910
619-253-9624

2